**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SCOTT GUSTAFSON,        )<br>                                         )<br>     Plaintiff,                      )<br>                                         )<br>v.                                      )     Case No.  4:18-cv-2074<br>                                         )<br>THE BI-STATE DEVELOPMENT AGENCY   )     JURY TRIAL DEMANDED<br>OF THE MISSOURI – ILLINOIS       )<br>METROPOLITAN DISTRICT d/b/a METRO, )<br>METRO TRANSIT, METROBUS,         )<br>METROLINK,                            )<br>                                         )<br>     Defendant.                    )| |

## NOTICE OF REMOVAL

TO:   THE UNITED STATES DISTRICT COURT
       EASTERN DISTRICT OF MISSOURI:

COMES NOW Defendant BI-STATE DEVELOPMENT AGENCY ("Defendant"), by and through its undersigned counsel, and hereby files its Notice of Removal of this action from the Circuit Court of the Twenty-Second Judicial Circuit, St. Louis City, Missouri, to the United States District Court for the Eastern District of Missouri.  In support thereof, Defendant respectfully states to this honorable Court as follows:

1. Defendant is named as a party in a civil action brought against it by Plaintiff Scott Gustafson (hereinafter "Plaintiff") in the Circuit Court of the Twenty-Second Judicial Circuit, St. St. Louis City, Missouri, entitled <u>Scott Gustafson v. Bi-State Development Agency of the Missouri-Illinois Metropolitan District d/b/a Metro, Metro Transit, Metrobus, Metrolink</u>, Civil Case No. 1522-CC11361 ("the Lawsuit").

2. Plaintiff's Original Petition, First Amended Petition, and Second Amended Petition alleged public accommodation discrimination and unlawful discriminatory practices in violation of MO. REV. STAT. § 213.065 (Count I) and MO. REV. STAT. § 213.070 (Count II) of the Missouri Human Rights Act (MHRA).

3. On October 26, 2018, Plaintiff filed a Motion for Leave to File Third Amended Petition.

4. Plaintiff sought to amend his operative Petition to allege his existing MHRA claims also violated Title II of the Americans with Disabilities Act (Count III) and the Rehabilitation Act of 1973 (Count IV).

5. Additionally, Plaintiff sought to expand his sixteen page Second Amended Petition to thirty-seven pages to include some of the following new claims under the MHRA and ADA: (1) Defendant's mobile application is not MHRA/ADA compliant, (2) Defendant failed to maintain and operate a customer complaint process, (3) Defendant failed to comply with the ADA plan; (4) Defendant failed to maintain and later operate a disability advocacy group; (5) Defendant failed to publish user-friendly schedules; (6) Defendant failed to comply with Chapter 7 requirements of DOT ADA standards; (7) Defendant fails to permit service animals on the bus; and (8) Defendant failed to conduct a thorough self-examination and certification compliance reviews.

6. The Court granted Plaintiff's Motion for Leave to File Third Amended Petition on December 10, 2018.

7. A true copy of all process, pleadings, orders and other documents on file in the State Court in the Lawsuit are attached hereto as Exhibit A.

2

8. Although Defendant denies the allegations made and contained in and the sufficiency of the Third Amended Petition, Plaintiff has purported to state federal questions for the first time on the face of his Third Amended Petition.

9. Thus, this Court has original jurisdiction over the above-described action on the basis of a federal question pursuant to 28 U.S.C. § 1331 as a result of Plaintiff's claims asserted under of the ADA, 42 U.S.C § 12131, and the Rehabilitation Act of 1973, 29 U.S.C. § 794.

10. This Court has supplemental jurisdiction pursuant to 28 U.S.C.A. § 1367 over Plaintiff's remaining related Missouri Human Rights Act claims of public accommodation discrimination and unlawful discriminatory practices.

11. Venue lies in this Court because Plaintiff's action is pending in the Circuit Court of the Twenty-Second Judicial District, St. Louis City, Missouri, which is within this district and division.  28 U.S.C. § 1441(a).

12. This matter is, therefore, properly removed without regard to the citizenship or residence of the parties pursuant to 28 U.S.C. § 1441(a).

13. This Notice of Removal has been filed within thirty (30) days of the Court's order granting Plaintiff's Motion for Leave to File a Third Amended Petition.  See Svoboda v. Smith & Nephew, Inc., 943 F. Supp. 2d 1018, 1022 (E.D. Mo. 2013) ("Where leave is required to file the pleading on which removal jurisdiction is based, until the state court grants leave to file the pleading, the Court has no basis for asserting subject matter jurisdiction, and the notice of removal is premature.").

14. Defendant's Notice of Removal is accompanied by written notice to Plaintiff and a copy of the Notice of Removal is being filed with the Court of the applicable state court as required by 28 U.S.C. § 1446(d) (West).

WHEREFORE, Defendant gives this Notice of Removal of the Lawsuit which was filed in the Circuit Court for the Twenty-Second Judicial Circuit, St. Louis City, Missouri.

Respectfully submitted,

**McMAHON BERGER, P.C.**

/s/ Brian C. Hey
James N. Foster Jr., ARN 28231 MO
Brian C. Hey ARN 53930 MO
Rex P. Fennessey, ARN 58925 MO
2730 North Ballas Road, Suite 200
St. Louis, Missouri  63131
(314) 567-7350 – (Telephone)
(314) 567-5968 – (Facsimile)
foster@mcmahonberger.com
hey@mcmahonberger.com
fennessey@mcmahonberger.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of December, 2018, a true copy of the foregoing was served via mail and the court's electronic notice to:

Cyrus Dashtaki
Dashtaki Law Firm
5205 Hampton Avenue
St. Louis, MO 63109
cyrus@dashtaki.com

John C. Burns
The Burns Law Firm, LLC
1717 Park Avenue
St. Louis, MO 63104
John@burns-law-firm.com
jburns@lawsaintlouis.com

Jason M. Finkes
Law Offices of Jason M. Finkes, LLC
7542 York Dr., Unit 1E
Clayton, MO  63105
jason.m.finkes@gmail.com

/s/ Brian C. Hey

4