

Search for Cases by:  Select Search Method...

Judicial Links  |  eFiling  |  Help  |  Contact Us  |  Print        GrantedPublicAccess  Logoff BCHEYXXX76

**1522-CC11361 - SCOTT GUSTAFSON V THE BI-STATE DEVELOPMENT AGENCY (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ○ Descending  ● Ascending     Display Options: All Entries

**1.** 12/23/2015 ☐ Judge Assigned

☐ **Pet Filed in Circuit Ct**
Petition; Exhibit A; Exhibit B; Exhibit C.
**Filed By:** CYRUS C DASHTAKI
**On Behalf Of:** SCOTT GUSTAFSON

☐ Filing Info Sheet eFiling
**Filed By:** CYRUS C DASHTAKI

**2.** 12/28/2015 ☐ **Summons Issued-Circuit**
Document ID: 15-SMCC-22189, for THE BI-STATE DEVELOPMENT AGENCY OF THE MO ILLINOIS METRO.

**3.** 12/30/2015 ☐ **Corporation Served**
Document ID - 15-SMCC-22189; Served To - THE BI-STATE DEVELOPMENT AGENCY OF THE MO ILLINOIS METRO; Server - LYNN WEBBE, SERVICE DEPUTY; Served Date - 30-DEC-15; Served Time - 12:50:00; Service Type - Sheriff Department; Reason Description - Served; Service Text - KYRA NICHOLS/SEC/SERVED @ 211 N BROADWAY

**4.** 12/31/2015 ☐ **Entry of Appearance Filed**
Entry of Appearance on behalf of Plaintiff Scott Gustafson.; Electronic Filing Certificate of Service.
**Filed By:** JONATHON CHRISTIAN BURNS
**On Behalf Of:** SCOTT GUSTAFSON

**5.** 01/06/2016 ☐ Jury Trial Scheduled
**Associated Entries:** 06/20/2016 - Hearing Continued/Rescheduled
**Scheduled For:** 06/20/2016; 9:00 AM ;  BRYAN L HETTENBACH ; City of St. Louis

**6.** 01/18/2016 ☐ **Entry of Appearance Filed**
Entry of Appearance for Bi-State Development Agency.; Electronic Filing Certificate of Service.
**Filed By:** JAMES NORTON FOSTER JR
**On Behalf Of:** THE BI-STATE DEVELOPMENT AGENCY OF THE MO ILLINOIS METRO

☐ **Entry of Appearance Filed**
Entry of Appearance for Bi-State Development Agency; Electronic Filing Certificate of Service.
**Filed By:** BRIAN CHANEY HEY

☐ **Consent Filed**
Consent Motion for Extension of Time to Answer or Otherwise Plead; Electronic Filing Certificate of Service.
**Filed By:** BRIAN CHANEY HEY
**On Behalf Of:** THE BI-STATE DEVELOPMENT AGENCY OF THE MO ILLINOIS METRO

☐ **Note to Clerk eFiling**
Note to Clerk - Electronic Filing
     Filed By: BRIAN CHANEY HEY

☐ **Entry of Appearance Filed**
Entry of Appearance for Bi-State Development Agency; Electronic Filing Certificate of Service.
     Filed By: REX PATRICK FENNESSEY
     On Behalf Of: THE BI-STATE DEVELOPMENT AGENCY OF THE MO ILLINOIS METRO

**7.**    02/12/2016    ☐ **Motion to Dismiss**
Defendant's Motion to Dismiss or, in the Alternative, to Stay and Memorandum in Support; Exhibit A; Exhibit B; Exhibit C; Exhibit D; Electronic Filing Certificate of Service.
     Filed By: BRIAN CHANEY HEY
     On Behalf Of: THE BI-STATE DEVELOPMENT AGENCY OF THE MO ILLINOIS METRO

**8.**    03/10/2016    ☐ **Certificate of Service**
Certificate of Service plaintiffs first request set of interrogatories and first request for production; Electronic Filing Certificate of Service.
     Filed By: CYRUS C DASHTAKI

**9.**    03/11/2016    ☐ **Response Filed**
Plaintiffs Response in Opposition to Defendants Motion to Dismiss; Electronic Filing Certificate of Service.
     Filed By: CYRUS C DASHTAKI
     On Behalf Of: SCOTT GUSTAFSON

**10.**    04/07/2016    ☐ **Reply**
Defendants Reply Memorandum in Support of its Motion to Dismiss or, in the Alternative, to Stay and Memorandum in Support Thereof; Electronic Filing Certificate of Service.
     Filed By: BRIAN CHANEY HEY
     On Behalf Of: THE BI-STATE DEVELOPMENT AGENCY OF THE MO ILLINOIS METRO

☐ **Consent Filed**
Consent Motion for Leave to File First Amended Petition; Ex A - First Amended Petition; Ex B - Proposed Order; Electronic Filing Certificate of Service.
     Filed By: CYRUS C DASHTAKI
     On Behalf Of: SCOTT GUSTAFSON

**11.**    04/26/2016    **Motion Granted/Sustained**
ORDER GRANTING LEAVE TO FILE FIRST AMENDED PETITION. SO ORDERED: JUDGE BRYAN HETTENBACH (ATTACHED)

**12.**    04/29/2016    **Motion to Dismiss**
Defendants Motion to Dismiss or, in the Alternative, to Stay Proceedings and Memorandum in Support Thereof; Electronic Filing Certificate of Service.
     Filed By: BRIAN CHANEY HEY
     On Behalf Of: THE BI-STATE DEVELOPMENT AGENCY OF THE MO ILLINOIS METRO

☐ **Motion Filed**
Defendants Motion for Protective Order and Memorandum in Support Thereof; Exhibit A; Exhibit B; Exhibit C; Electronic Filing Certificate of Service.
     Filed By: BRIAN CHANEY HEY
     On Behalf Of: THE BI-STATE DEVELOPMENT AGENCY OF THE MO ILLINOIS METRO

**13.**    05/10/2016    **Response Filed**
Plaintiffs Response in Opposition to Defendants Motion for a Protective Order; Electronic Filing Certificate of Service.

Filed By: CYRUS C DASHTAKI
On Behalf Of: SCOTT GUSTAFSON

**14.** 05/11/2016   **Notice of Hearing Filed**
Notice of Hearing; Electronic Filing Certificate of Service.
    Filed By: REX PATRICK FENNESSEY
    On Behalf Of: THE BI-STATE DEVELOPMENT AGENCY OF THE MO ILLINOIS METRO

**15.** 05/27/2016   **Response Filed**
Plaintiffs Response in Opposition to Defendants Motion to Dismiss; Electronic Filing Certificate of Service.
    Filed By: CYRUS C DASHTAKI
    On Behalf Of: SCOTT GUSTAFSON

**16.** 06/07/2016   **Entry of Appearance Filed**
Entry of Appearance - Jase Carter; Electronic Filing Certificate of Service.
    Filed By: JASE COLEMAN CARTER

**17.** 06/09/2016   **Entry of Appearance Filed**
Amended Entry of Appearance - Jase Carter for plaintiff; Electronic Filing Certificate of Service.
    Filed By: JASE COLEMAN CARTER
    On Behalf Of: SCOTT GUSTAFSON

**18.** 06/15/2016   **Order**
Defendant's motion for Stay and/or Protective order was called, heard and submitted. So Ordered: Bryan Hettenbach, Judge

**19.** 06/20/2016   **Motion Denied**
THEREFORE, IT IS ORDERED THAT DEFENDANT'S MOTION TO STAY IS DENIED. SO ORDERED: JUDGE BRYAN HETTENBACH (ATTACHED)
    **Hearing Continued/Rescheduled**
    Hearing Continued From: 06/20/2016; 9:00 AM Jury Trial
    **Jury Trial Scheduled**
    Associated Entries: 08/01/2016 - Hearing Continued/Rescheduled
    Scheduled For: 08/01/2016; 9:00 AM ; BRYAN L HETTENBACH; City of St. Louis

**20.** 07/19/2016   **Notice of Hearing Filed**
Notice of Hearing; Electronic Filing Certificate of Service.
    Filed By: REX PATRICK FENNESSEY
    On Behalf Of: THE BI-STATE DEVELOPMENT AGENCY OF THE MO ILLINOIS METRO
    **Note to Clerk eFiling**
    Filed By: REX PATRICK FENNESSEY

**21.** 08/01/2016   **Hearing Continued/Rescheduled**
    Hearing Continued From: 08/01/2016; 9:00 AM Jury Trial
    **Jury Trial Scheduled**
    Associated Entries: 09/26/2016 - Hearing Continued/Rescheduled
    Scheduled For: 09/26/2016; 9:00 AM ; BRYAN L HETTENBACH; City of St. Louis

**22.** 08/18/2016   **Order**
DEFENDANT'S MOTION TO DISMISS AND FOR PROTECTIVE ORDER PASSED FOR 90 DAYS WHILE PARTIES DISCUSS SETTLEMENT.

Case: 4:18-cv-02074-SRC   Doc. #:  1-1   Filed: 12/12/18   Page: 4 of 500 PageID #: 8
https://www.courts.mo.gov/casenet/cases/searchDockets.do

23. | 09/26/2016 | Hearing Continued/Rescheduled
Hearing Continued From: 09/26/2016;  9:00 AM Jury Trial

24. | 10/07/2016 | Jury Trial Scheduled
Associated Entries: 11/14/2016 - Hearing Continued/Rescheduled
Scheduled For: 11/14/2016;  9:00 AM ;  BRYAN L HETTENBACH;  City of St. Louis

**Notice of Hearing Filed**
Notice of Hearing - Motion to Dismiss and for a Protective Order; Electronic Filing Certificate of Service.
Filed By: JONATHON CHRISTIAN BURNS
On Behalf Of: SCOTT GUSTAFSON

25. | 10/21/2016 | **Notice**
Notice of Cancellation of Hearing; Electronic Filing Certificate of Service.
Filed By: CYRUS C DASHTAKI
On Behalf Of: SCOTT GUSTAFSON

26. | 11/14/2016 | Hearing Continued/Rescheduled
Hearing Continued From: 11/14/2016;  9:00 AM Jury Trial

Jury Trial Scheduled
Associated Entries: 01/17/2017 - Hearing Continued/Rescheduled
Scheduled For: 01/17/2017;  9:00 AM ;  MICHAEL KELLAN MULLEN;  City of St. Louis

27. | 01/17/2017 | Hearing Continued/Rescheduled
Hearing Continued From: 01/17/2017;  9:00 AM Jury Trial

**Order for Continuance**
Joint motion for continuance was called, heard and granted. So Ordered: Michael Mullen, Judge

Jury Trial Scheduled
Associated Entries: 11/16/2017 - Hearing/Trial Cancelled
Scheduled For: 12/11/2017;  9:00 AM ;  MICHAEL KELLAN MULLEN;  City of St. Louis

28. | 03/08/2017 | **Motion of Withdrawl of Counsel**
Motion to Withdrawal Counsel - Jase Carter; Electronic Filing Certificate of Service.
Filed By: JASE COLEMAN CARTER
On Behalf Of: SCOTT GUSTAFSON

29. | 03/20/2017 | **Order Withdrawing Attorney:**
WITHDRAWAL OF ATTORNEY SO ORDERED JUDGE JOAN MORIARTY #33057

30. | 06/22/2017 | **Amended Notice of Hrng Filed**
Amended Notice of Hearing; Electronic Filing Certificate of Service.
Filed By: CYRUS C DASHTAKI
On Behalf Of: SCOTT GUSTAFSON

31. | 06/26/2017 | **Amended Notice of Hrng Filed**
Second Amended Notice of Hearing; Electronic Filing Certificate of Service.
Filed By: CYRUS C DASHTAKI
On Behalf Of: SCOTT GUSTAFSON

32. | 07/11/2017 | Judge Assigned

Judge Assigned

**Cause Taken Under Advisement**

Case: 4:18-cv-02074-SRC    Doc. #: 1-1    Filed: 12/12/18    Page: 5 of 500 PageID #: 9

PARTIES APPEAR BY COUNSEL COURT HEARS ARGUMENTS ON DEFENDANT'S MOTION TO DISMISS AND MOTION FOR PROTECTIVE ORDER COURT TAKES BOTH MOTIONS UNDER SUBMISSION. SO ORDERED JUDGE JOAN MORIARTY #33057

**33.**    07/27/2017    **Motion Denied**

THEREFORE, IT IS ORDERED AND DECREED THAT DEFENDANT'S MOTION TO DISMISS IS DENIED, AND DEFENDANT'S MOTION FOR PROTECTIVE ORDER IS DENIED. SO ORDERED JUDGE JOAN MORIARTY #33057

**34.**    08/07/2017    **Motion for Extension of Time**

Defendants Unopposed Motion for Extension to File An Answer and Affirmative Defenses; Electronic Filing Certificate of Service.
> **Filed By:** BRIAN CHANEY HEY
> **On Behalf Of:** THE BI-STATE DEVELOPMENT AGENCY OF THE MO ILLINOIS METRO

**35.**    08/21/2017    **Answer Filed**

BI-STATE¿S ANSWER AND AFFIRMATIVE DEFENSES; Electronic Filing Certificate of Service.
> **Filed By:** BRIAN CHANEY HEY
> **On Behalf Of:** THE BI-STATE DEVELOPMENT AGENCY OF THE MO ILLINOIS METRO

**36.**    09/20/2017    **Motion to Strike**

Motion to Strike Defendants Twenty-three Affirmative Defenses; Electronic Filing Certificate of Service.
> **Filed By:** CYRUS C DASHTAKI
> **On Behalf Of:** SCOTT GUSTAFSON

**37.**    09/21/2017    **Motion to Compel**

PLT Motion to Compel; Electronic Filing Certificate of Service.
> **Filed By:** CYRUS C DASHTAKI

**Notice of Hearing Filed**

PLT Notice of Hearing; Electronic Filing Certificate of Service.
> **Filed By:** CYRUS C DASHTAKI
> **On Behalf Of:** SCOTT GUSTAFSON

**38.**    10/12/2017    **Cert Serv Resp Req Prod Doc Th**

Certificate of Service for Responses to Plaintiff Discovery Requests; Electronic Filing Certificate of Service.
> **Filed By:** BRIAN CHANEY HEY

**Cert Serv Req Prod Docs Things**

Certificate of Service; Electronic Filing Certificate of Service.
> **Filed By:** BRIAN CHANEY HEY

**Notice of Hearing Filed**

Notice of Hearing; Electronic Filing Certificate of Service.
> **Filed By:** BRIAN CHANEY HEY

**Motion for Leave**

Defendant Motion for Leave to Amend Defendant Answer and Defenses; Electronic Filing Certificate of Service.
> **Filed By:** BRIAN CHANEY HEY
> **On Behalf Of:** THE BI-STATE DEVELOPMENT AGENCY OF THE MO ILLINOIS METRO

**39.**    10/16/2017    **Exhibit Filed**

Exhibit A to Defendant Motion for Leave to Amend Defendant Answer and Defenses; Electronic Filing Certificate of Service.
> **Filed By:** BRIAN CHANEY HEY

Case: 4:18-cv-02074-SRC   Doc. #: 1-1   Filed: 12/12/18   Page: 6 of 500 PageID #: 10
https://www.courts.mo.gov/casenet/cases/searchDockets.do

**On Behalf Of:** THE BI-STATE DEVELOPMENT AGENCY OF THE MO ILLINOIS METRO

**Order**
PARTIES APPEAR BY COUNSEL TO HEAR PLAINTIFF'S MOTION TO COMPEL AND MOTION TO STRIKE DEFENDANT'S 23 AFFIRMATIVE DEFENSES COURT DOES NOT RULE AT THIS TIME DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED AFFIRMATIVE DEFENSES GRANTED. DEFENDANT'S FIRST AMENDED ANSWERS AND AFFIRMATIVE DEFENSES ARE DEEMED FILED TODAY. PLAINTIFF AND DEFENDENT SHALL WORK TOGETHER RE DISCOVERY ISSUES RAISED IN TODAY'S HEARING AND REPORT BACT TO COURT ON 10/31/17 FOR HEARING ON PLAINTIFF'S MOTIONS AS NECESSARY. SO ORDERED JUDGE JOAN MORAIRTY # 33057

**40.**   10/18/2017   **Notice of Hearing Filed**
Notice of Hearing for Defendant Motion for Leave to File Out of Time; Electronic Filing Certificate of Service.
   **Filed By:** BRIAN CHANEY HEY

**Mot for Leave to File Out/Time**
Defendant Motion for Leave to File Out Of Time; Electronic Filing Certificate of Service.
   **Filed By:** BRIAN CHANEY HEY
   **On Behalf Of:** THE BI-STATE DEVELOPMENT AGENCY OF THE MO ILLINOIS METRO

**41.**   10/24/2017   **Motion to Strike**
MOTION TO STRIKE DEFENDANT¿S ELEVEN AFFIRMATIVE DEFENSES OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT AND MEMORANDUM OF LAW IN SUPPORT; Electronic Filing Certificate of Service.
   **Filed By:** JONATHON CHRISTIAN BURNS

**Notice of Hearing Filed**
NOTICE OF HEARING; Electronic Filing Certificate of Service.
   **Filed By:** JONATHON CHRISTIAN BURNS
   **On Behalf Of:** SCOTT GUSTAFSON

**42.**   10/27/2017   **Response Filed**
Defendant Opposition to Plaintiff Motion to Strike Defendant Eleven Affirmative Defenses, or, in the Alternative, Motion for a More Definite Statement; Electronic Filing Certificate of Service.
   **Filed By:** BRIAN CHANEY HEY
   **On Behalf Of:** THE BI-STATE DEVELOPMENT AGENCY OF THE MO ILLINOIS METRO

**43.**   10/31/2017   **Order**
DEFENDANT'S MOTION FOR LEAVE TO FILE OUT OF TIME IS GRANTED OVER PLAINTIFF'S OBJECTIONS. PLAINTIFF WILL HAVE 7 DAYS TO SUPPLEMENT PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ELEVEN AFFIRMATIVE DEFENSES DEFENDANT WILL HAVE 14 DAYS TO FILE A RESPONSE THE COURT WIL THEN TAKE THE MATTER UNDER SUBMISSION. SO ORDERED JUDGE JOAN MORIARTY #33057

**44.**   11/16/2017   **Judge Assigned**

**Hearing/Trial Cancelled**
   Scheduled For: 12/11/2017;  9:00 AM ;  MICHAEL KELLAN MULLEN;  City of St. Louis

**Jury Trial Scheduled**
   Associated Entries: 11/22/2017 - Hearing/Trial Cancelled
   Scheduled For: 12/11/2017;  9:00 AM ;  DAVID C MASON;  Carnahan Courthouse

**Ord Transfer P/Judge for Assn**
Cause assigned to Division # 17 for trial on 12/11/17. So Ordered: Michael Mullen, Judge

**Mot for Leave to File Out/Time**
Motion for Leave to File Out of Time; Electronic Filing Certificate of Service.
   **Filed By:** JONATHON CHRISTIAN BURNS

Case: 4:18-cv-02074-SRC   Doc. #: 1-1   Filed: 12/12/18   Page: 7 of 500 PageID #: 11

☐ **Suggestions in Support**

PLTs Supplemental Suggestions in Support of Motion to Strike Affirmative Defenses; Electronic Filing Certificate of Service.

    **Filed By:** JONATHON CHRISTIAN BURNS
    **On Behalf Of:** SCOTT GUSTAFSON

**45.**    11/20/2017    ☐ **Response Filed**

Defendants Opposition to Plaintiffs Motion to File Out Of Time; Electronic Filing Certificate of Service.

    **Filed By:** BRIAN CHANEY HEY
    **On Behalf Of:** THE BI-STATE DEVELOPMENT AGENCY OF THE MO ILLINOIS METRO

**46.**    11/22/2017    ☐ **Judge Assigned**

    ☐ **Hearing/Trial Cancelled**
        **Scheduled For:** 12/11/2017;  9:00 AM ;  DAVID C MASON;  Carnahan Courthouse

    ☐ **Order for Continuance**
        Joint motion for continuance was called, heard and granted. So Ordered: Michael Mullen, Judge

    ☐ **Jury Trial Scheduled**
        **Associated Entries:** 05/15/2018 - Hearing Continued/Rescheduled 🔳
        **Scheduled For:** 07/02/2018;  9:00 AM ;  MICHAEL KELLAN MULLEN;  City of St. Louis

**47.**    11/27/2017    ☐ **Civil Motion Hearing Scheduled**
        **Associated Entries:** 11/27/2017 - Hearing/Trial Cancelled
        **Scheduled For:** 01/09/2018;  9:30 AM ;  DAVID C MASON;  Carnahan Courthouse

    ☐ **Hearing/Trial Cancelled**
        **Scheduled For:** 01/09/2018;  9:30 AM ;  DAVID C MASON;  Carnahan Courthouse

**48.**    01/03/2018    ☐ **Certificate of Service**

Certificate of Service Plaintiffs Answers and Objections to Defendants First Set of Interrogatories,Plaintiffs Responses and Objections to Defendants First Request for Production of Documents,Plaintiffs Bates (0001-0080, 12/26/13 video and 08/05/14 video); Electronic Filing Certificate of Service.

    **Filed By:** CYRUS C DASHTAKI
    **On Behalf Of:** SCOTT GUSTAFSON

**49.**    03/29/2018    ☐ **Certificate of Service**

Certificate of Service of Plaintiffs Second Interrogatories and Requests for Production Directed to Defendant Bi State; Electronic Filing Certificate of Service.

    **Filed By:** JONATHON CHRISTIAN BURNS
    **On Behalf Of:** SCOTT GUSTAFSON

**50.**    03/30/2018    ☐ **Cert Serv Req Prod Docs Things**

CERTIFICATE OF SERVICE; Electronic Filing Certificate of Service.

    **Filed By:** BRIAN CHANEY HEY
    **On Behalf Of:** THE BI-STATE DEVELOPMENT AGENCY OF THE MO ILLINOIS METRO

**51.**    05/01/2018    ☐ **Cert Serv Answers Interrog Fil**

Certificate of Service; Electronic Filing Certificate of Service.

    **Filed By:** CYRUS C DASHTAKI
    **On Behalf Of:** SCOTT GUSTAFSON

    ☐ **Certificate of Service**

Certificate of Service; Electronic Filing Certificate of Service.

    **Filed By:** REX PATRICK FENNESSEY
    **On Behalf Of:** THE BI-STATE DEVELOPMENT AGENCY OF THE MO ILLINOIS METRO

**52.** 05/04/2018     **Cert Serv of Prod of Docs, etc**
PLT Certificate of Service of Responses to DFTS Second Request for Prodcution; Electronic Filing Certificate of Service.
      **Filed By:** JONATHON CHRISTIAN BURNS
      **On Behalf Of:** SCOTT GUSTAFSON

**53.** 05/15/2018     **Hearing Continued/Rescheduled**
" CIVIL NON - JURY WEEK 07/02/18 " Court re set all trials to August the 20., 2018 @ 09:00 a.m.. So Ordered: Michael Mullen, Presiding Judge
      **Hearing Continued From:** 07/02/2018;  9:00 AM Jury Trial

      **Jury Trial Scheduled**
      **Associated Entries: 06/06/2018 - Hearing/Trial Cancelled**
      **Scheduled For:** 08/20/2018;  9:00 AM ;  MICHAEL KELLAN MULLEN;  City of St. Louis

      **Motion to Compel**
Defendant Motion to Compel Discovery; Exhibit A April 5 2018 Golden Rule Letter; Exhibit B Disputed Discovery Responses; Electronic Filing Certificate of Service.
      **Filed By:** BRIAN CHANEY HEY

      **Motion Filed**
Defendant Motion for Judgment on the Pleadings; Electronic Filing Certificate of Service.
      **Filed By:** BRIAN CHANEY HEY

      **Memo of Law in Suppt of Filed**
Defendant Memorandum in Support of its Motion for Judgment on the Pleadings; Exibit A State ex rel Blue Springs Sch Dist v Grate; Electronic Filing Certificate of Service.
      **Filed By:** BRIAN CHANEY HEY
      **On Behalf Of:** THE BI-STATE DEVELOPMENT AGENCY OF THE MO ILLINOIS METRO

**54.** 05/21/2018     **Notice of Hearing Filed**
Notice of Hearing for Motion to Compel Discovery; Electronic Filing Certificate of Service.
      **Filed By:** BRIAN CHANEY HEY
      **On Behalf Of:** THE BI-STATE DEVELOPMENT AGENCY OF THE MO ILLINOIS METRO

**55.** 06/06/2018     **Hearing/Trial Cancelled**
      **Scheduled For:** 08/20/2018;  9:00 AM ;  MICHAEL KELLAN MULLEN;  City of St. Louis

      **Order for Continuance**
COMPLETE DISCOVERY TO PREPARE FOR TRIAL. JOINT MOTION FOR CONTINUANCE WAS CALLED, HEARD AND GRANTED. SO ORDERED: MICHAEL K. MULLEN, JUDGE

      **Jury Trial Scheduled**
      **Scheduled For:** 12/09/2019;  8:00 AM ;  MICHAEL KELLAN MULLEN;  City of St. Louis

      **Case Management Ordered**
SCHEDULING ORDER GRANTED. SO ORDERED: MICHAEL K. MULLEN, JUDGE

**56.** 07/12/2018     **Response Filed**
Plaintiffs Response in Opposition to Defendants Motion to Compel; Electronic Filing Certificate of Service.
      **Filed By:** CYRUS C DASHTAKI

      **Response Filed**
Plaintiffs Response in Opposition to Defendants Motion for Judgment on the Pleadings; Electronic Filing Certificate of Service.
      **Filed By:** CYRUS C DASHTAKI
      **On Behalf Of:** SCOTT GUSTAFSON

**57.** 07/13/2018     **Ord Allowing Amended Petition**

PARTIES APPEAR BY COUNSEL. DEFENDANT'S MOTION TO COMPEL DISCOVERY AND MOTION FOR JUDGMENT ON THE PLEADING IS CALLED, ARGUED AND HEARD BY THE COURT. COURT HEREBY RULES AS FOLLOWS AS TO MOTION TO COMPEL: COURT OVERRULES IN PART AND SUSTAINS IN PART. DEFENDANT'S INTERROGATORY NO. 11 & REQUEST NO. 9 - LIMITED TO CLAIMS FOR DISABILITY DISCRIMINATION IN PLACES OF PUBLIC ACCOMMODATION OR BI-STATE AND OVER THE PAST 15 YEARS. AS TO REQUEST NO. 20 LIMITED TO 10 YEARS AND PUBLIC ACCOMMODATION DISCRIMINATION BASED ON DISABILITY OR BI-STATE. COURT HEREBY RULES AS FOLLOWS AS TO MOTION FOR JUDGMENT ON PLEADINGS: COURT DENIES DEFENDANT'S MOTION AND GRANTS PLAINTIFF LEAVE TO AMEND HIS PETITION. DEFENDANT MAY REFILE ITS MOTION AFTER PLAINTIFF FILES HIS AMENDED PETITION. PLAINTIFF GRANTED 30 DAYS TO FILE HIS AMENDED PETITION. SO ORRDERED: 32929-JUDGE DAVID L. DOWD

**58.**   07/25/2018   **Notice**
Notice of Deposition; Electronic Filing Certificate of Service.
  **Filed By:** BRIAN CHANEY HEY
  **On Behalf Of:** THE BI-STATE DEVELOPMENT AGENCY OF THE MO ILLINOIS METRO

**59.**   08/08/2018   **Certificate of Service**
Certificate of Service; Electronic Filing Certificate of Service.
  **Filed By:** CYRUS C DASHTAKI

**Amend Pet/Mot to Modfy Filed**
Second Amended Petition; Electronic Filing Certificate of Service.
  **Filed By:** CYRUS C DASHTAKI
  **On Behalf Of:** SCOTT GUSTAFSON

**60.**   08/15/2018   **Entry of Appearance Filed**
ENTRY OF APPEARANCE FOR PLANTIFF SCOTT GUSTAFSON; Electronic Filing Certificate of Service.
  **Filed By:** JASON MICHAEL FINKES
  **On Behalf Of:** SCOTT GUSTAFSON

**61.**   08/20/2018   **Motion to Dismiss**
Defendants Motion to Dismiss Plaintiffs Second Amended Petition; Electronic Filing Certificate of Service.
  **Filed By:** REX PATRICK FENNESSEY

**Suggestions in Support**
Defendants Memorandum in Support of its Motion to Dismiss Plaintiffs Second Amended Petition; Electronic Filing Certificate of Service.
  **Filed By:** REX PATRICK FENNESSEY
  **On Behalf Of:** THE BI-STATE DEVELOPMENT AGENCY OF THE MO ILLINOIS METRO

**62.**   08/22/2018   **Cert Serv Req Prod Docs Things**
Certificate of Service; Electronic Filing Certificate of Service.
  **Filed By:** REX PATRICK FENNESSEY
  **On Behalf Of:** THE BI-STATE DEVELOPMENT AGENCY OF THE MO ILLINOIS METRO

**Notice of Hearing Filed**
Notice of Hearing; Electronic Filing Certificate of Service.
  **Filed By:** REX PATRICK FENNESSEY
  **On Behalf Of:** THE BI-STATE DEVELOPMENT AGENCY OF THE MO ILLINOIS METRO

**63.**   09/11/2018   **Notice**
Notice of Deposition - Stacker; Electronic Filing Certificate of Service.
  **Filed By:** CYRUS C DASHTAKI

**Notice**
Notice of Deposition Subpoena - Coleman; Electronic Filing Certificate of Service.

         **Filed By:** CYRUS C DASHTAKI

☐ **Notice**
Notice of Deposition Subpoena - Brownlee; Electronic Filing Certificate of Service.
    **Filed By:** CYRUS C DASHTAKI

☐ **Notice**
Notice of Deposition - Hayden; Electronic Filing Certificate of Service.
    **Filed By:** CYRUS C DASHTAKI

☐ **Notice**
Notice of Deposition - Kincade; Electronic Filing Certificate of Service.
    **Filed By:** CYRUS C DASHTAKI

☐ **Notice**
Notice of Deposition - Hilliard; Electronic Filing Certificate of Service.
    **Filed By:** CYRUS C DASHTAKI

☐ **Notice**
Notice of Deposition - Mefford- Miller; Electronic Filing Certificate of Service.
    **Filed By:** CYRUS C DASHTAKI
    **On Behalf Of:** SCOTT GUSTAFSON

**64.**    09/12/2018    ☐ **Response Filed**
Plaintiffs Response in Opposition to Defendants Motion to Dismiss; Electronic Filing Certificate of Service.
    **Filed By:** CYRUS C DASHTAKI
    **On Behalf Of:** SCOTT GUSTAFSON

**65.**    09/14/2018    ☐ **Motion Denied**
PARTIES APPEARED ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED
PETITION - COUNTS I & II. CASE HAS BEEN BRIEFED AND ARGUED. THE COURT HAVING READ
THE BRIEFS AND HEARD THE ARGUMENTS OF THE PARTIES HEREBY DENIES DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED PETITION - COUNTS I & II. SO ORDERED:
32929-JUDGE DAVID L. DOWD

☐ **Subpoena Served**
Return of Service - Coleman; Electronic Filing Certificate of Service.
    **Filed By:** CYRUS C DASHTAKI

☐ **Subpoena Served**
Return of Service - Brownlee; Electronic Filing Certificate of Service.
    **Filed By:** CYRUS C DASHTAKI
    **On Behalf Of:** SCOTT GUSTAFSON

**66.**    09/21/2018    ☐ **Cert Serv Resp Req Prod Doc Th**
Certificate of Service; Electronic Filing Certificate of Service.
    **Filed By:** CYRUS C DASHTAKI
    **On Behalf Of:** SCOTT GUSTAFSON

**67.**    09/24/2018    ☐ **Answer Filed**
BI-STATE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED
PETITION; Electronic Filing Certificate of Service.
    **Filed By:** BRIAN CHANEY HEY
    **On Behalf Of:** THE BI-STATE DEVELOPMENT AGENCY OF THE MO ILLINOIS METRO

**68.**    10/02/2018    ☐ **Cert Serv Req Prod Docs Things**
CERTIFICATE OF SERVICE; Electronic Filing Certificate of Service.
    **Filed By:** CYRUS C DASHTAKI

**69.**  10/19/2018  □  **Motion to Reconsider**
Defendants Notice of Additional Authority and Motion to Reconsider its Motion to Dismiss Plaintiffs Second Amended Petition and Motion for Protective Order; Exhibit A; Exhibit B; Electronic Filing Certificate of Service.
    **Filed By:** REX PATRICK FENNESSEY
    **On Behalf Of:** THE BI-STATE DEVELOPMENT AGENCY OF THE MO ILLINOIS METRO

**70.**  10/26/2018  □  **Motion for Leave**
Plaintiffs Motion for Leave to File Third Amended Petition; Ex A - Correspondence requesting Defendants consent; Ex B - Plaintiffs Third Amended Petition; Ex C - Proposed Order; Electronic Filing Certificate of Service.
    **Filed By:** CYRUS C DASHTAKI
    **On Behalf Of:** SCOTT GUSTAFSON

**71.**  10/31/2018  □  **Filing:**
CERTIFICATE OF DEPOSITION THE NONAPPEARANCE OF ANNETTE BROWNLEE WAS TAKEN ON SEPTEMBER 24, 2018

□  **Filing:**
CERTIFICATE OF DEPOSITION THE DEPOSITION OF KENYATA COLEMAN WAS TAKEN ON SEPTEMBER 24, 2018

□  **Filing:**
CERTIFICATE OF DEPOSITION OF DIANA WAGNER-HILLARD WAS TAKEN ON SEPTEMBER 27, 2018

□  **Filing:**
CERTIFICATE OF DEPOSITION OF JESSICA MEFFORD-MILLER WAS TAKEN ON SEPTEMBER 27, 2018

□  **Motion to Compel**
Plaintiffs Motion to Compel andor For Sanctions; Ex 1 - Discovery Chart; Ex 2 - Correspondence to Defendant; Ex 3 - Ds AnswersObjections to Ps Rogs; Ex 4 - Ds Supplemental ResponsesObjections Ps RPDs; Ex 5 - Wagner-Hillard depo transcript; Ex 6 - Mefford-Miller depo transcript; Ex 7 - Kincade depo transcript; Ex 8 - Brassfield depo transcript; Electronic Filing Certificate of Service.
    **Filed By:** CYRUS C DASHTAKI
    **On Behalf Of:** SCOTT GUSTAFSON

**72.**  11/01/2018  □  **Cert Serv Resp Req Prod Doc Th**
Certificate of Service for Response to Plaintiffs 3rd RFP; Electronic Filing Certificate of Service.
    **Filed By:** BRIAN CHANEY HEY
    **On Behalf Of:** THE BI-STATE DEVELOPMENT AGENCY OF THE MO ILLINOIS METRO

**73.**  11/05/2018  □  **Filing:**
CERTIFICATE OF DEPOSITION OF KERRY KINKADE

□  **Filing:**
CERTIFICATE OF DEPOSITION OF LATONIA BRASSFIELD

**74.**  11/06/2018  □  **Filing:**
CERTIFICATE OF DEPOSITION THE MARLON STACKER WAS TAKEN ON SEPTEMBER 24, 2018

**75.**  11/15/2018  □  **Response Filed**
Plaintiffs Response in Opposition to Defendants Motion to Reconsider; Ex 2 - Correspondence; Ex 1 - Jordan docket sheet; Electronic Filing Certificate of Service.
    **Filed By:** CYRUS C DASHTAKI
    **On Behalf Of:** SCOTT GUSTAFSON

**76.**  11/19/2018  □  **Notice of Hearing Filed**

Notice of Hearing; Electronic Filing Certificate of Service.
  **Filed By:** CYRUS C DASHTAKI
  **On Behalf Of:** SCOTT GUSTAFSON

77.   11/26/2018   ☐   **Response Filed**
Defendants Opposition to Plaintiffs Motion for Leave to File a Third Amended Petition; Exhibit 1 Page 99 of Plaintiffs Deposition; Exhibit 2 Pertinent Parts of Defendants Depositions; Exhibit 3 Charges of Discrimination; Electronic Filing Certificate of Service.
  **Filed By:** BRIAN CHANEY HEY
  **On Behalf Of:** THE BI-STATE DEVELOPMENT AGENCY OF THE MO ILLINOIS METRO

78.   11/27/2018   ☐   **Cause Taken Under Advisement**
PARTIES APPEAR BY COUNSEL ON PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED PETITION AND DEFENDANT'S MOTION FOR RECONSIDERATION OF IT'S MOTION TO DISMISS. COURT TAKES BOTH MOTIONS UNDER ADVISEMENT. SO ORDERED JUDGE JOAN MORIARTY #33057
  **Filed By:** JOAN L MORIARTY

☐   **Supplemental Filing**
Pl Suppl Reply in Support of Mot for Leave and Opp to Def Motion to Reconsider; Electronic Filing Certificate of Service.
  **Filed By:** JASON MICHAEL FINKES
  **On Behalf Of:** SCOTT GUSTAFSON

☐   **Cert Serv Resp Req Prod Doc Th**
Certificate of Service for Supplemental Responses to 3rd RFP and Privilege Log; Electronic Filing Certificate of Service.
  **Filed By:** BRIAN CHANEY HEY
  **On Behalf Of:** THE BI-STATE DEVELOPMENT AGENCY OF THE MO ILLINOIS METRO

79.   11/30/2018   ☐   **Notice of Hearing Filed**
Notice of Hearing; Electronic Filing Certificate of Service.
  **Filed By:** CYRUS C DASHTAKI
  **On Behalf Of:** SCOTT GUSTAFSON

80.   12/03/2018   ☐   **Withdrawal of Attorney Filed**
Notice of Withdrawal for Attorney Jason Finkes; Electronic Filing Certificate of Service.
  **Filed By:** JASON MICHAEL FINKES
  **On Behalf Of:** SCOTT GUSTAFSON

81.   12/05/2018   ☐   **Notice**
Notice of Additional Authority; Electronic Filing Certificate of Service.
  **Filed By:** REX PATRICK FENNESSEY
  **On Behalf Of:** THE BI-STATE DEVELOPMENT AGENCY OF THE MO ILLINOIS METRO

82.   12/10/2018   ☐   **Ord Allowing Amended Petition**
THEREFORE, IT IS ORDERED AND DECREED THAT PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED PETITION IS GRANTED. SO ORDERED JUDGE JOAN MORIARTY #33057

83.   12/11/2018   ☐   **Amended Motion/Petition Filed**
Third Amended Petition; Electronic Filing Certificate of Service.
  **On Behalf Of:** SCOTT GUSTAFSON

Case.net Version 5.13.19.3          Return to Top of Page          Released 11/05/2018

# 1

**12/23/2015**

Electronically Filed - City of St. Louis - December 23, 2015 - 03:51 PM

**1522-CC11361**

IN THE CIRCUIT COURT FOR THE CITY OF SAINT LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| SCOTT GUSTAFSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| THE BI-STATE DEVELOPMENT AGENCY | ) | Division |
| OF THE MISSOURI – ILLINOIS | ) | |
| METROPOLITAN DISTRICT d/b/a METRO, | ) | |
| METRO TRANSIT, METROBUS, | ) | |
| METROLINK, | ) | |
| | ) | |
| Serve: Any officer or manager | ) | **JURY TRIAL DEMANDED** |
| 707 North First Street | ) | |
| St. Louis, MO 63102 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PETITION

COMES NOW Plaintiff Scott Gustafson, by and through his undersigned counsel, and for his Petition for Damages ("Petition") against Defendant The Bi-State Development Agency of the Missouri-Illinois Metropolitan District d/b/a Metro, Metro Transit, MetroBus, and MetroLink, states as follows:

### Parties

1.    Plaintiff Scott Gustafson (hereinafter referred to as "Gustafson" or "Plaintiff"), brings this action under the Missouri Human Rights Act, § 213.010 et seq., RSMo (2000)[1], as amended ("MHRA").

2.    Plaintiff is, and at all relevant times has been, a resident of the City of St. Louis, Missouri.

---

[1]  All references are to the 2000 Revised Statutes of Missouri, unless otherwise noted.

1

Electronically Filed - City of St. Louis - December 23, 2015 - 03:51 PM

3.      Plaintiff is blind and relies on his guide dog, Jersey.  Visual impairment is a disability that substantially limits a major life activity, and he is a member of a protected class under the MHRA.

4.      Defendant The Bi-State Development Agency of the Missouri-Illinois Metropolitan District d/b/a Metro, Metro Transit, MetroBus, MetroLink (hereinafter referred to as "Metro" or "Defendant") is a state government and political subdivision of the States of Missouri and Illinois that is duly organized, established, and existing under and by virtue of their respective state legislatures, with its principal place of business located at 707 North First Street, St. Louis, MO, 63102, and operates public transit services (bus and light rail) in the City of St. Louis.

5.      Defendant is responsible for the actions, policies, practices, and customs of Metro Transit, MetroBus and MetroLink, as well as its website, www.metrostlouis.org.

### Jurisdiction and Venue

6.      Defendant's unlawful discriminatory practices complained of herein occurred in the City of St. Louis, Missouri; therefore jurisdiction and venue are proper in this Court.  This Court has jurisdiction over the subject matter of this action pursuant to §213.111.1, RSMo, as the acts, occurrences, and events alleged in this action took place, in whole or in part, in the City of St. Louis, Missouri.

### Jurisdictional Prerequisites

7.      On or about April 3, 2014, Plaintiff filed a Charge of Discrimination ("COD") with the Missouri Commission on Human Rights, ("MCHR"), detailing the allegations included herein.  A true and correct copy of Plaintiff's COD is attached hereto and incorporated by reference as *Exhibit A*.  On or about November 14, 2014, Plaintiff filed an amendment to his

Electronically Filed - City of St. Louis - December 23, 2015 - 03:51 PM

COD ("Amended COD").   A true and correct copy of Plaintiff's Amended COD is attached hereto and incorporated by reference as *Exhibit B*.

8.    Defendant was named in Plaintiff's COD and Amended COD, and its respective unlawful acts were described therein. *See Exhibits A and B*.

9.    On or about November 30, 2015, the MCHR issued Plaintiff a Notice of Right to Sue.   Accordingly, Plaintiff has fully complied with all jurisdictional prerequisites under the MHRA to bring this action.   A true and correct copy of Plaintiff's Notice of Right to Sue is attached hereto and incorporated by reference as *Exhibit C*.

### Factual Allegations

10.    Plaintiff is blind of visual sight.   Plaintiff relies on public transportation to navigate when he travels, accompanied by his guide dog, Jersey.   Plaintiff also requires the aid of audio formats that allow Plaintiff to decipher text formatted information.

11.    Defendant provides and is responsible for providing public transit services for residents and visitors to the City of St. Louis, including MetroBus and MetroLink.   Defendant was at all times relevant herein acting by and through its divisions, agents, servants, and employees, all of whom were acting within the scope and course of their employment and with full knowledge, direction, and control of Defendant.

12.    As a resident of Defendant City of St. Louis, Missouri, Plaintiff was a customer of Defendant.

13.    On many occasions over the last past fifteen (15) years, Defendant, through its agents, has refused to stop and transport Plaintiff and his guide dog, Jersey.   Each of these times, Defendant, through its agents, has driven past Plaintiff and his guide dog as they waited at the

3

Electronically Filed - City of St. Louis - December 23, 2015 - 03:51 PM

bus stop.   The incidents alleged in this Petition are a few examples of the discrimination regularly experienced by Plaintiff by Defendant on the following dates and locations:

      (a)    December 26, 2013 – Wabash & Lansdowne;

      (b)    June 13, 2014 – St. Louis Zoo; and

      (c)    August 5, 2014 – Watson Road & Lindenwood.

14.    Defendant does not identify the location of its bus stops for the visually impaired. As a result, Plaintiff is not independently able to locate the bus stop for general information, wayfinding and safety.

15.    Defendant utilizes fare boxes that are inaudible and require precise placement of paper bills and coins.   Upon information and belief, Defendant's bus drivers are not allowed to assist passengers with disabilities like Plaintiff with fare deposits.   As a result, Plaintiff has been subjected to ridicule by bus drivers and passengers because of the delays caused by his disability.

16.    At Defendant's MetroLink stations, it does not identify the location of its ticket sales equipment.   As a result, there is no way for Plaintiff to independently locate the ticket sales equipment for general information, wayfinding and safety.

17.    MetroLink stations do not offer assistance to individuals with disabilities. Defendant has substituted its code-enforced ticket vending machines with machines that require precise placement of paper bills and coins, and the output speech on the ticket vending machines is often inaudible.   Thus, Plaintiff and other individuals with a visual impairment cannot independently purchase tickets and validate tickets and passes, and are often left without assistance or have to rely on other customers to assist them in procuring a ticket and determine whether the ticket has been validated.

Electronically Filed - City of St. Louis - December 23, 2015 - 03:51 PM

18. Defendant's website is not accessible. It does not use assistive technology, which would allow Plaintiff and other individuals with visual impairments to fully access Defendant's website. For example, Plaintiff is unable to independently access key information, such as route information, schedules, locations of bus stops, and related information.

19. On MetroBus, the following identifying announcements are inconsistently made, are not amplified, and/or are difficult to understand:

    (a)    Route identifications;

    (b)    Transfer points with other fixed routes;

    (c)    Other major intersections and destination points;

    (d)    Intervals along a route sufficient to permit individuals who are blind or have vision impairments to be oriented to their location; and

    (e)    Any requested stop are inconsistently made, are not amplified, and/or are difficult to understand.

20. On MetroLink, the following identifying announcements are inconsistently made, are not amplified, and/or are difficult to understand:

    (a)    Route identifications; and

    (b)    Transfer points with other fixed routes.

21. There is pertinent information printed on tickets that visually-impaired riders cannot independently confirm, including the expiration date of the ticket as well as validation.

## COUNT I
## MHRA (§ 213.065, RSMo)
## Public Accommodation Discrimination

22. Plaintiff restates and incorporates by reference, as if fully set forth herein, all preceding paragraphs of this Petition.

5

Electronically Filed - City of St. Louis - December 23, 2015 - 03:51 PM

23.    Disability is a protected class under the MHRA.

24.    Plaintiff, as an individual with a disability, is protected by Chapter 213, RSMo.

25.    Section 213.010, RSMo of the MHRA, provides in pertinent part:

> (15) "Places of public accommodation", all places or businesses **offering or holding out to the general public**, goods, **services, privileges, facilities, advantages or accommodations** for the peace, comfort, health, welfare and safety of **the general public**...

(emphasis added).

26.    As a provider of public transportation services (bus and light rail) to the general public, Defendant is a place of public accommodation within the meaning of the MHRA.

27.    Defendant has denied Plaintiff the full and equal use and enjoyment of its specified public transportation services.

28.    Defendant has failed to make reasonable modifications in its policies, practices, or procedures that are necessary to afford its public transportation services to blind individuals, including Plaintiff to:

   (a)    Take appropriate steps to ensure that communication with individuals who are blind or have visual impairments is as effective as communication with others;

   (b)    Provide appropriate auxiliary aids and services;

   (c)    Give primary consideration to the type of auxiliary aids requested by individuals who are blind or have visual impairments; and

   (d)    Ensure that individuals who are blind or have visual impairments can obtain information as to the existence and location of accessible services, activities, and facilities.

6

Electronically Filed - City of St. Louis - December 23, 2015 - 03:51 PM

29.     As a result of Defendant's discriminatory actions, Plaintiff has been refused, denied, or withheld public transportation services on numerous occasions over the past fifteen (15) years.

30.     Defendant's conduct and actions have violated and are continuing to violate the MHRA, §213.065, which states in pertinent part:

> 1. **All persons** within the jurisdiction of the state of Missouri **are free and equal and shall be entitled to the full and equal use and enjoyment** within this state **of any place of public accommodation**, as hereinafter defined, without discrimination or segregation on the grounds of race, color, religion, national origin, sex, ancestry, or disability.
>
> 2. It is an **unlawful discriminatory practice** for any person, **directly or indirectly**, to **refuse, withhold from or deny** any other person, or to attempt to refuse, withhold from or deny any other person, **any of the accommodations, advantages, facilities, services, or privileges made available in any place of public accommodation**, as defined in section 213.010 and this section, or to segregate or discriminate against any such person in the use thereof on the grounds of race, color, religion, national origin, sex, ancestry, or disability.

(emphasis added).

31.     Defendant acts through its employees, contractors and agents.   Accordingly, Defendant's employees, contractors and agent's discriminatory actions were expressly authorized or ratified by Defendant.

32.     Defendant has denied Plaintiff the full and equal enjoyment of the accommodations, advantages, facilities, services, or privileges made available in any place of Defendant's public transportation services in the City of St. Louis and Plaintiff's disability was a contributing factor in Defendant's actions.

Electronically Filed - City of St. Louis - December 23, 2015 - 03:51 PM

33.     Plaintiff has been injured and aggrieved by, and will continue to be injured and aggrieved by, Defendant's discrimination.

34.     As a direct and proximate cause of Defendant's discriminatory practices, actions, and failures to act as described herein, Plaintiff has sustained and continues to sustain damages, including but not limited to damages from the inconvenience, humiliation, embarrassment, emotional pain, mental anguish, diminished enjoyment of life, economic loss, deprivation of his civil rights, and other injuries cause by Defendant's refusal to offer Plaintiff the full and equal use and enjoyment of public accommodations.

35.     Defendant's discriminatory actions have been undertaken with malice or with reckless indifference to Plaintiff's rights, thus warranting an award of punitive damages that will punish Defendant and deter Defendant and others from like conduct.

36.     Plaintiff is entitled to recover reasonable attorneys' fees and costs from Defendant, as provided in §213.111(2), RSMo.

WHEREFORE, Plaintiff respectfully seeks a judgment after trial by jury, against Defendant and in his favor on Count I of this Petition and for a finding that he has been subjected to unlawful discrimination prohibited by §213.065, RSMo; an award of actual damages in an amount to be proved at trial, including but not limited to deprivation of civil rights, humiliation, embarrassment, and emotional distress damages; punitive damages, to punish and deter Defendant and others from like conduct; reasonable costs; Plaintiff's reasonable attorneys' fees; granting Plaintiff such other and future affirmative relief as this Court may deem just and proper; and the following injunctive relief:

A.     Granting Plaintiff a permanent injunction enjoining Defendants and its drivers, agents, contractors, and employees from discriminating against Plaintiff and

Electronically Filed - City of St. Louis - December 23, 2015 - 03:51 PM

individuals with visual impairments or blind individuals who employ a service animal generally, and requiring Defendant to provide public transportation services on an equal basis and end to the discrimination against individuals with disabilities from the type of conduct described above; and

B.    Granting Plaintiff a permanent injunction ordering Defendant to administer testing and driver training on an annual basis for five (5) years and implement a remediation action plan to ensure compliance with this judgment.

## COUNT II
### MHRA (§213.070(3), RSMo)
### Unlawful Discriminatory Practice

37.    Plaintiff restates and incorporates by reference, as if fully set forth herein, all prior allegations of this Petition.

38.    Defendant has engaged in unlawful discriminatory acts that are prohibited under the MHRA.

39.    Defendant is a political subdivision of the States of Missouri and Illinois that is duly organized, established, and existing under and by virtue of their respective state legislatures.

40.    Disability is a protected class under the MHRA.

41.    Defendant discriminated against Plaintiff based on his disability by directly or indirectly refusing, withholding, denying, or attempting to refuse, withhold or deny any of the accommodations, advantages, facilities, services, or privileges made available in any place of public accommodation, including:

(a)    Failing to reasonably modify and accommodate transit services for Plaintiff, which would include ensuring general information, wayfinding and safety for individuals who are blind or have visual impairments.

9

Electronically Filed - City of St. Louis - December 23, 2015 - 03:51 PM

(b) Discriminating against Plaintiff, as an individual who is blind, in the provision of its transit services by not accommodating his disability;

(c) Failing to modify its services to accommodate the needs of individuals who are blind or visually impaired; and

(d) Upon information and belief, failing to train and supervise employees and agents of Defendant to communicate effectively with individuals who are blind or visually impaired and train and supervise employees regarding the culture and behavior of individuals who are blind or have visual impairments.

42.     Plaintiff's disability was a contributing factor in Defendant's decision to treat Plaintiff differently and less favorably than other members of the public who are not visually impaired.

43.     Despite the provisions of the MHRA, Defendant persisted in imposing conditions and practices which discriminate against Plaintiff and other persons who are blind, or have other visual impairments by excluding Plaintiff from participation in, by denying him the benefits of, and subjecting him to discrimination in the benefits and services Defendant provides to the general public.

44.     Plaintiff has been injured and aggrieved by, and will continue to be injured and aggrieved by, Defendant's discrimination.

45.     As a direct and proximate cause of Defendant's discriminatory practices, actions, and failures to act as described herein, Plaintiff has sustained and continues to sustain damages, including but not limited to damages from the inconvenience, humiliation, embarrassment, emotional pain, mental anguish, diminished enjoyment of life, economic loss, deprivation of his

Electronically Filed - City of St. Louis - December 23, 2015 - 03:51 PM

civil rights, and other injuries cause by Defendant's refusal to offer Plaintiff the full and equal use and enjoyment of public accommodations.

46.   Defendant's discriminatory actions have been undertaken with malice or with reckless indifference to Plaintiff's rights, thus warranting an award of punitive damages that will punish Defendant and deter Defendant and others from like conduct.

WHEREFORE, Plaintiff respectfully seeks a judgment after trial by jury, against Defendant and in his favor on Count II of this Petition and for a finding that he has been subjected to unlawful discrimination prohibited by §213.070(3), RSMo; an award of actual damages in an amount to be proved at trial, including but not limited to deprivation of civil rights, humiliation, embarrassment, and emotional distress damages; punitive damages, to punish and deter Defendant and others from like conduct; reasonable costs; Plaintiff's reasonable attorneys' fees; granting Plaintiff such other and future affirmative relief as this Court may deem just and proper; and the following injunctive relief:

A.   Granting Plaintiff a permanent injunction enjoining Defendants and its drivers, agents, contractors, and employees from discriminating against Plaintiff and individuals with visual impairments or employing a service animal generally, and requiring Defendant to provide public transportation services on an equal basis and end the discrimination against individuals with disabilities from the type of conduct described above; and

B.   Granting Plaintiff a permanent injunction ordering Defendant to administer testing and driver training on an annual basis for five (5) years and implement a remediation action plan to ensure compliance with this judgment.

**Demand for Jury Trial**

Plaintiff requests a trial by jury, in the Circuit Court of the City of Saint Louis, Missouri, on all issues in this case which are so triable.

Respectfully Submitted

/s/ Cyrus Dashtaki
Cyrus Dashtaki #57606
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, MO 63109
Telephone:     (314) 932-7671
Facsimile:     (314) 932-7672
Email:    cyrus@dashtaki.com


John C. Burns, #66462
The Burns Law Firm, LLC
1717 Park Avenue
St. Louis, MO 63104
Direct:     (314) 932-2356
Fax:     (314) 932-2171
Email:  John@burns-law-firm.com

*Attorneys for Plaintiff*

# 2

**12/28/2015**



# ; THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>BRYAN L HETTENBACH | Case Number:  1522-CC11361 | Process Server 1 |
|---|---|---|
| Plaintiff/Petitioner:<br>SCOTT GUSTAFSON<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CYRUS C DASHTAKI<br>DASHTAKI LAW FIRM<br>5201 HAMPTON AVE<br>SAINT LOUIS, MO  63109 | Process Server 2<br><br>Process Server 2 |
| Defendant/Respondent:<br>THE BI-STATE DEVELOPMENT AGENCY OF<br>THE MO ILLINOIS METRO | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| Nature of Suit:<br>CC Public Accommodat 213.111 | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  **THE BI-STATE DEVELOPMENT AGENCY OF THE MO ILLINOIS METROPOLITAN DISTRICT**
Alias:  **DBA METRO, METRO TRANSIT, METROBUS, METROLINK**

**ANY OFFICER OR MANAGER**
**707 NORTH FIRST STREET**
**SAINT LOUIS, MO  63102**

| **SHERIFF'S FEE PAID** |
|---|

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**DECEMBER 28, 2015**
Date

*Thomas Kloeppinger*
Thomas Kloeppinger
Circuit Clerk

*CITY OF ST LOUIS*

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ | _____
Printed Name of Sheriff or Server | Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date | Notary Public

**Sheriff's Fees, if applicable**

| Summons | $_____ |
|---|---|
| Non Est | $_____ |
| Mileage | $_____ ( ____ miles @ $ . _____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.



## THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>BRYAN L HETTENBACH | Case Number: 1522-CC11361 | Process Server 1 |
|---|---|---|
| Plaintiff/Petitioner:<br>SCOTT GUSTAFSON | Plaintiff's/Petitioner's Attorney/Address<br>CYRUS C DASHTAKI<br>DASHTAKI LAW FIRM<br>5201 HAMPTON AVE<br>SAINT LOUIS, MO 63109 | Process Server 2 |
| vs. | | Process Server 2 |
| Defendant/Respondent:<br>THE BI-STATE DEVELOPMENT AGENCY OF<br>THE MO ILLINOIS METRO | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Public Accommodat 213.111 | | (Date File Stamp) |

### Summons in Civil Case

The State of Missouri to: **THE BI-STATE DEVELOPMENT AGENCY OF THE MO ILLINOIS METROPOLITAN DISTRICT**
**Alias: DBA METRO, METRO TRANSIT, METROBUS, METROLINK**

**ANY OFFICER OR MANAGER**
**707 NORTH FIRST STREET**
**SAINT LOUIS, MO 63102**

**SHERIFF'S FEE PAID**



*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**DECEMBER 28, 2015**
Date

*Thomas Kloeppinger*
Thomas Kloeppinger
Circuit Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*   Subscribed and sworn to before me on _____ (date).

My commission expires: _____ _____
                                      Date                              Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $ . _____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# 3

**12/30/2015**



# JAMES W. MURPHY

**SHERIFF**
CITY OF ST. LOUIS
CIVIL COURTS BUILDING
10 NORTH TUCKER BOULEVARD
ST. LOUIS, MISSOURI 63101
622-4851

## Return of Service on Summons / Subpoena

Doc. ID Number *15-SMCC-22189*

Case Number *1522-CC11361*

I hereby certify that I served the within summons:

By delivering on the *30* day of *Dec*, 20 *15*, at approximately *12:50* am / **pm**, a copy of the petition to each of the within – named defendants:

*Bi State Dev Agency*
_____
Defendant

*211 No Broadway*
_____
Address

All done in the City of St. Louis, Missouri

**Executed:**   ☑ Summons       ☐ Subpoena

Personal: _____

Copy/Relationship: *Tina Nichols  Secy*

On Behalf of? _____

Posted: _____

Non-Est Reason: _____

James W. Murphy
Sheriff of the City of St. Louis

Fee: _____ *31*         By *Jepa Webbe 223*
                          Deputy

315-168 (Rev 10/13)

# 4

**12/31/2015**

Electronically Filed - City of St. Louis - December 31, 2015 - 12:47 PM

IN THE CIRCUIT COURT FOR THE CITY OF SAINT LOUIS
STATE OF MISSOURI

SCOTT GUSTAFSON                          )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )
                                         )      CASE NO. 1522-CC11361
THE BI-STATE DEVELOPMENT                 )
AGENCY OF THE MISSOURI-ILLINOIS          )
METROPOLITAN DISTRICT d/b/a              )
METRO, METRO TRANSIT,                    )
METROBUS, METROLINK,                     )
                                         )
        Defendant.                       )

## ENTRY OF APPEARANCE

        COMES NOW John C. Burns, an attorney with the Burns Law Firm, LLC and

enters his appearance on behalf of Plaintiff Scott Gustafson.

        Dated: December 31, 2015

                                Respectfully submitted:


                                **THE BURNS LAW FIRM, LLC**


                                  /s/ John C. Burns
                                John C. Burns, #66462
                                1717 Park Avenue
                                St. Louis, Missouri 63104
                                Direct: 314-932-2356
                                Fax:    314-932-2171
                                john@burns-law-firm.com

Electronically Filed - City of St. Louis - December 31, 2015 - 12:47 PM

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was sent to all

counsel of record through the Court's ECF System, on this 31st day of December, 2015:


_____/s/ John C. Burns_____

# 5

**01/06/2016**

# 6

**01/18/2016**

Electronically Filed - City of St. Louis - January 16, 2015 - 05:02 PM

## IN THE CIRCUIT COURT OF ST. LOUIS CITY
## STATE OF MISSOURI

SCOTT GUSTAFSON,              )
                             )
       Plaintiff,            )      1522-CC11361
                             )
v.                          )      Division: 1
                           )
THE BI-STATE DEVELOPMENT AGENCY  )
OF THE MISSOURI-ILLINOIS         )
METROPOLITAN DISTRICT d/b/a METRO, )
METRO TRANSIT, METROBUS,      )
METROLINK                 )
                           )
       Defendant.        )

## ENTRY OF APPEARANCE

COMES NOW James N. Foster, Jr. and the law firm of McMahon Berger, P.C. and hereby enters their appearance as counsel for Bi-State Development Agency, d/b/a Metro Transit in the above-captioned case.

McMAHON BERGER, P.C.

/s/ James N. Foster, Jr.
James N. Foster, Jr. MBE 28231
2730 N. Ballas Road, Suite 200
St. Louis, Missouri 63131
314-567-7350
314-567-5968 (facsimile)
*foster@mcmahonberger.com*

Attorney for Defendant

Electronically Filed - City of St. Louis - January 18, 2016 - 03:02 PM

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of January, 2016, a true copy of the foregoing was served by the court's electronic notice to:

Cyrus Dashtaki
Dashtaki Law Firm
5205 Hampton Avenue
St. Louis, MO 63109
*cyrus@dashtaki.com*

John C. Burns
The Burns Law Firm, LLC
1717 Park Avenue
St. Louis, MO 63104
*John@burns-law-firm.com*

Attorney for Plaintiff

/s/ James N. Foster, Jr._____

220315.1

Electronically Filed - City of St. Louis - January 18, 2018 - 03:06 PM

## IN THE CIRCUIT COURT OF ST. LOUIS CITY
## STATE OF MISSOURI

| | | |
|---|---|---|
| SCOTT GUSTAFSON, | ) | |
| | ) | |
| Plaintiff, | ) | 1522-CC11361 |
| | ) | |
| v. | ) | Division: 1 |
| | ) | |
| THE BI-STATE DEVELOPMENT AGENCY | ) | |
| OF THE MISSOURI-ILLINOIS | ) | |
| METROPOLITAN DISTRICT d/b/a METRO, | ) | |
| METRO TRANSIT, METROBUS, | ) | |
| METROLINK | ) | |
| | ) | |
| Defendant. | ) | |

### ENTRY OF APPEARANCE

COMES NOW Brian C. Hey and the law firm of McMahon Berger, P.C. and hereby enters their appearance as counsel for Bi-State Development Agency, d/b/a Metro Transit in the above-captioned case.

McMAHON BERGER, P.C.

/s/ Brian C. Hey
Brian C. Hey MBE 53930
2730 N. Ballas Road, Suite 200
St. Louis, Missouri 63131
314-567-7350
314-567-5968 (facsimile)
hey@mcmahonberger.com

Attorney for Defendant

Electronically Filed - City of St. Louis - January 18, 2016 - 03:06 PM

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 18th day of January, 2016, a true copy of the foregoing was served by the court's electronic notice to:

        Cyrus Dashtaki
        Dashtaki Law Firm
        5205 Hampton Avenue
        St. Louis, MO 63109
        *cyrus@dashtaki.com*

        John C. Burns
        The Burns Law Firm, LLC
        1717 Park Avenue
        St. Louis, MO 63104
        *John@burns-law-firm.com*

        Attorney for Plaintiff


                           /s/ Brian C. Hey_____

2

220316.1

Electronically Filed - City of St. Louis - January 18, 2016 - 03:06 PM

**IN THE CIRCUIT COURT OF ST. LOUIS CITY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| SCOTT GUSTAFSON, | ) | |
| | ) | |
| **Plaintiff,** | ) | **1522-CC11361** |
| | ) | |
| **v.** | ) | **Division: 1** |
| | ) | |
| THE BI-STATE DEVELOPMENT AGENCY | ) | |
| OF THE MISSOURI-ILLINOIS | ) | |
| METROPOLITAN DISTRICT d/b/a METRO, | ) | |
| METRO TRANSIT, METROBUS, | ) | |
| METROLINK | ) | |
| | ) | |
| **Defendant.** | ) | |

**CONSENT MOTION FOR EXTENSION OF TIME**
**TO ANSWER OR OTHERWISE RESPOND**

COMES NOW Defendant Bi-State Development Agency, d/b/a Metro Transit by and through their undersigned counsel, and moves the Court for an extension of time to answer or otherwise respond to the Petition in this matter. In support of this motion, Defendant states as follows:

1.      Plaintiff filed its Petition on December 23, 2015, and thereafter served Defendant on December 30, 2015.

2.      Defendant requests additional time until February 12, 2016 to answer or otherwise respond to Plaintiff's Petition.

3.      Plaintiff does not object to this extension of time.

WHEREFORE, with the consent of Plaintiff, Defendant respectfully moves this Court to extend its deadline for filing a responsive pleading in this matter until February 12, 2016, and for such further and other relief as the Court deems appropriate.

Respectfully submitted,

**McMAHON BERGER, P.C.**

      /s/ Brian C. Hey
James N. Foster Jr., ARN 28231 MO
Brian C. Hey ARN 53930 MO
Rex P. Fennessey, ARN 58925 MO
2730 North Ballas Road, Suite 200
St. Louis, Missouri  63131
(314) 567-7350 – (Telephone)
(314) 567-5968 – (Facsimile)
foster@mcmahonberger.com
hey@mcmahonberger.com
fennessey@mcmahonberger.com

### CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of January, 2016, a true copy of the foregoing was served by the court's electronic notice to:

Cyrus Dashtaki
Dashtaki Law Firm
5205 Hampton Avenue
St. Louis, MO 63109
cyrus@dashtaki.com

John C. Burns
The Burns Law Firm, LLC
1717 Park Avenue
St. Louis, MO 63104
John@burns-law-firm.com

Attorney for Plaintiff

      /s/ Brian C. Hey

220306.1

Electronically Filed - City of St. Louis - January 18, 2016 - 03:08 PM

## IN THE CIRCUIT COURT OF ST. LOUIS CITY
## STATE OF MISSOURI

| | | |
|---|---|---|
| SCOTT GUSTAFSON, | ) | |
| | ) | |
| Plaintiff, | ) | 1522-CC11361 |
| | ) | |
| v. | ) | Division: 1 |
| | ) | |
| THE BI-STATE DEVELOPMENT AGENCY | ) | |
| OF THE MISSOURI-ILLINOIS | ) | |
| METROPOLITAN DISTRICT d/b/a METRO, | ) | |
| METRO TRANSIT, METROBUS, | ) | |
| METROLINK | ) | |
| | ) | |
| Defendant. | ) | |

### ENTRY OF APPEARANCE

COMES NOW Rex P. Fennessey and the law firm of McMahon Berger, P.C. and hereby

enters their appearance as counsel for Bi-State Development Agency, d/b/a Metro Transit in the

above-captioned case.

McMAHON BERGER, P.C.

/s/ Rex P. Fennessey
Rex P. Fennessey, MBE 58925 MO
2730 N. Ballas Road, Suite 200
St. Louis, Missouri 63131
314-567-7350
314-567-5968 (facsimile)
hey@mcmahonberger.com

Attorney for Defendant

Electronically Filed - City of St. Louis - January 18, 2016 - 03:08 PM

### CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of January, 2016, a true copy of the foregoing was served by the court's electronic notice to:

    Cyrus Dashtaki
    Dashtaki Law Firm
    5205 Hampton Avenue
    St. Louis, MO 63109
    *cyrus@dashtaki.com*

    John C. Burns
    The Burns Law Firm, LLC
    1717 Park Avenue
    St. Louis, MO 63104
    *John@burns-law-firm.com*

    Attorney for Plaintiff


                              /s/ Rex P. Fennessey

2

220319.1

# 7

**02/12/2016**

Electronically Filed - City of St. Louis - February 12, 2016 - 04:11 PM

**IN THE CIRCUIT COURT OF ST. LOUIS CITY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| SCOTT GUSTAFSON, | ) | |
| | ) | |
| Plaintiff, | ) | **1522-CC11361** |
| | ) | |
| v. | ) | **Division: 1** |
| | ) | |
| THE BI-STATE DEVELOPMENT AGENCY | ) | |
| OF THE MISSOURI-ILLINOIS | ) | |
| METROPOLITAN DISTRICT d/b/a METRO, | ) | |
| METRO TRANSIT, METROBUS, | ) | |
| METROLINK | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY AND MEMORANDUM IN SUPPORT THEREOF

COMES NOW Defendant Bi-State Development Agency, d/b/a Metro Transit ("Bi-State") by and through its undersigned counsel, and moves the Court to dismiss or, alternatively, to stay this action. In support of its motion, Defendant states as follows:

### I.     INTRODUCTION

Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights ("MCHR") in 2006, raising the same claims of failure to accommodate that he has raised in this action. The MCHR initiated administrative proceedings under the Missouri Human Rights Act against Defendant Bi-State based on the allegations of Plaintiff's Charge, but in 2011 the MCHR and Bi-State reached a settlement whereby, in exchange for certain promises by Bi-State, the MCHR (on behalf of itself and Plaintiff) dismissed its administrative proceedings with prejudice and forever released Bi-State from any claim "that Complainant had, now has, or which he may have against [Bi-State] arising out of, related to or based upon any facts or events" alleged in the 2006 Charges.

In 2014, Plaintiff filed a Charge based on the same types of allegations raised in the 2006 Charges and the MCHR issued a Notice of Right to Sue based on the 2014 Charges. However, the MCHR expressly stated it had not determined whether it had jurisdiction over the allegations of Plaintiff's Charge, and failed to consider whether it had jurisdiction over Bi-State or whether Plaintiff's 2014 Charges were released by the settlement agreement reached by MCHR and Bi-State in 2011. Defendant Bi-State has petitioned the Cole County Circuit Court for a writ of mandamus and prohibition, and for judicial review of the MCHR's issuance of the Notice of Right to Sue on the 2014 Charges.

Because the MCHR failed to determine its jurisdiction prior to initiating the present action, it lacked authority to issue the Notice of Right to Sue upon which Plaintiff's Petition is based, and this Court should therefore dismiss this action until the MCHR makes such a jurisdictional determination. Alternatively, because the Cole County action should result in the MCHR's withdrawal of its Notice of Right to Sue on the 2014 Charges this Court should stay proceedings on Plaintiff's Petition pending resolution of the Cole County Circuit Court's decision on Defendant's Writ Petition.

## II.     STANDARD OF REVIEW

Courts have inherent authority to "control and move their dockets." *PerfectStop Partners, L.P. v. U.S. Bank*, 231 S.W.3d 260, 267 (Mo. Ct. App. 2007)(*citing Shirrell v. Missouri Edison Co.*, 535 S.W.2d 446, 450 (Mo. 1976). In appropriate cases, a "delay is justified" and "a court properly permits it[.]" *Shirrell*, 535 S.W.2d at 450. Thus, "[t]he granting or refusing of a stay of proceedings rests in the trial court's discretion, the exercise of which will not be disturbed on appeal unless clearly abused." *Green v. Miller,* 851 S.W.2d 553, 556

(Mo.App.W.D.1993). "Stay of proceedings is not a matter of right but involves the exercise of some discretion by the trial court as to granting and as to duration; but it would be an abuse of discretion to refuse a stay properly required by the circumstances." *U.S. Bank, N.A. v. Coverdell,* No. SD 32844, 2015 WL 7251405, at *9 (Mo. Ct. App. Oct. 30, 2015)(*quoting State ex rel. Great Am. Ins. Co. v. Jones,* 396 S.W.2d 601, 605 (Mo. banc 1965)).

### III.   FACTUAL AND PROCEDURAL BACKGROUND

#### A. Plaintiff's 2006 Charges.

On or about November 15, 2006, Gustafson filed a Charge of Discrimination with the MCHR bearing Charge No. P-11/06-01593 against Bi-State alleging denial of access to public transit services provided by Bi-State. Gustafson filed an amended Charge on or about December 1, 2006. (Original and amended Charges hereinafter referred to as "2006 Charges"). On August 30, 2010, the MCHR, on behalf of Gustafson, initiated administrative proceedings before the Missouri Commission on Human Rights against Bi-State based on the 2006 Charge. The style of that case is *State of Missouri ex rel. Scott Gustafson v. Metro d/b/a Bi-State Development Agency,* 10-0001 HRC. Gustafson chose not to personally intervene in case number 10-0001 HRC. In September 2011, Bi-State and MCHR executed a Settlement Agreement ("Agreement") resolving the allegations of Charge No. P-11/06-01593 and the administrative proceedings commenced thereon. A true and accurate copy of the Agreement is attached hereto as **Exhibit A.** Gustafson participated in the settlement discussions, but chose not to sign the Agreement. Gustafson did not challenge the resolution of the 2006 Charges through Agreement and did not seek judicial review of the dismissal of the 2006 Charges by the MCHR.

Gustafson is referred to as "Complainant" in the Agreement. (See Ex. A, ¶ 1). Paragraph 7 of the Agreement states, in pertinent part:

The parties to this Agreement desire to compromise, resolve and settle all issues and disputes between them, including those raised in the administrative complaint and the First Amended Petition or which could have been raised therein[.]

Paragraph 11 of the Agreement states, in pertinent part, that "...MCHR will not proceed with any administrative or legal action on behalf of Complainant with respect to any matter raised or which could have been raised by Complainant prior to the date of this Agreement." Paragraph 13 of the Agreement states, in pertinent part:

...the MCHR, on behalf of itself, its officers, directors, representatives, employees, agents, insurers, and attorneys, **and on behalf of Complainant**, his agents representatives, heirs assigns and attorneys, **does hereby waive and release and forever discharge Metro**, including its officers, directors, representatives, employees, agents, insurers, and attorneys (hereinafter the "Metro Released Parties") **from any and all charges, claims, suits, demands, debts, liens, liabilities, costs, expenses, actions, and causes of action, of every kind and nature, whether known or unknown, suspected or unsuspected, that Complainant had, now has, or which he may have against the Metro Released Parties arising out of, related to or based upon any facts or events which occurred on or prior to the date of this Agreement, including, but not limited to, any charge, claim, suit or action arising under or relating to the full and equal use and enjoyment of public places of accommodation, including, without limitation, the MHRA, § 213.065,** *et seq*[.]

(emphasis provided).

**B. Plaintiff's 2014 Charges.**

On or about April 3, 2014, Gustafson filed a Charge of Discrimination with the MCHR bearing Charge No. PA-04/14-03917 against Bi-State again alleging disability discrimination in the provision of public accommodations.  Gustafson amended that Charge in November 2014.  (Original and amended Charges hereinafter collectively referred to as "2014 Charges")  A true

and accurate copy of Gustafson's 2014 Charges are attached hereto as **Exhibit B**. Gustafson's 2014 Charges contain the same matters, allegations and disputes that were resolved in the September 2011 Agreement.

On November 30, 2015, the MCHR issued a "Right to Sue" letter which lacked factual findings or limited Gustafson's ability to take action based on the allegations of his 2014 Charges. A true and accurate copy of the MCHR's "Right to Sue" letter is attached hereto as **Exhibit C**. The second-to-last paragraph of the MCHR's "Right to Sue" letter states "[p]lease note that administrative processing of this complaint, including determinations of jurisdiction, has not been completed." (*See* Ex. C).

### C. Plaintiff's current Petition.

On or about December 23, 2015, Gustafson filed his Petition ("Petition") in the Circuit Court for the City of Saint Louis naming Bi-State as a defendant. The Petition alleges violations of the Missouri Human Rights Act; specifically, §§ 213.065 and 213.070, RSMo. (*See* Petition, ¶¶ 22-46). The Petition makes the same allegations of discrimination and/or failure to accommodate against Bi-State that were alleged and resolved in his 2006 Charges. (*See* Petition ¶ 132).

### D. Defendant's Petition for Preliminary and Permanent Writs of Prohibition and Mandamus and for Judicial Review.

On December 30, 2015, Bi-State filed a Petition for Preliminary and Permanent Writs of Prohibition and Mandamus and for Judicial Review ("Writ Petition") in the Circuit Court of Cole County, Missouri. A true and accurate copy of the Writ Petition is attached hereto as **Exhibit D**. In its Writ Petition, Bi-State has requested the Court to (1) issue a writ of mandamus requiring MCHR to withdraw its Notice of Right to Sue based on the 2014 Charges and a writ of prohibition prohibiting MCHR from issuing another Notice of Right to Sue until they determine

Electronically Filed - City of St. Louis - February 12, 2018 - 04:11 PM

whether they have the authority and jurisdiction to issue a Notice of Right to Sue based on each and every matter, allegation and dispute contained in the 2014 Charges; (2) issue a writ of mandamus requiring MCHR to withdraw its Notice of Right to Sue for the 2014 Charges and a writ of prohibition prohibiting MCHR from issuing another Notice of Right to Sue based on the 2006 Charges; and or, in the alternative, (3) conduct a *de novo* review regarding whether the MCHR should have issued a Notice of Right to Sue based on the 2014 Charges. (*See* Ex. D, Prayer for Relief). That action is currently pending.

## IV.    ANALYSIS

This Court should dismiss this case because the MCHR has expressly stated that it failed to determine its jurisdiction prior to issuing a Notice of Right to Sue; and the Missouri Supreme Court has made clear that the MCHR must do so prior to issuing a Notice of Right to Sue. Alternatively, this Court should exercise its discretion to stay this matter pending the Cole County Circuit Court's resolution of Bi-State's Writ Petition to preserve the resources of both the parties and this Court.

### A.    Plaintiff's Petition should be dismissed until the MCHR determines whether it had jurisdiction to issue a Notice of Right to Sue based on the allegations of the 2014 Charges.

In *Farrow v. St. Francis Medical Center*, 407 S.W.3d 579 (Mo. banc 2013) the Missouri Supreme Court explicitly held that the MCHR is "required to determine its own jurisdiction even if it did not make a decision on the merits of" the Charge. The Court went on to hold that:

> Had the Commission determined Farrow's claim was untimely, it would lack the authority to issue the right to sue letter. The Commission's only option would be to close the complaint for lack of jurisdiction or the absence of any remedy.

Electronically Filed - City of St. Louis - February 12, 2016 - 04:11 PM

*Id.* The *Farrow* court further held that if the entity against whom the Charge was brought challenged the MCHR's issuance of a Notice of Right to Sue, the appropriate method for doing so was through a petition for a writ of prohibition in circuit court. *Id.*

Defendant Bi-State's Writ Petition seeks an order requiring the MCHR to withdraw the Notice of Right to Sue based on Plaintiff's 2014 Charges. The implication of such a decision for this case is clear: if the MCHR withdraws its Notice of Right to Sue, then Plaintiff's present action fails as a matter of law. Missouri appellate courts are clear on this point:

> Before initiating a civil action under the MHRA, a claimant must exhaust administrative remedies by timely filing an administrative complaint and either adjudicating the claim through the MCHR or obtaining a right-to-sue letter. The doctrine of exhaustion of remedies is a jurisdictional requirement. This rule requires that, before applying to the courts for relief, all remedies must be exhausted at the administrative level. If all administrative remedies have not been exhausted, the circuit court lacks subject matter jurisdiction to judicially review the administrative decision.

*Alhalabi v. Missouri Dep't of Nat. Res.*, 300 S.W.3d 518, 524 (Mo. Ct. App. 2009)(internal citations omitted).[1]  If the Cole County Court orders MCHR to withdraw its Notice of Right to Sue over Plaintiff's 2014 Charges, Plaintiff will have failed to have exhausted his administrative remedies in this case because he would lack a "right-to-sue" letter over the allegations of his current Petition. As the following demonstrates, the MCHR lacked jurisdiction to issue the Notice of Right to Sue at issue in this case, and, consequently, Plaintiff's Petition must be dismissed.

---

[1] As the *Alhalabi* decision noted, the Missouri Supreme Court has "held that the trial court technically does not lack subject matter jurisdiction over unexhausted claims, but rather lacks authority to review those claims as a result of the statutory exhaustion requirement" it held that, regardless, "the end result is the same in both cases, courts should dismiss claims that are not properly exhausted." *Id.* at 524, n. 1.

**1. The MCHR lacked authority to issue a Notice of Right to Sue on Plaintiff's 2014 Charges because it admitted it failed to determine its jurisdiction before issuing Plaintiff a Notice of Right to Sue.[2]**

In the Writ Petition pending in Cole County, Defendant Bi-State seeks a determination that the MCHR lacked jurisdiction to issue a Notice of Right to Sue. *See* Ex. D. Given that MCHR expressly stated in its Notice of Right to Sue that it had not made any determination with respect to its jurisdiction over the Charge, Defendant Bi-State believes its basis for a writ requiring the MCHR to withdraw its Notice on the 2014 Charges is well founded and its arguments well-taken in the Cole County Circuit Court action.

**2. The MCHR lacked authority to issue a Notice of Right to Sue on Plaintiff's 2014 Charges because as an Interstate Compact, Bi-State is not subject to the MHRA.**

Defendant's Writ Petition is also well founded insofar as it claims the MCHR lacked jurisdiction over Bi-State because, as the creation of an Interstate Compact, Bi-State is not subject to the MHRA, nor is it subject to suit under the MHRA. As the United States District Court for the Eastern District of Missouri recognized just last year:

> [Bi-State] was created by an interstate compact pursuant to the statutes of Missouri and Illinois in 1949, Mo.Rev.Stat. § 70.370; 45 Ill. Comp. Stat. 100/1, and was approved by the United States Congress pursuant to the Compact Clause of the United States Constitution. [Bi-State]'s purpose is "to provide a unified mass transportation system" for the bi-state region. "Entities created by interstate compacts have a unique legal status. Bi-state entities 'are creations of three discrete sovereigns: two States and the federal Government.'"

*Stenger v. Bi-State Dev. Agency of Missouri/illinois Metro. Dist.*, No. 414CV01655AGF, 2015 WL 164044, at *1 (E.D. Mo. Jan. 13, 2015) aff'd, 808 F.3d 734 (8th Cir. 2015)(internal citations omitted). Because of its unique legal status as an Interstate Compact, courts have found that,

---

[2] Bi-State presents the arguments in this Motion to this Court without prejudice to any additional arguments it may present to the Circuit Court of Cole County.

"[b]ecause parties to a compact have given up some sovereign powers, no party can unilaterally subject the compact entity to a particular policy or law." *KMOV TV, Inc. v. Bi-State Dev. Agency of Missouri-Illinois Metro. Dist.*, 625 F. Supp. 2d 808, 811 (E.D. Mo. 2008).

In *KMOV TV, Inc. v. Bi-State Dev. Agency of Missouri-Illinois Metro. Dist.*, KMOV submitted to Bi-State a request for documents under the "Missouri Sunshine Law"; Missouri Revised Statutes, Chapter 610.  Despite the fact that the Missouri General Assembly explicitly attempted to make the "Missouri Sunshine Law" applicable to Bi-State – *see* § 610.010(4)(g) – the United States District Court for the Eastern District of Missouri held that Missouri's Sunshine Law did not apply to Bi-State because Bi-State's authorizing statutes were silent on the question, and "explicit approval by the Illinois legislature to apply the Missouri Sunshine Law to [Bi-State] is required" but had not been given. *Id.* 625 F. Supp. 2d at 814.

The situation is the same here.  Nowhere in Bi-State's authorizing legislation did Missouri, Illinois and the United States Congress apply the Missouri Human Rights Act to Bi-State.  Thus, the Missouri Human Rights Act cannot be applied to Bi-State, and consequently the MCHR was without jurisdiction to issue a Notice of Right to Sue against Bi-State based on Gustafson's claims. *Id.*

### 3. The MCHR lacked authority to issue a Notice of Right to Sue on Plaintiff's 2014 Charges because it had released the claims raised in those Charges in the 2011 Settlement Agreement it executed with Bi-State.

The MCHR was also without authority to issue a Notice of Right to Sue based on Plaintiff's 2014 Charges because the claims therein are released by the settlement agreement reached by Bi-State and the MCHR in 2011.  Because the MCHR had, in 2011, already expressly released Bi-State from the types of allegations raised in the 2014 Charges, Defendants are also

confident that the Cole County Circuit Court will issue a writ requiring MCHR to withdraw its Notice of Right to Sue on this basis as well.

### *Plaintiff is bound by the 2011 Agreement between MCHR and Bi-State.*

Plaintiff will likely argue that, because he did not sign the settlement agreement at issue, he is not bound by it.  Such an argument is wholly without merit for several reasons.

> a. **Plaintiff was bound by the Settlement Agreement reached between Bi-State and the MCHR because he was aware of those proceedings but failed to intervene.**

First, there is no dispute that Plaintiff was bound to the settlement reached during the administrative proceedings initiated by the MCHR based on Plaintiff's 2006 Charges of discrimination.  Under similar circumstances, federal courts interpreting federal anti-discrimination statutes have found that a complainant is bound by a settlement agreement reached between the EEOC and employer resolving a case based on the employee's charge of discrimination. As the United States Court of Appeals for the Fourth Circuit held:

> [O]ne who wishes to participate in tactical decisions which may substantially affect the outcome of the litigation or in settlement negotiations has reason for early intervention. In this, as in many other situations, one who invokes administrative and judicial machinery in his behalf should have a continuing interest or participation in it. If he does not intervene and leaves it to the EEOC to do whatever seems best to the EEOC for him, he should not be heard to complain of the consequences of his own indifference.

*Adams v. Proctor & Gamble Mfg. Co.*, 697 F.2d 582, 584 (4th Cir. 1983); *see also Jones v. Bell Helicopter Co.*, 614 F.2d 1389 (5th Cir.1980); *McClain v. Wagner Electric Corp.*, 550 F.2d 1115 (8th Cir.1977); *Crump v. Wagner Electric Corp.*, 369 F.Supp. 637 (E.D.Mo.1973). *Cf. Truvillion v. King's Daughters Hospital*, 614 F.2d 520 (5th Cir.1980); *E.E.O.C. v. Pan Am. World Airways, Inc.*, 897 F.2d 1499, 1505-06 (9th Cir. 1990)(binding Plaintiff to EEOC settlement because ADEA remedial scheme is to "to relieve the courts and employers of the burden of litigating a

multiplicity of suits based on the same violations of the act by an employer.")  There is every

reason to believe a Missouri court would adopt similar reasoning because "Missouri Courts have

adopted federal ... case law when interpreting analogous discrimination statutes in the Missouri

Human Rights Act." *McBryde v. Ritenour Sch. Dist.*, 207 S.W.3d 162, 168 (Mo. Ct. App. 2006);

*see also Hammond v. Mun. Correction Inst.*, 117 S.W.3d 130, 136 (Mo. Ct. App. 2003), *opinion*

*adopted and reinstated after retransfer* (Nov. 6, 2003).

The reasoning of the federal cases is entirely applicable here.  Plaintiff filed a Charge of

Discrimination with the MCHR in 2006, and the MCHR initiated administrative proceedings on

that Charge.  Yet, despite having full knowledge of the proceedings commenced by MCHR on

his behalf, Plaintiff refused to intervene; nor did he appeal the settlement agreement to which he

was bound.  For these reasons, Plaintiff cannot argue that he is not bound by the settlement

between Defendant and the MCHR.

### b. Plaintiff is bound by the Settlement Agreement between Bi-State and the MCHR because he was a third-party beneficiary of that Agreement.

Plaintiff is also bound by the Settlement Agreement as a third-party beneficiary.  "To be

bound as a third-party beneficiary, the terms of the contract must clearly express intent to benefit

that party or an identifiable class of which the party is a member." *Nitro Distrib., Inc. v. Dunn*,

194 S.W.3d 339, 345 (Mo. 2006), *as modified on denial of reh'g* (June 30, 2006)(*citing Peters v.*

*Employers Mut. Cas. Co.*, 853 S.W.2d 300, 301 (Mo. banc 1993)). The Settlement Agreement

here expressly identifies Plaintiff and was made for his benefit.  Thus, even if he is not a

signatory to that Agreement, he is bound by the release it contains because he is a beneficiary. *Id.*

**B. This Court should stay this action pending resolution of the Cole County Circuit Court of Defendant's Writ Petition.**

For these reasons discussed above, Plaintiff's current Petition before this Court must be dismissed. However, if this Court declines to dismiss this case, it should – at the least – stay this action pending resolution of these issues by the Circuit Court of Cole County.

It makes no sense for this Court to allow the current action to proceed and to authorize the parties to conduct extensive and potentially expensive discovery on the allegations of Plaintiff's Petition when Defendant's pending Writ Petition in Cole County may dispose of this case entirely. Instead, this Court should stay any proceedings and discovery on Plaintiff's Petition until the Cole County Court adjudicates Defendant's pending Writ Petition. Such a stay will conserve the resources of the parties and this Court by ensuring that only those claims over which the MCHR had jurisdiction and the authority to issue a Notice of Right to Sue on are before this Court. Plaintiff will suffer no prejudice from such a stay because, if Defendant's Writ Petition is dismissed or the relief requested is denied, Plaintiff will be able to pursue his current Petition in this Court. If the Cole County Court grants the relief requested by Defendant's Writ Petition, Plaintiff will also suffer no prejudice because his unauthorized claims will be resolved without requiring the needless expenditure of resources in this action.

**V.      CONCLUSION AND PRAYER FOR RELIEF**

WHEREFORE, based on the foregoing, Defendant respectfully requests this Court to issue an Order dismissing this action immediately, or, alternatively, staying the current action until the Cole County Circuit Court fully and finally adjudicates Defendant's pending Writ Petition and all appeals therefrom are resolved; and for such further relief as the Court deems just and proper.

Respectfully submitted,

**McMAHON BERGER, P.C.**


_____/s/ Brian C. Hey_____
James N. Foster Jr., ARN 28231 MO
Brian C. Hey ARN 53930 MO
Rex P. Fennessey, ARN 58925 MO
2730 North Ballas Road, Suite 200
St. Louis, Missouri  63131
(314) 567-7350 – (Telephone)
(314) 567-5968 – (Facsimile)
foster@mcmahonberger.com
hey@mcmahonberger.com
fennessey@mcmahonberger.com


### CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of February, 2016, a true copy of the foregoing was served by the court's electronic notice to:

Cyrus Dashtaki
Dashtaki Law Firm
5205 Hampton Avenue
St. Louis, MO 63109
_cyrus@dashtaki.com_

John C. Burns
The Burns Law Firm, LLC
1717 Park Avenue
St. Louis, MO 63104
_John@burns-law-firm.com_

_Attorneys for Plaintiff_


_/s/ Brian C. Hey_____

Electronically Filed - City of St. Louis - February 12, 2016 - 04:11 PM

# EXHIBIT A

Electronically Filed - City of St. Louis - February 12, 2016 - 04:11 PM

BEFORE THE
MISSOURI COMMISSION ON HUMAN RIGHTS
STATE OF MISSOURI

STATE OF MISSOURI, ex rel.            )
SCOTT GUSTAFSON,                      )
                                      )
         Petitioner,                  )
                                      )
v.                                    )        Case No. 10-0001 HRC
                                      )
METRO                                 )
d/b/a BI-STATE DEVELOPMENT            )
AGENCY,                               )
                                      )
         Respondent.                  )

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into by and

among Petitioner, Missouri Commission of Human Rights ("MCHR"), by and through

the Missouri Attorney General ("Attorney General"), and The Bi-State Development

Agency d/b/a Metro.

## RECITALS

1.        On or about November 15, 2006, Scott Gustafson, a Metro customer who is

visually impaired, ("Complainant") filed an administrative complaint, Case No. P-11/06-

02593, with the MCHR, alleging that Metro had violated the Missouri Human Rights Act

("MHRA") §213.065, RSMo. (2000) et seq. by denying Complainant access to public

transit services provided by Metro because of his disability. Complainant then filed an

amended complaint on or about December 1, 2006.

Electronically Filed - City of St. Louis - February 12, 2016 - 04:11 PM

2.     On August 30, 2010, the MCHR, on behalf of Complainant, by and through the Attorney General for the State of Missouri, filed its First Amended Complaint against Metro before the Missouri Commission on Human Rights (Case No. 10-0001 HRC) (hereinafter, "this Action").  The MCHR alleged that Metro directly and indirectly denied Complainant the privileges and services made available to all passengers in places of public accommodations, specifically Metro bus stops and buses, because of his disability -- visual impairment.

3.     Metro denies the allegations asserted by Complainant and the MCHR.

4.     On April 25, 2011, the MCHR notified the Commission that the MCHR, Complainant, and Metro had reached a settlement agreement in principle and were awaiting signatures.  Soon thereafter, Complainant expressed objections to the terms of the settlement agreement and the MCHR attempted to resolve those objections.

5.     The MCHR's attempts to resolve the issues with Mr. Gustafson have failed and Mr. Gustafson has refused to participate in this settlement.

6.     Because Complainant did not intervene in this action pursuant to R.S.Mo. §213.075(8) and thus did not become a party in this action, the MCHR and Metro have decided to enter into this settlement without Complainant.

7.     The parties to this Agreement desire to compromise, resolve, and settle all issues and disputes between them, including those raised in the administrative complaint and the First Amended Petition or which could have been raised therein, on the following terms and conditions.

2

Electronically Filed - City of St. Louis - February 12, 2016 - 04:11 PM

<u>AGREEMENT</u>

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein, the sufficiency of which is hereby acknowledged, the parties agree as follows:

8.   The above paragraphs 1-7 shall be deemed part of this Agreement.

9.   Metro shall make a charitable contribution to the Missouri Council for the Blind in the amount of ONE THOUSAND DOLLARS ($1,000.00) within fifteen (15) business days of the execution of this Agreement. Metro shall deliver the acknowledgment of its contribution to Vanessa Howard Ellis at the Office of the Attorney General.

10.   As additional consideration, Complainant and the MCHR acknowledge that as set forth in the attached Affidavit, the following projects/policies of Metro exemplify Metro's continuing efforts to meet the needs of all of its passengers:

   A.   Metro is currently working on a plan to implement an Automatic Vehicle Locator system ("AVL") on the entire bus fleet. An automated announcement system will be installed on all buses with the installation of the AVL system. This change will provide technological improvement to the quality of announcements and is estimated to be fully implemented by December 31, 2013 at a cost of approximately $20 million dollars. Metro replaces the speakers on buses as they fail.

   B.   Metro is in the process of implementing a "Smart Card" system for fare collection that is projected for completion by Spring 2012. The Smart Card process will simplify the ticket purchase and validation process for all passengers. The new validation machines will provide auditory cues for visually impaired passengers, making one sound for a validated Smart Card and a different sound for a rejected card. When on the train, agents will use an electronic scanning device that will be able to read whether the card has been validated.

3

Electronically Filed - City of St. Louis - February 12, 2016 - 04:11 PM

C.   Metro is planning the installation of surface "rumble strips" at all platform entry points. Rumble strips will provide non-visual cues to designate the location of ticket vending and validation machines. The projected completion date for the installation of the rumble strips is December 2011.

D.   Multi-language audio assistance is presently incorporated and will continue to be incorporated in Metro's ticket vending machines. Metro's vending machines are presently embossed and will continue to be embossed with Braille instructions, accompanied by available audio instructions for regular and reduced ticket purchases.

E.   It is and will continue to be Metro's policy that bus operators must stop at all bus stops to board waiting passengers. Operators face disciplinary action in cases where it is proven that passengers were by-passed.

F.   Metro's website content is in "text based format," generally accessible to most screen reader products. The website revision and update was completed in December 2010.

G.   Metro has and will continue to work with members of the Metro Access Advisory Group ("MAAG"). These meetings are held on the second Monday of each month. MAAG is comprised of individuals representing Americans with Disabilities Act ("ADA") advocacy groups who assist Metro in understanding and meeting the needs of its disabled passengers, including those with visual impairments.

H.   Recently, MAAG assisted Metro in the design of new bus stop signs as well as new information plates that will be attached to bus stop poles 4 feet off the ground. The information plates read "Bus Stop" in both Braille and raised letters. The plates are specifically designed to enable blind passengers to distinguish a bus stop pole from a regular road sign. A number of these new bus stop signs and plates have already been installed at area bus stops. Because these improvements are being funded by special grants, the continued availability of which is unknown, there is no estimated completion date.

11.   Within 10 days of Vanessa Howard Ellis' receipt of the acknowledgment identified in paragraph 9 above, the MCHR shall dismiss this Action with prejudice, withdraw the administrative complaints and close any other pending matter concerning

Electronically Filed - City of St. Louis - February 12, 2016 - 04:11 PM

the allegations contained therein. Moreover, the MCHR will not proceed with any administrative or legal action on behalf of Complainant with respect to any matter raised or which could have been raised by Complainant prior to the date of this Agreement.

12.     The parties hereto shall bear their own costs and attorney's fees and the parties waive any claim they may have with respect to an award of attorney's fees, costs and expenses.

13.     For the valuable consideration referenced above, the sufficiency of which is hereby acknowledged, the MCHR, on behalf of itself, its officers, directors, representatives, employees, agents, insurers, and attorneys, and on behalf of Complainant, his agents, representatives, heirs, assigns, and attorneys, does hereby waive and release and forever discharge Metro, including its officers, directors, representatives, employees, agents, insurers, and attorneys (hereinafter the "Metro Released Parties") from any and all charges, claims, suits, demands, damages, debts, liens, liabilities, costs, expenses, actions, and causes of action, of every kind and nature, whether known or unknown, suspected or unsuspected, that Complainant had, now has, or which he may have against the Metro Released Parties arising out of, related to or based upon any fact(s) or event(s) which occurred on or prior to the date of this Agreement, including, but not limited to, any charge, claim, suit, or action arising under or relating to any and all federal, state, and local laws, statutes, ordinances, or regulations relating to the full and equal use and enjoyment of places of public accommodation, including, without limitation, the MHRA, §213.065 et seq. and the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq.

Electronically Filed - City of St. Louis - February 12, 2016 - 04:11 PM

14.     The Agreement is the result of a compromise and shall never at any time for any purpose be considered an admission of the truth of any of Complainant's or the MCHR's allegations, claims, or contentions, it being understood that Metro denies any and all liability to Complainant and the MCHR and simply desires to resolve this matter without further proceedings or evidentiary hearings.

15.     This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which counterparts together shall constitute one and the same instrument.

16.     This Agreement shall be binding upon the parties hereto and their respective successors and assigns, and each of them.

17.     In the event any party hereto shall bring an action, suit or other proceeding against any other party hereto on account of any claim, demand, debt, liability, obligation, account, action, or cause of action herein discharged, released or assigned, and/or contesting the validity of this Agreement, and/or attempting to enforce, remedy and/or obtain relief for any alleged breach of this Agreement, or any portion hereof, and/or to rescind, negate, modify and/or reform this Agreement, the prevailing party in such action, suit or proceeding shall recover all of its reasonable attorneys fees and costs incurred therein, including any appeals or petitions therefrom.

18.     This Agreement shall, in all respects, be interpreted, enforced and governed by and under the laws of the State of Missouri.

6

Electronically Filed - City of St. Louis - February 12, 2016 - 04:11 PM

19.     Each individual executing this Agreement on behalf of a party hereto represents and warrants that he has full and complete authority to bind and commit such party to this Agreement and the provisions hereof.

20.     This Agreement is a public document. A copy of this document or any information contained herein may be available to any person.

21.     This Agreement constitutes the entire agreement between the parties with regard to all matters. It cannot be amended except by a writing executed by the MCHR and Metro.

22.     If any provision, section, subsection or other portion of this Agreement shall be determined by any court of competent jurisdiction to be invalid, illegal or unenforceable in whole or in part, and such determination shall become final, such provision or portion shall be deemed to be severed or limited, but only to the extent required to render the remaining provisions and portions of this Agreement enforceable. This Agreement as thus amended shall be enforced so as to give effect to the intention of the parties insofar as that is possible.

23.     METRO and the MCHR also agree that:

A.     They are entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance, and they have not been coerced, threatened, or intimidated into signing this Agreement;

B.     They have been advised to consult with an attorney, or they are represented by an attorney, and their attorneys have reviewed this Agreement; and

C.     They have been given a reasonable time in which to consider this Agreement.

7

Electronically Filed - City of St. Louis - February 12, 2016 - 04:11 PM

BEFORE THE
MISSOURI COMMISSION ON HUMAN RIGHTS
STATE OF MISSOURI

STATE OF MISSOURI, ex rel.    )
SCOTT GUSTAFSON,    )
   )
   Petitioner,    )
   )
v.    )   Case No. 10-0001 HRC
   )
METRO    )
d/b/a BI-STATE DEVELOPMENT    )
AGENCY,    )
   )
   Respondent.    )

## AFFIDAVIT OF PHILLIP MOSLEY, JR.

Phillip Mosley, Jr., being duly sworn upon his oath, states as follows:

1.    My name is Phillip Mosley, Jr. I am over twenty-one years of age, I have personal knowledge of the facts stated herein, and I am competent to testify as to the matters contained in this Affidavit.

2.    I am the Director of Workforce Diversity at Metro and have held this position since June 2007.

3.    The speakers on Metro buses are replaced as they fail. Metro is currently working on a plan to implement an Automatic Vehicle Locator system ("AVL") on the entire bus fleet. An automated announcement system will be installed on all buses with the installation of the AVL system. This change will provide technological improvement to the quality of announcements and is estimated to be fully implemented by December 31, 2013 at a cost of approximately $20 million dollars.

Electronically Filed - City of St. Louis - February 12, 2016 - 04:11 PM

4.     Metro is in the process of implementing a "Smart Card" system for fare collection with full implementation projected for Spring 2012. The Smart Card process will simplify the ticket purchase and validation process for all passengers. The new validation machines will provide auditory cues for visually impaired passengers, making one sound for a validated smart card and a different sound for a rejected card.

5.     It is Metro's policy that bus operators must stop at all bus stops to board waiting passengers. Operators face disciplinary action in cases where it is proven that passengers were by-passed.

6.     Multi-language audio assistance is currently incorporated in Metro's ticket vending machines. Vending machines are embossed with Braille instructions, accompanied by available audio instructions for regular and reduced ticket purchases.

7.     Metro's website content is in "text based format," generally accessible to most screen reader products. The website revision and update was completed in December 2010.

8.     Metro is planning the installation of surface "rumble strips" at all platform entry points. Rumble strips will provide non-visual cues to designate the location of ticket vending and validation machines. The projected completion date for the installation of the rumble strips is December 2011.

9.     Metro is, and has always been, ADA compliant. Since the filing of Gustafson's complaint in 2006, Metro has not received any complaints from other visually impaired passengers.

Electronically Filed - City of St. Louis - February 12, 2016 - 04:11 PM

10.     Metro's Director of ADA Services, Patricia Hall, and I, as the Director of Workforce Diversity, monitor ADA and Civil Rights issues for Metro. Metro's sensitivity and diversity training programs exceed standard training requirements for ADA issues.

11.     Metro is now, and has always been, compliant with the rules, regulations, and reporting requirements of the Federal Transit Administration ("FTA"), and the Agency is subject to periodic Civil Rights audits by the FTA.

12.     In order to better serve its passengers, Metro meets and collaborates with members of the Metro Access Advisory Group (MAAG). These meetings are held on the second Monday of each month. MAAG is comprised of individuals representing ADA advocacy groups who assist Metro in understanding and meeting the needs of its disabled passengers, including those with visual impairments.

13.     Recently, MAAG assisted Metro in the design of new bus stop signs as well as new information plates that will be attached to bus stop poles 4 feet off the ground. The information plates read "Bus Stop" in both brail and raised letters. The plates are specifically designed to enable blind passengers to distinguish a bus stop pole from a regular road sign. A number of these new bus stop signs and plates have already been installed at area bus stops. Because these improvements are being funded by special grants, the continued availability of which is unknown, there is no estimated completion date.

Electronically Filed - City of St. Louis - February 12, 2016 - 04:11 PM

Phillip Mosley, Jr.

STATE OF MISSOURI    )
                     ) SS
CITY OF ST. LOUIS    )

Subscribed and sworn to before me this __15__ day of April, 2011.

Notary Public

```
MONA LISA HAYES
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
ST. LOUIS CITY
COMMISSION # 10786650
MY COMMISSION EXPIRES: FEBRUARY 28, 2014
```

4

Electronically Filed - City of St. Louis - February 12, 2016 - 04:11 PM

# EXHIBIT B

Electronically Filed - City of St. Louis - February 12, 2016 - 04:11 PM



Missouri Commission on Human Rights & CREA
P.O. Box 1129
Jefferson City, MO 65102-1129

**1522-CC11361**

EXHIBIT
A

| COMPLAINT OF DISCRIMINATION | ORIGINAL ☒ | AMENDED ☐ | CHARGE NUMBER PA-04/14- 03917 |

| NAME Scott Gustafson | | TELEPHONE 314-563-1983 |
|---|---|---|

| STREET ADDRESS 4424 Wabash Ave. | CITY St. Louis | STATE MO | ZIP CODE 63109 | COUNTY SL City |

### INDICATE BELOW WHO YOU WISH TO FILE YOUR COMPLAINT AGAINST

| NAME Metro Bi-State Transit | TELEPHONE (INCLUDE AREA CODE) |
|---|---|

| STREET ADDRESS 707 North First St.   Attn: Philip Mosley Jr. | CITY St. Louis | STATE MO | ZIP CODE 63102 |

| NAME | TELEPHONE (INCLUDE AREA CODE) |
|---|---|

| STREET ADDRESS | CITY | STATE | ZIP CODE |

**NUMBER OF EMPLOYEES** (IF YOUR COMPLAINT
➤
INVOLVES EMPLOYMENT)

CHECK APPROPRIATE BOX(ES)

☐ = Race     ☐ = Color     ☐ = Sex     ☐ = Religion     ☐ = National Origin

☒ = Disability *Vision*   ☐ = Age     ☐ = Retaliation     ☐ = Ancestry     ☐ = Other (Specify)

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (MONTH, DAY, YEAR)
12/26/2013

THE PARTICULARS ARE (IF ADDITIONAL SPACE IS NEEDED, ATTACHED EXTRA SHEET(S)

Complainant alleges that on December 26, 2013 at approximately 2:47 pm, he was waiting for the
Respondent Eastbound 11 Chippewa bus with his guide dog at Lansdowne and Wabash when it drove
right by him.  Complainant alleges he called and complained to Respondent, but Respondent
failed to respond. Complainant alleges that the Respondent bus drivers failure to stop has
been an ongoing problem and constitutes discriminatory practices.

As remedy, Complainant is seeking an end to the discrimination and anything else the
Commission deems just and proper.

Filed
APR 03 2014
MCHR-SL

Filed
APR 03 2014
MCHR-SL

| I declare or affirm under penalty of perjury that I have read the foregoing and it is true and correct. | I swear that I have read the foregoing and that it is true and to the best of my knowledge, information and belief. |
|---|---|
| DATE April 3, 2014 | SIGNATURE OF COMPLAINANT |
| COMPLAINANT (signature) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE |
| | SEAL AND SIGNATURE OF NOTARY PUBLIC |

Electronically Filed - City of St. Louis - February 12, 2016 - 04:11 PM

Electronically Filed - City of St. Louis - December 22, 2015 - 03:51 PM

**1522-CC11361**

## AMENDED CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; see Privacy Act Statement before completing this form.

CHARGE NUMBER
☐ FEPA   PA-04/14-03917
☐ EEOC

MISSOURI COMMISSION ON HUMAN RIGHTS AND EEOC

| NAME<br>Scott Gustafson | Date of Birth<br>December 18, 1959 | HOME TELEPHONE NO. (Include Area Code)<br>314-563-1983 |
|---|---|---|

| Street Address<br>4424 Wabash Avenue | City, State and Zip Code<br>St. Louis, MO 63109 | County<br>St. Louis City |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below).

| NAME<br>Bi-State Development Agency of the Missouri-Illinois Metropolitan District d/b/a Metro, MetroBus, MetroLink | NUMBER OF EMPLOYERS, MEMBERS<br>N/A | TELEPHONE NUMBER (Include Area Code)<br>(314) 982-1589 |
|---|---|---|

| STREET ADDRESS Attn: Registered Agent<br>707 North First Street | CITY, STATE AND ZIP CODE<br>St. Louis, MO 63102 | County<br>St. Louis City |
|---|---|---|

| NAME | TELEPHONE NUMBER (Include Area Code) | |
|---|---|---|
| STREET ADDRESS | CITY, STATE AND ZIP CODE | County |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))
☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION
☐ NATIONAL ORIGIN  ☐ RETALIATION  ☐ AGE
☒ DISABILITY  ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE (Month, day, year)
May 2013
☒ CONTINUING ACTION November 4, 2014

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

**EXHIBIT B**

**FILED**

NOV 1 4 2014

MISSOURI COMMISSION
ON HUMAN RIGHTS

See attached narrative.

KENNETH HANFF
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Charles County
My Commission Expires: June 27, 2017
Commission Number: 13498228

☐ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

_(Charging Party) (Signature)_     _(Date)_ 11-13-14

NOTARY - (When necessary to meet State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

Signature of Complainant

_Kenneth Hanff_ SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month and year) 11-13-14

1

Electronically Filed - City of St. Louis - February 12, 2016 - 04:11 PM

Electronically Filed - City of St. Louis - December 23, 2015 - 03:51 PM

My name is Scott Gustafson. I am blind and rely on public transportation provided by the Bi-State Development Agency of the Missouri-Illinois Metropolitan District d/b/a MetroBus, MetroLink ("Metro") to navigate safely, autonomously and functionally in my regular activities.

Metro does not use assistive technology on their website that allows individuals with visual impairments to fully access their website, including MetroBus and MetroLink route information, schedules, location of bus stops, etc. Even with a screen reader I am unable to use Metro's website to access this important information that individuals without visual impairments are able to access and use.

I have also experienced the following discriminatory actions by Metro due to my disability:

**MetroBus**

MetroBuses have driven past me and my guide dog while I am at a bus stop. The lists of past occurrences of when and where buses have passed by me while waiting at the bus stop are as follows.

1. December 26, 2013 – Wabash & Lansdowne
2. June 13, 2014 – St. Louis Zoo
3. August 5, 2014 – Watson Road & Lindenwood

My most recent trip on MetroBus was on or about November 4, 2014. I also cannot readily locate Metro's bus stops. Metro does not have audible signage or place its bus stop signs on uniquely shaped poles so blind persons can readily distinguish them from other signposts. Metro also does not consistently place its bus stop signs on the same side of the sidewalk.

MetroBus has replaced its fare vending machines that require precise placement of paper bills and coins and they are not audible; however, the bus drivers are not allowed to assist visually-impaired passengers with their fare deposits into the machine. As a result of the lack of accommodation, I have been ridiculed by bus drivers and other passengers because of the additional time needed to locate the bill acceptor or coin changer.

The MetroBuses identifying announcements are inconsistently made, are not amplified, and/or are difficult to understand, including: (a) route identifications; (b) transfer points with other fixed routes; (c) other major intersections and destination points; and (d) at intervals along a route sufficient to permit individuals who are blind or have vision impairments to be oriented to their location.

**MetroLink**

My most recent trip on MetroLink was on or about October 16, 2014.

MetroLink has moved ticket vending machines and ticket validation machines making it very difficult for an individual with visual impairments to locate and use them. The audio for the vending machines is often inaudible and I cannot determine if my ticket has been validated at the validation machines. Like the new fare boxes on MetroBus, paper money has to be precisely inserted into the vending machines. Since the MetroLink stations do not offer assistance to assist individuals with

1

Electronically Filed - City of St. Louis - February 12, 2016 - 04:11 PM

Electronically Filed - City of St. Louis - December 23, 2015 - 03:51 PM

disabilities, an individual with a visual impairment is often left without assistance or has to rely on other customers to assist them in procuring a ticket.

MetroLink trains identifying announcements are inconsistently made, are not amplified, and/or are difficult to understand, including: (a) route identifications and (b) transfer points with other fixed routes. There is also pertinent information on tickets that visually-impaired riders cannot confirm, including the expiration date of the ticket.

The above discriminatory acts are examples of the major functional barriers to independent access that I have suffered, and constitute an ongoing pattern and practice of discrimination against individuals with visual impairments. I have been deprived and continue to be deprived of an equal opportunity to use and enjoy the accommodations, advantages, facilities, services, or privileges made available by Metro because Metro is not accessible to individuals with disabilities like myself. To date, I have suffered damages, and continue to suffer damages including deprivation of my civil rights, emotional distress, embarrassment and humiliation.

As a remedy, I am seeking the following: (1) an end to the discrimination against individuals with disabilities by Metro from the type of conduct described above; (2) that Metro cease and desist such unlawful discriminatory acts and submit to a manner of compliance for MetroBus and MetroLink that ensure they are in full compliance with the MHRA; (3) that Metro is enjoined from engaging in all other forms of current and future discrimination; and (4) compensation for my deprivation of civil rights, humiliation, embarrassment and anything else the Commission deems just and proper.

FILED

NOV 1 4 2014

MISSOURI COMMISSION
ON HUMAN RIGHTS

Electronically Filed - City of St. Louis - February 12, 2016 - 04:11 PM

# EXHIBIT C

Electronically Filed - City of St. Louis - February 12, 2016 - 04:11 PM



MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
# MISSOURI COMMISSION ON HUMAN RIGHTS



JEREMIAH W. (JAY) NIXON
GOVERNOR

RYAN MCKENNA
DEPARTMENT DIRECTOR

SARA NELL LAMPE
COMMISSION CHAIRPERSON

ALISA WARREN, PH.D.
EXECUTIVE DIRECTOR

Scott Gustafson
4424 Wabash Ave
Saint Louis, MO 63109

RECEIVED

DEC 07

WORKFORCE DIVERSITY
DEPARTMENT

RE:   Scott Gustafson vs. THE BI-STATE DEVELOPMENT AGENCY OF THE MISSOURI-ILLINOIS
       P-04/14-03917

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

You are hereby notified that you have the right to bring a civil action within 90 days of the date of this letter against the respondent(s) named in the complaint. Such an action may be brought in any state circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, either before a circuit or associate circuit judge. Not only must any action brought in court pursuant to this right to sue authorization be filed within 90 days from the date of this letter, any such case must also be filed no later than two years after the alleged cause occurred or your reasonable discovery of the alleged cause.

IF YOU DO NOT FILE A CIVIL ACTION IN STATE CIRCUIT COURT RELATING TO THE MATTERS ASSERTED IN YOUR COMPLAINT WITHIN 90 DAYS OF THE DATE OF THIS NOTICE (AND WITHIN TWO YEARS OF THE ALLEGED CAUSE, OR THE DISCOVERY OF THE ALLEGED CAUSE, OF YOUR COMPLAINT), YOUR RIGHT TO SUE IS LOST.

You are also notified that the Executive Director is administratively closing this case and terminating all MCHR proceedings relating to your complaint. You may not reinstate this complaint with the MCHR or file a new complaint with the MCHR relating to the same act or practice, but rather, if you choose to continue to pursue your complaint, you must do so in court as described in this letter. This notice of right to sue has no effect on the suit-filing period of any federal claims.

This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been requested in writing 180 days after filing of the complaint. Please note that administrative processing of this complaint, including determinations of jurisdiction, has not been completed.

In addition to the process described above, if any party is aggrieved by this decision of the MCHR, that party may appeal the decision by filing a petition under § 536.150 of the Revised Statutes of Missouri in state circuit court. Any such petition must be filed in the circuit court of Cole County.

Respectfully,

Alisa Warren, Ph.D.
Executive Director

November 30, 2015
Date

C:   additional contacts listed on next page

☒ | ☐ | ☐ | ☐ | ☐

3315 W. TRUMAN BLVD.
P.O. Box 1129
JEFFERSON CITY, MO 65102-1129
PHONE: 573-751-3325
FAX: 573-751-2905

111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

P.O. BOX 1300
OZARK, MO 65721-1300
FAX: 417-485-6024

1410 GENESEE, SUITE 260
KANSAS CITY, MO 64102
FAX: 816-889-3582

106 ARTHUR STREET
SUITE D
SIKESTON, MO 63801-5454
FAX: 573-472-5321

Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aids and services are available upon request to individuals with disabilities.
TDD/TTY:   1-800-735-2966 (TDD)   Relay Missouri 711
www.labor.mo.gov/mohumanrights        E-Mail: mchr@labor.mo.gov

Electronically Filed - City of St. Louis - February 12, 2016 - 04:11 PM

RE:   Scott Gustafson vs. THE BI-STATE DEVELOPMENT AGENCY OF THE MISSOURI-
ILLINOIS
P-04/14-03917

THE BI-STATE DEVELOPMENT AGENCY OF THE MISSOURI-ILLINOIS
Metropolitan District D/B/A Metro
707 North First Street
Saint Louis, MO 63102

James Hetlage
LASHLY & BAER PC
714 Locust St
Saint Louis, MO 63101

Cyrus Dashtaki
Attorney at Law
5205 Hampton Avenue
Saint Louis, MO 63109

Electronically Filed - City of St. Louis - February 12, 2016 - 04:11 PM

# EXHIBIT D

Electronically Filed - City of St. Louis - February 12, 2016 - 04:11 PM

**15AC-CC00618**

## IN THE CIRCUIT COURT OF COLE COUNTY
## STATE OF MISSOURI

STATE OF MISSOURI       )
              )
 *at the relation of*       )
              )
THE BI-STATE DEVELOPMENT AGENCY )
OF THE MISSOURI-ILLINOIS METROPOLITAN )
DISTRICT,          )
              )
 *doing business as*       )
              )
METRO, METRO TRANSIT, METROLINK  )
              )
   Relators,       )
              )
 v.            )  No. _____
              )    Div. ____
MISSOURI COMMISSION ON HUMAN RIGHTS, )
              )
 and          )
              )
ALISA WARREN,       )
              )
   Respondents,     )
              )
 and          )
              )
SCOTT GUSTAFSON,      )
              )
   Complainant.     )

## PETITION FOR PRELIMINARY AND PERMANENT
## WRITS OF PROHIBITION AND MANDAMUS
## AND FOR *DE NOVO* JUDICIAL REVIEW

   The State of Missouri, at the relation of The Bi-State Development Agency of the
Missouri-Illinois Metropolitan District doing business as Metro, Metro Transit and Metrolink
("Bi-State" or "Relator"), petitions this Court for preliminary and permanent writs to
Respondents Missouri Commission on Human Rights ("MCHR") and its Executive Director,

Electronically Filed - City Of St. Louis - February 12, 2016 - 04:11 PM

Alisa Warren ("Warren") (collectively "Respondents") relating to the Charge of Discrimination ("Charge") filed with the MCHR by Scott Gustafson ("Gustafson") against Bi-State. In addition or in the alternative, Petitioners seek *de novo* judicial review of the MCHR's refusal to determine whether it had jurisdiction over the allegations of Gustafson's 2014 Charges and/or whether MCHR had authority or jurisdiction over the allegations of Gustafson's Charge.

### Parties

1.     The State of Missouri is a sovereign state of the United States of America. It brings the present action at the relation of the real party in interest: Bi-State.

2.     Bi-State is a body corporate and politic created pursuant to § 70.370, RSMo. Its principal place of business is St. Louis, Missouri. Among other functions, Bi-State provides transportation services to the public in the metropolitan St. Louis area.

3.     The Missouri Commission on Human Rights is an agency of the State of Missouri, created by § 213.020, RSMo, of the Missouri Human Rights Act and having its primary office in Jefferson City, Missouri.

4.     Alisa Warren currently serves as the Executive Director of the MCHR. Ms. Warren is named in this proceeding in her official capacity as Executive Director.

5.     Scott Gustafson is, upon information and belief, a resident of St. Louis City, Missouri.

### Jurisdiction

6.     This Court has authority to hear this matter and issue peremptory and permanent remedial writs under Article V § 18 of the Missouri Constitution and § 536.150, RSMo.

Electronically Filed - City of St. Louis - February 12, 2016 - 04:11 PM

7.     Neither the Missouri Human Rights Act nor the MCHR's regulations contain a procedure for Relator to obtain the withdrawal of an authorization of a "Right to Sue" once one has been issued.

8.     Bi-State lacks an adequate remedy at law to prevent future proceedings by the MCHR and lack an adequate remedy at law to require the MCHR to withdraw a "Notice of Right to Sue" and issue such a "Notice of Right to Sue" based only upon allegations over which the MCHR has jurisdiction.

### Venue

9.     Venue is proper in this Court pursuant to the provisions of §213.085, RSMo, and § 508.010, RSMo.

### Facts

10.     On or about November 15, 2006, Gustafson filed a Charge of Discrimination with the MCHR bearing Charge No. P-11/06-01593 against Bi-State alleging denial of access to public transit services provided by Bi-State.  Gustafson filed an amended Charge on or about December 1, 2006. (Original and amended Charges hereinafter referred to as "2006 Charges").

11.     On August 30, 2010, the MCHR, on behalf of Gustafson, initiated administrative proceedings before the Missouri Commission on Human Rights against Bi-State based on the 2006 Charge.  The style of that case is *State of Missouri ex rel. Scott Gustafson v. Metro d/b/a Bi-State Development Agency*, 10-0001 HRC.

12.     Although he participated in the proceedings, Gustafson chose not to personally intervene in case number 10-0001 HRC.

13.     In September 2011, Bi-State and MCHR executed a Settlement Agreement ("Agreement") resolving the allegations of Charge No. P-11/06-01593 and the administrative

Electronically Filed - City of St. Louis - February 12, 2016 - 04:11 PM

proceedings commenced thereon.  A true and accurate copy of the Agreement is attached hereto as **Exhibit A.**

14.     Gustafson participated in the settlement discussions, but chose not to sign the Agreement.  Gustafson but did not challenge the resolution of the 2006 Charges through Agreement and did not seek judicial review of the dismissal of the 2006 Charges by the MCHR.

15.     Gustafson is referred to as "Complainant" in the Agreement.  (See Ex. A, ¶ 1).

16.     Paragraph 7 of the Agreement states, in pertinent part:

> The parties to this Agreement desire to compromise, resolve and settle all issues and disputes between them, including those raised in the administrative complaint and the First Amended Petition or which could have been raised therein[.]

17.     Paragraph 11 of the Agreement stated, in pertinent part, that "...MCHR will not proceed with any administrative or legal action on behalf of Complainant with respect to any matter raised or which could have been raised by Complainant prior to the date of this Agreement."

18.     Paragraph 13 of the Agreement states, in pertinent part:

> ...the MCHR, on behalf of itself, its officers, directors, representatives, employees, agents, insurers, and attorneys, **and on behalf of Complainant,** his agents representatives, heirs assigns and attorneys, does hereby waive and release and forever discharge Metro, including its officers, directors, representatives, employees, agents, insurers, and attorneys (hereinafter the "Metro Released Parties") **from any and all charges, claims, suits, demands, debts, liens, liabilities, costs, expenses, actions, and causes of action, of every kind and nature, whether known or unknown, suspected or unsuspected, that Complainant had, now has, or which he may have against the Metro Released Parties arising out of, related to or based upon any facts or events which occurred on or prior to the date of this Agreement, including, but not limited to, any charge,**

Electronically Filed - City of St. Louis - February 12, 2016 - 04:11 PM

> claim, suit or action arising under or relating to the full
> and equal use and enjoyment of public places of
> accommodation, including, without limitation, the
> MHRA, § 213.065, *et seq*[.]

(emphasis provided)

19. On or about April 3, 2014, Gustafson filed a Charge of Discrimination with the MCHR bearing Charge No. PA-04/14-03917 against Bi-State alleging disability discrimination in the provision of public accommodations. Gustafson amended that Charge in November 2014. (Original and amended Charges hereinafter collectively referred to as "2014 Charges") A true and accurate copy of Gustafson's 2014 Charges are attached hereto as **Exhibit B**.

20. Gustafson's 2014 Charges contain the same matters, allegations and disputes that were resolved in the September 2011 Agreement.

21. On November 30, 2015, the MCHR issued a "Right to Sue" letter which lacked factual findings or limited Gustafson's ability to take action based on the allegations of his Charge. A true and accurate copy of the MCHR's "Right to Sue" letter is attached hereto as **Exhibit C**.

22. The second-to-last paragraph of the MCHR's "Right to Sue" letter states "[p]lease note that administrative processing of this complaint, including determinations of jurisdiction, has not been completed." (See Ex. C).

23. On or about December 23, 2015, Gustafson filed a Petition ("Petition") in the Circuit Court for the City of Saint Louis naming Bi-State as a defendant. The style of the case is *Scott Gustafson v. The Bi-State Development Agency of the Missouri-Illinois Metropolitan District d/b/a Metro, Metro Transit, Metrobus, Metrolink*, No. 1522-CC11361. A true and accurate copy of said Petition is attached hereto as **Exhibit D**.

Electronically Filed - City of St. Louis - February 12, 2016 - 04:11 PM

24.     The Petition alleges violations of the Missouri Human Rights Act; specifically, §§ 213.065 and 213.070, RSMo. (See Ex. D, ¶¶ 22-46).

25.     The Petition makes allegations of alleged discrimination and/or failure to accommodate against Bi-State that occurred up to fifteen years before the filing of the Petition. (See Ex. D, ¶ 132).

### Reasons Writs of Prohibition and Mandamus Should Issue

26.     When the MCHR has issued a "Right to Sue" letter, the appropriate remedy for a defending party asserting that the MCHR acted in excess of its authority or jurisdiction is a petition for a writ of mandamus before a circuit court. *Id. Farrow v. St. Francis Medical Center*, 407 S.W.3d 579, 589 (Mo. banc 2013).

**A. Preliminary and Permanent Writs of Mandamus to Require MCHR to Determine Its Authority and Jurisdiction Prior to Issuing Notice of Right to Sue; and Preliminary and Permanent Writ of Prohibition Preventing MCHR from Issuing Notices of Right to Sue Before Determining Its Authority and Jurisdiction.**

27.     The MCHR explicitly stated that it failed to determine its own jurisdiction prior to issuing the Notice of Right to Sue.

28.     The MCHR had an obligation to determine its own authority and jurisdiction prior to issuance of a Notice of Right to Sue on Gustafson's 2014 Charges. *Farrow v. St. Francis Medical Center*, 407 S.W.3d 579, 589 (Mo. banc 2013).

29.     Because MCHR failed to determine its own jurisdiction prior to issuance of the Notice of Right to Sue on Gustafson's 2014 Charge, a writ of mandamus should issue requiring MCHR to withdraw its Notice of Right to Sue based on the 2014 Charges and a writ of prohibition should issue prohibiting MCHR from issuing another Notice of Right to Sue until

Electronically Filed - City of St. Louis - February 12, 2016 - 04:11 PM

they determine whether they have the authority and jurisdiction to issue a Notice of Right to Sue based on each and every matter, allegation and dispute contained in the 2014 Charges.

**B. Preliminary and Permanent Writ of Mandamus Requiring MCHR to Withdraw Notice of Right to Sue based on Allegations Raised in 2006 Charge and Preliminary and Permanent Writ of Prohibition Preventing MCHR from Issuing Notice of Right to Sue Based on 2006 Allegations.**

30.     The Agreement between Bi-State and the MCHR resolved all claims against Bi-State and both the MCHR and Gustafson arising out of the 2006 Charge.   Specifically, the MCHR has release Bi-State from:

> ...any and all charges... and causes of action, of every kind and nature, whether known or unknown, suspected or unsuspected, that [Gustafson] had, now has, or which he may have against [Bi-State] arising out of, related to or based upon any facts or events which occurred on or prior to the date of this Agreement, including, but not limited to, any charge, claim, suit or action arising under or relating to the full and equal use and enjoyment of public places of accommodation, including, without limitation, the MHRA, § 213.065, *et seq*[.]

31.     The allegations of Gustafson's 2014 Charges are the same as those raised in Gustafson's 2006 Charges.

32.     The Agreement between Bi-State and MCHR is "a final and enforceable order of the commission." *See* 8 C.S.R. 60-2.025(12).

33.     The MCHR is required to follow its own agreements, rules and orders. *See generally State, ex rel. Martin-Erb v. Missouri Comm'n on Human Rights*, 77 S.W.3d 600, 608 (Mo. 2002).

34.     Therefore, the MCHR had a clear ministerial duty not to process and issue a Notice of Right to Sue based on those allegations.

Electronically Filed - City of St. Louis - February 12, 2016 - 04:11 PM

35.     Because MCHR failed to abide by its own obligations when it processed and issued a Notice of Right to Sue based on the 2006 Charge, a writ of mandamus should issue requiring MCHR to withdraw its Notice of Right to Sue for the 2014 Charges and a writ of prohibition should issue prohibiting MCHR from issuing another Notice of Right to Sue based on the 2006 Charges.

36.     Relators have no adequate remedy at law because there is no provision for appeal of the Executive Director and the MCHR's decision to exercise its jurisdiction in issuing a right to sue.

37.     Relators are prejudiced by being forced to defend against an action based on a Notice of Right to Sue for which the MCHR had no authority to issue.

### Basis for Review *DeNovo*

38.     This Court has jurisdiction pursuant to § 536.150, RSMo, to conduct a *de novo* review of the MCHR's decision to issue a Notice of Right to Sue.

39.     The MCHR's decision to issue a "Right to Sue" was therefore the result of a "non-contested case" for purposes of Chapter 536, RSMo.

40.     The MCHR's decision to issue a "Right to Sue" was final.

41.     Relators are therefore entitled to *de novo* review of the MCHR's decision to issue a Notice of Right to Sue based on the allegations of Gustafson's 2014 Charges.

### Prayer for Relief

WHEREFORE, based on the foregoing, Relator respectfully requests this Court to (1) issue a writ of mandamus requiring MCHR to withdraw its Notice of Right to Sue based on the 2014 Charges and a writ of prohibition prohibiting MCHR from issuing another Notice of Right to Sue until they determine whether they have the authority and jurisdiction to issue a Notice of

Electronically Filed - City of St. Louis - February 12, 2016 - 04:11 PM

Right to Sue based on each and every matter, allegation and dispute contained in the 2014 Charges; (2) a writ of mandamus requiring MCHR to withdraw its Notice of Right to Sue for the 2014 Charges and a writ of prohibition prohibiting MCHR from issuing another Notice of Right to Sue based on the 2006 Charges; and or, in the alternative, (3) conduct a *de novo* review regarding whether the MCHR should have issued a Notice of Right to Sue based on the 2014 Charges.  Relator also seeks its reasonable attorneys' fees and costs from MCHR pursuant to paragraph 17 of the Agreement; and for such further relief as the Court deems just and proper.

Respectfully submitted,

**McMAHON BERGER, P.C.**

James N. Foster Jr., ARN 28231 MO
Brian C. Hey, ARN 53930MO
Rex P. Fennessey, ARN 58925 MO
2730 North Ballas Road, Suite 200
St. Louis, Missouri  63131
(314) 567-7350 – (Telephone)
(314) 567-5968 – (Facsimile)
foster@mcmahonberger.com
hey@mcmahonberger.com
fennessey@mcmahonberger.com

*Attorneys for Relator*

Electronically Filed - City of St. Louis - February 12, 2016 - 04:11 PM

## INDEX TO EXHIBITS

Exhibit A —    Settlement Agreement

Exhibit B —    2014 Charges

Exhibit C —    MCHR's Notice of Right to Sue Based on 2014 Charges

Exhibit D —    Petition in the matter of *Scott Gustafson v. The Bi-State Development Agency of the Missouri-Illinois Metropolitan District d/b/a Metro, Metro Transit, Metrobus, Metrolink*, No. 1522-CC11361

# 8

**03/10/2016**

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

SCOTT GUSTAFSON,            )
                            )
      Plaintiff,         )
                            )
vs.                      )     Case No.  1522-CC11361
                            )
                            )     Division 1
THE BI-STATE DEVELOPMENT AGENCY   )
OF MISSOURI – ILLINOIS          )
METROPOLITAN DISTRICT d/b/a METRO,   )
METRO TRANSIT, METROBUS,      )
METROLINK,                   )
                            )
      Defendant.       )

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 10th day of March 2016, an original copy of

the following documents were sent via U. S. Mail to counsel for Defendant The Bi-State

Development Agency of Missouri – Illinois Metropolitan District, James N. Foster, Esq., Brian C.

Hey, Esq., Rex P. Fennessey, Esq.,  McMahon Berger, P.C. 730 N. Ballas Rd., Suite 200, St. Louis,

Missouri 63131, and an electronic copy in Microsoft Word was sent via email to

foster@mcmahonberger.com, hey@mcmahonberger.com, fennessey@mcmahonberger.com:

     1.     Plaintiff's First Request Set of Interrogatories Directed to Defendant; and

     2.     Plaintiff's First Request For Production of Documents Directed to Defendant.

Respectfully Submitted,

/s/ Cyrus Dashtaki
Cyrus Dashtaki, #57606
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, MO 63109
Telephone:  (314) 932-7671
Facsimile:  (314) 932-7672
Email:  cyrus@dashtaki.com

John Burns, #66462
The Burns Law Firm
1717 Park Avenue
St. Louis, MO 63104
Telephone:  (314) 932-2356
Facsimile:  (314) 932-2171
Email:  john@burns-law-firm.com

*Attorneys for Plaintiff John Gustafson*

## CERTIFICATE OF SERVICE

The undersigned hereby states that on this 10th day of March 2016, a true and correct copy of the foregoing was filed electronically with Court's filing system, and was served upon all counsel of record.

/s/ Cyrus Dashtaki

# 9

03/11/2016

Electronically Filed - City of St. Louis - March 11, 2016 - 02:30 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

SCOTT GUSTAFSON,                          )
                                          )
        Plaintiff,                        )
                                          )
v.                                        )   Case No. 1522-CC11361
                                          )
THE BI-STATE DEVELOPMENT AGENCY           )   Division 1
OF THE MISSOURI – ILLINOIS                )
METROPOLITAN DISTRICT d/b/a METRO,        )
METRO TRANSIT, METROBUS,                  )
METROLINK,                                )
                                          )
        Defendant.                        )

## PLAINTIFF'S RESPONSE IN OPPOSITION TO
## DEFENDANT'S MOTION TO DISMISS

**I.      INTRODUCTION**

Plaintiff Scott Gustafson ("Plaintiff" or "Gustafson") is blind and relies on his service

animal and guide dog, Jersey. He requires reasonable accommodations to have full and equal

access, use, and enjoyment of Metro's public transportation services. Defendant The Bi-State

Development Agency of the Missouri-Illinois Metropolitan District D/B/A Metro, Metro Transit,

Metrobus, Metrolink's (hereinafter, "Metro" or "Defendant") argument in its Motion to Dismiss

("Motion") is based on a legal theory that the Missouri Commission on Human Rights

("MCHR") lacked jurisdiction over Metro because, it "is not subject to the MHRA." *See*

*Defendant's Motion to Dismiss, or in the Alternative, to Stay*, p.8. Under Defendant's theory,

Metro would be permitted to deny or refuse access to its buses and trains to individuals because

of their race, color, sex, gender, religion, ancestry, national origin, or, in this case, disability.

Metro's argument appears to be at best disingenuous and, at worst, teetering on absurdity.

1

Electronically Filed - City of St. Louis - March 11, 2016 - 02:30 PM

In 2011, Metro and the MCHR entered into a purported settlement agreement ("Agreement") regarding violations of §213.065, RSMo. However, a new, independent cause of action arose in 2013. Gustafson has alleged that Metro has engaged in drive-bys while he waited at bus stops and failed to remediate ongoing barriers to its public transportation system for individuals with a visual disability. These are new allegations and form the basis for a new charge of discrimination, which was timely filed with the MCHR in 2014.

After Plaintiff filed his lawsuit against Defendant, Defendant filed this Motion, incorrectly asserting that Plaintiff agreed to release Metro from asserting future claims. Defendant claims Plaintiff's Petition is based on the same types of allegations as his 2006 Charge of Discrimination, and that the Court should dismiss this action. *See Defendant's Motion*, p.2. However, Plaintiff was not a party to the 2011 Agreement, and any allegations of discrimination have clearly not been "resolved," as exemplified by Metro's new and ongoing discriminatory practices.

Further, Defendant has failed to cite to any Missouri rule or statute as a basis to grant its Motion. Defendant impermissibly raises factual issues outside the scope of the pleadings by referencing the 2006 Charge of Discrimination and 2011 Settlement Agreement between Metro and MCHR, which are not referenced in the pleadings. Defendant's Motion is nothing more than a delay tactic and abuse of judicial resources, and it should be denied.

## II.      STANDARD OF REVIEW

In Missouri the standard for a motion to dismiss, which Defendant fails to cite, is well established:

> A motion to dismiss for failure to state a cause of action is **solely a test of the adequacy of the plaintiff's petition. It assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom.** No attempt is

Electronically Filed - City of St. Louis - March 11, 2016 - 02:30 PM

> made to weigh any facts alleged as to whether they are credible or persuasive. Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case.

*State ex rel. Henley v. Bickel*, 285 S.W.3d 327, 329 (Mo. 2009) (emphasis added) (quoting *Bosch v. St. Louis Healthcare Network,* 41 S.W.3d 462, 464 (Mo. banc 2001); *Nazeri v. Missouri Valley College,* 860 S.W.2d 303, 306 (Mo. banc 1993).[1] Further, the court does not "weigh any facts alleged as to whether they are credible or persuasive." *Nazeri*, 860 S.W.2d at 306. Rather, the petition is reviewed only to determine "if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." *Id.* Defendant has not cited to any rule or statute as the basis for its Motion to Dismiss.

Instead, Defendant summarily argues that the MCHR was "without authority to issue a Notice of Right to Sue based on Plaintiff's 2014 Charges." *See Def. Motion*, p. 9. However, §213.111.1, RSMo of the MHRA expressly states:

> **If, after one hundred eighty days from the filing of a complaint alleging an unlawful discriminatory practice** pursuant to section 213.055, **213.065 or 213.070** to the extent that the alleged violation of section 213.070 relates to or involves a violation of section 213.055 or 213.065, or subdivision (3) of section 213.070 as it relates to employment and public accommodations, **the commission has not completed its administrative processing and the person aggrieved so requests in writing, the commission shall issue to the person claiming to be aggrieved a letter indicating his or her right to bring a civil action within ninety days of such notice against the respondent named in the complaint.**

*See* §213.111.1, RSMo (emphasis added). Plaintiff has certainly met this requirement as he filed his original charge of discrimination on April 3, 2014. He then requested his right-to-sue letter on November 18, 2015. Plaintiff filed this case on December 23, 2015. As such, he has met all

---

[1] *See also* Mo. Sup. Ct. R. 55.27.

Electronically Filed - City of St. Louis - March 11, 2016 - 02:30 PM

jurisdictional prerequisites as required by §213.111.1, RSMo. Accordingly, Defendant's Motion should be denied.

## III.    DISCUSSION

### A.    Defendant's Motion to Dismiss must be denied because it improperly relies on alleged facts which are outside the pleadings, disputed by Plaintiff, and for which necessary discovery is ongoing.

Defendant's Motion is improperly based on purported facts (which are disputed by Plaintiff) outside the pleadings and attached to Defendant's Motion. As stated above, these purported facts are not properly considered on a motion to dismiss.  This includes consideration of "contracts, billing records, and other factual matters outside the pleadings." *Hoover v. Mercy Health*, 408 S.W.3d 140, 141 (Mo. 2013).  Defendant impermissibly raises factual issues outside the scope of the pleadings by referencing a 2006 Charge of Discrimination and a purported 2011 Settlement Agreement between Metro and MCHR, which are not referenced in the pleadings. Plaintiff's 2014 claims do not relate to the 2011 Settlement Agreement between Metro and the MCHR.

In this case, the alleged facts on which Defendant's Motion to Dismiss is based are not contained within any pleadings and should therefore be excluded. [2]  Without the disputed alleged facts, Defendant's motion has no support.  Defendant's motion should be denied on this basis. Additional discovery is required for the assertions in Plaintiff's complaint and for the new facts alleged in Defendant's Motion.  Moreover, the dismissal of this action would effectively terminate the litigation without allowing Plaintiff the ability to re-file as Missouri's savings statute, §516.230, RSMo, does not apply to MHRA claims. *See* §213.111.1, RSMo; *Davison v.*

---

[2] Defendant's arguments demonstrate that it is speaking out of both sides of its mouth. Essentially, it is claiming that the MHRA should not apply, while simultaneously claiming that the MCHR did not have jurisdiction over the claim because a purported settlement agreement, compromised under the MHRA between it and the MCHR, pre-empts Plaintiff's claim.

Electronically Filed - City of St. Louis - March 11, 2016 - 02:30 PM

*Dairy Farmers of Am., Inc.*, 449 S.W.3d 81, 83 (Mo. Ct. App. 2014).[3] For the above reasons,

Defendant's Motion should be denied.

> **B.      The MCHR had the requisite authority to issue a Notice of Right to Sue on Plaintiff's 2014 Charges.**

Defendant continually cites to *Farrow v. St. Francis Medical Center*, to support its

position that Plaintiff's claim is untimely claim. *Farrow v. Saint Francis Med. Ctr.*, 407 S.W.3d

579, 588 (Mo. 2013). In *Farrow*, the court confirmed:

> "[t]he  only requirements imposed by section 213.111 to
> file a claim under the MHRA are that: (1) an employee file
> a charge with the Commission prior to filing a 13 state
> court action; (2) the Commission issue a right to sue letter;
> and (3) the state court action be filed within ninety days of
> the issuance of the right to sue letter but no later than two
> years after the alleged cause occurred or its reasonable
> discovery by the alleged injured party."

*Farrow*, 407 S.W.3d at 588.  In this case, Defendant is trying to analogize a lack of timeliness –

a clear, fact-based, procedural rule – with its own, convoluted legal argument. Defendant

fantasizes that a consent agreement with the MCHR could act as a prophylactic, inoculating it

against future suits for new violations of the MHRA's public accommodation laws.  Defendant

asserts that its 2011 Agreement with the MCHR regarding 2006 acts of discrimination amounts

to a waiver *of all future claims of discrimination*, including Plaintiff's 2014 Charge of

Discrimination. Access to public transportation is a basic human right under Missouri law.

Defendant is attempting to usurp this right by saying that Plaintiff's claim has already been

heard. Defendant's argument is against Missouri public policy, and amounts to nothing more

---

[3] *See also Hutcheson v. Elec. Data Access Techs., Inc.*, 327 S.W.3d 622, 625 (Mo. Ct. App.
2010)(holding trial court's dismissal was erroneous); *O'Brien v. Blackwell-Baldwin, Inc.*, 819
S.W.2d 417 (Mo. App. S.D. 1991); *Young v. Tri-State Water Treatment, Inc.*, 343 S.W.3d 695
(Mo. App. E.D. 2011).

Electronically Filed - City of St. Louis - March 11, 2016 - 02:30 PM

than an attempt to hide behind Defendant's denial and refusal to ensure equal access for individuals with disabilities.

### C.     Metro is subject to the MHRA.

Defendant's argument that the MHRA does not apply to Metro because it is an Interstate Compact is misplaced and unsupported by Missouri and federal law. As a threshold matter, there is no law exempting Metro from complying with Missouri law. In fact, Missouri law explicitly holds that Metro must adhere to Missouri law. Further, the 8th Circuit has held that Metro is congruent to a <u>local municipality</u> for the purposes constitutional tort liability. The Missouri Human Rights Act as well as §209.150, RSMo each plainly require that entities – mass transit providers, in particular – providing public accommodations in the State of Missouri cannot discriminate against protected classes under the MHRA. In other words, Metro enjoys no special license to discriminate against individuals with a disability persons in the State of Missouri.

Missouri statute plainly states that Metro is required to follow Missouri law. Section 70.378.1(8), RSMo explicitly states:

> Notwithstanding the provisions of article V of the compact creating the bi-state development agency, **any rules and regulations adopted under this subsection need not be concurred in or specifically authorized by the legislatures of either state.** In the event that any such rules and regulations of the bi-state development agency contravene the laws, rules or regulations of a signatory state or its agency, **the laws, rules and regulations of the signatory state or its agency shall apply,** and the conflicting portions of the rules or regulations of the bi-state development agency shall be void within the jurisdiction of that signatory state.

*See* §70.378.1, RSMo (emphasis added).

Defendant argues (incorrectly) that this Court should read something into the statute that is not present—that Metro is not subject to the MHRA. However, "[t]he primary rule of statutory

construction requires a court to determine legislative intent by considering the plain and ordinary

meaning of words used in the statute." *Kinder v. Mo. Dep't of Corr.*, 43 S.W.3d 369, 372 (Mo.

App. W.D. 2001). "When the language of a statute is clear and unambiguous, there is no room

for construction." *Id.* As explained below, the plain text of the relevant statutes--§§213.010 and

209.150.2, RSMo clearly defeats Defendant's position that it is not subject to the MHRA.

The Missouri Human Rights Act (MHRA) § 213.065, RSMo states in pertinent part:

> [a]ll persons within the jurisdiction of the state of Missouri are free and equal and shall be entitled to the full and equal use and enjoyment within this state of any place of public accommodation . . . without discrimination or segregation on the grounds of [] disability. **It is an unlawful discriminatory practice for any person, directly or indirectly, to refuse, withhold from or deny any other person, or to attempt to refuse, withhold from or deny any other person, any of the accommodations, advantages, facilities, services, or privileges made available in any place of public accommodation**, as defined in section 213.010 and this section, or to segregate or discriminate against any such person in the use thereof on the grounds of [...] disability.

(emphasis added). The MHRA further defines "place of public accommodation" as:

> **all places or businesses offering or holding out to the general public, goods, services, privileges, facilities, advantages or accommodations for the peace, comfort, health, welfare and safety of the general public** or such public places providing food, shelter, recreation and amusement, **including, but not limited to . . . Any public facility owned, operated, or managed by** or on behalf of this state or any agency or subdivision thereof, **or any public corporation;** and any such facility supported in whole or in part by public funds.

Missouri Human Rights Act § 213.010 (15) (e).[4]

---

[4] It should be noted that under the Illinois Human Rights Act (IHRA), "[i]t is a civil rights violation for any person on the basis of unlawful discrimination to . . . **[d]eny or refuse to another the full and equal enjoyment of the facilities, goods, and services of any public place of accommodation**." 775 Ill. Comp. Stat. Ann. 5/5-102. Further, the IHRA defines a place of public accommodation as "Place of public accommodation" includes, but is not limited to: (8)

Electronically Filed - City of St. Louis - March 11, 2016 - 02:30 PM

Moreover, §209.150, RSMo expressly incorporates the following into the definitional section of the MHRA, §213.010, RSMo:

> **2. Every person with a visual**, aural **or other disability** including diabetes, as defined in section <u>213.010</u>, **is entitled to full and equal accommodations, advantages, facilities, and privileges of all common carriers**, airplanes, motor vehicles, **railroad trains, motor buses**, taxis, streetcars, boats **or any other public conveyances or modes of transportation**…"

(emphasis added).  Defendant's argument would permit Defendant to bypass the recognition of basic human rights to public transportation as it pleases.  The MHRA is clear and conspicuous, leaving no question as to who the law applies to, and that includes Metro.

In support of its Motion, Defendant cites a case that dealt exclusively with collective bargaining rights. *See Stenger v. Bi-State Dev. Agency of Missouri/Illinois Metro. Dist.*, No. 414CV01655AGF, 2015 WL 164044, at *2 (E.D. Mo. Jan. 13, 2015) <u>aff'd</u>, 808 F.3d 734 (8th Cir. 2015) (Section 13(c) of the UMTA conditions federal funding for transit authorities on "the preservation of rights, privileges, and benefits (including continuation of pension rights and benefits) under existing collective bargaining agreements or otherwise"). Conversely, The compact characterizes Bi-State as "a body corporate and politic," *Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1085 (8th Cir. 1991)(quoting §70.370, RSMo). Accordingly, the court in *Barket* found that Bi-State is a "municipal corporation subject to suit under section 1983." *See Barket*, 948 F.2d 1084 (8th Cir. 1991). As the court stated:

---

a terminal, depot, or other station used for specified public transportation." 775 Ill. Comp. Stat. Ann. 5/5-101. Moreover, under the IHRA-White Cane Law, "The blind, persons who have a visual disability, the hearing impaired, persons who are subject to epilepsy or other seizure disorders, and persons who have other physical disabilities **are entitled to full and equal accommodations, advantages, facilities and privileges of all common carriers**, airplanes, motor vehicles, **railroad trains, motor buses**, street cars, boats **or any other public conveyances or modes of transportation**…" 775 Ill. Comp. Stat. Ann. 30/3. (emphasis added).

Electronically Filed - City of St. Louis - March 11, 2016 - 02:30 PM

> We cannot extend the Eleventh Amendment's protection to a bistate agency unless we have "good reason to believe that the [compacting] [s]tates structured the new agency to enable it to enjoy the special constitutional protection of the [s]tates themselves . . . ." [T]he Missouri legislature characterizes Bi-State as a municipal corporation for the purpose of common law immunity. Similarly, an Illinois Appellate Court characterized Bi-State as a local public entity under the Illinois tort immunity act.

*Barket*, 948 F.2d at 1087 (8th Cir. 1991)(internal citations omitted).

The court then followed a six-factor balancing test, after which it found that "Bi-State is more like a local governmental entity than an arm of Missouri and Illinois. State law characterizes Bi-State as a local public body." *Id.* at 1086. The MHRA explicitly provided application of its anti-discrimination laws to "public facilities" and "public corporations" such as § 213.010 (15)(e). As with the Illinois Tort Immunity Act and the Civil Rights Act of 1983,[5] "[t]he common law duty [] to provide accommodations without discrimination . . . clearly sounds in tort [and] does not arise out of a contract. *Thomas v. Pick Hotels Corp.*, 224 F.2d 664, 666 (10th Cir. 1955)[6].

Still, Defendant argues that this fact is immaterial, and points to a case about the Missouri Sunshine Law stating Metro should enjoy some unique legal status; "'[b]ecause parties to a compact have given up some sovereign powers, no party can unilaterally subject the compact

---

[5] *See also City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 709, 119 S. Ct. 1624, 1638, 143 L. Ed. 2d 882 (1999) ("there can be no doubt that claims brought pursuant to § 1983 sound in tort. Just as common-law tort actions provide redress for interference with protected personal or property interests, § 1983 provides relief for invasions of rights protected under federal law. Recognizing the essential character of the statute, '[w]e have repeatedly noted that 42 U.S.C. § 1983 creates a species of tort liability'").

[6] *See also State ex rel. Diehl v. O'Malley*, 95 S.W.3d 82, 90-91, n. 17 (Mo. 2003)("an action for damages for discrimination based upon age, sex and retaliation [is] now commonly referred to categorically as torts.")("In *Curtis v. Loether*, 415 U.S. at 195, 94 S.Ct. 1005, the United States Supreme Court held that an action for damages for discrimination under the Fair Housing Act of 1968 'sounds basically in tort—the statute merely defines a new legal duty, and authorizes the courts to compensate a plaintiff for the injury caused by the defendant's wrongful breach.' This cause of action, the Court said, 'is analogous to a number of tort actions recognized at common law.'")

9

Electronically Filed - City of St. Louis - March 11, 2016 - 02:30 PM

entity to a particular policy or law.'" *See Def. Motion*, p. 9 (citing *KMOV TV, Inc. v. Dev. Agency of Missouri-Illinois Metro. Dist.*, 625 F. Supp. 2d 808, 811 (E.D. Mo. 2008)).

Metro is undoubtedly required to follow the laws protecting individuals with disabilities. This is made clear by the texts of *Barket* and § 70.378.1(8), §209.150.2 and §213.065, RSMo. Further, this case is factually distinct from *KMOV TV* because it concerns the basic human right to public transportation, and a right to equal access. This case sounds in tort unlike the Missouri Sunshine Law. Accordingly, Defendant's Motion should be denied.

**D.      Plaintiff has not waived his rights under the MHRA.**

This case relates to incidents in December 2013, June 2014, August 2014, and allegations that Defendant failed to remediate barriers to its public transportation system for individuals with a visual disability. Defendant argues in its Motion that the 2011 Agreement between Metro and the MCHR only released Metro from "charges and causes of action" which Gustafson "had, now has, or which he may have against [Metro] arising out of, related to or based upon any fact(s) or event(s) **which occurred on or prior to the date of this Agreement**." *See Def. Motion*, p. 4 (emphasis added). Defendant admits that the 2011 Agreement was not signed by Gustafson. *Id.* at p. 3.

**1.      *Plaintiff was not a party to the 2011 Agreement between Metro and the MCHR.***

Plaintiff cannot be bound by a contract between the MCHR and Metro if he did not sign or receive any consideration under the contract. It is a "basic legal premise that a contract generally binds no one but the parties thereto, and it cannot impose any contractual obligation or liability on one not a party to it." *Cont'l Cas. Co. v. Campbell Design Grp., Inc.*, 914 S.W.2d 43, 44 (Mo. Ct. App. 1996). "Commitments of an agreement are limited to the parties thereto and contractual obligations cannot be imposed upon a stranger to an agreement." *Reichert v. Jerry*

Electronically Filed - City of St. Louis - March 11, 2016 - 02:30 PM

*Reece, Inc.*, 504 S.W.2d 182, 185 (Mo. Ct. App. 1973)(internal citations omitted). "Mutuality of contract means that an obligation rests upon each party to do or permit to be done something in consideration of the act or promise of the other; that is, neither party is bound unless both are bound." *Eaton v. CMH Homes, Inc.*, 461 S.W.3d 426, 433 (Mo. 2015).

In *E.E.O.C. v. Baptist Mem'l Hospital*, the U.S. District Court for the Western District of Missouri decided a case in which the defendant asserted that plaintiff's claims are barred because the consent decree in the EEOC case resolved "all claims of the Commission for and on behalf of the class of affected employees." *E.E.O.C. v. Baptist Mem'l Hosp.*, 615 F. Supp. 111, 114 (W.D. Mo. 1984). Defendant asserted that this should include the plaintiff because he failed to intervene in the EEOC case. *Id.* Plaintiff responded that the consent decree between the EEOC and Baptist Memorial Hospital did not preclude plaintiff's private action because it failed to provide individual relief for plaintiff. *Id.* As the court stated:

> A defendant may obtain protection against some private actions as a result of settlement of an EEOC action. *General Telephone,* 446 U.S. at 333, 100 S.Ct. at 1707. However, protection from later private actions can be obtained only if the consent decree affords relief to the individual and the individual takes advantage of that relief. If the claimant rejects the consent decree and if no relief was afforded to the claimant by the consent decree, the claimant's private action is not foreclosed by the settlement of the EEOC action.

*Id.* Accordingly, the *Baptist Mem'l Hosp* motion was denied and the parties were ordered to proceed with discovery.

In this case, Defendant candidly admits that Gustafson (1) did not participate in the settlement between Metro and the MCHR; (2) did not sign the settlement agreement between Metro; (3) that Metro and the MCHR decided to enter into the settlement agreement without Gustafson; and (4) that Gustafson did not receive any consideration (or benefit) as a result of the

Electronically Filed - City of St. Louis - March 11, 2016 - 02:30 PM

settlement agreement." *See Def. Motion*, pp. 9-11. For the reasons stated in *Baptist Mem'l Hospital* and the underlying principles of Missouri public policy discussed below, Plaintiff should not be bound by an outside agreement between the MCHR and Metro.

> **2.**     ***The 2011 Settlement Agreement between Metro and the MCHR did not waive any future claims Gustafson has against Metro.***

Missouri public policy prohibits waiver of future claims of discrimination under the MHRA. "Under Missouri law 'there is no question that one may never exonerate oneself from future liability for intentional torts . . . or for activities involving the public interest.'" *Stark v. Sandberg, Phoenix & von Gontard, P.C.*, 381 F.3d 793, 800 (8th Cir. 2004)(quoting *Alack v. Vic Tanny Int'l of Mo., Inc.*, 923 S.W.2d 330, 337 (Mo. 1996)); *see also Liberty Fin. Mgmt. Corp. v. Beneficial Data Processing Corp.*, 670 S.W.2d 40, 48 (Mo. App. 1984).

Waiving future claims is against public policy because it creates an affirmative defense for defendants to hide behind. In this case, three years after the purported Agreement was reached between Metro and the MCHR, Gustafson and other individuals with visual disabilities are still being denied accessibility to Metro's public transportation services. Binding Gustafson to this outside agreement of which he did not receive any direct, personal consideration is unconscionable. It could be argued that the agreed upon improvements would alleviate the accessibility concerns for those like Gustafson. Still, this can hardly be regarded as consideration, when Metro is required under both Missouri and federal law to meet public accommodation guidelines and accessibility laws. Further, Metro has continually failed to live up to these guidelines. Gustafson's first claim was filed in 2006, and the outside Agreement was reached in 2011, yet Metro failed to meet and continues to fall short of the accessibility requirements of §§ 213.065, 213.070(3), RSMo.

> **E.**     **Plaintiff will be prejudiced if this case is dismissed or a stay is granted.**

Electronically Filed - City of St. Louis - March 11, 2016 - 02:30 PM

1.    ***The Missouri Savings Statute does not apply to claims under the MHRA.***

Plaintiff will suffer undue prejudice is this case is dismissed.  Section 213.111.1, RSMo provides, in pertinent part: "[a]ny action brought in court under this section shall be filed within ninety days from the date of the commission's notification letter to the individual but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party." *See* 213.111.1, RSMo. Because the MHRA contains its own statute of limitations, the Missouri Savings Statute, §516.230, RSMo does not apply, thus the plaintiff in *Hutcheson* could only re-file his action if he re-filed in the time allotted by §213.111.1, RSMo.
*Hutcheson v. Elec. Data Access Techs., Inc.*, 327 S.W.3d 622, 625 (Mo. Ct. App. 2010).

Moreover, even if the Court rejects Defendant's request to dismiss this case, but alternatively considers it Motion to Stay this action pending the decision of the Circuit Court of Cole County on Defendant's writ of mandamus, Plaintiff will be prejudiced. If this Court does not stay this case, Plaintiff will be able to pursue his claims expeditiously and without delay. Plaintiff will be able to engage in discovery that is specifically targeted to Plaintiff's unique set of facts. [7] Conversely, if this Court grants Defendant's Motion to Stay then Plaintiff's case will most assuredly be delayed, which will result in a loss of control by Plaintiff over his case for an indefinite period. *Unfortunately, this period could last **for years*** given the recent overload of mandamus actions pending in the Circuit Court of Cole County challenging the jurisdiction of the MCHR's issuance of right-to-sue letters. Moreover, no savings of judicial resources will be afforded by a stay of these proceedings.

2.    ***Plaintiff should be allowed to proceed with discovery.***

---

[7] On March 10, 2016, Plaintiff served written discovery on Defendant, including interrogatories and requests for production of documents.

Electronically Filed - City of St. Louis - March 11, 2016 - 02:30 PM

Plaintiff's ability to proceed with discovery in this case is governed by the Missouri Rules of Civil Procedure, Rule 56.01 *et seq.* The purpose of discovery is a search for the facts, in testimony and documents and other things, within the exclusive knowledge or possession of one party to another in anticipation of litigating a pending action in court. *J.B.C. v. S.H.C.,* 719 S.W.2d 866, 869 (Mo. App. E.D. 1986). Parties involved in litigation have a *right* to perform discovery. *State ex rel. Norman v. Dalton,* 872 S.W.2d 888, 890 (Mo. App. E.D. 1994). Rule 56.01 allows the scope of discovery to include any matter, not privileged, relevant to the subject matter of the pending action, whether it relates to a claim of a party, or a defense of the other party. Such is precisely what Plaintiff is seeking—discovery on the merits of his claims.

### 3. *Defendant's request to stay would significantly delay this case.*

Granting the Defendant's Motion would result in far greater prejudice to Plaintiff than Defendant. Defendant's Motion to Stay the legal proceedings on Plaintiff's claims would substantially delay the ultimate resolution of this case and thereby produce enormous inefficiency and prejudice without any countervailing benefit. Prolonging Plaintiff's claims will inevitably cause his claims to become stale as witnesses become more difficult to identify and contact, memories of witnesses begin to fade, and documents become lost or misplaced. As Defendant notes, courts have authority to "control and move their dockets." *See Def. Motion,* p.2 (citation omitted). However, the authority to stay proceedings is not limitless or without constraint. As the United States District Court for the Eastern District of Missouri has stated:

> The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, *which must weigh competing interests and maintain an even balance*. Thus, in considering a motion to stay, the Court weighs the potential prejudice or hardship to the parties, as well as the interest of judicial economy.

14

Electronically Filed - City of St. Louis - March 11, 2016 - 02:30 PM

*Boswell v. Panera Bread Co.*, No. 4:14-CV-01833-AGF, 2015 WL 6445396, at *9 (E.D. Mo. Oct. 23, 2015) (internal citations omitted)(emphasis added).

Defendant's pending writ petition in Cole County is based upon the same dilatory tactics and legal arguments seen in its Motion to Dismiss this action. The competing interests of the court, counsel, and litigants, are in favor of moving forward with Plaintiff's timely and factually sound claim. Further delay will not serve any interest of judicial economy, and will only cause undue hardship to Plaintiff and the perpetuation of ongoing discrimination against individuals with a visual disability who use public transportation in the City of St. Louis.  In light of this, the Court should deny Defendant's Motion to Stay this case.

## IV.    CONCLUSION

WHEREFORE, Plaintiff respectfully requests this Court to deny Defendant's Motion to dismiss or stay the current action and for such further relief as the Court deems just and proper.

Respectfully Submitted,

/s/ Cyrus Dashtaki
Cyrus Dashtaki, #57606
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, MO 63109
Telephone:  (314) 932-7671
Facsimile:  (314) 932-7672
Email:  cyrus@dashtaki.com

John C. Burns, #66462
The Burns Law Firm, LLC
1717 Park Avenue
St. Louis, MO 63104
Direct: (314) 932-2356
Fax:    (314) 932-2171
Email:  John@burns-law-firm.com

*Attorneys for Plaintiff Scott Gustafson*

Electronically Filed - City of St. Louis - March 11, 2016 - 02:30 PM

## CERTIFICATE OF SERVICE

I hereby certify that, on March 11, 2016, a true and correct copy of the above and foregoing document was filed electronically with Court's CM/ECF filing system, and was served on all counsel of record.

/s/Cyrus Dashtaki

# 10

**04/07/2016**

Electronically Filed - City of St. Louis - April 07, 2016 - 03:35 PM

## IN THE CIRCUIT COURT OF ST. LOUIS CITY
## STATE OF MISSOURI

SCOTT GUSTAFSON,                          )
                                          )
    **Plaintiff,**                         )        **1522-CC11361**
                                          )
**v.**                                    )        **Division: 1**
                                          )
THE BI-STATE DEVELOPMENT AGENCY           )
OF THE MISSOURI-ILLINOIS                   )
METROPOLITAN DISTRICT d/b/a METRO,        )
METRO TRANSIT, METROBUS,                   )
METROLINK                                 )
                                          )
    **Defendant.**                        )

## DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS
## MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY
## AND MEMORANDUM IN SUPPORT THEREOF

COMES NOW Defendant Bi-State Development Agency, d/b/a Metro Transit ("Bi-State") by and through its undersigned counsel, and moves, pursuant to Rule 55.27(a)(1) & (6) the Court to dismiss for lack of subject matter jurisdiction and to state a claim or, alternatively, to stay this action. In support of its motion, Defendant states as follows:

    **1.    Bi-State Does Not and Cannot Deny or Refuse Access to its Busses or Trains to Members of Protected Classes.**

Plaintiff begins his argument against Bi-State's Motion by attempting to scare this Court into believing that, if Bi-State's Motion were granted, Bi-State "would be permitted to deny or refuse access to its buses and trains to individuals because of their race, color, sex, gender, religion, ancestry, national origin, or in this case, disability." (Response, pg. 1). This is patently untrue. Relevant to this case, Bi-State is subject to Title II of the Americans with Disabilities Act. *See* 42 U.S.C.A. § 12131 (defining "public entity" to include "...any ... special purpose district, or other instrumentality of a State or States or local government") & 42 U.S.C.A. §

Electronically Filed - City of St. Louis - April 07, 2016 - 03:35 PM

12132 (prohibiting exclusion of "qualified individual with disability" from "benefits of the services, programs, or activities of a public entity[.]") Regardless, the Missouri Supreme Court has cautioned that a court should "not substitute its judgment for that of the legislature as to the wisdom, social desirability or economic policy underlying a statute." *Glossip v. Missouri Dep't of Transp. & Highway Patrol Employees' Ret. Sys.*, 411 S.W.3d 796, 807 (Mo. 2013)(citation omitted). Thus, any implication that the granting of Bi-State's Motion to Dismiss will give it license to discriminate against protected classifications is neither accurate nor persuasive.

**2.    Reliance on Facts Outside the Pleadings Does Not Warrant Denial of Bi-State's Motion.**

Plaintiff argues that Bi-State's Motion to Dismiss should be denied because it raises matters outside the pleadings. Even a cursory review of Bi-State's Motion to Dismiss demonstrates that it discussed facts outside of the pleadings to illustrate the issues currently pending in the Cole County Circuit Court which go directly to whether the Missouri Commission on Human Rights properly issued its Notice of Right to Sue; and consequently why it is appropriate to either dismiss or stay this case pending resolution of that matter. (Motion to Dismiss, pgs. 6-12).

Further, Bi-State has moved for dismissal based in part on the fact that it is an Interstate Compact. As Bi-State's Motion explained, this Court need only examine the Interstate Compact creating Bi-State in order to determine whether the Missouri Human Rights Act applies. *See KMOV TV, Inc. v. Bi-State Dev. Agency of Missouri-Illinois Metro. Dist.*, 625 F. Supp. 2d 808, 811, 814 (E.D. Mo. 2008). The Interstate Compact creating Metro is found at § 70.370, *et seq.* RSMo. Missouri courts are not only allowed to take judicial notice of state statutes, they "have a *duty* to take judicial notice of state statutes. *State v. James*, 796 S.W.2d 398, 399 (Mo. Ct. App. 1990)(citations omitted)(emphasis added). "This duty to notice a state statute exists even if there

Electronically Filed - City of St. Louis - April 07, 2016 - 03:35 PM

is not a specific request or specific proof offered by the parties." *Id.* (citation omitted).  Thus, this

Court is permitted to consider Bi-State's Motion for Dismissal on this ground because it requires

no "evidence" outside of the Pleadings.

Further, the Eastern District has summarized the relevant process pertaining to when

matters outside the pleadings are attached to a motion to dismiss:

> While a trial court is not permitted to review matters outside the
> pleadings in ruling on a motion to dismiss, its hands are not
> entirely tied in this respect. Missouri Supreme Court Rule 55.27(a)
> allows trial courts to treat a motion to dismiss for failure to state a
> claim as a motion for summary judgment when the moving party
> includes matters outside the petition for the court's consideration.
> While the language of the Rule limits this "conversion" to motions
> to dismiss for failure to state a claim upon which relief can be
> granted, our courts have also endorsed converting a motion to
> dismiss into a motion for summary judgment when the motion to
> dismiss is based on an affirmative defense. *Before a trial court
> may treat a motion to dismiss as a motion for summary judgment,
> however, it must notify the parties that it is going to do so and give
> the parties an opportunity to present all materials pertinent to a
> motion for summary judgment.*

*Walters Bender Strohbehn & Vaughan, P.C. v. Mason*, 316 S.W.3d 475, 479-80 (Mo. Ct. App.

2010) (citing *Grellner v. Foremost Signature Ins. Co.*, 291 S.W.3d 351, 353–54 (Mo.App.

E.D.2009)) (emphasis added).  To the extent the Court feels it necessary to do so, Bi-State

respectfully requests this Court to provide notice that its Motion to Dismiss will be treated as one

for summary judgment.

For all the foregoing reasons, Gustafson's arguments against Bi-State's Motion to

Dismiss must be rejected.

### 3. The MCHR Did Not Determine Its Jurisdiction Before Issuing a Right to Sue Letter.

Plaintiff argues that the Missouri Supreme Court's decision in *Farrow v. St. Francis

Medical Center* stands only for the proposition that a Charge of Discrimination be filed timely

Electronically Filed - City of St. Louis - April 07, 2016 - 03:35 PM

filed in order for him to bring a claim under the MHRA. (Response, pg. 5). While that was certainly the specific issue in *Farrow*, the Court's opinion did not limit its language or reasoning to jurisdiction based on timeliness alone. Citing the Missouri Commission on Human Rights' own regulations, the Missouri Supreme Court broadly held that the MCHR was required to determine its own jurisdiction in all respects before issuing a Notice of Right to Sue:

> Commission regulation 8 C.S.R. 60–2.025(7)(B) directs the Commission to dismiss or close a complaint at any stage for lack of jurisdiction or in the absence of any remedy available to the complainant. Hence, **the Commission was required to determine its own jurisdiction even if it did not make a decision on the merits of [the complainant]'s claim**.
> *Id.* (emphasis provided).

Nothing in the Court's decision suggested the jurisdictional inquiry was limited to whether the complainant's charge was timely. If the Court had meant to so limit its holding it could have, but did not.

### 4. The MCHR Lacked Jurisdiction to Issue a Notice of Right to Sue

Plaintiff does not cite a single case holding that Bi-State is subject to the MHRA. Instead, Plaintiff attempts to analogize a claim under the MHRA to a claim for deprivation of constitutional rights under 42 U.S.C. § 1983 under the theory that both "sound in tort." (Response, pgs. 6-9). Plaintiff's argument is meritless.

Plaintiff's argument fundamentally ignores the basis for not applying the laws of one state to an Interstate Compact entity. The United States District Court for the Eastern District of Missouri has held, and the Eighth Circuit has affirmed, that "Bi-state entities 'are creations of three discrete sovereigns: two States and the federal Government.'" *Stenger v. Bi-State Dev. Agency of Missouri/illinois Metro. Dist.*, No. 414CV01655AGF, 2015 WL 164044, at *1 (E.D. Mo. Jan. 13, 2015) aff'd, 808 F.3d 734 (8th Cir. 2015)(*citing KMOV TV, Inc. v. Bi–State Dev. Agency of Mo.-Ill. Metro. Dist.*, 625 F.Supp.2d 808, 811 (E.D.Mo.2008)). Thus "[u]nder

Electronically Filed - City of St. Louis - April 07, 2016 - 03:35 PM

decisions by the United States Court of Appeals for the Eighth Circuit and the Missouri Supreme Court, 'one party to an interstate compact may not enact legislation that would impose burdens upon the compact absent the concurrence of the other signatories.'" *KMOV*, 625 F. Supp. 2d at 812 (*citing Bi-State Devel. Agency of the Missouri-Illinois Metropolitan District v. Director of Revenue,* 781 S.W.2d 80, 82 (Mo. banc 1989) *& Kansas City Area Transp. Authority v. State of Missouri,* 640 F.2d 173, 174 (8th Cir.1981)). In the same way that applying the Missouri Sunshine Law, Chapter 620, RSMo, without the consent of Illinois was not permitted, *KMOV*, 625 F. Supp. 2d at 812, application of the MHRA to Bi-State without the consent of Illinois is also not permitted by the terms of the Compact.

The Eighth Circuit's decision in *Barket*, which Plaintiff cites to repeatedly, is entirely distinguishable from the issue in this case because it involved a claim not under a state law of Missouri or Illinois, but 42 U.S.C. § 1983; a ***federal*** statute providing a private cause of action against "persons" for deprivation of violations of rights guaranteed by the ***United States Constitution***. *See Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991). The issue in *Barket* was whether Bi-State was a "person" subject to suit under 42 U.S.C. § 1983. *Id.* Nothing of the sort is at issue here. Moreover, even the reasoning of that case reinforces Bi-State's claim that the MHRA does not apply because the Eighth Circuit reached its conclusion that Bi-State was not an arm of the State (and hence not entitled to Eleventh Amendment immunity) because ***the text*** of the Interstate Compact did not lead the Court to believe that "Missouri and Illinois ***intended*** Bi–State to enjoy sovereign immunity under the Eleventh Amendment." (emphasis added) *Id.*, 948 F.2d at 1088. Again, the focus is

Electronically Filed - City of St. Louis - April 07, 2016 - 03:35 PM

on the intent of the constituent states.  In this case, the text of the Compact demonstrates that

Illinois has <u>not</u> agreed to application of the MHRA to Bi-State.[1]

Plaintiff essentially concedes that the text of the Interstate Compact is the core inquiry in

this case when he argues that the Compact somehow incorporates the MHRA.  However, the

Compact does no such thing.  Plaintiff argues that a provision of the Compact which requires the

"rules and regulations ***adopted under this subsection*** need not be concurred in or specifically

authorized by the legislatures of either state" and that, if such rules and regulations "contravene"

the laws of the state, the conflicting provisions "shall be void within the jurisdiction of that

signatory state." (Response, pg. 6)(citing § 73.378.1(8), RSMo).  Plaintiff has conveniently

omitted the portions of the subsection cited that demonstrate that this subsection does not involve

discrimination or accommodation in any way.  The full text of the subsection from which

Plaintiff only selectively quotes in his Response is as follows:

> 8. The bi-state development agency shall have the power to adopt rules
> and regulations ***for the proper operation of its passenger transportation***
> ***facilities and conveyances and for the proper conduct by all persons***
> ***making use of its facilities and conveyances,*** including its parking lots
> and all property used by the public. Notwithstanding the provisions of
> article V of the compact creating the bi-state development agency, any

---

[1] Other Courts to have addressed this issue have uniformly held that state discrimination laws not specifically incorporated into an interstate compact do not apply to the compact agency. *See hip Heightened Indep. & Progress, Inc. v. Port Auth. of New York & New Jersey*, 693 F.3d 345, 356 (3d Cir. 2012)(New Jersey Law Against Discrimination relating to construction codes for the disabled did not apply to Port Authority, a creation of an interstate compact)(and cases cited therein); *Novak v. Waterfront Comm'n of New York Harbor*, 928 F. Supp. 2d 723, 734 (S.D.N.Y. 2013)(collecting cases holding neither New York nor New Jersey anti-discrimination laws apply to Port Authority, an interstate agency); *Int'l Union of Operating Engineers, Local 542 v. Delaware River Joint Toll Bridge Comm'n*, 311 F.3d 273 (3d Cir. 2002)(refusing to apply New Jersey collective bargaining laws to interstate compact commission); *Nardi v. Delaware River Port Auth.*, 88 Pa. Cmwlth. 558, 490 A.2d 949 (1985)(refusing to apply disability pay enactments of New Jersey and Pennsylvania to interstate compact commission); *Spence-Parker v. Delaware River & Bay Auth.*, 616 F. Supp. 2d 509, 520-21 (D.N.J. 2009)(refusing to apply Delaware's Discrimination in Employment Act to Delaware River & Bay Authority, an interstate compact).

Electronically Filed - City of St. Louis - April 07, 2016 - 03:35 PM

rules and regulations adopted under this subsection need not be concurred in or specifically authorized by the legislatures of either state. In the event that any such rules and regulations of the bi-state development agency contravene the laws, rules or regulations of a signatory state or its agency, the laws, rules and regulations of the signatory state or its agency shall apply, and the conflicting portions of the rules or regulations of the bi-state development agency shall be void within the jurisdiction of that signatory state. In the event that any rules or regulations of the bi-state development agency contravene the ordinances of any political subdivisions of the signatory states, the conflicting ordinances shall be void in or upon all agency passenger transportation facilities and conveyances. The rules and regulations of the bi-state development agency shall be uniform whenever possible throughout the area in which any passenger transportation facility or conveyance of the agency is located. ***The rules and regulations, and the amounts of fines for their violation*** adopted by the bi-state development agency shall be adopted by the agency's board of commissioners in accordance with all standards of due process, including, but not limited to, the holding of public hearings and subsequent publication of the agency rules and regulations and the amounts of fines for their violation in a manner designed to make them readily available to the public.

§ 70.378.1(8), RSMo. Thus, this subsection only voids rules and regulations promulgated by Bi-State relating to the operation of its facilities, conveyances and passenger conduct (including fines) which are inconsistent with contrary Missouri or Illinois law. This subsection plainly does not incorporate the MHRA into the Interstate Compact governing Bi-State. If the States of Missouri and Illinois had intended one or more of their separate public accommodations and anti-discrimination laws to apply to Bi-State, they could easily have done so. The foregoing language demonstrates that they did not.

Equally as important, Plaintiff's Petition makes no reference whatsoever to any "rule or regulation" adopted by Bi-State that contravenes the MHRA. For this additional reason, even if the foregoing statute could apply the MHRA to Bi-State through the foregoing language, such application would have no bearing on this case given that Plaintiff has invoked no rule or regulation of Bi-State which is contrary to the MHRA. For these reasons, Bi-State is not subject to the MHRA and Bi-State's Motion to Dismiss should be granted.

Electronically Filed - City of St. Louis - April 07, 2016 - 03:35 PM

Finding no help in the text of the Compact, Plaintiff turns to the broad language of the MHRA and argues that because it covers "any place of public accommodation" it must also apply to Bi-State. (Response, ¶ 7). That reasoning not only ignores the text of the Compact (which says nothing of the sort), but it has been specifically considered and rejected by the United States District Court for the Eastern District of Missouri in *KMOV*. In *KMOV*, a television station argued that the Missouri Sunshine Law applies to Bi-State. *KMOV*, 625 F. Supp. 2d at 812. The argument for the television station in *KMOV* was much stronger than Plaintiff's "because a provision of the Sunshine Law *explicitly* applies that statute to entities 'established pursuant to section 70.370, RSMo.'" *Id.*, 625 F. Supp. 2d at 810. Yet, the Court found that the question was not whether *Missouri* intended the Sunshine Law to apply to Bi-State, but whether Missouri *and Illinois* had *jointly* agreed through the text of the Compact to apply the Sunshine Law to Bi-State. *Id.* at 812. Because they had not, the Court held the Sunshine Law did not apply. *Id.* This reasoning compels the same conclusion here: because Missouri and Illinois have not agreed that the MHRA should apply to Bi-State through the Compact, the MHRA does not apply.

*KMOV* also addressed and rejected the argument Plaintiff makes in his footnotes, which is that because Missouri and Illinois both have laws requiring accommodation of the disabled, the MHRA should apply to Bi-State. "The fact that two states 'have evinced the same, or similar, public policy' on an issue is not sufficient to 'render [a compact] properly amended or supplemented' such that the compact entity would be subject to one state's law on the issue." *Id.* at 625 F. Supp. 2d at 813 (*quoting Int'l Union of Operating Engineers, Local 542 v. Delaware River Joint Toll Bridge Comm'n,* 311 F.3d 273, 276 (3d Cir. 2002) & *Malverty v. Waterfront Comm'n of New York Harbor,* 71 N.Y.2d 977, 529 N.Y.S.2d 67, 524 N.E.2d 421, 422 (1988)).

Electronically Filed - City of St. Louis - April 07, 2016 - 03:35 PM

Thus, in KMOV, the Court rejected the argument that the Missouri Sunshine Law applies to Bi-State simply because both Missouri and Illinois "both have open-records laws and share an 'expansive view of the public's right to know what its government is doing.'" *Id.* at 811.  In the same way, it does not matter that both Missouri and Illinois both have public accommodation laws; their failure to explicitly incorporate or apply one prevents the accommodation laws of either from being unilaterally imposed on Bi-State.

Finally, Plaintiff argues that the cases Bi-State has cited involved either "collective bargaining" or "open records."  That is a distinction without a difference.  Nothing in the reasoning of any of the cases either party has cited rests on the *type* of law at issue.  Rather, it focuses on the intent of the compacting states – as evinced through the language of the Compact – to apply the laws of one state to the entity created by the Compact.  Because Missouri and Illinois have not agreed to application of the MHRA to Bi-State, it does not.

### 5. Plaintiff is bound by the 2011 Agreement regardless of whether he signed it because he received a benefit from that Agreement in the form of more accessible bussing services.

Bi-State will not reargue the reasons set forth in its Motion for why Plaintiff is bound by the 2011 Agreement.  However, one argument Plaintiff raises needs to be addressed.  Plaintiff argues that he should not be bound by the 2011 Agreement between MCHR and Bi-State because he "did not receive any consideration (or benefit) as a result of the settlement agreement." (Response, pgs. 11-12).  Plaintiff's argument wholly ignores the nature of his past and current complaints about Bi-State, which were (and are) essentially that Bi-State's buses are not accessible by him because of his blindness, (Petition, ¶¶ 13-21), and the relief the MCHR obtained in its 2011 Agreement with Bi-State; which required substantial modifications to Bi-State's services and facilities to make its buses accessible to Plaintiff (and other visually-

Electronically Filed - City of St. Louis - April 07, 2016 - 03:35 PM

impaired passengers) (Motion, Ex. A, pgs. 3-4, ¶ 10).  Thus, Plaintiff did, in fact, benefit from the 2011 Agreement.  Thus, this case is distinguishable from the decision Plaintiff cites, *E.E.O.C. v. Baptist Mem'l Hosp.*, 615 F. Supp. 111, 112-13 (W.D. Mo. 1984), an employment discrimination case where, "there was no provision in the consent decree for any back pay or other relief for" the claimant. *Id.* Because Plaintiff received relief in the form of more accessible bussing services, he is bound by the 2011 Agreement regardless of whether he signed it.

### 6. This matter should be dismissed or stayed pending resolution of the Cole County matter.

Plaintiff argues that his claim should not be dismissed because the savings statute would not apply to his MHRA claims.  Defendant agrees; this Court can, and should, dismiss Plaintiff's case on the merits for the reasons expressed in its Motion.

Plaintiff also argues this matter should not be stayed because he would be prejudiced.  He claims Cole County will take "years" to address his claim.  He cites nothing for that proposition, and his unfounded assertion is no reason to allow this case to proceed when the Cole County action filed by Bi-State may resolve of all of his claims in their entirety.  As Bi-State has explained at length, the filing of a writ action in Cole County is the proper procedure mandated by the Missouri Supreme Court in *Farrow v. Saint Francis Medical Center* as well as the MCHR's Notice of Right to Sue for challenging the MCHR's jurisdiction.  It is not, as Plaintiff argues, just a "dilatory tactic."  Neither party gains any benefit from expending time, monies and this Court's resources when the Cole County action will resolve the issues raised in Defendant's Motion to Dismiss.  Thus, if this Court does not dismiss Plaintiff's claims outright, it should stay this matter pending resolution of the writ action pending in Cole County.

WHEREFORE, based on the foregoing, Bi-State respectfully requests this Court to issue an Order dismissing this action immediately, or, alternatively, staying the current action until the

Electronically Filed - City of St. Louis - April 07, 2016 - 03:35 PM

Cole County Circuit Court fully and finally adjudicates Bi-State's pending Writ Petition and all appeals therefrom are resolved; and for such further relief as the Court deems just and proper.

Respectfully submitted,

**McMAHON BERGER, P.C.**

_/s/ Brian C. Hey_
James N. Foster Jr., ARN 28231 MO
Brian C. Hey ARN 53930 MO
Rex P. Fennessey, ARN 58925 MO
2730 North Ballas Road, Suite 200
St. Louis, Missouri  63131
(314) 567-7350 – (Telephone)
(314) 567-5968 – (Facsimile)
foster@mcmahonberger.com
hey@mcmahonberger.com
fennessey@mcmahonberger.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of April, 2016, a true copy of the foregoing was served by the court's electronic notice to:

Cyrus Dashtaki
Dashtaki Law Firm
5205 Hampton Avenue
St. Louis, MO 63109
_cyrus@dashtaki.com_

John C. Burns
The Burns Law Firm, LLC
1717 Park Avenue
St. Louis, MO 63104
_John@burns-law-firm.com_

_Attorneys for Plaintiff_

_/s/ Brian C. Hey_

Electronically Filed - City of St. Louis - April 07, 2016 - 06:49 PM

IN THE CIRCUIT COURT FOR THE CITY OF ST. LOUIS
STATE OF MISSOURI

SCOTT GUSTAFSON,                    )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )        Case No. 1522-CC11361
                                    )
THE BI-STATE DEVELOPMENT AGENCY     )        Division 1
OF THE MISSOURI – ILLINOIS          )
METROPOLITAN DISTRICT d/b/a METRO,  )
METRO TRANSIT, METROBUS,            )
METROLINK,                          )
                                    )
        Defendant.                  )

## PLAINTIFF'S CONSENT MOTION FOR
## LEAVE TO FILE FIRST AMENDED PETITION

COMES NOW Plaintiff Scott Gustafson ("Plaintiff"), by and through undersigned

counsel, and files Plaintiff's Motion for Leave to File First Amended Petition, and states:

1.      This is a claim for violations of the Missouri Human Rights Act, § 213.010 et

seq., RSMo (2000)[1], as amended ("MHRA") against Defendant The Bi-State Development

Agency of the Missouri-Illinois Metropolitan District d/b/a Metro, Metro Transit, MetroBus,

MetroLink (hereinafter referred to as "Defendant").

2.      Plaintiff filed the instant lawsuit on or about December 23, 2015. Defendant filed

a Motion to Dismiss on filed its Answer on February 12, 2016.

3.      Plaintiff now requests leave to amend Plaintiff's Petition to amplify and clarify

his claims against Defendant. (See copy of Plaintiff's First Amended Petition filed

contemporaneously with this Motion and attached hereto as Exhibit "A").

_____

[1]   All references are to the 2000 Revised Statutes of Missouri, unless otherwise noted.

Electronically Filed - City of St. Louis - April 07, 2016 - 06:49 PM

4.     Pursuant to Rule 55.33(a), after a motion to amend has been presented to the Court, leave to amend a pleading "shall be freely given when justice so requires."

5.     The undersigned spoke with Defendant's counsel Brian Hey on March 8, 2016, and he indicated that Defendant consented  to Plaintiff's Motion.

6.     The granting of this Motion will serve the interests of justice, and will cause no delay in the proceedings of this matter.

7.     A copy of Plaintiff's First Amended Petition is attached hereto as Exhibit "A", and is requested to be deemed as filed upon the granting of this Motion. Plaintiff has also attached a Proposed Order as Exhibit "B."

WHEREFORE, Plaintiff prays this Court enter an Order granting his Motion for Leave to File First Amended Petition, and deeming Plaintiff's First Amended Petition, attached hereto as Exhibit "A", as filed.

Respectfully Submitted,

/s/ Cyrus Dashtaki
Cyrus Dashtaki, #57606
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, MO 63109
Telephone:  (314) 932-7671
Facsimile:  (314) 932-7672
Email:  cyrus@dashtaki.com

John C. Burns, #66462
The Burns Law Firm, LLC
1717 Park Avenue
St. Louis, MO 63104
Direct:       (314) 932-2356
Fax:         (314) 932-2171
Email:  John@burns-law-firm.com

*Attorneys for Plaintiff Scott Gustafson*

Electronically Filed - City of St. Louis - April 07, 2016 - 06:49 PM

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 7, 2016, a true and correct copy of the above and foregoing document was filed electronically with Court's CM/ECF filing system, and was served on all counsel of record.

/s/Cyrus Dashtaki

Electronically Filed - City of St. Louis - April 07, 2016 - 05:49 PM

IN THE CIRCUIT COURT FOR THE CITY OF SAINT LOUIS
STATE OF MISSOURI

SCOTT GUSTAFSON,                                    )
                                                    )
    Plaintiff,                          )
                                                    )
v.                                                  )     Case No. 1522-CC11361
                                                    )
THE BI-STATE DEVELOPMENT AGENCY                     )     Division 1
OF THE MISSOURI – ILLINOIS                          )
METROPOLITAN DISTRICT d/b/a METRO,                  )
METRO TRANSIT, METROBUS,                            )
METROLINK,                                          )
                                                    )
    Defendant.                          )     **JURY TRIAL DEMANDED**
                                                    )

> ### EXHIBIT
> ### A

### FIRST AMENDED PETITION

    COMES NOW Plaintiff Scott Gustafson, by and through his undersigned counsel, and for his Petition for Damages ("Petition") against Defendant The Bi-State Development Agency of the Missouri-Illinois Metropolitan District d/b/a Metro, Metro Transit, MetroBus, and MetroLink, and states:

### Parties

    1.    Plaintiff Scott Gustafson (hereinafter referred to as "Gustafson" or "Plaintiff"), brings this action under the Missouri Human Rights Act, § 213.010 et seq., RSMo (2000)[1], as amended ("MHRA").

    2.    Plaintiff is, and at all relevant times has been, a resident of the City of St. Louis, Missouri.

---

[1] All references are to the 2000 Revised Statutes of Missouri, unless otherwise noted.

1

Electronically Filed - City of St. Louis - April 07, 2016 - 06:49 PM

3.      Plaintiff is blind and relies on his guide dog, Jersey.  Plaintiff's visual disability is a disability that substantially limits a major life activity—sight, and he is a member of a protected class under the MHRA.

4.      Defendant The Bi-State Development Agency of the Missouri-Illinois Metropolitan District d/b/a Metro, Metro Transit, MetroBus, MetroLink (hereinafter referred to as "Metro" or "Defendant") is a state government and political subdivision of the States of Missouri and Illinois that is duly organized, established, and existing under and by virtue of their respective state legislatures, with its principal place of business located at 707 North First Street, St. Louis, MO, 63102, and operates public transit services (bus and light rail) in the City of St. Louis.

5.      Defendant is responsible for the actions, policies, practices, and customs of Metro Transit, MetroBus and MetroLink, as well as its website, www.metrostlouis.org.

**Jurisdiction and Venue**

6.      Defendant's unlawful discriminatory practices complained of herein occurred in the City of St. Louis, Missouri; therefore jurisdiction and venue are proper in this Court.  This Court has jurisdiction over the subject matter of this action pursuant to §213.111.1, RSMo, as the acts, occurrences, and events alleged in this action took place, in whole or in part, in the City of St. Louis, Missouri.

**Jurisdictional Prerequisites**

7.      On or about April 3, 2014, Plaintiff filed a Charge of Discrimination ("COD") with the Missouri Commission on Human Rights, ("MCHR"), detailing the allegations included herein.  A true and correct copy of Plaintiff's COD is attached hereto and incorporated by reference as *Exhibit A*.  On or about November 14, 2014, Plaintiff filed an amendment to his

2

COD ("Amended COD").   A true and correct copy of Plaintiff's Amended COD is attached hereto and incorporated by reference as *Exhibit B*.

8.      Defendant was named in Plaintiff's COD and Amended COD, and its respective unlawful acts were described therein. *See Exhibits A and B*.

9.      On or about November 30, 2015, the MCHR issued Plaintiff a Notice of Right to Sue.   Accordingly, Plaintiff has fully complied with all jurisdictional prerequisites under the MHRA to bring this action.   A true and correct copy of Plaintiff's Notice of Right to Sue is attached hereto and incorporated by reference as *Exhibit C*.

**Factual Allegations**

10.     Plaintiff is blind of visual sight.   Plaintiff relies on public transportation to navigate when he travels, accompanied by his guide dog, Jersey.   Plaintiff also requires the aid of audio formats that allow Plaintiff to decipher text formatted information.

11.     Defendant provides and is responsible for providing public transit services for residents and visitors to the City of St. Louis, including MetroBus and MetroLink.   Defendant was at all times relevant herein acting by and through its divisions, agents, servants, and employees, all of whom were acting within the scope and course of their employment and with full knowledge, direction, and control of Defendant.

12.     As a resident of Defendant City of St. Louis, Missouri, Plaintiff was a customer of Defendant.

13.     On many occasions over the last past fifteen (15) years, Defendant, through its agents, has refused to stop and transport Plaintiff and his guide dog, Jersey.   Each of these times, Defendant, through its agents, has driven past Plaintiff and his guide dog as they waited at the

Electronically Filed - City of St. Louis - April 07, 2016 - 06:49 PM

bus stop.   The incidents alleged in this Petition are a few examples of the discrimination regularly experienced by Plaintiff from Defendant on the following dates and locations:

    (a)    December 26, 2013 – Wabash & Lansdowne;

    (b)    June 13, 2014 – St. Louis Zoo; and

    (c)    August 5, 2014 – Watson Road & Lindenwood.

14.    Defendant does not identify the location of its bus stops for individuals with visual disabilities. As a result, Plaintiff is not independently able to locate the bus stop for general information, wayfinding and safety.

15.    Defendant utilizes fare boxes that are inaudible and require precise placement of paper bills and coins.  Upon information and belief, Defendant's bus drivers are not allowed to assist passengers with disabilities like Plaintiff with fare deposits.  As a result, Plaintiff has been subjected to ridicule by bus drivers and passengers because of the delays caused by his visual disability.

16.    At Defendant's MetroLink stations, Defendant does not identify the location of its ticket sales equipment.  As a result, there is no way for Plaintiff to independently locate the ticket sales equipment for general information, wayfinding and safety.

17.    MetroLink stations do not offer assistance to individuals with disabilities. Defendant has substituted its code-enforced ticket vending machines with machines that require precise placement of paper bills and coins, and the output speech on the ticket vending machines is often inaudible.   Thus, Plaintiff and other individuals with visual disabilities cannot independently purchase tickets and validate tickets and passes, and are often left without assistance or have to rely on other customers to assist them in procuring a ticket and determine whether the ticket has been validated.

Electronically Filed - City of St. Louis - April 07, 2016 - 06:49 PM

18.     Defendant's website is not accessible.  It does not use assistive technology, which would allow Plaintiff and other individuals with visual disabilities to fully access Defendant's website.  For example, Plaintiff is unable to independently access key information, such as route information, schedules, locations of bus stops, and related information.

19.     On MetroBus, the following identifying announcements are inconsistently made, are not amplified, and/or are difficult to understand:

    (a)     Route identifications;

    (b)     Transfer points with other fixed routes;

    (c)     Other major intersections and destination points;

    (d)     Intervals along a route sufficient to permit individuals who have visual disabilities to be oriented to their location; and

    (e)     Any requested stop are inconsistently made, are not amplified, and/or are difficult to understand.

20.     On MetroLink, the following identifying announcements are inconsistently made, are not amplified, and/or are difficult to understand:

    (a)     Route identifications; and

    (b)     Transfer points with other fixed routes.

21.     There is pertinent information printed on tickets that riders with visual disabilities cannot independently confirm, including the expiration date of the ticket as well as validation.

## COUNT I
### MHRA (§ 213.065, RSMo)
### Public Accommodation Discrimination

22.     Plaintiff restates and incorporates by reference, as if fully set forth herein, all preceding paragraphs of this Petition.

5

23.   Disability is a protected class under the MHRA.

24.   Plaintiff, as an individual with a visual disability, is protected by Chapter 213, RSMo.

25.   Section 213.010, RSMo of the MHRA, provides in pertinent part:

(15) "Places of public accommodation", all places or businesses **offering or holding out to the general public**, goods, **services, privileges, facilities, advantages or accommodations** for the peace, comfort, health, welfare and safety of **the general public...**

(emphasis added).

26.   Section 209.150, RSMo provides in pertinent part:

1. **Every person with a visual**, aural or other **disability** including diabetes, **as defined in section 213.010, shall have the same rights afforded to a person with no such disability to the full and free use** of the streets, highways, sidewalks, walkways, public buildings, **public facilities, and other public places.**

2. **Every person with a visual**, aural or other **disability** including diabetes, **as defined in section 213.010, is entitled to full and equal accommodations, advantages, facilities, and privileges of all common carriers**, airplanes, motor vehicles, **railroad trains, motor buses**, taxis, streetcars, boats **or any other public conveyances or modes of transportation**, hotels, lodging places, **places of public accommodation**, amusement or resort, **and other places to which the general public is invited...**

(emphasis added).

27.   As a provider of public transportation services (motor buses and railroad trains) to the general public, Defendant is a place of public accommodation within the meaning of the MHRA.

28.   Defendant has denied Plaintiff the full and equal use and enjoyment of its specified public transportation services and facilities.

6

Electronically Filed - City of St. Louis - April 07, 2016 - 06:49 PM

29.     Defendant has failed to make reasonable modifications in its policies, practices, or procedures that are necessary to afford its public transportation services and facilities to individuals with a visual disability like Plaintiff, including but not limited to the following:

(a)     Failing or refusing to take appropriate steps to ensure that communication with individuals who have a visual disability is as effective as communication with others;

(b)     Failing or refusing provide appropriate auxiliary aids and services to individuals with a visual disability;

(c)     Failing or refusing to give primary consideration to the type of auxiliary aids requested by individuals who have visual disability; and

(d)     Failing or refusing ensure that individuals who have a visual disability can obtain  information as to the existence and location of its accessible services, activities, and facilities.

30.     As a result of Defendant's discriminatory actions, Plaintiff has been refused, denied, or withheld public transportation services on numerous occasions over the past fifteen (15) years.

31.     Defendant's conduct and actions have violated and are continuing to violate the MHRA, §213.065, which states in pertinent part:

1. **All persons** within the jurisdiction of the state of Missouri **are free and equal and shall be entitled** to **the full and equal use and enjoyment** within this state **of any place of public accommodation**, as hereinafter defined, without discrimination or segregation on the grounds of race, color, religion, national origin, sex, ancestry, or disability.

2. It is an **unlawful discriminatory practice** for any person, **directly or indirectly**, to **refuse, withhold from or deny** any other

7

Electronically Filed - City of St. Louis - April 07, 2016 - 06:49 PM

person, or to attempt to refuse, withhold from or deny any other person, **any of the accommodations, advantages, facilities, services, or privileges made available in any place of public accommodation**, as **defined in section 213.010** and this section, or to segregate or discriminate against any such person in the use thereof on the grounds of race, color, religion, national origin, sex, ancestry, or disability.

(emphasis added).

32.     Defendant acts through its employees, contractors and agents.   Accordingly, Defendant's employees, contractors and agent's discriminatory actions were expressly authorized or ratified by Defendant.

33.     Defendant has denied Plaintiff the full and equal enjoyment of the accommodations, advantages, facilities, services, or privileges made available in any place of Defendant's public transportation services in the City of St. Louis and Plaintiff's disability was a contributing factor in Defendant's actions.

34.     Plaintiff was entitled to equal access to use Defendant's public transportation services and facilities as a place of public accommodation, free from discrimination based on his disability, pursuant to §213.065, RSMo.

35.     Defendant discriminated against Plaintiff in the provision of services and its facilities based on Plaintiff's disability, in violation of §213.065, RSMo.

36.     Individuals who do not have a visual disability are allowed full and equal access to Defendant's public transportation services and facilities.

37.     Defendant's acts and omissions, referred to in the preceding paragraphs constitutes ongoing discrimination within the meaning of §213.065, RSMo.

38.     Plaintiff has been injured and aggrieved by, and will continue to be injured and aggrieved by, Defendant's discrimination.

Electronically Filed - City of St. Louis - April 07, 2016 - 06:49 PM

39.     As a direct and proximate cause of Defendant's discriminatory practices, actions, and failures to act as described herein, Plaintiff has sustained and continues to sustain damages, including but not limited to damages from the inconvenience, humiliation, embarrassment, diminished enjoyment of life, economic loss, deprivation of his civil rights, and other injuries cause by Defendant's refusal or attempt to refuse to offer Plaintiff the full and equal use and enjoyment of their place of public accommodation.

40.     Defendant's discriminatory actions have been undertaken with malice or with reckless indifference to Plaintiff's rights, thus warranting an award of punitive damages that will punish and deter Defendant and others from like conduct.

41.     Plaintiff is entitled to recover reasonable attorneys' fees and costs from Defendants, as provided in §213.111.2, RSMo.

WHEREFORE, Plaintiff respectfully seeks a judgment after trial by jury, against Defendants and in his favor on Count I of this Petition and declare:

A.     That the policies and practices, as alleged herein, of Defendant, violates §213.065, RSMo;

B.     Find that Plaintiff has been subjected to unlawful discrimination in a place of public accommodation prohibited by §213.065, RSMo;

C.     Pursuant to §213.111.2, RSMo, grant Plaintiff a permanent injunction enjoining Defendant, its officers, employees, agents, successors, and all other persons in active concert or participation with it by permanent injunction from:

(1)     Failing or refusing to take appropriate steps to ensure that communication with individuals who have a visual disability is as effective as communication with others who do not have a visual disability;

Electronically Filed - City of St. Louis - April 07, 2016 - 06:49 PM

(2)   Failing or refusing provide appropriate auxiliary aids and services to individuals with a visual disability;

(3)   Failing or refusing to give primary consideration to the type of auxiliary aids requested by individuals who have visual disability;

(4)   Failing or refusing ensure that individuals who have a visual disability can obtain  information as to the existence and location of accessible services, activities, and facilities; and

(5)   Failing or refusing to design and/or construct its public accommodations such that they are readily achievable to and usable by individuals with visual disabilities as required by §213.065, RSMo.

D.   Pursuant to §213.111.2, RSMo, enter an order compelling Defendants to implement a remediation action plan to ensure that its services and facilities will fully comply with the accessibility mandates contained in the MHRA and in compliance with this judgment, including the following:

(1)   Taking appropriate steps to ensure that communication with individuals who have a visual disability is as effective as communication with others;

(2)   Providing appropriate auxiliary aids and services to individuals with a visual disability;

(3)   Giving primary consideration to the type of auxiliary aids requested by individuals who have visual disability;

(4)   Ensuring that individuals who have a visual disability can obtain information as to the existence and location of accessible services, activities, and facilities; and

Electronically Filed - City of St. Louis - April 07, 2016 - 06:49 PM

  (5)  Designing and/or constructing any new public accommodations that are readily achievable to and usable by individuals with visual disabilities as required by §213.065, RSMo.

  (6)  Installing signage and/or graphic wayfinding that would describe a particular public transportation stop.

  (7)  Ordering Defendant to administer testing and driver training on an annual basis for five (5) years and implement a remediation action plan to ensure compliance with this judgment.

E.  Award Plaintiff such appropriate actual damages, in an amount to be determined at trial, including but not limited to an award of actual damages in  an amount to be proved at trial, including but not limited to inconvenience, humiliation, embarrassment, diminished enjoyment of life, economic loss,  and deprivation of his civil rights;

F.  Award Plaintiff such appropriate punitive damages, in an amount to be determined at trial, to punish and deter Defendant and others from like conduct because of Defendant's willful and intentional conduct and blatant disregard for the MHRA as  it relates to full and equal use and enjoyment of any place of public accommodation so that they and others may be deterred from violating the accessibility mandates of the MHRA;

G.  Award Plaintiff his reasonable costs and attorneys' fees as may be recoverable pursuant to §213.111.2, RSMo; and

H.  Granting Plaintiff such other and future affirmative relief as the interests of justice may require.

11

Electronically Filed - City of St. Louis - April 07, 2016 - 06:49 PM

## COUNT II
### MHRA (§213.070(3), RSMo)
### Unlawful Discriminatory Practice

42.     Plaintiff restates and incorporates by reference, as if fully set forth herein, all prior allegations of this Petition.

43.     Defendant has engaged in unlawful discriminatory acts that are prohibited under the MHRA.

44.     Defendant is a political subdivision of the States of Missouri and Illinois that is duly organized, established, and existing under and by virtue of their respective state legislatures.

45.     Disability is a protected class under the MHRA.

46.     Defendant discriminated against Plaintiff based on his disability by directly or indirectly refusing, withholding, denying, or attempting to refuse, withhold or deny any of the accommodations, advantages, facilities, services, or privileges made available in any place of public accommodation, including but not limited to the following:

      (a)     Failing or refusing to take appropriate steps to ensure that communication with individuals who have a visual disability is as effective as communication with others;

      (b)     Failing or refusing provide appropriate auxiliary aids and services to individuals with a visual disability;

      (c)     Failing or refusing to give primary consideration to the type of auxiliary aids requested by individuals who have visual disability;

      (d)     Failing or refusing ensure that individuals who have a visual disability can obtain  information as to the existence and location of its accessible services, activities, and facilities; and

(e)     Upon information and belief, failing to train and supervise employees and

agents of Defendant to communicate effectively with individuals who

have visual disabilities and train and supervise employees regarding

the culture and behavior of individuals who have visual disabilities.

47.     Plaintiff's disability was a contributing factor in Defendant's decision to treat

Plaintiff differently and less favorably than other members of the public who do not have a visual

disability.

48.     Despite the provisions of the MHRA, Defendant persisted in imposing conditions

and practices which discriminate against Plaintiff and other persons who are blind or have other

visual disabilities by excluding or attempting to exclude Plaintiff from participation in, by

denying or attempting to deny him the benefits of, and subjecting or attempting to subject him to

discrimination in the benefits and services Defendant provides to the general public.

49.     Plaintiff has been injured and aggrieved by, and will continue to be injured and

aggrieved by, Defendant's discrimination.

50.     As a direct and proximate cause of Defendant's discriminatory practices, actions,

and failures to act as described herein, Plaintiff has sustained and continues to sustain damages,

including but not limited to damages from the inconvenience, humiliation, embarrassment,

emotional pain, mental anguish, diminished enjoyment of life, economic loss, deprivation of his

civil rights, and other injuries cause by Defendant's refusal to offer Plaintiff the full and equal

use and enjoyment of public accommodations.

51.     Defendant's discriminatory actions have been undertaken with malice or with

reckless indifference to Plaintiff's rights, thus warranting an award of punitive damages that will

punish Defendant and deter Defendant and others from like conduct.

13

Electronically Filed - City of St. Louis - April 07, 2016 - 06:49 PM

WHEREFORE, Plaintiff respectfully seeks a judgment after trial by jury, against Defendants and in his favor on Count II of this Petition and declare:

A.    That the policies and practices, as alleged herein, of Defendant, violates §213.065, RSMo;

B.    Find that Plaintiff has been subjected to unlawful discrimination in a place of public accommodation prohibited by §213.065, RSMo;

C.    Pursuant to §213.111.2, RSMo, grant Plaintiff a permanent injunction enjoining Defendant, its officers, employees, agents, successors, and all other persons in active concert or participation with it by permanent injunction from:

    (1)    Failing or refusing to take appropriate steps to ensure that communication with individuals who have a visual disability is as effective as communication with others who do not have a visual disability;

    (2)    Failing or refusing provide appropriate auxiliary aids and services to individuals with a visual disability;

    (3)    Failing or refusing to give primary consideration to the type of auxiliary aids requested by individuals who have visual disability;

    (4)    Failing or refusing ensure that individuals who have a visual disability can obtain  information as to the existence and location of accessible services, activities, and facilities; and

    (5)    Failing or refusing to design and/or construct its public accommodations such that they are readily achievable to and usable by individuals with visual disabilities as required by §213.065, RSMo.

14

Electronically Filed - City of St. Louis - April 07, 2016 - 06:49 PM

D.  Pursuant to §213.111.2, RSMo, enter an order compelling Defendants to implement a remediation action plan to ensure that its services and facilities will fully comply with the accessibility mandates contained in the MHRA and in compliance with this judgment, including the following:

(1)  Taking appropriate steps to ensure that communication with individuals who have a visual disability is as effective as communication with others;

(2)  Providing appropriate auxiliary aids and services to individuals with a visual disability;

(3)  Giving primary consideration to the type of auxiliary aids requested by individuals who have visual disability;

(4)  Ensuring that individuals who have a visual disability can obtain information as to the existence and location of accessible services, activities, and facilities; and

(5)  Designing and/or constructing any new public accommodations that are readily achievable to and usable by individuals with visual disabilities as required by §213.065, RSMo.

(6)  Installing signage and/or graphic wayfinding that would describe a particular public transportation stop.

(7)  Ordering Defendant to administer testing and driver training on an annual basis for five (5) years and implement a remediation action plan to ensure compliance with this judgment.

E.  Award Plaintiff such appropriate actual damages, in an amount to be determined at trial, including but not limited to deprivation of an award of actual damages in

15

Electronically Filed - City of St. Louis - April 07, 2016 - 06:49 PM

an amount to be proved at trial, including but not limited to inconvenience, humiliation, embarrassment, diminished enjoyment of life, economic loss, deprivation of his civil rights;

F.   Award Plaintiff such appropriate punitive damages, in an amount to be determined at trial, to punish and deter Defendant and others from like conduct because of Defendant's willful and intentional conduct and blatant disregard for the MHRA as it relates to full and equal use and enjoyment of any place of public accommodation so that they and others may be deterred from violating the accessibility mandates of the MHRA;

G.   Award Plaintiff his reasonable costs and attorneys' fees as may be recoverable pursuant to §213.111.2, RSMo; and

H.   Granting Plaintiff such other and future affirmative relief as the interests of justice may require.

### Demand for Jury Trial

Plaintiff requests a trial by jury, in the Circuit Court of the City of Saint Louis, Missouri, on all issues in this case which are so triable.

Respectfully Submitted

/s/ Cyrus Dashtaki
Cyrus Dashtaki, #57606
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, MO 63109
Telephone:    (314) 932-7671
Facsimile:    (314) 932-7672
Email:    cyrus@dashtaki.com


John C. Burns, #66462
The Burns Law Firm, LLC
1717 Park Avenue
St. Louis, MO 63104
Direct:    (314) 932-2356
Fax:    (314) 932-2171
Email:  John@burns-law-firm.com

*Attorneys for Plaintiff Scott Gustafson*


## CERTIFICATE OF SERVICE

The undersigned hereby states that on this 7th day of April 2016, a true and correct copy of the foregoing was filed electronically with Court's CM/ECF filing system, and was served upon all counsel of record.

/s/ Cyrus Dashtaki

17

Electronically Filed - City of St. Louis - April 07, 2016 - 06:49 PM



Missouri Commission on Human Rights & *CREA*
P.O. Box 1129
Jefferson City, MO 65102-1129

**EXHIBIT A**



## COMPLAINT OF DISCRIMINATION

ORIGINAL ☒   AMENDED ☐

CHARGE NUMBER
PA-04/14- 03917

| NAME | | TELEPHONE |
| --- | --- | --- |
| Scott Gustafson | | 314-563-1983 |

| STREET ADDRESS | CITY | STATE | ZIP CODE | COUNTY |
| --- | --- | --- | --- | --- |
| 4424 Wabash Ave. | St. Louis | MO | 63109 | SL City |

### INDICATE BELOW WHO YOU WISH TO FILE YOUR COMPLAINT AGAINST

| NAME | TELEPHONE (INCLUDE AREA CODE) |
| --- | --- |
| Metro Bi-State Transit | |

| STREET ADDRESS | CITY | STATE | ZIP CODE |
| --- | --- | --- | --- |
| 707 North First St.  Attn: **Philip Mosley Jr.** | St. Louis | MO | 63102 |

| NAME | TELEPHONE (INCLUDE AREA CODE) |
| --- | --- |
| | |

| STREET ADDRESS | CITY | STATE | ZIP CODE |
| --- | --- | --- | --- |
| | | | |

**NUMBER OF EMPLOYEES**   (IF YOUR COMPLAINT

➜

INVOLVES EMPLOYMENT)

CHECK APPROPRIATE BOX(ES)

☐ - Race        ☐ - Color        ☐ - Sex        ☐ - Religion        ☐ - National Origin

☒ - Disability *Vision*   ☐ - Age        ☐ - Retaliation        ☐ - Ancestry        ☐ - Other (Specify)

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (MONTH, DAY, YEAR)
12/26/2013

THE PARTICULARS ARE (IF ADDITIONAL SPACE IS NEEDED, ATTACHED EXTRA SHEET(S)

Complainant alleges that on December 26, 2013 at approximately 2:47 pm, he was waiting for the Respondent Eastbound 11 Chippewa bus with his guide dog at Lansdowne and Wabash when it drove right by him.  Complainant alleges he called and complained to Respondent, but Respondent failed to respond. Complainant alleges that the Respondent bus drivers failure to stop has been an ongoing problem and constitutes discriminatory practices

As remedy, Complainant is seeking an end to the discrimination and anything else the Commission deems just and proper.

Filed
APR 0 3 2014
MCHR - SL

Filed
APR 0 3 2014
MCHR - SL

| I declare or affirm under penalty of perjury that I have read the foregoing and it is true and correct. | I swear that I have read the foregoing and that it is true and to the best of my knowledge, information and belief. |
| --- | --- |
| DATE April 3, 2014 | SIGNATURE OF COMPLAINANT |
| COMPLAINANT (signature) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE |
| | SEAL AND SIGNATURE OF NOTARY PUBLIC |

Electronically Filed - City of St. Louis - April 07, 2016 - 06:49 PM

| AMENDED CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974; see Privacy Act Statement before completing this form. | CHARGE NUMBER<br>☐ FEPA  PA-04/14-03917<br>☐ EEOC |
|---|---|

### MISSOURI COMMISSION ON HUMAN RIGHTS AND EEOC

| NAME<br>Scott Gustafson | | Date of Birth<br>December 18, 1959 | HOME  TELEPHONE<br>NO. (Include Area<br>Code)<br>314-563-1983 |
|---|---|---|---|
| Street Address<br>4424 Wabash Avenue | | City, State and Zip Code<br>St. Louis, MO 63109 | County<br>St. Louis City |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (*If more than one list below*).

| NAME<br>Bi-State Development Agency of the Missouri-Illinois Metropolitan District d/b/a Metro, MetroBus, MetroLink | NUMBER OF EMPLOYEES,<br>MEMBERS<br>N/A | TELEPHONE NUMBER (Include Area Code<br>(314) 982-1589 | |
|---|---|---|---|
| STREET ADDRESS  Attn: Registered Agent<br>707 North First Street | | CITY, STATE AND ZIP CODE<br>St. Louis, MO 63102 | County<br>St. Louis<br>City |
| NAME | | TELEPHONE NUMBER (Include Area Code) | |
| STREET ADDRESS | | CITY, STATE AND ZIP CODE | County |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)<br>☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION<br>☐ NATIONAL ORIGIN  ☐ RETALIATION  ☐ AGE<br>☑ DISABILITY   ☐ OTHER (Specify) | DATE DISCRIMINATION TOOK PLACE (Month, day, year)<br>May 2013<br>☑ CONTINUING ACTION  November 4, 2014 |
|---|---|

THE PARTICULARS ARE (*If additional space is needed, attach extra sheet(s)*):

**FILED**

**NOV 1 4 2014**

MISSOURI COMMISSION
ON HUMAN RIGHTS

See attached narrative.

EXHIBIT
B

KENNETH HANFF
Notary Public – Notary Seal
State of Missouri
Commissioned for St. Charles County
My Commission Expires: June 27, 2017
Commission Number: 13498223

| ☐ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>_____   11-13-14<br>(Charging Party (Signature)            (Date) | NOTARY – (When necessary to meet State and Local Requirements)<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br><br>Signature of Complainant<br>_Kenneth Hanff_  SUBSCRIBED AND SWORN TO<br>BEFORE ME THIS DATE<br>(Day, month and year)   11-13-14 |
|---|---|

Electronically Filed - City of St. Louis - April 07, 2016 - 06:49 PM

My name is Scott Gustafson. I am blind and rely on public transportation provided by the Bi-State Development Agency of the Missouri-Illinois Metropolitan District d/b/a MetroBus, MetroLink ("Metro") to navigate safely, autonomously and functionally in my regular activities.

Metro does not use assistive technology on their website that allows individuals with visual impairments to fully access their website, including MetroBus and MetroLink route information, schedules, location of bus stops, etc. Even with a screen reader I am unable to use Metro's website to access this important information that individuals without visual impairments are able to access and use.

I have also experienced the following discriminatory actions by Metro due to my disability:

**MetroBus**

MetroBuses have driven past me and my guide dog while I am at a bus stop. The lists of past occurrences of when and where buses have passed by me while waiting at the bus stop are as follows.

1. December 26, 2013 – Wabash & Lansdowne
2. June 13, 2014 – St. Louis Zoo
3. August 5, 2014 – Watson Road & Lindenwood

My most recent trip on MetroBus was on or about November 4, 2014. I also cannot readily locate Metro's bus stops. Metro does not have audible signage or place its bus stop signs on uniquely shaped poles so blind persons can readily distinguish them from other signposts. Metro also does not consistently place its bus stop signs on the same side of the sidewalk.

MetroBus has replaced its fare vending machines that require precise placement of paper bills and coins and they are not audible; however, the bus drivers are not allowed to assist visually-impaired passengers with their fare deposits into the machine. As a result of the lack of accommodation, I have been ridiculed by bus drivers and other passengers because of the additional time needed to locate the bill acceptor or coin changer.

The MetroBuses identifying announcements are inconsistently made, are not amplified, and/or are difficult to understand, including: (a) route identifications; (b) transfer points with other fixed routes; (c) other major intersections and destination points; and (d) at intervals along a route sufficient to permit individuals who are blind or have vision impairments to be oriented to their location.

**MetroLink**

My most recent trip on MetroLink was on or about October 16, 2014.

MetroLink has moved ticket vending machines and ticket validation machines making it very difficult for an individual with visual impairments to locate and use them. The audio for the vending machines is often inaudible and I cannot determine if my ticket has been validated at the validation machines. Like the new fare boxes on MetroBus, paper money has to be precisely inserted into the vending machines. Since the MetroLink stations do not offer assistance to assist individuals with

Electronically Filed - City of St. Louis - April 07, 2016 - 06:49 PM

disabilities, an individual with a visual impairment is often left without assistance or has to rely on other customers to assist them in procuring a ticket.

MetroLink trains identifying announcements are inconsistently made, are not amplified, and/or are difficult to understand, including: (a) route identifications and (b) transfer points with other fixed routes. There is also pertinent information on tickets that visually-impaired riders cannot confirm, including the expiration date of the ticket.

The above discriminatory acts are examples of the major functional barriers to independent access that I have suffered, and constitute an ongoing pattern and practice of discrimination against individuals with visual impairments. I have been deprived and continue to be deprived of an equal opportunity to use and enjoy the accommodations, advantages, facilities, services, or privileges made available by Metro because Metro is not accessible to individuals with disabilities like myself. To date, I have suffered damages, and continue to suffer damages including deprivation of my civil rights, emotional distress, embarrassment and humiliation.

As a remedy, I am seeking the following: (1) an end to the discrimination against individuals with disabilities by Metro from the type of conduct described above; (2) that Metro cease and desist such unlawful discriminatory acts and submit to a manner of compliance for MetroBus and MetroLink that ensure they are in full compliance with the MHRA; (3) that Metro is enjoined from engaging in all other forms of current and future discrimination; and (4) compensation for my deprivation of civil rights, humiliation, embarrassment and anything else the Commission deems just and proper.



FILED

NOV 1 4 2014

MISSOURI COMMISSION
ON HUMAN RIGHTS

Electronically Filed - City of St. Louis - April 07, 2016 - 06:49 PM



MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
# MISSOURI COMMISSION ON HUMAN RIGHTS



| JEREMIAH W. (JAY) NIXON | RYAN McKENNA | SARA NELL LAMPE | ALISA WARREN, PH.D. |
| GOVERNOR | DEPARTMENT DIRECTOR | COMMISSION CHAIRPERSON | EXECUTIVE DIRECTOR |

Scott Gustafson
4424 Wabash Ave
Saint Louis, MO 63109

> **EXHIBIT**
> **C**

RE:   Scott Gustafson vs. THE BI-STATE DEVELOPMENT AGENCY OF THE MISSOURI-ILLINOIS
      P-04/14-03917

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

You are hereby notified that you have the right to bring a civil action within 90 days of the date of this letter against the respondent(s) named in the complaint. Such an action may be brought in any state circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, either before a circuit or associate circuit judge. Not only must any action brought in court pursuant to this right to sue authorization be filed within 90 days from the date of this letter, any such case must also be filed **no later than two years after the alleged cause occurred** or your reasonable discovery of the alleged cause.

**IF YOU DO NOT FILE A CIVIL ACTION IN STATE CIRCUIT COURT RELATING TO THE MATTERS ASSERTED IN YOUR COMPLAINT WITHIN 90 DAYS OF THE DATE OF THIS NOTICE (AND WITHIN TWO YEARS OF THE ALLEGED CAUSE, OR THE DISCOVERY OF THE ALLEGED CAUSE, OF YOUR COMPLAINT), YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is administratively closing this case and terminating all MCHR proceedings relating to your complaint. You may not reinstate this complaint with the MCHR or file a new complaint with the MCHR relating to the same act or practice, but rather, if you choose to continue to pursue your complaint, you must do so in court as described in this letter. This notice of right to sue has no effect on the suit-filing period of any federal claims.

This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been requested in writing 180 days after filing of the complaint. **Please note that administrative processing of this complaint, including determinations of jurisdiction, has not been completed.**

In addition to the process described above, if any party is aggrieved by this decision of the MCHR, that party may appeal the decision by filing a petition under § 536.150 of the Revised Statutes of Missouri in state circuit court. Any such petition must be filed in the circuit court of Cole County.

Respectfully,

Alisa Warren, Ph.D.
Executive Director

November 30, 2015
Date

C:   additional contacts listed on next page

☒          ☐          ☐          ☐          ☐

3315 W. TRUMAN BLVD.          111 N. 7TH STREET, SUITE 903      P.O. BOX 1300          1410 GENESSEE, SUITE 260      106 ARTHUR STREET
P.O. BOX 1129                ST. LOUIS, MO 63101-2100           OZARK, MO 65721-1300    KANSAS CITY, MO 64102         SUITE D
JEFFERSON CITY, MO 65102-1129  PHONE: 314-340-7590              FAX: 417-485-6024       FAX: 816-889-3582             SIKESTON, MO 63801-5454
PHONE: 573-751-3325            FAX: 314-340-7238                                                                      FAX: 573-472-5321
FAX: 573-751-2905
*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:   1-800-735-2966 (TDD)   Relay Missouri: 711
www.labor.mo.gov/mohumanrights        E-Mail: mchr@labor.mo.gov

)                                      )

RE:    Scott Gustafson vs. THE BI-STATE DEVELOPMENT AGENCY OF THE MISSOURI-
ILLINOIS
P-04/14-03917


THE BI-STATE DEVELOPMENT AGENCY OF THE MISSOURI-ILLINOIS
Metropolitan District D/B/A Metro
707 North First Street
Saint Louis, MO 63102

James Hetlage
LASHLY & BAER PC
714 Locust St
Saint Louis, MO 63101

Cyrus Dashtaki
Attorney at Law
5205 Hampton Avenue
Saint Louis, MO 63109

Electronically Filed - City of St. Louis - April 07, 2016 - 06:49 PM

Electronically Filed - City of St. Louis - April 07, 2016 - 06:49 PM

IN THE CIRCUIT COURT FOR THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| SCOTT GUSTAFSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1522-CC11361 |
| | ) |
| THE BI-STATE DEVELOPMENT AGENCY | )   Division 1 |
| OF THE MISSOURI – ILLINOIS | ) |
| METROPOLITAN DISTRICT d/b/a METRO, | ) |
| METRO TRANSIT, METROBUS, | ) |
| METROLINK, | ) |
| | ) |
| Defendant. | ) |

**EXHIBIT B**

### [PROPOSED] ORDER GRANTING LEAVE TO FILE FIRST AMENDED PETITION

THIS MATTER came to be considered by the Court pursuant to Plaintiff's Motion for

Leave to File First Amended Petition filed by Plaintiff Scott Gustafson in the above-styled cause.

The Court having considered the Motion and being fully advised of the premises, it is, therefore,

**ORDERED AND ADJUDGED:**

      1.    That the Plaintiff's Motion for Leave to file his First Amended Petition is hereby

granted.

      2.    That Plaintiff's First Amended Petition attached to the above-referenced Motion

shall be deemed filed as of the date of this Order.

**SO ORDERED:**

_____

**Date**

_____

**Hon. Bryan L. Hettenbach**

# 11

04/26/2016

Electronically Filed - City of St. Louis - April 07, 2016 - 06:49 PM

IN THE CIRCUIT COURT FOR THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| SCOTT GUSTAFSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE BI-STATE DEVELOPMENT AGENCY | ) |
| OF THE MISSOURI – ILLINOIS | ) |
| METROPOLITAN DISTRICT d/b/a METRO, | ) |
| METRO TRANSIT, METROBUS, | ) |
| METROLINK, | ) |
| | ) |
| Defendant. | ) |

EXHIBIT
B

Case No. 1522-CC11361

Division 1

**FILED**

APR 2 6 2016

22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY_____ DEPUTY

[PROPOSED] ORDER GRANTING LEAVE TO FILE FIRST AMENDED PETITION

THIS MATTER came to be considered by the Court pursuant to Plaintiff's Motion for

Leave to File First Amended Petition filed by Plaintiff Scott Gustafson in the above-styled cause.

The Court having considered the Motion and being fully advised of the premises, it is, therefore,

**ORDERED AND ADJUDGED:**

1.     That the Plaintiff's Motion for Leave to file his First Amended Petition is hereby

granted.

2.     That Plaintiff's First Amended Petition attached to the above-referenced Motion

shall be deemed filed as of the date of this Order.

**SO ORDERED:**

_4/26/16_
**Date**

_____
Hon. Bryan L. Hettenbach

# 12

**04/29/2016**

Electronically Filed - City of St. Louis - April 29, 2016 - 03:35 PM

## IN THE CIRCUIT COURT OF ST. LOUIS CITY
## STATE OF MISSOURI

SCOTT GUSTAFSON,             )

         )

      Plaintiff,       )      **1522-CC11361**

         )

v.                 )      **Division: 1**

         )

THE BI-STATE DEVELOPMENT AGENCY  )

OF THE MISSOURI-ILLINOIS       )

METROPOLITAN DISTRICT d/b/a METRO,  )

METRO TRANSIT, METROBUS,      )

METROLINK               )

         )

      Defendant.     )

## DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS AND MEMORANDUM IN SUPPORT THEREOF

COMES NOW Defendant Bi-State Development Agency, d/b/a Metro Transit ("Bi-State"), by and through its undersigned counsel, and pursuant to Rule 55.27(a)(1) & (6), moves this Court to dismiss Plaintiff Scott Gustafson's First Amended Petition ("Petition") for lack of subject matter jurisdiction and to state a claim or, alternatively, to stay this action pending resolution of *State ex rel. Bi-State v. MCHR, et al.*, No. 15AC-CC00618.

### I.    INTRODUCTION

Gustafson's Petition alleges that Bi-State denied him the full and equal use of its public transportation services and facilities in violation of the Missouri Human Rights Act (MHRA). Bi-State is the creation of an Interstate Compact, and as a consequence, is not subject to the MHRA. Therefore, this action should be dismissed because this court both lacks subject matter jurisdiction and because any claim under the MHRA against Bi-State fails to state a claim as a matter of law.

Electronically Filed - City of St. Louis - April 29, 2016 - 03:35 PM

Alternatively, Bi-State requests this Court to stay this action pending resolution of *State ex rel. Bi-State v. MCHR, et al.*, No. 15AC-CC00618. Pursuant to the Missouri Supreme Court's decision in *Farrow v. Saint Francis Med. Ctr.*, 407 S.W.3d 579 (Mo. banc 2013), Bi-State has petitioned the Cole County Circuit Court for judicial review of a non-contested case and for writs of mandamus and prohibition regarding the MCHR's issuance of the Notice of Right to Sue to Gustafson. That Cole County petition is still pending in the Cole County Circuit Court. If Bi-State's petition is granted, the appropriate remedy may result in the Notice of Right to Sue to Gustafson being withdrawn or invalidated. A Right to Sue notice is one of the three requirements imposed by § 213.111 to file a claim under the MHRA. *Farrow*, 407 S.W.3d at 591. Accordingly, Bi-State's collateral action directly challenges one of the necessary preconditions for Plaintiff to sustain his current action against Bi-State. For these reasons, the interests of judicial economy and the prevention of inconsistent judgments favors staying these proceedings pending resolution of the Cole County action.

## II.      STANDARD OF REVIEW

### *Motion to Dismiss for Lack of Subject Matter Jurisdiction*

"Dismissal for lack of subject matter jurisdiction is proper when it appears by a preponderance of the evidence, that the court is without jurisdiction." *Beth Hamedrosh Hagodol Cemetery Ass'n*, 923 S.W.2d at 442 (citing Rule 55.27(g)(3); *Schopp v. Matlock*, 880 S.W.2d 357, 359 (Mo.App.1994)). In reviewing such a motion, the Court must "determine if the facts pleaded and the reasonable inferences to be drawn therefrom state any ground for relief." *State ex rel. Barth v. Platte County*, 884 S.W.2d 95, 97 (Mo.App.1994) (citing *Martin v. City of*

Electronically Filed - City of St. Louis - April 29, 2016 - 03:35 PM

*Washington,* 848 S.W.2d 487, 489 (Mo. banc 1993)). Facts alleged are taken as true and construe the allegations favorably and liberally to the pleader. *Id.*

### Motion to Dismiss for Failure to State a Claim

When reviewing the dismissal of a motion to modify for failure to state a claim, "all facts properly pleaded are assumed true, the averments are given a liberal construction, and the motion is accorded all reasonable inferences fairly deductible from the facts stated." *Shaver v. Shaver,* 913 S.W.2d 443, 444 (Mo.App. E.D.1996). If under the facts averred in the motion the movant would be entitled to relief, then the motion states a claim. *See Richardson v. Richardson,* 218 S.W.3d 426, 428 (Mo. banc 2007).

### Motion to Stay Proceedings

Courts have inherent authority to "control and move their dockets." *PerfectStop Partners, L.P. v. U.S. Bank,* 231 S.W.3d 260, 267 (Mo. Ct. App. 2007)(*citing Shirrell v. Missouri Edison Co.,* 535 S.W.2d 446, 450 (Mo. 1976). In appropriate cases, a "delay is justified" and "a court properly permits it[.]" *Shirrell,* 535 S.W.2d at 450. Thus, "[t]he granting or refusing of a stay of proceedings rests in the trial court's discretion, the exercise of which will not be disturbed on appeal unless clearly abused." *Green v. Miller,* 851 S.W.2d 553, 556 (Mo.App.W.D.1993). "Stay of proceedings is not a matter of right but involves the exercise of some discretion by the trial court as to granting and as to duration; but it would be an abuse of discretion to refuse a stay properly required by the circumstances." *U.S. Bank, N.A. v. Coverdell,* No. SD 32844, 2015 WL 7251405, at *9 (Mo. Ct. App. Oct. 30, 2015)(*quoting State ex rel. Great Am. Ins. Co. v. Jones,* 396 S.W.2d 601, 605 (Mo. banc 1965)).

Electronically Filed - City of St. Louis - April 29, 2016 - 03:35 PM

## III.   ANALYSIS

### A. Bi-State is not subject to the MHRA because the MHRA was never incorporated into the Interstate Compact creating Bi-State.

As the United States District Court for the Eastern District of Missouri recognized just last year:

> [Bi-State] was created by an interstate compact pursuant to the statutes of Missouri and Illinois in 1949, Mo.Rev.Stat. § 70.370; 45 Ill. Comp. Stat. 100/1, and was approved by the United States Congress pursuant to the Compact Clause of the United States Constitution. [Bi-State]'s purpose is "to provide a unified mass transportation system" for the bi-state region. "Entities created by interstate compacts have a unique legal status. Bi-state entities 'are creations of three discrete sovereigns: two States and the federal Government.'"

*Stenger v. Bi-State Dev. Agency of Missouri/illinois Metro. Dist.*, No. 414CV01655AGF, 2015 WL 164044, at *1 (E.D. Mo. Jan. 13, 2015) aff'd, 808 F.3d 734 (8th Cir. 2015)(internal citations omitted).  Because of its unique legal status as an Interstate Compact, courts have found that, "[b]ecause parties to a compact have given up some sovereign powers, no party can unilaterally subject the compact entity to a particular policy or law." *KMOV TV, Inc. v. Bi-State Dev. Agency of Missouri-Illinois Metro. Dist.*, 625 F. Supp. 2d 808, 811 (E.D. Mo. 2008).

In *KMOV TV, Inc. v. Bi-State Dev. Agency of Missouri-Illinois Metro. Dist.*, KMOV submitted to Bi-State a request for documents under the "Missouri Sunshine Law"; Missouri Revised Statutes, Chapter 610.  Despite the fact that the Missouri General Assembly explicitly attempted to make the "Missouri Sunshine Law" applicable to Bi-State – *see* § 610.010(4)(g) – the United States District Court for the Eastern District of Missouri held that Missouri's Sunshine Law did not apply to Bi-State because Bi-State's authorizing statutes were silent on the question, and "explicit approval by the Illinois legislature to apply the Missouri Sunshine Law to [Bi-State] is required" but had not been given. *Id.* 625 F. Supp. 2d at 814.

Electronically Filed - City of St. Louis - April 29, 2016 - 03:35 PM

The situation is the same here.   Nowhere in Bi-State's authorizing legislation did Missouri, Illinois and the United States Congress apply the Missouri Human Rights Act to Bi-State.   Thus, the Missouri Human Rights Act cannot be applied to Bi-State.   *Id.*   Other Courts to have addressed this issue have uniformly held that state discrimination laws not specifically incorporated into an interstate compact do not apply to the compact agency. *See hip Heightened Indep. & Progress, Inc. v. Port Auth. of New York & New Jersey*, 693 F.3d 345, 356 (3d Cir. 2012)(New Jersey Law Against Discrimination relating to construction codes for the disabled did not apply to Port Authority, a creation of an interstate compact)(and cases cited therein); *Novak v. Waterfront Comm'n of New York Harbor*, 928 F. Supp. 2d 723, 734 (S.D.N.Y. 2013)(collecting cases holding neither New York nor New Jersey anti-discrimination laws apply to Port Authority, an interstate agency); *Int'l Union of Operating Engineers, Local 542 v. Delaware River Joint Toll Bridge Comm'n*, 311 F.3d 273 (3d Cir. 2002)(refusing to apply New Jersey collective bargaining laws to interstate compact commission); *Nardi v. Delaware River Port Auth.*, 88 Pa. Cmwlth. 558, 490 A.2d 949 (1985)(refusing to apply disability pay enactments of New Jersey and Pennsylvania to interstate compact commission); *Spence-Parker v. Delaware River & Bay Auth.*, 616 F. Supp. 2d 509, 520-21 (D.N.J. 2009)(refusing to apply Delaware's Discrimination in Employment Act to Delaware River & Bay Authority, an interstate compact).   For these reasons, this Court lacks subject matter jurisdiction over these MHRA claims against Bi-State and the Petition fails to state a claim against Bi-State.

Electronically Filed - City of St. Louis - April 29, 2016 - 03:35 PM

**B. This Court should stay the proceedings in this case pending resolution of *State ex rel. Bi-State v. MCHR, et al.*, No. 15AC-CC00618 because the outcome of that case could be dispositive of the current case.**

Alternatively, if this Court chooses not to dismiss this action outright, Bi-State respectfully requests that it exercise its discretion to stay this action pending resolution of the action Bi-State filed in Cole County Missouri styled *State ex rel. Bi-State v. MCHR, et al.*, No. 15AC-CC00618. Some background is in order to explain how the Cole County action affects this one. In *Farrow v. St. Francis Medical Center*, 407 S.W.3d 579 (Mo. banc 2013) the Missouri Supreme Court explicitly held that the MCHR is "required to determine its own jurisdiction even if it did not make a decision on the merits of" the Charge. The Court went on to hold that:

> Had the Commission determined Farrow's claim was untimely, it would lack the authority to issue the right to sue letter. The Commission's only option would be to close the complaint for lack of jurisdiction or the absence of any remedy.

*Id.* The *Farrow* court further held that if the entity against whom the Charge was brought challenged the MCHR's issuance of a Notice of Right to Sue, the appropriate method for doing so was through a petition for a writ of prohibition in circuit court. *Id.*

Bi-State's Petition for Judicial Review in Cole County seeks an order requiring the MCHR to withdraw the Notice of Right to Sue based on Gustafon's MCHR Charge for at least two reasons. First, as explained above, Bi-State seeks withdrawal or invalidation of the MCHR's Notice of Right to Sue based on the fact that Bi-State is not subject to the MHRA. Second, Bi-State and MCHR reached a Settlement Agreement regarding identical claims by Gustafson in the past. Thus, Bi-State contends that MCHR had no authority to allow (through issuance of the Notice of Right to Sue letter) Gustafson to sue Bi-State based on the same claims which were resolved in the Settlement Agreement. Regardless of why the Notice of Right to Sue is

Electronically Filed - City of St. Louis - April 29, 2016 - 03:35 PM

withdrawn or invalidated, the implication of such a decision for this case is clear: if the MCHR

withdraws its Notice of Right to Sue or if that Notice is invalidated by the Court, then Plaintiff's

present action fails as a matter of law.  Missouri appellate courts are clear on this point:

> Before initiating a civil action under the MHRA, a claimant must exhaust administrative remedies by timely filing an administrative complaint and either adjudicating the claim through the MCHR or obtaining a right-to-sue letter. The doctrine of exhaustion of remedies is a jurisdictional requirement. This rule requires that, before applying to the courts for relief, all remedies must be exhausted at the administrative level. If all administrative remedies have not been exhausted, the circuit court lacks subject matter jurisdiction to judicially review the administrative decision.

*Alhalabi v. Missouri Dep't of Nat. Res.*, 300 S.W.3d 518, 524 (Mo. Ct. App. 2009)(internal

citations omitted).[1]  If the Cole County Court orders MCHR to withdraw its Notice of Right to

Sue or invalidates that Notice, Plaintiff will have failed to have exhausted his administrative

remedies in this case because he would lack a "right-to-sue" letter over the allegations of his

current Petition.

    It makes no sense for this Court to allow the current action to proceed and to authorize

the parties to conduct extensive and potentially expensive discovery on the allegations of

Gustafson's Petition when Bi-State's pending Petition for Judicial Review in Cole County may

dispose of this case entirely.  Instead, if this case is not dismissed, this Court should stay any

proceedings and discovery on Gustafson's Petition in this case until the Cole County Court

adjudicates Bi-State's pending Writ Petition.  Such a stay will conserve the resources of the

parties and this Court by ensuring that only those claims over which the MCHR had jurisdiction

---

[1] As the *Alhalabi* decision noted, the Missouri Supreme Court has "held that the trial court technically does not lack subject matter jurisdiction over unexhausted claims, but rather lacks authority to review those claims as a result of the statutory exhaustion requirement" it held that, regardless, "the end result is the same in both cases, courts should dismiss claims that are not properly exhausted." *Id.* at 524, n. 1.

Electronically Filed - City of St. Louis - April 29, 2016 - 03:35 PM

and the authority to issue a Notice of Right to Sue on are before this Court. Gustafson will suffer no prejudice from such a stay because, if Bi-State's Petition for Judicial Review is dismissed or the relief requested is denied, Gustafson will be able to pursue his Petition in this Court. If the Cole County Court grants the relief requested by Bi-State, Gustafson will also suffer no prejudice because his unauthorized claims will be resolved without requiring the needless expenditure of resources in this action.

Bi-State wishes to point out that the Circuit Court of Jackson County, Missouri stayed the MHRA action in the matter of *Norton v. Tivol Plaza, Inc.*, No. 1416-CV23141 pending resolution of a Petition for a Writ Challenging the Notice of Right to Sue in another MHRA proceeding. A copy of that Order is attached hereto as Exhibit A for reference.

## IV.    CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Defendant respectfully requests this Court to issue an Order dismissing this action immediately, or, alternatively, staying the current action until the Cole County Circuit Court fully and finally adjudicates Defendant's pending Writ Petition and all appeals therefrom are resolved; and for such further relief as the Court deems just and proper.

Electronically Filed - City of St. Louis - April 29, 2016 - 03:35 PM

Respectfully submitted,

**McMAHON BERGER, P.C.**

_____ */s/ Brian C. Hey* _____
James N. Foster Jr., ARN 28231 MO
Brian C. Hey ARN 53930 MO
Rex P. Fennessey, ARN 58925 MO
2730 North Ballas Road, Suite 200
St. Louis, Missouri 63131
(314) 567-7350 – (Telephone)
(314) 567-5968 – (Facsimile)
foster@mcmahonberger.com
hey@mcmahonberger.com
fennessey@mcmahonberger.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of April, 2016, a true copy of the foregoing was served by the court's electronic notice to:

Cyrus Dashtaki
Dashtaki Law Firm
5205 Hampton Avenue
St. Louis, MO 63109
*cyrus@dashtaki.com*

John C. Burns
The Burns Law Firm, LLC
1717 Park Avenue
St. Louis, MO 63104
*John@burns-law-firm.com*

*Attorneys for Plaintiff*

_____ */s/ Brian C. Hey* _____

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

### IN THE CIRCUIT COURT OF ST. LOUIS CITY
### STATE OF MISSOURI

SCOTT GUSTAFSON,                      )
                                       )
    Plaintiff,                     )     1522-CC11361
                                       )
v.                                     )     Division: 1
                                       )
THE BI-STATE DEVELOPMENT AGENCY       )
OF THE MISSOURI-ILLINOIS              )
METROPOLITAN DISTRICT d/b/a METRO,    )
METRO TRANSIT, METROBUS,              )
METROLINK                             )
                                       )
    Defendant.                     )

### DEFENDANT'S MOTION FOR PROTECTIVE ORDER
### AND MEMORANDUM IN SUPPORT THEREOF

COMES NOW Defendant Bi-State Development Agency, d/b/a Metro Transit ("Bi-State"), by and through its undersigned counsel, and pursuant to Rule 56.01(c), moves this Court for entry of a protective order; specifically, to stay issuance and responses to discovery in this matter pending full resolution of *State ex rel. Bi-State v. MCHR, et al.*, No. 15AC-CC00618. In support of this Motion, Defendant states as follows:

**I.       INTRODUCTION AND SUMMARY**

Bi-State has filed an action in Cole County Circuit Court seeking judicial review of the Missouri Commission on Human Right's decision to issue Gustafson a Notice of Right to Sue letter. If Bi-State prevails in that action, Gustafson's Notice of Right to Sue will be withdrawn, and this case will be subject to dismissal. Gustafson has served Bi-State with written discovery in this matter. Bi-State respectfully requests this Court issue a protective order staying discovery in this action until resolution of the Cole County action to preserve the resources of the parties and this Court.

Page 1 of 7

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

## II.    STANDARD OF REVIEW

"Rule 56.01(c) permits any party to file a motion for a protective order. A request for a stay order [regarding discovery] falls within that rule." *Smulls v. State*, 71 S.W.3d 138, 150-51 (Mo. 2002). The trial judge has broad discretion to determine the appropriateness and terms of the protective orders relating to discovery. Rule 56.01(c); *State ex rel. Ford Motor Co. v. Manners*, 239 S.W.3d 583, 586 (Mo. 2007); *State ex rel. General Motors Acceptance Corp. v. Standridge,* 181 S.W.3d 76, 78 (Mo. banc 2006).

## III.    DISCUSSION

Rule 56.01(c)(1) & (2) states that upon the motion of any "party…from whom discovery is sought, and for good cause, the court may make any order which justice requires to protect a party…from annoyance, embarrassment, oppression or undue burden or expense, including…that the discovery not be had; or that that the discovery may be had only on specified terms and conditions, including a designation of the time or place." In this case, a protective order staying discovery in this case until resolution of *State ex rel. Bi-State v. MCHR, et al.*, No. 15AC-CC00618 is appropriate because that action may result in the withdrawal of the Notice of Right to Sue issued by MCHR to Gustafon; which, in turn, would compel dismissal of the action before this Court.

In *Farrow v. Saint Francis Med. Ctr.*, 407 S.W.3d 579, 589 (Mo. banc Aug. 27, 2013), the Missouri Supreme Court made clear that the MHCR is statutorily "required to determine its own jurisdiction even if it does not make a determination on the merits" of a complainant's discrimination complaint before issuing a Right to Sue notice in connection with any charge filed with the MCHR. Despite the Supreme Court's clear mandate, the MCHR continues to

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

systematically receive discrimination complaints, take no action for 180 days, and then issue Right to Sue notices after 180 days without making any findings as to whether the MCHR even had jurisdiction over the charges for which it is issuing a Right to Sue notice.

In this case, the MCHR's failure to perform the jurisdictional analysis mandated by *Farrow* has directly prejudiced Bi-State. As discussed more fully in "Defendant's Motion to Dismiss, or Alternatively, to Stay Proceedings" Bi-State believes that MCHR lacked the authority to issue Gustafson a Notice of Right to Sue because as an Interstate Compact, Bi-State is not subject to the MHRA and because Bi-State and Gustafson settled the substance of Gustafson's claims in a 2011 Settlement Agreement. In *Farrow*, the Supreme Court held that the appropriate method of challenging issuance of a Notice of Right to Sue for lack of jurisdiction is through a petition for judicial review seeking a writ of mandamus filed in circuit court pursuant to RSMo. §536.150. *Farrow*, 407 S.W.3d at 589-590. As noted in its "Motion to Dismiss or Alternatively to Stay Proceedings," Bi-State has timely filed, and continues to pursue the aforementioned remedy in the Circuit Court of Cole County.  Just last Friday, April 22, 2016, the parties to Bi-State's Cole County proceeding appeared and argued Gustafson and the MCHR's Motions to Dismiss Bi-State's Petition.  The Court has taken those motions under advisement, but has not yet ruled on them.  If Bi-State's Petition is successful, Gustafson's Right to Sue notice could be withdrawn or invalidated, stripping him of an essential requirement for sustaining the present action.

On March 10, 2016, Gustafson propounded Interrogatories and Requests for Production of Documents to Bi-State relating to the claims of his Petition.  (See Ex. A & B).  As a review of the attached demonstrates, Gustafson has sought a broad swath of information and documents which will require significant time and resources to collect and produce.  Gustafson consented to

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

an extension of time to respond to his written discovery until May 10, 2016. However, as noted above, it now appears that the Cole County action filed by Bi-State will not be resolved before Bi-State's answers and responses to Plaintiff's written discovery are due. In order to avoid the expense of having to prepare responses, search for relevant documents and produce the same, Bi-State respectfully requests that this Court issue a protective order staying all discovery – including the requirement that Bi-State respond to Gustafson's written discovery – until the Cole County matter has been fully resolved.

To be clear, Gustafson will not be prejudiced if the Court issues such a Protective Order. If Bi-State prevails in its Cole County action, the Notice of Right to Sue issued to Gustafson will be withdrawn and the present case will be subject to dismissal for failure to obtain a Notice of Right to Sue letter. Thus, entry of the protective order will have saved both Bi-State and Gustafson the time and resources attendant propounding and responding to written discovery in a case that cannot proceed. If Bi-State is unsuccessful, Bi-State will respond to Gustafson's written discovery. In either case, entry of a protective order will conserve the resources of the parties and this Court pending resolution of the predicate question of whether MCHR had jurisdiction to hear this matter.

Missouri courts have long recognized that "[m]any types of cases may present issues where more than one court properly has subject matter jurisdiction over the same matter or issue." *In the Matter of S.J.M.*, 453 S.W.3d 340, 344 (Mo. Ct. App. 2015)(citing *Kelly v. Kelly,* 245 S.W.3d 308, 312–13 (Mo.App.W.D.2008)). Those courts have also recognized that, "parallel litigation involving the same parties and the same issues and proceeding simultaneously in [two different] courts adds greatly to litigation expense and inefficiency. Such duplicative costs are wasteful and should be avoided in appropriate cases." *Globe Indem. Co. v. Wrenn Ins.*

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

*Agency of Missouri*, 816 F. Supp. 1379, 1381 (W.D. Mo. 1993). Indeed, "[w]here multiple courts have subject matter and personal jurisdiction over the issue and the parties, a court commits an error of law if exercising its authority…results in wasteful duplication[.]" *In re J.M.J.*, 404 S.W.3d at 430. As a result, trial courts faced with a similar situation to the present one have ordered all proceedings – including discovery – be stayed until the Cole County action has been resolved. (See Ex. C – Order in *Norton v. Tivol Plaza, Inc.*, No. 1416-CV23141, Jackson County Circuit Court, November 26, 2014).

## IV.    CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Bi-State respectfully requests this Court issue a protective order staying discovery in this matter – including Bi-State's responses to Plaintiff's written discovery already propounded or which may be propounded – pending full resolution of *State ex rel. Bi-State v. MCHR, et al.*, No. 15AC-CC00618; and for such further relief as the Court deems just and proper.

<div align="right">

Respectfully submitted,

**McMAHON BERGER, P.C.**

_/s/ Brian C. Hey_
James N. Foster Jr., ARN 28231 MO
Brian C. Hey ARN 53930 MO
Rex P. Fennessey, ARN 58925 MO
2730 North Ballas Road, Suite 200
St. Louis, Missouri  63131
(314) 567-7350 – (Telephone)
(314) 567-5968 – (Facsimile)
foster@mcmahonberger.com
hey@mcmahonberger.com
fennessey@mcmahonberger.com

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of April, 2016, a true copy of the foregoing was served by the court's electronic notice to:

Cyrus Dashtaki
Dashtaki Law Firm
5205 Hampton Avenue
St. Louis, MO 63109
*cyrus@dashtaki.com*

John C. Burns
The Burns Law Firm, LLC
1717 Park Avenue
St. Louis, MO 63104
*John@burns-law-firm.com*

*Attorneys for Plaintiff*

/s/ Brian C. Hey

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

## IN THE CIRCUIT COURT OF ST. LOUIS CITY
## STATE OF MISSOURI

| | | |
|---|---|---|
| SCOTT GUSTAFSON, | ) | |
| | ) | |
| Plaintiff, | ) | 1522-CC11361 |
| | ) | |
| v. | ) | Division: 1 |
| | ) | |
| THE BI-STATE DEVELOPMENT AGENCY | ) | |
| OF THE MISSOURI-ILLINOIS | ) | |
| METROPOLITAN DISTRICT d/b/a METRO, | ) | |
| METRO TRANSIT, METROBUS, | ) | |
| METROLINK | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

After careful consideration and being duly advised of the premises, the Court hereby GRANTS Defendant Bi-State Development Agency, d/b/a Metro Transit's Motion for a Protective Order as follows:

Discovery in this matter is hereby STAYED pending a final resolution of the collateral matter of *State ex rel. Bi-State v. MCHR, et al.*, No. 15AC-CC00618. Defendant Bi-State need not respond to Plaintiff's First Interrogatories, Requests for Production of Documents until thirty days after final resolution of that matter. The parties are to notify this Court when that case has been resolved.

IT IS SO ORDERED

_____          _____
              Date                                              Circuit Judge

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

SCOTT GUSTAFSON,                      )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )        Case No. 1522-CC11361
                                       )
THE BI-STATE DEVELOPMENT AGENCY        )        Division 1
OF THE MISSOURI – ILLINOIS             )
METROPOLITAN DISTRICT d/b/a METRO,     )
METRO TRANSIT, METROBUS,               )
METROLINK,                             )
                                       )
        Defendant.                     )

## PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT

COMES NOW, Plaintiff Scott Gustafson, by and through his attorneys, hereby

propounds the following interrogatories on Defendant pursuant to Missouri Rules of Civil

Procedure, Rule 57.01. Defendant shall serve a copy of their Answers, taken under oath and

answered fully upon the undersigned counsel within the time provided by the Rule.

## DEFINITIONS

For the purpose of these interrogatories and Answers the following definitions shall

apply:

(a)     "Plaintiff" as used herein shall mean Scott Gustafson.

(b)     "Defendant," "Metro", "You," or "Your" as used herein shall mean Defendant

Bi-State Development Agency of the Missouri – Illinois Metropolitan District d/b/a Metro,

MetroTransit, MetroBus, MetroLink, and all of its divisions, as well as successors, predecessors,

current or former officers, current or former appointed officials, current or former elected

officials, directors, assigns, agents, attorneys, subsidiaries, employees, contractors,

EXHIBIT
A

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

representatives or any other person acting or purporting to act on its behalf.

(c)    "Person" shall mean the plural as well as the singular and shall include any natural person, and any firm, association, partnership, joint venture, business trust, corporation, governmental or public entity, department, agency, office, or any other form of legal entity.

(d)    The term "policy" means each rule, procedure, or directive, formal or informal, and each common understanding or course of conduct which was recognized as such by your present and former officers, agents, employees, or other persons acting or purporting to act on your behalf, which was in effect at any time during the period covered by these interrogatories.

(e)    The words "document" or "documents" or "writings" include, without limitation, all electronic data stored or residing in any computer database, hard drive, digital tape, floppy disc, CD-ROM or other means of storing electronic data, books, ledgers, ledger cards, pamphlets, letters, correspondence, emails, telegrams, cablegrams, reports, memoranda, notes, records, studies, charts, statistics, schedules, papers, graphs, indices, tapes, tabulations, checks, check stubs, vouchers, accounts, data sheets or cards, communications, minutes, transcriptions, diaries, calendars, drafts, blueprints, affidavits, sketches, photographs, movies, slides, or any other written, printed, recorded, or graphic matter, photographic matter or sound reproduction or computer input or output, however reproduced, that (1) are now or were formerly in the possession, custody, or control of you, or (2) are known or are believed to be responsive to these interrogatories, regardless of who now has or formerly had custody, possession, or control. "Document" or "documents" also includes copies or reproductions of any of the foregoing which differ in any respect from the original or from one another.

(f)    The words "describe" or "description" <u>when referring to a place, thing, or</u>

2

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

occurrence mean to identify with sufficient particularity the place, thing, or occurrence so as to enable one to locate, examine and fully comprehend or understand the place, thing, or occurrence described; and when referring to an investigation mean to identify each person who was interviewed in connection with the investigation, stating the date and place of each such interview, identifying each person present at the interview, and identifying each document which records, reflects, and/or refers to each interview.

      (g)    To "identify" a document (as defined above) or any other thing means to state its type (e.g., letter, memorandum, or periodical) or otherwise describe it, and to supply the following information where applicable:

          (1)    The name of the person who prepared it;

          (2)    The name of the person who signed it or in whose name it was issued;

          (3)    The name of each person to whom it was addressed or distributed;

          (4)    The nature and substance of the writing, with sufficient particularity to enable it to be identified;

          (5)    Its date, or, if it bears no date, its approximate date;

          (6)    Its physical location, the name and address of its custodian(s), and when it came into your possession or control (if such is the case); and

          (7)    If any such document was, but is no longer in your possession or subject to your control, the term "identify" includes a description of what disposition was made of it and the identity of the person who presently has custody of it.

      (h)    To "identify" an oral communication shall mean to state:

3

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

(1)     The identity of each person who participated in the communication and the name of each person who was present at the time it was made;

(2)     By whom each such person was employed and whom each such person represented or purported to represent in making the communication;

(3)     The date when such communication took place;

(4)     The place where such communication took place;

(5)     What each person said (if known) or the substance thereof; and

(6)     The identification of each document pertaining to such oral communication.

(i)     To "identify" a person shall mean to state with respect thereto:

(1)     His, her, or its name and last known address and telephone number, and, in addition, if a natural person, his or her last known non-business address and telephone number; and

(2)     If a natural person, the date of birth, educational background including any degrees, any professional or business licensure, registration or certification including the date received, the number and status of the license, registration, or certification, and the entity responsible for issuing the license, registration or certification.

(j)     To "identify" a place, geographical area, or location shall mean to state the number, street, municipality, state or province, and country, if outside the United States, wherein such place or geographical area is located.

(k)     "Petition" shall refer to the original petition and all amendments thereto, unless

4

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

specifically stated otherwise.

(l)     "Charge of Discrimination" shall refer to the April 3, 2014 original charge of discrimination and all amendments thereto, unless specifically stated otherwise filed with the Missouri Commission on Human Rights by Plaintiff.

(m)     "Communication," unless otherwise modified, shall mean both oral communication and communication by document (as herein above defined).

(n)     "Date" means the exact day, month, and year if ascertainable or, if not, the closest approximation that can be made thereto by means of, if necessary, location in relationship to other events.

(o)     "Transit System", unless otherwise modified, shall mean Metro's fleet of buses, light rail trains, designated or formerly designated bus stops, and designated or formerly designated light rail train stations; including everything that Metro utilizes such as its bus routes, "Call-A-Ride" bus routes, train routes, bus stop locations, bus stop signs, train station signs, poles used to designate bus stops, ticket vending machines, website, ticket validating machines, public announcement system (with or without digital voice synthesizers), and anything else Metro utilizes in its transportation of the general public.

(p)     Any other words used in these discovery requests are defined according to standard American use, as shown in a dictionary of the English language.

## INSTRUCTIONS

(a)     These interrogatories are continuing; the Answers are to be modified or supplemented as information required in these interrogatories is obtained at a later date by you, your representatives, employees, agents, servants, or counsel.  You shall provide the

5

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

supplemental information no later than 20 days after the supplemental information is obtained by you.  If you obtain supplemental information between the time the Answers are served and any trial or pertinent hearing, you shall provide said supplemental information not later than ten days prior to trial or hearing.

(b)     If any information that is required to be identified is claimed to be privileged, to constitute work product or to be otherwise confidential, state the grounds on which such privilege, work product or confidentiality is being asserted, and include an explanation sufficient to verify the privilege, work product, or confidential designation.

(c)     If the interrogatory asks for information which could have at some time been answered by consulting documents which are no longer in existence, then in answer to such interrogatory:

(1)     Identify what information was maintained;

(2)     Identify all type(s) of documents which contained such information;

(3)     State the time period during which such documents were maintained;

(4)     State the circumstances under which such documents ceased to exist;

(5)     State the date when such documents ceased to exist;

(6)     Identify all persons having knowledge of the circumstances under which such documents ceased to exist; and

(7)     Identify all persons who have knowledge or had knowledge of the documents and the contents thereof.

(d)     "Electronically Stored Information" (ESI) must be produced in its native format. That means that a document which was originally created as a Microsoft Word

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

file or an Excel spreadsheet must be produced as a .doc or .xls file (or successor), without redaction of metadat(a) Emails must be produced in .msg or .pst file format. Emails shall be produced so that the full header is accessible and readable.  Native paper documents will be produced as scanned .tif files. Files may be produced by delivering a disk to counsel at the undersigned address.

(e)     Unless otherwise stated the time period covered by these document requests is December 26, 2013 through the date responses to these document requests are served.

## INTERROGATORIES

1.     Please identify (by name, address, telephone number and position of employment with Defendant the following:

(a)     the person(s) who prepared or assisted in the preparation of the answers to these interrogatories, his/her relationship to Defendant, and his/her place of employment; and

(b)     the person or persons providing information or answers to these Interrogatories. For each person, please identify for which Interrogatories the person provided information.

**ANSWER:**

2.     Please state the names, addresses, and telephone numbers of all persons known or believed by you to have knowledge of the matters and occurrences that are contained in Plaintiff's Petition and Defendant's Answer.

(a)     Identify what, if any, relationship (business, personal, etc.) these persons have to you; and

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

      (b)     Identify all documents relating to your answer.

**ANSWER:**

3.     Please state the names, addresses, and telephone numbers of all persons known or believed by you to have witnessed or claimed to have witnessed the matters and occurrences contained in Plaintiff's Petition and Defendant's Answer.

      (a)     Identify what, if any, relationship (family, business, neighbor, etc.) these persons have to you; and

      (b)     Identify all documents relating to your answer.

**ANSWER:**

4.     Except for this action, in the past ten (10) years, please state whether you have ever been a Defendant, and/or Defendant in a civil, criminal, administrative or disciplinary action involving allegations of disability discrimination in a place of public accommodation under federal or state law.

**ANSWER:**

5.     If the answer to the preceding interrogatory is affirmative, please identify any and all such actions by including the following information:

      (a)     Style and number of the case;

      (b)     The court, agency, and/or tribunal in which the case is or was filed;

      (c)     The nature of the action;

      (d)     The status or resolution of the action; and

      (e)     The name of any attorneys who represented you in the action.

**ANSWER:**

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

6.    With respect to any documents you are requested to produce pursuant to Plaintiff's First Request for Production of Documents please specifically note which document is withheld upon the basis of any claim of privilege, whether attorney/client, work product, or otherwise, please:

        (a)    State the title of the document;

        (b)    State the date of the document;

        (c)    Identify the author of the document;

        (d)    Identify all persons to whom such document was sent, or have otherwise read, reviewed, and/or been granted access to such documents;

        (e)    State the purpose for which such document was prepared; and

        (f)    State the privilege asserted and the grounds for asserting such privilege.

**ANSWER:**

7.    With respect to any investigation undertaken by you in connection with the issues raised in Plaintiff's Charge of Discrimination, Petition and Defendant's Answer thereto, please state whether you have read, reviewed, analyzed, or seen documents from third parties, and which documents, or copies thereof, are no longer in your possession, custody, or control.  If so, please:

        (a)    Identify each and every document read, reviewed, analyzed or seen by you;

        (b)    Identify the person providing such documents to you;

        (c)    State the date upon which each such document was provided to you; and

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

(d)     State the date upon which each such document left your possession, custody, or control.

**ANSWER:**

8.     Please state whether you have read, reviewed, analyzed, or seen documents from third parties, and which documents are no longer in your possession, custody, or control, including:

(a)     All investigative reports proposed or possessed by Defendant concerning the matters contained in the Petition;

(b)     All reports created by or in Defendant's possession relating to the facts alleged in the Charge of Discrimination and Petition; and

(c)     All statements taken relating to the facts alleged in Plaintiff's Charge of Discrimination and Petition;

(d)     If any of the requested documents are attorney-client or work-product privileged, please respond with the number of documents and a privilege log, including a brief description of document being withheld on the basis of privilege.

**ANSWER:**

9.     Please identify each person you intend to call, or have reason to believe that you may call, as a witness at trial in the above-captioned matter.  Please set forth the nature of the testimony for each witness, the facts, observations, and/or opinions upon which the testimony is based, and any documents on which such witness will rely.

**ANSWER:**

10

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

10.     Does Metro contend that it is not required to maintain its transit services, including bus stops, bus stations, buses, light rail trains, train stations, and passenger railcars in compliance with §§209.150 and 213.010, *et seq.*, RSMo?  If so state:

        (a)     The reason for its bases; and

        (b)     Identify any official governmental communications relied upon in forming its bases.

**ANSWER:**

11.     At the time the original Charge of Discrimination was filed by Plaintiff, was there in effect any policy of insurance through which Defendant was or might be insured in any manner for the damages, claims, or actions that have arisen out of the allegations raised in Plaintiff's Petition?  If so, for each policy state:

        (a)     The kind of coverage;

        (b)     The name and address of the insurance company;

        (c)     The name, address, and telephone number of each named insured;

        (d)     The policy number;

        (e)     The limits of coverage for each type of coverage contained in the policy;

        (f)     Whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and

        (g)     The name, address, and telephone number of the custodian of the policy.

**ANSWER:**

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

12.     Is Defendant self-insured under any statute for the damages, claims, or actions that have arisen out of the allegations contained in Plaintiff's Petition?

**ANSWER:**

13.     Identify each denial of a material allegation and each special or affirmative defense in Metro's Answer to Plaintiff's Petition and for each:

      (a)     State all facts upon which you base the denial or special or affirmative defense;

      (b)     State the names, addresses, and telephone numbers of all persons who have knowledge of those facts; and

      (c)     Identify all documents and all other and other tangible things, that support your denial or special or affirmative defense, and state the name, addresses and telephone number of the person who has each document.

**ANSWER:**

14.     With regard to the Metro's buses, please state:

      (a)     The total number of buses in your Transit System;

      (b)     The number of buses that are accessible to visually impaired commuters;

      (c)     The make and model of ticket vending machine(s) utilized by Metro's buses;

      (d)     The make and model of the public address system used on Metro's buses;

      (e)     The number of accessible seats on each bus dedicated to individuals with disabilities and their location on the bus; and

12

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

    (f)    The distance, in feet, away each dedicated accessible seat is from a public address system speaker.

**ANSWER:**

15.    With regards Metro's Bus stops/stations and bus routes, please state:

    (a)    The current design of all Metro signs used to designate a bus stop;

    (b)    What considerations were made for bus stops to be identified by individuals with a visual disability;

    (c)    How Metro makes decisions on where/where not to install bus stop signs; and

    (d)    What considerations were made on how to inform individuals with visual disabilities the location of bus stops and bus route changes;

**ANSWER:**

16.    State the date(s) Metro removed ticket vending machines identified in interrogatory 14 installed on Metro's buses that did not require precise placement of currency into the ticket vending machine. Please state:

    (a)    The reason that the older model ticket vending machines were removed; and

    (b)    Describe the accessibility features on the newer model ticket vending machines on Metro's buses to assist riders with a visual disability;

    (c)    The number of buses that have older ticket vending machines currently installed; and

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

      (d)     The number of buses that have newer ticket vending machines currently installed.

**ANSWER:**

17.     Are all Metro's Bus and MetroLink drivers required to announce, in a clear audible voice, the name of route the bus/train is servicing, current station/stop name, next stop/station name, transfer points, bus connections, public safety information, and/or any other information pertinent to travel? If your answer is yes, please state:

      (a)     Any disciplinary actions taken against drivers who do not make the above-mentioned announcements as required;

      (b)     How many drivers have been disciplined for not making the above-mentioned announcements properly within the past five (5) years; and

      (c)     Any grievance procedure that can be made by riders who depend on auditory announcements to travel on Metro's Transit System.

**ANSWER:**

18.     With regards to Metro's public address systems utilized in its buses, light rail trains, and train stations, please state:

      (a)     Any actions, testing and audits Metro takes in order to assure public address systems are functioning properly;

      (b)     The frequency of said actions and audits are made;

      (c)     How often are public address systems tested for proper functionality; and

      (d)     Your process and procedures for fixing a malfunctioning and/or broken public address system.

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

**ANSWER:**

19.　With regards to Metro's bus stops, please state how Metro determines the following:

 (a) The location of its bus stop signage;

 (b) Height of bus stop post and size of signage (width-to-height ratio and character height);

 (c) Connectivity with sidewalks, streets and pedestrian pathways;

 (d) Surface markings for buses and passengers;

 (e) Type and height of curbs next to bus stops;

 (f) Whether or not to install Braille or raised lettering on bus stop signage;

 (g) Waiting area layout; and

 (h) How Metro informs individuals with visual disabilities of the locations of its bus stops.

**ANSWER:**

20.　With regard to the bus stop on or about December 26, 2013 located at Lansdowne and Wabash in the City of St. Louis, please identify the following:

 (a) Route, timetable, fare, and customer service brochure availability and formatting;

 (b) Print or graphic messages on signs, monitors, or maps displayed in transit terminals, on transit vehicles, and inside transit vehicles;

 (c) Bus stop locations signals and signs;

 (d) Ticket vending machine operations and controls;

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

    (e)    Safety or hazard signs and warnings or displays;

    (f)    Signage, words or symbols on the sign, including whether the sign has the universal symbol of accessibility;

    (g)    The height of the sign from the pavement of the parking space to the lowest edge of the sign's face; and

    (h)    The location of the signage in relation to the sidewalk and street.

**ANSWER:**

21.    With respect to paragraph 13 of Plaintiff's Petition regarding the allegations of December 26, 2013 between the hours of 2:00 p.m. and 3:00 p.m., at the bus stop at Lansdowne and Wabash, please identify the following:

    (a)    The MetroBus driver's name;

    (b)    How long said bus driver has worked for Metro;

    (c)    Whether or not an investigation was conducted regarding the bus driving by the Plaintiff;

    (d)    Whether or not said bus driver was disciplined by Metro for driving by Plaintiff; and

    (e)    Whether or not said bus driver is currently employed with Metro.

**ANSWER:**

22.    With regard to the bus stop on or about August 5, 2014 located at Watson Road and Lindenwood in the City of St. Louis, please identify the following:

    (a)    Route, timetable, fare, and customer service brochure availability and formatting;

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

(b)     Print or graphic messages on signs, monitors, or maps displayed in transit terminals, on transit vehicles, and inside transit vehicles;

(c)     Bus stop locations signals and signs;

(d)     Ticket vending machine operations and controls;

(e)     Safety or hazard signs and warnings or displays;

(f)     Signage, words or symbols on the sign, including whether the sign has the universal symbol of accessibility;

(g)     The height of the sign from the pavement of the parking space to the lowest edge of the sign's face; and

(h)     The location of the signage in relation to the sidewalk and street.

**ANSWER:**

23.     With respect to paragraph 13 of Plaintiff's Petition regarding the allegations of August 5, 2014 at the bus stop at Watson Road and Lindenwood, please identify the following:

(a)     The MetroBus driver's name;

(b)     How long said bus driver has worked for Metro;

(c)     Whether or not an investigation was conducted regarding the bus driving by the Plaintiff;

(d)     Whether or not said bus driver was disciplined by Metro for driving by Plaintiff; and

(e)     Whether or not said bus driver is currently employed with Metro.

**ANSWER:**

24.     With regard to the bus stops on or about June 13, 2014 located at the St. Louis

17

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

Zoo in the City of St. Louis, please identify the following:

    (a)    Route, timetable, fare, and customer service brochure availability and formatting;

    (b)    Print or graphic messages on signs, monitors, or maps displayed in transit terminals, on transit vehicles, and inside transit vehicles;

    (c)    Bus stop locations signals and signs;

    (d)    Ticket vending machine operations and controls;

    (e)    Safety or hazard signs and warnings or displays;

    (f)    Signage, words or symbols on the sign, including whether the sign has the universal symbol of accessibility;

    (g)    The height of the sign from the pavement of the parking space to the lowest edge of the sign's face; and

    (h)    The location of the signage in relation to the sidewalk and street.

**ANSWER:**

25.    With respect to paragraph 13 of Plaintiff's Petition regarding the allegations of June 13, 2014 at the bus stop located at the St. Louis Zoo, please identify the following:

    (a)    The MetroBus driver's name;

    (b)    How long said bus driver has worked for Metro;

    (c)    Whether or not an investigation was conducted regarding the bus driving by the Plaintiff;

    (d)    Whether or not said bus driver was disciplined by Metro for driving by Plaintiff; and

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

(e)     Whether or not said bus driver is currently employed with Metro.

**ANSWER:**

26.     Have you received any Federal, State, or local government funding, grants, sales tax revenues, and appropriations to help improve your Transit System to be more accessible to individuals with disabilities, including individuals with visual disabilities within the past five (5) years? If yes, for each fiscal year, please identify:

(a)     The dollar amounts allocated to you by Federal, State, and local governments by source of funds;

(b)     The dollar amounts of grants, sales tax revenues and appropriations received by you by source of funds;

(c)     Documents that show how said government funds were spent and allocated; and

(d)     Documents that show proposed and/or actual improvements made to your Transit System using said government funds to increase accessibility for individuals with visual disabilities.

**ANSWER:**

27.     Does Metro's customer service telephone hotline have operational hours that do not match those of Metro's Transit System? If yes, please state the why Metro's customer service phone line does not assist commuters for all hours of operation of Metro's Transit System.

**ANSWER:**

28.     If you contend Plaintiff could have used Metro's Call-A-Ride Paratransit system for better accommodations to his disability, please state the following:

19

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

(a) Hours of operation of Metro's Call-A-Ride Paratransit system as compared to Metro's bus transportation system made available to individuals who do not have a disability;

(b) Any additional accommodation features Metro's Call-A-Ride transportation system as compared to Metro's bus transportation system made available to individuals who do not have a disability; and

(c) Whether or not Plaintiff could utilize Call-A-Ride Paratransit system on a same day basis as compared to Metro's bus transportation system made available to individuals who do not have a disability.

**ANSWER:**

29.     Please identify whether Metro provides riders of its Transit System who have a visual disability, including but not limited to the following accommodations:

(a) Providing Braille, tactile information, large-print, high-contrast, and non-glare informational signs in terminals, at bus stops, and on transit vehicles, and stations;

(b) Placing Braille and tactile information regarding available service at consistent locations near the entrances to and within transit stations;

(c) Installing a tactile domed high-contrast warning surface along platform edges at bus stops, terminals, and stations;

(d) Providing external speakers that announce vehicle identification and route information;

(e) Providing internal speakers on Metro buses that announce route

20

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

identifications, transfer points with other fixed routes, other major

intersections and destination points, intervals along a route sufficient to

permit individuals who are blind or have vision impairments to be oriented

to their location, and if so which announcements;

(e)     Providing ticket vending machines with Braille and large-print markings,

or audible output devices; and

(f)     Training transit personnel to meet the specific needs of persons with visual

disabilities who use public transportation.

**ANSWER:**

30.     Identify Metro's stop announcement policy and procedure inside Metro buses and

trains at main points along a bus or train route, including the following:

(a)     Transfer points;

(b)     Major intersections;

(c)     Major destinations;

(d)     Stops requested by riders with disabilities; and

(e)     Frequent-enough intervals that individuals with a visual disability

can orient themselves to their location.

31.     Identify all Metro's policy(ies) in effect for the last five (5) years regarding the

placement of bus stops within its transit system, including whether stops are placed just before

the corner, mid-block, just beyond the corner, or a combination of each.

**ANSWER:**

32.     Does Metro accommodate for the need of service animals? If so, please explain:

21

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

    (a)      Under what conditions may a service animal be used by a rider of Metro's bus or train;

    (b)      Whether bus drivers and MetroLink personnel are trained to identify those with service animals;

    (c)      Metro's policy regarding a rider's use of a service animal.

**ANSWER:**

33.     Please identify any practice or procedure used to accommodate those with disabilities beyond Metro's Call-A-Ride paratransit system.

**ANSWER:**

34.     Please identify all improvements to accessibility Metro has made beyond compliance with §§209.150.2 and 213.010, et seq., RSMo, in furtherance of its goal to provide a transit experience that is safe, efficient, and non-discriminatory.

**ANSWER:**

35.     Please identify all remediation efforts Defendant has implemented in the last five (5) years to increase accessibility for individuals with a visual disability, including but not limited to:

    (a)      Implementation of an Automatic Vehicle Locator system;

    (b)      Implementation of "Smart Card" system;

    (c)      Installation of surface "rumble strips";

    (d)      Policies and institution of such policies requiring operators to stop at all bus stops to board waiting passengers; and

    (e)      Installation of new bus stop signs in Braille and raised letters.

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

**ANSWER:**

36.     Does Defendant own website(s) that are made available to the general public on the World Wide Web (WWW)? If so, please identify Defendant's website(s) url(s) and list all changes, edits, modifications and improvements in the last five (5) years to Defendant's websites, online systems, and other information and communication technologies (ICT) to improve accessibility and ensure individuals with a visual disability have access to route information, schedules, locations of bus stops, and other related information.

**ANSWER:**

37.     Please identify the person(s) or entity(ies) responsible for maintaining, designing, developing, authoring, administrating, coordinating and publishing the website(s) and the website(s) content (route information, schedules, locations of bus stops, etc.) identified in the preceding interrogatory within the last five (5) years.

**ANSWER:**

38.     Please identify any written policy for the retention of documents and the destruction of documents, including but not limited to business records and emails that have been implemented or in effect within the last five (5) years.

**ANSWER:**

39.     As to the storage of data generated by the users of Defendant's computers, computer systems and servers (such as word processed files, email, etc.), please state the following:

      (a)     Is the data backed up on tape or other media?

      (b)     What is the brand name for each such media?

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

(c)     When was the last time each such media was backed up with data?

(d)     What was the computer or other hardware (e.g., individual workstation, server) for each such backup?

(f)     With respect to the immediately foregoing question, state the physical location and current user of each computer server or other hardware listed.

(g)     Describe the retention policy for data backup.

**ANSWER:**

40.     Within the last five (5) years, were any documents related to Plaintiff's allegations in his Charge of Discrimination and Petition, including emails to and from Defendant's employees, Plaintiff, and/or any other employee of Defendant, or other electronic files destroyed? If so, please state which electronic files have been deleted from the magnetic or optical storage media of Defendant or overwritten from that date to the present, dates of destruction or overwriting, and reasons why the files were destroyed.

**ANSWER:**

41.     If you are claiming a privilege on any of the questions herein posed by Plaintiff, please clearly state the asserted privilege and the basis of the protection, and explain in detail the nature of such a privilege. Further, if there are documents or information herein requested which no longer exists, please state the circumstances under which the document ceased to exist, the date it ceased to exist, and the identity of the last know custody of such information or document. If you are claiming a privilege, please establish a log with the date of the document and nature of privilege asserted.

**ANSWER:**

24

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

42.    Please identify the individuals who participated in preparing the policies and procedures contained in the policy manual(s) you identified in any of your answers to these interrogatories within the last five (5) years, and that are currently in effect.

**ANSWER:**

43.    With respect to any documents you are requested to produce pursuant to Plaintiff's First Request for Production of Documents to Defendant, please specifically note which document is withheld upon the basis of any claim of privilege, whether attorney/client, work product, or otherwise, please state the following:

        (a)    title of the document;

        (b)    date of the document; and

        (c)    identify the author of the document;

**ANSWER:**

44.    Please state the total revenues received by Defendant as of calendar or fiscal year ends between 2011 and the present and as of the date of the response to these interrogatories.

**ANSWER:**

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

Respectfully submitted,

/s/ Cyrus Dashtaki
Cyrus Dashtaki, # 57606
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, Missouri 63109
Telephone:     (314) 932-7671
Facsimile:     (314) 932-7672
Email:    cyrus@dashtaki.com


John C. Burns, #66462
The Burns Law Firm, LLC
1717 Park Avenue
St. Louis, MO 63104
Direct:        (314) 932-2356
Fax:           (314) 932-2171
Email: John@burns-law-firm.com

*Attorneys for Plaintiff Scott Gustafson*

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

## ATTESTATION

State of Missouri          )
                          ) ss
County of_____     )


    Before me the undersigned authority personally appeared_____

who first being duly sworn on his/her oath states that he/she has read the foregoing

interrogatories and his/her answers thereto are true and complete to the best of his/her

knowledge, information and belief.

    Affiant further sayeth not.

                                              _____
                                              Affiant

Subscribed and sworn to before me this _____ day of _____, 20___.

                                                _____
                                              Notary Public


My commission expires:_____

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

SCOTT GUSTAFSON,                        )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )       Case No. 1522-CC11361
                                        )
THE BI-STATE DEVELOPMENT AGENCY         )       Division 1
OF THE MISSOURI – ILLINOIS              )
METROPOLITAN DISTRICT d/b/a METRO,      )
METRO TRANSIT, METROBUS,                )
METROLINK,                              )
                                        )
        Defendant.                      )

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## OF DOCUMENTS DIRECTED TO DEFENDANT

COMES NOW Plaintiff Scott Gustafson ("Gustafson") by and through his attorneys,

hereby requests that Defendant produce the following specified documents and/or tangible things

pursuant to Missouri Rules of Civil Procedure, Rule 58.01. Defendants shall produce responsive

documents and/or tangible things to Dashtaki Law Firm, LLC, 5205 Hampton Avenue, St. Louis,

MO 63109, within the time limits the time provided by the Rule.

## DEFINITIONS

For the purpose of these document requests and responses the following definitions shall

apply:

   (a)     "Plaintiff" as used herein shall mean Scott Gustafson.

   (b)     "Defendant," "Metro", "You," or "Your" as used herein shall mean Defendant Bi-

State Development Agency of the Missouri – Illinois Metropolitan District d/b/a Metro,

MetroTransit, MetroBus, MetroLink, and all of its divisions, as well as successors, predecessors,

current or former officers, current or former appointed officials, current or former elected

1

EXHIBIT
B

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

officials, directors, assigns, agents, attorneys, subsidiaries, employees, contractors, representatives or any other person acting or purporting to act on its behalf.

(c)     "Person" shall mean the plural as well as the singular and shall include any natural person, and any firm, association, partnership, joint venture, business trust, corporation, governmental or public entity, department, agency, office, or any other form of legal entity.

(d)     The term "policy" means each rule, procedure, or directive, formal or informal, and each common understanding or course of conduct which was recognized as such by your present and former officers, agents, employees, or other persons acting or purporting to act on your behalf, which was in effect at any time during the period covered by these interrogatories.

(e)     The words "document" or "documents" or "writings" include, without limitation, all electronic data stored or residing in any computer database, hard drive, digital tape, floppy disc, CD-ROM or other means of storing electronic data, books, ledgers, ledger cards, pamphlets, letters, correspondence, emails, telegrams, cablegrams, reports, memoranda, notes, records, studies, charts, statistics, schedules, papers, graphs, indices, tapes, tabulations, checks, check stubs, vouchers, accounts, data sheets or cards, communications, minutes, transcriptions, diaries, calendars, drafts, blueprints, affidavits, sketches, photographs, movies, slides, or any other written, printed, recorded, or graphic matter, photographic matter or sound reproduction or computer input or output, however reproduced, that (1) are now or were formerly in the possession, custody, or control of you, or (2) are known or are believed to be responsive to these interrogatories, regardless of who now has or formerly had custody, possession, or control. "Document" or "documents" also includes copies or reproductions of any of the foregoing which differ in any respect from the original or from one another.

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

(f)      "Petition" shall refer to the original petition and all amendments thereto, unless specifically stated otherwise.

(g)      "Charge of Discrimination" shall refer to the April 3, 2014 original charge of discrimination and all amendments thereto, unless specifically stated otherwise filed with the Missouri Commission on Human Rights by Plaintiff.

(h)      "Communication," unless otherwise modified, shall mean both oral communication and communication by document (as herein above defined).

(i)      "Transit System", unless otherwise modified, shall mean Metro's fleet of buses, light rail trains, designated or formerly designated bus stops, and designated or formerly designated light rail train stations; including everything that Metro utilizes such as its bus routes, "Call-A-Ride" bus routes, train routes, bus stop locations, bus stop signs, train station signs, poles used to designate bus stops, ticket vending machines, website, ticket validating machines, public announcement system (with or without digital voice synthesizers), and anything else Metro utilizes in its transportation of the general public.

(j)      Any other words used in these discovery requests are defined according to standard American use, as shown in a dictionary of the English language.

**INSTRUCTIONS**

(a)      These document requests are continuing; the responses are to be modified or supplemented as documents responsive to these requests are obtained at a later date by you, your representatives, employees, agents, servants, or counsel.  You shall provide the supplemental responses no later than 20 days after the supplemental responsive documents are obtained by you.  If you obtain supplemental responsive documents between the time the responses are

3

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

served and any trial or pertinent hearing, you shall provide said supplemental responses not later than ten days prior to trial or hearing.

(b)     If any responsive documents are withheld under a claim that said documents are privileged, constitute work product or are otherwise confidential, state the grounds on which such privilege, work product or confidentiality is being asserted, and include an explanation sufficient to verify the privilege, work product, or confidential designation.

(c)     If any document request seeks documents that are responsive, but no longer exist, then in answer to such request:

       (1)     Identify the documents responsive to the request;

       (2)     State the time period during which such documents were maintained;

       (3)     State the circumstances under which such documents ceased to exist;

       (4)     State the date when such documents ceased to exist;

       (5)     Identify all persons having knowledge of the circumstances under which such documents ceased to exist; and

       (6)     Identify all persons who have knowledge or had knowledge of the documents and the contents thereof.

(d)     "Electronically Stored Information" (ESI) must be produced in its native format. That means that a document which was originally created as a Microsoft Word file or an Excel spreadsheet must be produced as a .doc or .xls file (or successor), without redaction of metadata. Emails must be produced in .msg or .pst file format. Emails shall be produced so that the full header is accessible and readable.  Native paper documents will be produced as scanned .tif files. Files may be produced by delivering a disk to counsel at the undersigned address.

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

(e)     Unless otherwise stated the time period covered by these document requests is

December 26, 2013 through the date responses to these document requests are served.

## DOCUMENT REQUESTS

1.      Any and all policies, procedures, information pages, and/or releases of Metro,

distributed to employees, contractors, construction agents, including architects, website

administrators, regarding discrimination in public accommodations as defined in §§ 213.010 and

213.065(2), within the past five (5) years.

**RESPONSE:**

2.      Any and all documents that demonstrate Metro's employees, agents, independent

contractors employed by the Metro, and/or any beneficiaries of any contracts with Metro have

been trained and/or have knowledge of the Missouri Human Rights Act ("MHRA") within the

past five (5) years.

**RESPONSE:**

3.      Any and all documents received by Metro from Plaintiff or the Missouri

Commission on Human Rights relating to the contents of Plaintiff's Petition or Defendant's

Answer.

**RESPONSE:**

4.      Any and all documentation relating to the Charge of Discrimination that

Defendant submitted to the Missouri Commission on Human Rights ("MCHR"), including

documents relating to the MCHR's investigation of Plaintiff's Charge of Discrimination.

**RESPONSE:**

5.      All documents constituting or relating to any investigation of discrimination or

discriminatory treatment against Plaintiff, including:

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

(a)     Written statements of witnesses;

(b)     Notes of interviews with witnesses;

(c)     Tape recordings of any and all oral statements and/or interviews of witnesses;

(d)     Transcriptions of any tape recordings of any and all oral statements and/or interviews of witnesses;

(e)     Reports regarding the results of any and all investigations;

(f)      Correspondence received from or sent to Plaintiff;

(g)     Correspondence received from or sent to you;

(h)     Correspondence received from or sent to any person other than your counsel;

(i)     Documents relating to or evidencing discussions between Plaintiff and you;

(j)     Documents relating to or evidencing discussions between you and any person other than your counsel; and

(k)     Documents received from or sent to any person other than your counsel.

**RESPONSE:**

6.     Pursuant to Missouri Rule of Civil Procedure 56.01(b)(2), any policies of insurance through which the Defendant was or might be insured in any manner for the damages, claims, or actions that have arisen out of the allegations raised in Plaintiff's Petition, including but not limited to a copy of the policy and the declaration page.  This includes but is not limited to all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment that may be rendered in this action or

6

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

to indemnify or reimburse for payments made to satisfy the judgment and all insurance policies, whether basic, umbrella, or excess, that may pay any judgment in this case or provide any defense in this case. This request includes any individual umbrella policies which may provide coverage for Defendant against damages, claims, or actions that have arisen out of the allegations raised in Plaintiff's Petition.

   **RESPONSE:**

   7.     All experts' reports that have been prepared in connection with this lawsuit or the incident giving rise to it, if the expert is expected to or may testify in this cause as an expert, including but not limited to all experts' reports that were or will be relied upon in whole or in part by any testifying expert in this case.

   **RESPONSE:**

   8.     All work papers, notes, and documents in the file of any expert witness who is expected to testify, or in the file of any expert witness who has written a report that is or will be relied upon in whole or in part by a testifying expert, including but not limited to tangible things prepared by any expert who is expected to be called as a witness, including his or her report, factual observations, conclusions, opinions, photographs, field notes, calculations, models, and exhibits.

   **RESPONSE:**

   9.     All documents reviewed in preparation for, or in conjunction with, providing answers to Plaintiff's First Interrogatories Directed to Defendant.

   **RESPONSE:**

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

10.     Any and all records, ESI and/or documents identified, requested to be identified, relied upon, used or referenced in response to Plaintiff's First Set of Interrogatories Directed to Defendant.

**RESPONSE:**

11.     Any and all documentation relating to Metro's compliance with local construction standards, including the applicable building codes, code evaluations, building permits, building inspection documents, and submitted plans to increase and ensure accessibility for individuals with a visual disability for its bus stops, bus stations, and train stations within the last five (5) years.

**RESPONSE:**

12.     Any and all documentation relating to planned renovations, modifications, proposed changes, or redesign of any part of Metro's Transit System to increase accessibility for individuals with a visual disability within the last five (5) years.

**RESPONSE:**

13.     Any and all documentation relating to renovations, modifications, changes, or redesign of any part of Metro's Transit System that have been implemented and installed to increase accessibility for individuals with a visual disability within the last five (5) years.

**RESPONSE:**

14.     Any and all renovation cost estimates to increase accessibility for individuals with a visual disability to use Metro's Transit System within the last five (5) years.

**RESPONSE:**

15.     Any and all documents relied upon by Metro as a basis for not increasing accessibility for individuals with a visual disability to Metro's Transit System.

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

**RESPONSE:**

16.    Any and all documents that were generated by Metro, contractors, consultants, agents, or other third-parties related to any Accessibility Compliance Plans/studies, Self-Evaluation Plans/studies or Transition Plans/studies, including but not limited to identifying architectural barrier severity, barrier removal priority, implementation phase, as-built dimensions, cost estimates, digital photos, and reference drawings documenting each barrier found for individuals with a visual disability to increase accessiblity to Metro's Transit System.

**RESPONSE:**

17.    All documents constituting or relating to any allegations of, investigation of discrimination or discriminatory treatment by any person against Metro alleging violations of §§213.065, 213.070(3), RSMo, §209.150, RSMo within the last five (5) years, including:

        (a)    Written statements of witnesses;

        (b)    Notes of interviews with witnesses;

        (c)    Tape recordings of any and all oral statements and/or interviews of witnesses;

        (d)    Transcriptions of any tape recordings of any and all oral statements and/or interviews of witnesses;

        (e)    Reports regarding the results of any and all investigations;

        (f)     Correspondence received from or sent to Plaintiff;

        (g)    Correspondence received from or sent to you;

        (h)    Correspondence received from or sent to any person other than your counsel;

9

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

(i)      Documents relating to or evidencing discussions between Plaintiff and you;

(j)      Documents relating to or evidencing discussions between you and any person other than your counsel; and

(k)      Documents received from or sent to any person other than your counsel.

**RESPONSE:**

18.      Any and all documents relating to the accessibility features of Metro's website, www.metrostlouis.org, the changes, edits and modifications and the date of any changes, edits and modifications to increase accessibility for individuals with a visual disability.

**RESPONSE:**

19.      Documents that state the hours of operation for Metro's customer service hotline and contact information for commuters to reach during the hours that Metro's customer service hotline is closed, but Metro's Transit System is still operating.

**RESPONSE:**

20.      All training manuals, guidelines, and policies used to train all Metro employees, agents and independent contractors regarding the assistance of Transit System riders who have a visual disability within the last five (5) years.

**RESPONSE:**

21.      All training manuals, guidelines, and policies used to train all Metro bus and train drivers with regards to announcing over their public announcement system the following: name of route the bus/train is servicing, current station/stop name, next stop/station name, transfer points, bus connections, public safety information, and/or any other information pertinent to commuter travel within the last five (5) years.

10

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

**RESPONSE:**

22.     All guidelines and policies that indicate Metro's disciplinary procedure for disciplining Metro bus and train drivers that do not make or are unclear in making the required announcements over their public announcement system during any given work day.

**RESPONSE:**

23.     All investigative reports, summaries, and findings regarding complaints made by Transit System riders, including Plaintiff, within the past five (5) years, of Metro's bus and train drivers not announcing required information over public announcement system and/or announcing required information unclearly over public announcement system.

**RESPONSE:**

24.     All maintenance logs, reports, and technical support tickets for every public announcement system utilized in Metro's buses and light rail trains showing its functionality status within the past five (5) years.

**RESPONSE:**

25.     All complaints submitted to you regarding the accessibility for individuals with a visual disability of Metro's website within the last five (5) years.

**RESPONSE:**

26.     All documents relating to any arbitrated, mediated, or court ordered mandate to improve accessibility for the disabled, including those with a visual disability, to Metro's Transit System within the past five (5) years.

**RESPONSE:**

11

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

27.     All documents that show how much Defendant receives in Federal, State, and local, sales tax appropriations, grants, etc. or funding to improve accessibility for individuals with disabilities for its Transit System for the past five (5) fiscal years.

**RESPONSE:**

28.     Documents that show how Defendant's revenues were allocated to improve accessibility to the Transit System for individuals with disabilities for the past five (5) fiscal years.

**RESPONSE:**

29.     All reports, summaries, and investigations done by Federal, State, local or private agencies and consultants with regards to their findings of MHRA and/or accessibility compliance plans, self-evaluation plans, transition plans, and accessibility studies within the past five (5) years.

**RESPONSE:**

30.     Please identify any of the following documents in your possession:

(a)     All investigative reports proposed or possessed by Defendant concerning the matters contained in the Petition;

(b)     All reports created by or in Defendant's possession relating to the facts alleged in the Charge of Discrimination and Petition; and

(c)     All statements taken relating to the facts alleged in Plaintiff's Charge of Discrimination and Petition; and

(d)     If any of the requested documents are attorney-client or work-product privileged, please respond with the number of documents and a privilege

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

log, including a brief description of document being withheld on the basis of privilege.

**RESPONSE:**

31.     With regard to the bus stop on or about December 26, 2013 located at Lansdowne and Wabash in the City of St. Louis, please identify any and all documents relating to the following:

        (a)     Route, timetable, fare, and customer service brochure availability and formatting;

        (b)     Print or graphic messages on signs, monitors, or maps displayed in transit terminals, on transit vehicles, and inside transit vehicles;

        (c)     Bus stop locations signals and signs;

        (d)     Ticket vending machine operations and controls;

        (e)     Safety or hazard signs and warnings or displays;

        (f)     Signage, words or symbols on the sign, including whether the sign has the universal symbol of accessibility;

        (g)     The height of the sign from the pavement of the parking space to the lowest edge of the sign's face; and

        (h)     The location of the signage in relation to the sidewalk and street.

**RESPONSE:**

32.     Documents that identify the bus driver(s) who drove the number eleven (11) Metro bus on its 14th and Spruce bus route between the hours of 2:00 p.m. and 3:00 p.m. central standard time past the Landsdowne Avenue and Wabash Avenue bus stop on December 26, 2013.

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

**RESPONSE:**

33.     With regard to the bus stop on or about August 5, 2014 located at Watson Road and Lindenwood in the City of St. Louis, please identify any and all documents relating to the following:

(a)     Route, timetable, fare, and customer service brochure availability and formatting;

(b)     Print or graphic messages on signs, monitors, or maps displayed in transit terminals, on transit vehicles, and inside transit vehicles;

(c)     Bus stop locations signals and signs;

(d)     Ticket vending machine operations and controls;

(e)     Safety or hazard signs and warnings or displays;

(f)     Signage, words or symbols on the sign, including whether the sign has the universal symbol of accessibility;

(g)     The height of the sign from the pavement of the parking space to the lowest edge of the sign's face; and

(h)     The location of the signage in relation to the sidewalk and street.

**RESPONSE:**

34.     Documents that identify the bus driver(s) who drove past the Lindenwood and Watson Road bus stop on August 5, 2014.

**RESPONSE:**

35.     With regard to the bus stops on or about in June 13, 2014 located at the St. Louis Zoo in the City of St. Louis, please identify the following:

(a)     Route, timetable, fare, and customer service brochure availability and

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

formatting;

(b)     Print or graphic messages on signs, monitors, or maps displayed in transit

terminals, on transit vehicles, and inside transit vehicles;

(c)     Bus stop locations signals and signs;

(d)     Ticket vending machine operations and controls;

(e)     Safety or hazard signs and warnings or displays;

(f)     Signage, words or symbols on the sign, including whether the sign has the

universal symbol of accessibility;

(g)     The height of the sign from the pavement of the parking space to the

lowest edge of the sign's face; and

(h)     The location of the signage in relation to the sidewalk and street.

**RESPONSE:**

36.     Documents that identify the bus driver(s) who drove past the Saint Louis Zoo bus

stop on June 13, 2014.

**RESPONSE:**

37.     Any and all documents reflecting accessibility features, proposed or created, that

demonstrates the actual date of installation and implementation of the following by location by

Metro within the last five (5) years of the following:

(a)     Automatic Vehicle Locators;

(b)     Smart Card ticket vending/validation;

(c)     Rumble Strips;

(d)     Multi-Language audio assistance ticket vending/validation machines;

(e)     Discipline for bus operator's failure to stop/drive-by;

15

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

(f)     Website text-based formatting; and

(g)     New bus stop signs in Braille and raised letters.

**RESPONSE:**

38.     Any and all documents reflecting new accessibility features for individuals with visual disabilities added by Metro to its Transit System since Plaintiff filed his 2014 charge of discrimination against you.

**RESPONSE:**

39.     Any and all documents relating to Metro's policy(ies) regarding passenger use of service animals on its buses, trains and terminals.

**RESPONSE:**

40.     Agendas, minutes, notes, ESI or other documents created in anticipation of, or memorializing, the content of all manager, supervisor or team meetings wherein complaints or comments from individuals with visual disabilities were made to you regarding discrimination with the Transit System within the last five (5) years.

**RESPONSE:**

16

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

Respectfully Submitted

/s/ Cyrus Dashtaki
Cyrus Dashtaki, #57606
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, MO 63109
Telephone:    (314) 932-7671
Facsimile:    (314) 932-7672
Email:   cyrus@dashtaki.com


John C. Burns, #66462
The Burns Law Firm, LLC
1717 Park Avenue
St. Louis, MO 63104
Direct:       (314) 932-2356
Fax:          (314) 932-2171
Email:  John@burns-law-firm.com

*Attorneys for Plaintiff Scott Gustafson*

17

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

KAREN NORTON,                        )
                                     )
            Plaintiff,               )
                                     )
v.                                   )        Division No. 15
                                     )        Case No. 1416-CV23141
TIVOL PLAZA, INC.,                   )
                                     )
            Defendant.               )

## ORDER

NOW the Court takes up Defendant's unopposed Motion To Stay Proceedings,
filed on November 6, 2014. After careful consideration and being duly advised of the
premises, said motion is **GRANTED**.

This matter is hereby **STAYED** pending a final resolution of the collateral matter
*State of Missouri ex rel. Tivol Plaza, Inc., v. Missouri Commission on Human Rights, et
al.,* Cole County Case No. 14AC-CC00398. The parties are to notify this division when
that case has been resolved.

**IT IS SO ORDERED.**

_11/26/14_
Date

_____
Robert M. Schieber, Circuit Judge

**Certificate of Service**



EXHIBIT
C

Copies mailed/faxed/sent through the efiling system this ___11/26/14___ to:

Camille L. Roe                                    Phillip M. Murphy II
Michael L. Blumenthal

**Kate Millington, Bailiff/Law Clerk**

Electronically Filed - City of St. Louis - April 29, 2016 - 03:38 PM

# 13

## 05/10/2016

Electronically Filed - City of St. Louis - May 10, 2016 - 10:30 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

SCOTT GUSTAFSON,                          )
                                          )
        Plaintiff,                        )
                                          )
vs.                                       )        Case No.  1522-CC11361
                                          )
THE BI-STATE DEVELOPMENT AGENCY           )        Division 1
OF MISSOURI – ILLINOIS                    )
METROPOLITAN DISTRICT d/b/a METRO,        )
METRO TRANSIT, METROBUS,                  )
METROLINK,                                )
                                          )
        Defendant.                        )

## PLAINTIFF'S RESPONSE IN OPPOSITION TO
## DEFENDANT'S MOTION FOR PROTECTIVE ORDER

COMES NOW Plaintiff Scott Gustafson, ("Plaintiff"), by and through undersigned

counsel, and for his Response in Opposition to Defendant's Motion for Protective Order

("Motion") states:

## I.    INTRODUCTION

This case involves allegations that Defendant The Bi-State Development Agency of

Missouri-Illinois Metropolitan District d/b/a Metro, Metro Transit, Metrobus, and Metrolink

("Defendant") violated the Missouri Human Rights Act ("MHRA").  Plaintiff has alleged that

Defendant has engaged in drive-bys while he waited at bus stops and failed to remediate ongoing

barriers to its public transportation system for individuals with a visual disability. These are new

allegations and form the basis for a new charge of discrimination, which was timely filed in

2014. The necessity for Plaintiff's written discovery to Defendant is to gather relevant evidence

regarding the issues of Defendant's discrimination is obvious. However, rather than seeking to

allow the discovery of reasonable subject matters relevant to this case, Defendant instead seeks

Electronically Filed - City of St. Louis - May 10, 2016 - 10:30 PM

to delay relevant discovery and prevent Plaintiff from engaging in legitimate and necessary discovery within the boundaries of the Missouri Supreme Court Rules. Accordingly, this Court should deny Defendant's Motion for Protective Order and grant such additional relief as it deems proper.

## II.   ARGUMENT AND CITATION OF AUTHORITIES

### A.   Defendant has not met the standard for seeking a protective order under Missouri Supreme Court Rule 56.01(c).

This Court should deny Defendant's Motion for a Protective Order as it is part of a series of attempts to prevent the action from moving forward with fair and transparent discovery. A protective order must only be granted "for good cause shown." Mo. Sup. Ct. R. 56.01(c).

> Rule 56.01(c) governs protective orders in the discovery process. It is modeled after Federal Rule of Civil Procedure 26(c). As a result, federal precedent concerning that rule and its predecessor, Rule 30(b), is a persuasive guide for the construction of Rule 56.01(c). *State ex rel. Vanderpool Feed & Supply Co., Inc. v. Sloan,* 628 S.W.2d 414, 416 (Mo.App.W.D. 1982).

*Stortz by Stortz v. Seier*, 835 S.W.2d 540, 541 (Mo. Ct. App. 1992).

The permissible scope of inquiry under the federal discovery rules is very broad:

> the scope of the discovery and protective orders sections contemplate broad discovery taking place, but the court *may protect the party from whom discovery is sought* whenever it can demonstrate 'good cause' and [a protective order is sought]. However, if the *party from whom discovery is sought* is unable to show good cause, the court will deny the motion.

*Id.*

"The burden is [on] the movant to show the necessity of [a protective order's] issuance, which contemplates a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973). "The party moving for the protective order has the **burden of demonstrating good**

Electronically Filed - City of St. Louis - May 10, 2016 - 10:30 PM

*cause . . . show[ing] that specific prejudice or harm will result* if no protective order is granted."
*Buehrle v. City of O'Fallon, Mo.*, 2011 WL 529922 (E.D. Mo. 2011) (emphasis added).
Defendant has not made the requisite showing of good cause to justify its protective order and
the issuance of a stay on discovery in this case.

**B.      Plaintiff should be allowed to proceed with discovery.**

Plaintiff's ability to proceed with discovery in this case is governed by the Missouri
Rules of Civil Procedure, Rule 56.01 *et seq.* "Trial courts have broad discretion in administering
rules of discovery, which this Court will not disturb absent an abuse of discretion." *State ex rel.
Crowden v. Dandurand*, 970 S.W.2d 340, 343 (Mo. banc 1998). The purpose of discovery is a
search for the facts, in testimony and documents and other things, within the exclusive
knowledge or possession of one party to another in anticipation of litigating a pending action in
court. *J.B.C. v. S.H.C.,* 719 S.W.2d 866, 869 (Mo. App. E.D. 1986). Parties involved in
litigation have a *right* to perform discovery. *State ex rel. Norman v. Dalton,* 872 S.W.2d 888,
890 (Mo. App. E.D. 1994). Rule 56.01 allows the scope of discovery to include any matter, not
privileged, relevant to the subject matter of the pending action, whether it relates to a claim of a
party, *or a defense of the other party.* Such is precisely what Plaintiff is seeking—discovery on
the merits of his claims.

If this Court does not stay this case, Plaintiff will be able to pursue his claims
expeditiously and without delay. Plaintiff will be able to engage in discovery that is specifically
targeted to Plaintiff's unique set of facts.[1] Conversely, if this Court grants Defendant's
Motion then Plaintiff's case will most assuredly be delayed, which will result in a loss of control

---

[1] On March 10, 2016, Plaintiff served written discovery on Defendant, including interrogatories
and requests for production of documents. On March 24, 2016 counsel for Plaintiff consented to
counsel for Defendant's request for an additional thirty (30) days for Defendant to file their
discovery responses, up to and including May 10, 2016.

Electronically Filed - City of St. Louis - May 10, 2016 - 10:30 PM

by Plaintiff over his case for an indefinite period. Unfortunately, this period could last for over a year given the recent overload of actions pending in the Circuit Court of Cole County challenging the jurisdiction of the MCHR's issuance of right-to-sue letters.[2]  Moreover, no savings of judicial resources will be affected by a stay of these proceedings.

**C.     Defendant's request to stay discovery would significantly delay this case.**

Granting Defendant's Motion would result in far greater prejudice to Plaintiff than Defendant.  If granted, Defendant's Motion would substantially delay this case and thereby produce enormous inefficiency and prejudice without any countervailing benefit.  First, prolonging Plaintiff's claims will inevitably cause his claims to become stale as witnesses become more difficult to identify and contact, memories of witnesses begin to fade, and documents become lost or misplaced. Second, any delay in discovery and the trial of Plaintiff's claims until an unknown time in the future would create enormous prejudice to Plaintiff. Third, there is no efficiency in what Defendant proposes. A stay of the proceedings (including discovery) will not, as Defendants allege in conclusory fashion, potentially avoid substantial unnecessary discovery.

Despite Defendant's arguments to the contrary, discovery will be necessary regardless of how the Cole County Circuit Court construes the Missouri Commission on Human Rights ("MCHR") issuance of Plaintiff's right-to-sue letter.  Plaintiff has alleged ongoing and new allegations of discrimination, including drive-bys that are well within the 180-day statutory deadline and are timely.  Thus, the relief Defendant seeks in the Circuit Court of Cole County will not eliminate potentially unnecessary discovery, but only unnecessarily delay discovery in

---

[2] At last count, there were over 90 cases filed under *Farrow* in the Circuit Court of Cole County. *State of Missouri, ex rel. Tivol Plaza, Inc., v. MCHR*, WD78477, *14 (Mo Ct. App. W.D. April 12, 2016).

Electronically Filed - City of St. Louis - May 10, 2016 - 10:30 PM

this case. Accordingly and for the reasons set forth below, the Court should not tolerate any such delay in bringing these issues to trial and should, therefore, deny Defendants' Motion.

Moreover, the authority to stay proceedings, including discovery, is not limitless or without constraint. As the United States District Court for the Eastern District of Missouri has stated:

> The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, *which must weigh competing interests and maintain an even balance*. Thus, in considering a motion to stay, the Court weighs the potential prejudice or hardship to the parties, as well as the interest of judicial economy.

*Boswell v. Panera Bread Co.*, No. 4:14-CV-01833-AGF, 2015 WL 6445396, at *9 (E.D. Mo. Oct. 23, 2015) (internal citations omitted)(emphasis added).

Defendant's pending petition for writ of mandamus in Cole County is based upon the same legal arguments as seen in its *Motion to Dismiss or, In the Alternative, to Stay Proceedings*. The competing interests of the Court, counsel, and litigants, are in favor of moving forward with Plaintiff's timely and factually sound claim. Further delay (which Defendant prefers) will not serve any interest of judicial economy, and will only cause undue hardship to Plaintiff and the perpetuation of ongoing discrimination against individuals with a visual disability who use public transportation in the City of St. Louis. In light of this, the Court should deny Defendant's Motion.

Moreover, the situation in *Norton v. Tivol Plaza, Inc.*, Case No. 1416-CV23141, Jackson County Circuit Court, November 26, 2014, is entirely different from that of the situation in this case. The plaintiff in *Tivol Plaza* did not oppose the stay in that case. Conversely, Plaintiff opposes staying discovery in this case for the reasons cited above.

Electronically Filed - City of St. Louis - May 10, 2016 - 10:30 PM

**III.    CONCLUSION**

WHEREFORE, Plaintiff respectfully requests this Court to deny Defendant's Motion for

Protective Order; order Defendant to answer said discovery within thirty (30) days of the Court's

Order; and for such further relief as the Court deems just and proper.

<div align="center">

Respectfully Submitted,

/s/ Cyrus Dashtaki
Cyrus Dashtaki, #57606
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, MO 63109
Telephone:  (314) 932-7671
Facsimile:  (314) 932-7672
Email:  cyrus@dashtaki.com

John Burns, #66462
The Burns Law Firm
1717 Park Avenue
St. Louis, MO 63104
Telephone:  (314) 932-2356
Facsimile:  (314) 932-2171
Email:  john@burns-law-firm.com

*Attorneys for Plaintiff Scott Gustafson*

</div>

<div align="center">

**CERTIFICATE OF SERVICE**

</div>

The undersigned hereby states that on this 10th day of May 2016, a true and correct copy of the foregoing was filed electronically with Court's filing system, and was served upon all counsel of record.

/s/ Cyrus Dashtaki

# 14

**05/11/2016**

Electronically Filed - City of St. Louis - May 11, 2016 - 04:55 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| SCOTT GUSTAFSON, | ) | |
| | ) | |
| Plaintiff, | ) | 1522-CC11361 |
| | ) | |
| v. | ) | Division: 1 |
| | ) | |
| THE BI-STATE DEVELOPMENT AGENCY | ) | |
| OF THE MISSOURI-ILLINOIS | ) | |
| METROPOLITAN DISTRICT d/b/a METRO, | ) | |
| METRO TRANSIT, METROBUS, | ) | |
| METROLINK | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF HEARING

PLEASE TAKE NOTICE that Defendant will call up for hearing, Defendant's Motion to

Dismiss, or in the Alternative, to Stay Proceedings and its Motion for Protective Order, in

Division 1, Twenty-Second Judicial Circuit, on the 15th day of June, 2016, at 9:00 a.m. or as

soon after that hour on that date as counsel may be heard.

Respectfully submitted,

**McMAHON BERGER, P.C.**


_____/s/ Rex P. Fennessey_____
James N. Foster Jr., ARN 28231 MO
Brian C. Hey ARN 53930 MO
Rex P. Fennessey, ARN 58925 MO
2730 North Ballas Road, Suite 200
St. Louis, Missouri 63131
(314) 567-7350 – (Telephone)
(314) 567-5968 – (Facsimile)
foster@mcmahonberger.com
hey@mcmahonberger.com
fennessey@mcmahonberger.com

Page 1 of 2

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of May, 2016, a true copy of the foregoing was served by the court's electronic notice to:

Cyrus Dashtaki
Dashtaki Law Firm
5205 Hampton Avenue
St. Louis, MO 63109
*cyrus@dashtaki.com*

John C. Burns
The Burns Law Firm, LLC
1717 Park Avenue
St. Louis, MO 63104
*John@burns-law-firm.com*

*Attorneys for Plaintiff*

/s/ Rex P. Fennessey

# 15

**05/27/2016**

Electronically Filed - City of St. Louis - May 27, 2016 - 04:41 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

SCOTT GUSTAFSON,                          )
                                          )
        Plaintiff,                        )
                                          )
v.                                        )        Case No. 1522-CC11361
                                          )
THE BI-STATE DEVELOPMENT AGENCY           )        Division 1
OF THE MISSOURI – ILLINOIS                )
METROPOLITAN DISTRICT d/b/a METRO,        )
METRO TRANSIT, METROBUS,                  )
METROLINK,                                )
                                          )
        Defendant.                        )

## PLAINTIFF'S RESPONSE IN OPPOSITION TO
## DEFENDANT'S MOTION TO DISMISS

### I.      INTRODUCTION

Plaintiff Scott Gustafson ("Plaintiff" or "Gustafson") is blind and relies on his

service animal and guide dog, Jersey. Plaintiff requires reasonable accommodations to

have full and equal access, use, and enjoyment of Defendant The Bi-State Development

Agency of the Missouri-Illinois Metropolitan District D/B/A Metro, Metro Transit,

Metrobus, Metrolink's (hereinafter, "Bi-State" or "Defendant") public transportation

services.  Plaintiff filed a lawsuit against Defendant containing two (2) counts relating to,

among other things, discrimination in a place of public accommodations and unlawful

discriminatory practices in violation of the Missouri Human Rights Act ("MHRA").

Defendant's argument in its *Motion to Dismiss or, in the Alternative, Stay*

*Proceedings* ("Motion") is based on a legal theory that it "is not subject to the MHRA."

*See Defendant's Motion*, p.1.  Under Defendant's theory, it can deny or refuse access to

its buses and trains to individuals because of their race, color, sex, gender, religion,

Electronically Filed - City of St. Louis - May 27, 2016 - 04:41 PM

ancestry, national origin, or, in this case, disability. Defendant's argument appears to be at best disingenuous and, at worst, teetering on absurdity.

## II.   STANDARD OF REVIEW

### A.   This Court has Subject Matter Jurisdiction to Adjudicate Plaintiff's Claims

This Court has subject matter jurisdiction over this case. Missouri's constitution is unequivocal in stating that circuit courts "have original jurisdiction **over all cases and matters, civil and criminal**." Mo. Const. Article V, §14 (emphasis added). "Subject matter jurisdiction ... is ... the court's authority to render a judgment in a particular category of case." *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 253 (Mo. banc 2009).

> "[T]he subject matter jurisdiction of Missouri's courts is governed directly by the state's constitution. Article V14 sets forth the subject matter jurisdiction of Missouri's circuit courts in plenary terms, providing that '[t]he circuit courts shall have original jurisdiction over **all** cases and matters, civil and criminal.'"

*Webb*, 275 S.W.3d at 254 (emphasis added). "[S]tatutes that would bar litigants from relief" cannot and do not infringe upon the subject matter jurisdiction of Missouri's circuit courts as granted by the constitution. *Id.* "[T]he courts of this state should confine their discussions of circuit court jurisdiction to constitutionally recognized doctrines of . subject matter jurisdiction [.]" *Id.*

As instructed by the Missouri Supreme Court when it ruled the trial court erred in dismissing the plaintiff's petition in *Webb* for "lack of subject matter jurisdiction," this Court's subject matter jurisdiction analysis in this case is as succinct as that in *Webb:* "The present case is a civil case. Therefore, the circuit court has subject matter

Electronically Filed - City of St. Louis - May 27, 2016 - 04:41 PM

jurisdiction and, thus, has the authority to hear this dispute." *Id.* Accordingly, this Court

cannot be deprived of its constitutionally granted subject matter jurisdiction to hear and

decide Plaintiff's claim under the MHRA. For these reasons, Defendant's Motion must

be denied.

### B.   Plaintiff has Pled Sufficient Facts to Support His Claims Under the MHRA and is Entitled to Denial of Defendant's Motion

In Missouri, the standard for a motion to dismiss for failure to state a claim is well

established:

> A motion to dismiss for failure to state a cause of action is **solely a test of the adequacy of the plaintiff's petition. It assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom**. No attempt is made to weigh any facts alleged as to whether they are credible or persuasive. Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case.

*State ex rel. Henley v. Bickel*, 285 S.W.3d 327, 329 (Mo. 2009) (emphasis added)

(quoting *Bosch v. St. Louis Healthcare Network*, 41 S.W.3d 462, 464 (Mo. banc 2001);

*Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 306 (Mo. banc 1993).[1] Further, the

court does not "weigh any facts alleged as to whether they are credible or persuasive."

*Nazeri*, 860 S.W.2d at 306. Rather, the petition is reviewed only to determine "if the

facts alleged meet the elements of a recognized cause of action, or of a cause that might

be adopted in that case." *Id.* Contrary to Defendant's attempt to short-circuit Plaintiff's

First Amended Petition at the pleading stage, Plaintiff has pled sufficient facts that give

---

[1] *See also* Mo. Sup. Ct. R. 55.27.

Electronically Filed - City of St. Louis - May 27, 2016 - 04:41 PM

facial plausibility to his claims for relief.  As set forth below, Plaintiff has met this pleading standard and therefore Defendant's Motion should be denied.

## III.   ARGUMENT

### A.   Summary

Defendant's argument that the MHRA does not apply to Metro because it is an Interstate Compact is misplaced and unsupported by both Missouri and federal law. As a threshold matter, there is no law exempting Metro from complying with the MHRA.  In fact, Missouri law explicitly holds that Metro must adhere to MHRA.  Further, the Eighth Circuit has held that Metro is congruent to a <u>local municipality</u> for the purposes constitutional tort liability. The MHRA, as well as §209.150, RSMo, each plainly require that entities – mass transit providers, in particular – providing public accommodations in the State of Missouri cannot discriminate against protected classes under the MHRA. In other words, Metro enjoys no special license to discriminate against individuals with a disability in the State of Missouri.

Missouri statute plainly states that Metro is required to follow Missouri law. Section 70.370, Article V explicitly states:

> The bi-state agency is hereby authorized to make suitable rules and regulations **not inconsistent with** the constitution or laws of the United States **or of either state**, or of any political subdivision thereof, and subject to the exercise of the power of congress for the improvement of the district, which **when concurred in *or authorized by*** the legislatures of both states, shall be binding and effective upon all persons and corporations affected thereby.

*See* §70.370, Article V, RSMo (emphasis added).

Section 70.378.8, RSMo expands upon the language of Article V of §70.370, RSMo.  The former allows Defendant to regulate, *inter alia*, its internal functions as to

Electronically Filed - City of St. Louis - May 27, 2016 - 04:41 PM

"**the proper operation of its passenger transportation facilities and conveyances.**"

*Id.* (emphasis added).  Section 70.378.8, RSMo also clearly establishes that it is amending Article V of the Compact, granting Defendant the ability to self-regulate without either State constantly laboring to look over Defendant's shoulder:

> **Notwithstanding the provisions of Article V** of the compact creating the bi-state development agency, any rules and regulations adopted under this subsection [i.e., V.A.M.S. Section 70.378.8/ 45 Ill. Comp. Stat. Ann. 110/5(h)], **any rules and regulations adopted under this subsection need not be concurred in or** <u>specifically</u>[2] **authorized by the legislatures of either state.**

*Id.* (emphasis added).

However, even though Defendant can self-regulate as to what might be referred to as its internal operations Section 70.378.8 makes **mandatory** Defendant's responsibility to both the State of Missouri and State of Illinois **to follow the respective law of the state in which it operates**:

> **In the event that any such rules and regulations of the bi-state development agency contravene the laws, rules or regulations of a signatory state or its agency, the laws, rules and regulations of the signatory state or its agency shall apply, <u>and the conflicting portions of the rules or regulations of the bi-state development agency shall be void within the jurisdiction of that signatory state.</u>**

(emphasis added).

Defendant argues (incorrectly) that this Court should read something into the statute that is not present—that it is not subject to the MHRA.  However, "[t]he primary rule of statutory construction requires a court to determine legislative intent by considering the plain and ordinary meaning of words used in the statute." *Kinder v. Mo.*

---

[2] Note the added qualifier "specifically" in front of the word "authorized."  The addition of this qualifier lends additional credence to the interpretation of "authorized" as meaning a formal, explicit expression of approval (i.e., joint legislative passage) by the States of Missouri and Illinois.  This, as opposed to a mere <u>concurrence</u> – an *informal* signal of consent and agreement.

Electronically Filed - City of St. Louis - May 27, 2016 - 04:41 PM

*Dep't of Corr.*, 43 S.W.3d 369, 372 (Mo. App. W.D. 2001).  "When the language of a statute is clear and unambiguous, there is no room for construction."  *Id.*  As explained below, the plain text of the relevant statutes--§§213.010 *et seq.* and 209.150.2, RSMo clearly defeats Defendant's position that it is not subject to the MHRA.

In support of its Motion, Defendant cites a case that dealt exclusively with collective bargaining rights.  *See Stenger v. Bi-State Dev. Agency of Missouri/Illinois Metro. Dist.*, No. 414CV01655AGF, 2015 WL 164044, at *2 (E.D. Mo. Jan. 13, 2015) aff'd, 808 F.3d 734 (8th Cir. 2015) (Section 13(c) of the UMTA conditions federal funding for transit authorities on "the preservation of rights, privileges, and benefits (including continuation of pension rights and benefits) under existing collective bargaining agreements or otherwise").  Thus, *Stenger* absolutely offers no support to Defendant's thesis that it is not subject to the MHRA.  Any reference by Defendant to *Stenger* is misleading because the case is not on point...at all, and cannot be used in any way as support for such a proposition.

Conversely, the compact characterizes Defendant as "a body corporate and politic," *Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1085 (8th Cir. 1991)(quoting §70.370, RSMo).  Accordingly, the court in *Barket* found that Defendant is a "municipal corporation subject to suit under section 1983." *See Barket*, 948 F.2d 1084 (8th Cir. 1991).  As the court stated:

> We cannot extend the Eleventh Amendment's protection to a bistate agency unless we have "good reason to believe that the [compacting] [s]tates structured the new agency to enable it to enjoy the special constitutional protection of the [s]tates themselves . . . ."  [T]he Missouri legislature characterizes Bi-State as a municipal corporation for the purpose of common law immunity. Similarly, an Illinois

6

Electronically Filed - City of St. Louis - May 27, 2016 - 04:41 PM

Appellate Court characterized Bi-State as a local public
entity under the Illinois tort immunity act.

*Barket*, 948 F.2d at 1087 (8th Cir. 1991)(internal citations omitted).

The *Barket* court then followed a six-factor balancing test, after which it found

that "Bi-State is more like a local governmental entity than an arm of Missouri and

Illinois. State law characterizes Bi-State as a local public body." *Id.* at 1086. The MHRA

explicitly provided application of its anti-discrimination laws to "public facilities" and

"public corporations" such as § 213.010 (15)(e). As with the Illinois Tort Immunity Act

and the Civil Rights Act of 1983,[3] "[t]he common law duty [] to provide accommodations

without discrimination . . . clearly sounds in tort [and] does not arise out of a contract.

*Thomas v. Pick Hotels Corp.*, 224 F.2d 664, 666 (10th Cir. 1955)[4].

Still, Defendant argues that this fact is immaterial, and points to a case involving

the Missouri Sunshine Law stating Metro should enjoy some unique legal status;

"'[b]ecause parties to a compact have given up some sovereign powers, no party can

unilaterally subject the compact entity to a particular policy or law.'" *See Def. Motion*, p.

4 (citing *KMOV TV, Inc. v. Dev. Agency of Missouri-Illinois Metro. Dist.*, 625 F. Supp.

---

[3] *See also City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 709, 119 S. Ct. 1624, 1638, 143 L. Ed. 2d 882 (1999) ("there can be no doubt that claims brought pursuant to § 1983 sound in tort. Just as common-law tort actions provide redress for interference with protected personal or property interests, § 1983 provides relief for invasions of rights protected under federal law. Recognizing the essential character of the statute, '[w]e have repeatedly noted that 42 U.S.C. § 1983 creates a species of tort liability'").

[4] *See also State ex rel. Diehl v. O'Malley*, 95 S.W.3d 82, 90-91, n. 17 (Mo. 2003)("an action for damages for discrimination based upon age, sex and retaliation [is] now commonly referred to categorically as torts.")("In *Curtis v. Loether,* 415 U.S. at 195, 94 S.Ct. 1005, the United States Supreme Court held that an action for damages for discrimination under the Fair Housing Act of 1968 'sounds basically in tort—the statute merely defines a new legal duty, and authorizes the courts to compensate a plaintiff for the injury caused by the defendant's wrongful breach.' This cause of action, the Court said, 'is analogous to a number of tort actions recognized at common law.'")

Electronically Filed - City of St. Louis - May 27, 2016 - 04:41 PM

2d 808, 811 (E.D. Mo. 2008)) (hereafter, "*KMOV TV*").

Metro's argument on this point is wrong for a variety of reasons. First, Metro's reliance upon the *KMOV TV* (Federal <u>District</u> Court for the Eastern District of Missouri) case is entirely misplaced. As more fully explained below, while interpretation of an Interstate Compact is a matter of federal law, the Missouri Supreme Court has concurrent jurisdiction with Federal courts and only the US Supreme Court can overturn a Missouri Supreme Court precedent assuming there were a conflict between the Eighth Circuit and the Missouri Supreme Court. *Gulf Offshore Co., Div. of Pool Co. v. Mobil Oil Corp.*, 453 U.S. 473, 477-79 (1981); *see also Ballinger v. Delaware River Port Authority*, 172 N. J. 586, 593, (2002). **So, as a threshold matter, the binding precedent applicable to <u>this Court</u> is not the Eighth Circuit or any federal district court, but the Missouri Supreme Court itself.**

However, there is no conflict between Missouri and the Eighth Circuit. *KMOV TV* is just a poorly decided case, which misread the leading Eighth Circuit case (see *KCATA v. MO*, discussed at III(2)(b), *infra*) and also improperly decided to impose a legal approach which has been adopted in New York federal courts but which has not been adopted in the Eighth Circuit (see discussion at III(2)(b), *infra*). In *KCATA v. MO*, the Eighth Circuit held that the Missouri statute at interest in that case did not improperly burden the operation of the Compact, because the statute did not directly contradict the Compact. *Thus the key initial test there is whether or not the state statute is directly at odds with the Compact's explicit provisions.* Relying upon the specious decision of *KMOV TV*, Defendant inverts this standard arguing in its Motion that the MHRA cannot be applied because "[n]owhere in Bi-State's authorizing legislation did Missouri, Illinois

Electronically Filed - City of St. Louis - May 27, 2016 - 04:41 PM

and the United States Congress apply the [MHRA] to Bi-State." (Defendant's Motion, at p. 5.) Thus, Defendant's argument flips the holding in *KCATA v. MO* on its head, suggesting that the standard is not absence of contradiction, *but rather explicit authorization*. Defendant's test is entirely at odd with even the Eighth Circuit.

Additionally, Defendant's reasoning, like the reasoning in *KMOV TV*, is completely at odd with binding Missouri Supreme Court precedent. The Missouri Supreme Court has never adopted the "explicit authorization" rule which Metro advocates. In fact, the Missouri Supreme Court has adopted a unique test which is very nearly a total rejection of what Defendant proposes. In *Bi-State Development Agency v. Director of Revenue*, 781 S.W.2d 80 (Mo. banc 1989) (hereafter "*Bi-State* (1989)"), the Missouri Supreme Court concurred with the Eighth Circuit's reasoning in KCATA v. MO, and went on to even broaden the standard. The court described two additional indicia which would tend to indicate that a state statute was permissible: (a) whether or not the law at issue antedated the Compact, and (b) whether or not a similar version of the law at issue had been passed by the legislature of the other compact signatory states. These indicia found by the Missouri Supreme Court **directly** rejects the standard imposed by the *KMOV TV* federal district court, and which Defendant proposes for the Court to improperly adopt here.

As a result, even if it could somehow be said that Missouri were at odds with the Eighth Circuit regarding the proper approach to interpreting the applicability of Missouri State law to the Bi-State Compact, the *KMOV TV* case is utterly irrelevant in the present matter because **<u>this Court</u>** is bound to follow Missouri Supreme Court precedent, and not the misguided approach of a stray federal district court opinion.

Electronically Filed - City of St. Louis - May 27, 2016 - 04:41 PM

Defendant is undoubtedly required to follow the laws protecting individuals with disabilities, including Plaintiff.  This is made clear by the texts of *Barket* and §§ 70.370, Article V of 70.370, 209.150.2, and 213.065, RSMo.  Further, this case is factually distinct from *KMOV TV* because it concerns the basic human right to public transportation, and the right to equal access. This case sounds in tort unlike the Missouri Sunshine Law.  Moreover, Defendant's flawed argument would permit it to bypass the State of Missouri's recognition of basic human rights to public transportation.  The MHRA is clear and conspicuous, leaving no question as to who the law applies to, and that includes Defendant.  Accordingly, Defendant's Motion should be denied.

B.      **Defendant Is Subject To The MHRA.**

Defendant has previously argued that it is not subject to the MHRA because an identical version of the MHRA was not passed – *verbatim* – by the Illinois Legislature. (*See* Defendant's Motion to Dismiss, April 28, 2016, at pp. 4-6.)  Defendant's specious argument completely ignores binding Missouri Supreme Court precedent on the matter. Rather than rely on Missouri Supreme Court precedent, Defendant tellingly prefers to ground its *entire argument* on a **lone** federal *district court* case, which itself was erroneously reasoned, as it overlooked the precedent set by the Eighth Circuit Court of Appeals.

In this matter, the binding precedent applicable to This Court is that of the Missouri Supreme Court.  The Missouri Supreme Court has concurrent jurisdiction with the federal courts in the interpretation of Interstate Compacts, and its interpretation can only be overturned by the US Supreme Court. *Gulf Offshore Co., Div. of Pool Co. v. Mobil Oil Corp.*, 453 U.S. 473, 477-79 (1981); *see also Ballinger v. Delaware River Port*

Electronically Filed - City of St. Louis - May 27, 2016 - 04:41 PM

*Authority*, 172 N. J. 586, 593, (2002). Thus, even if there were a split between the interpretations of the Missouri Supreme Court and the Eighth Circuit Court of Appeals, the latter would not affect This Court's duty to follow the law as stated by the Missouri Supreme Court. Luckily, however, there is no split. Within the Eighth Circuit and Missouri, the true test for the propriety of the application of a Compact signatory State's laws to an Interstate Compact entity is **FIRST**, whether or not the State's laws are an impermissible *burden* upon the Compact. **SECOND**, as a matter of law, however, a signatory State's laws cannot impermissibly burden a Compact (such as Defendant) where the Compact has not specifically prohibited the object of the State law at issue. **THIRD**, the presence of two key *indicia* is strongly indicative that a given signatory State law is properly applicable to the Compact. These indicia include:

      **(a)**    whether or not the law at issue antedates the Compact, and

      **(b)**    whether or not a similar version of the law at issue had been passed by the legislature of the other Compact signatory States.

      Thus, because no provision of the Bi-State Compact relieves Defendant of its duty to follow Missouri anti-discrimination laws; because Missouri's "white cane law" antedates the formation of the Bi-State Compact; and because Illinois has passed a similar "white cane law," Missouri law cannot therefore, be said to impermissibly "burden" the Bi-State Compact.

      Even if it could be argued that the *express* reciprocal approval of Illinois were necessary before the MHRA were applicable to Defendant, as described in detail below, Article V of the Compact (V.A.M.S. Section 70.370 at Art. V) specifically says that Defendant **MUST** follow Missouri law. Moreover, the Legislatures of both Missouri and

Electronically Filed - City of St. Louis - May 27, 2016 - 04:41 PM

Illinois have already jointly passed an act circumscribing Defendant's self-regulatory powers, and forcing Defendant to follow the respective State's laws when operating in that state. Accordingly, Defendant is clearly subject to the Missouri Human Rights Act.

      *1.     Background: Bi-State and the law of Interstate Compacts.*

Defendant was created by virtue of a compact between Missouri and Illinois, which was approved by Congress in 1949. §70.370, RSMo; 45 Ill. Comp. Stat. 100/1. An interstate compact is a legal document – a *contract* – which is to be interpreted and applied in accordance with its terms. *Texas v. New Mexico II*, 482 U.S. 124, 128 (1987). The U.S. Supreme Court has held that the interpretation of interstate compacts is a matter of federal law. *New Jersey v. New York*, 523 U.S. 767, 810-11 (1998). However, state courts retain concurrent jurisdiction with federal courts, with the U.S. Supreme Court retaining final authority. *Gulf Offshore Co., Div. of Pool Co. v. Mobil Oil Corp.*, 453 U.S. 473, 477-79 (1981); *see also Ballinger v. Delaware River Port Authority*, 172 N. J. 586, 593, (2002). And Congressional consent is not necessary to every step taken by a State in an effort to carry out a duly approved compact with another State. *See U.S. Steel Corp. v. Multistate Tax Comm'n*, 434 U.S. 452, 468-69 (1978), quoting *Virginia v. Tennessee*, 148 U.S. 503 (1893)("[A]pplication of the Compact Clause is limited to agreements that are 'directed to the formation of any combination tending to the increase of political power in the States, which may encroach upon or interfere with the just supremacy of the United States"); *see also Henderson v. Delaware River Joint Toll Bridge Com.*, 362 Pa. 475, 486 (1949)("Congressional consent is not necessary to every step taken by a State in an effort to carry out a duly approved compact with another State").

Electronically Filed - City of St. Louis - May 27, 2016 - 04:41 PM

Generally speaking, when a state enters an interstate compact, it voluntarily abdicates a certain amount of sovereignty relating to the compact creature, in that the compact agency cannot be seen as an arm of any one state. *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 312, 314 (1990) (Brennan, J., concurring).

All State signatories to the Compact are bound to follow the plain terms of the agreement. The Eighth Circuit Court of Appeals has held that "one party to an interstate compact may not enact legislation that would impose _burdens upon the compact_ absent *the concurrence of the other signatories*." *Kansas City Area Transp. Authority v. Missouri*, 640 F.2d 173, 174 (8th Cir. 1981)(emphasis added). **However, that same Eighth Circuit Court wrote in the very same opinion, immediately after that last quote**:

> However, as noted by the district court:
>
> It is within the competency of a State, which is a party to a compact with another State, to legislate in respect of matters covered by the compact so long as such legislative action is in approbation and not in reprobation of the compact.

*Id.,* (emphasis added) quoting *Henderson v. Delaware River Joint Toll Bridge Com.*, 362 Pa. 475, 486 (1949). We shall return to our discussion of the Kansas City Area Transportation Authority case ("KCATA v. MO ") momentarily.

      2.     *Some Interstate Compacts show signatory States retaining significant power – where the precise level is unclear, there are multiple approaches*

Some interstate compacts are drafted to permit signatory states to retain a great deal of control over the Compact Agency. For example, the Compact creating Defendant does not require either Missouri or Illinois to fund the Compact, except voluntarily. *See*

13

Electronically Filed - City of St. Louis - May 27, 2016 - 04:41 PM

*Kansas City Area Transp. Authority v. Missouri*, 640 F.2d at 175 n. 2 ("The compact

allows the Authority to receive appropriations from the city but does not require the states

to either directly subsidize or provide subsidies from its political subdivisions").

Similarly, some Compacts, such as Bi-State, contain language permitting one state to

modify the compact through legislation "concurred-in" by the other.

<div align="center">

(a)    **Federal courts split – the New York" approach versus
the "New Jersey" approach.**

</div>

There is a Federal Court Circuit split regarding the interpretation of compacts

containing "concurred-in" language. *Intn'l Union of Operating Engineers, Local 542 v.*

*Delaware River Joint Toll Bridge Comm'n*, 311 F.3d 273 (3rd Cir. 2002). Various

Federal Circuits and state courts adhere to one or the other of two competing approaches,

dubbed the "New York" approach or the "New Jersey" approach.

Under the "New York" approach, courts permit the application of a state's law to

the compact upon a showing of an express statement that each signatory state intended to

amend the Compact. *Id.*, at 276. The stricter "New York" approach recognizes a

distinction between the internal functions of the Compact and the externally felt affects of

operations of the Compact. Thus, state laws unilaterally affecting the *internal operations*

of the Compact are forbidden, while state laws affecting the external operations are

permissible. For example, courts adhering to the New York approach have classified

*external operations regulations* as items such as health, safety, and environmental laws.

*Dezaio v. Port Authority of N.Y. & N.J.*, 205 F.3d 62, 65 (2d. Cir. 2000). While New

York approach courts have held that *internal operations* include minimum wage

requirements and discrimination laws. *See Ageson v. Catherwood*, 260 N.E.2d 525, 526

(N.Y. 1970); *Dezaio*, 205 F.3d at 65.

<div align="center">14</div>

Electronically Filed - City of St. Louis - May 27, 2016 - 04:41 PM

Under the "New Jersey" approach, "the passage of similar legislation by compacting states" satisfies the 'concurred-in' test, and implies "an intent on the part of both states to apply the legislation to a bi-state entity." *Id.*, at 277. Thus, a showing that the various states' laws are "complimentary and parallel" is sufficient, even where there is no stated intent to amend the compact." *Id.*

        **(b)**     **The Eighth Circuit follows *NEITHER* the "New York" approach, nor the "New Jersey" approach.**

The Eight Circuit ***has not*** expressly decided upon a particular approach. However, in *KCATA v. MO*, discussed *supra*,[5] the Eighth Circuit held that a Missouri state law – which was not expressly adopted by Illinois – was nevertheless permissible and applicable to an interstate compact. There, the Missouri Legislature had passed a law which enabled Kansas City, Missouri to levee a 1% sales tax for the benefit of an interstate compact – Kansas City Area Transportation Authority ("Authority"). Kansas City chose to impose this tax and give the proceeds to the Authority. However, in 1979, the Missouri Legislature added a proviso to the statute, *requiring the Authority to provide for interior and exterior advertising* on each vehicle for mass transportation purposes. *KCATA v. MO*, 640 F.2d at 174.

The *KCATA v. MO* court held that the Missouri statute was **permissible** because it was in "approbation and not in reprobation" of the Compact. *Id.* ("It is within the competency of a State, which is a party to a compact with another State, to legislate in respect of matters covered by the compact so long as such legislative action is in approbation and not in reprobation of the compact"). In reaching its decision, the court noted that the KCATA Compact allows the Authority to receive appropriations from

---

[5] 640 F.2d 173 (8th Cir. 1981).

Electronically Filed - City of St. Louis - May 27, 2016 - 04:41 PM

cities, but did not require the states to either directly subsidize or provide subsidies from its political subdivisions. *Id.*, at 175 n. 2. "For this reason, we agree with the district court that the advertising requirement is a condition to the authority's receipt of the subsidy, and 'that in providing for a sales tax subsidy, albeit with conditions, the State of Missouri has not legislated in derogation of the compact." *Id.* The court held that the Missouri statute did not impose a burden on the operation of the compact because it did not directly contradict the Compact. *Id.*, at 174.

The court's approach in *KCATA v. MO* is neither that of "New York," nor "New Jersey." The Eighth Circuit establishes its own approach and its own test, which nevertheless closely resembles the New Jersey approach.

> **(c)** **The approach of the *Missouri Supreme Court* and the *Illinois Supreme Court* closely resembles the "New Jersey" approach.**

The Missouri Supreme Court relied heavily upon the *KCATA v. MO* case in its opinion in *Bi-State Development Agency v. Director of Revenue*, 781 S.W.2d 80 (Mo. banc 1989) (hereafter "*Bi-State* (1989)"). The Missouri Supreme Court **held that Defendant was subject to the Missouri gas tax**, despite the fact that the Illinois Director of Revenue had <u>chosen</u> to waive the application of Illinois' gas tax as to Defendant. *Bi-State*, 781 S.W.2d at 80.

In reaching its decision, the Missouri Supreme Court explained that the Legislatures of Missouri and Illinois "intended that the states should act together to expand or limit the power or authority of the agency." *Bi-State*, 781 S.W.2d at 82. However, the Missouri Supreme Court held that it was wrong as a matter of law to

Electronically Filed - City of St. Louis - May 27, 2016 - 04:41 PM

suggest that Illinois must concur-in or approve Missouri's power to impose fuel taxes

upon Defendant:

> A different charter coupled with a different chronology might permit such a conclusion. Here, however, logic does not support [such a] leap. Missouri's fuel tax provisions were existent prior to enactment of the compact. Bi-State so concedes. Illinois is authorized to impose similar taxes. **While the terms of the Bi-State charter grant limited specific exemptions from certain other taxes, Section 70.375, no compact provision relieves Bi-State of payment of motor fuel and special fuel taxes. The State of Missouri, therefore, has not unilaterally imposed a burden upon the compact.**

*Id.* (emphasis added).

The holdings in *KCATA v. MO* and *Bi-State* (Mo. 1989) strongly suggest that the

Eighth Circuit would favor a "New Jersey" approach to the interpretation of 'concurred-

in.'  However, it is important to note that not only do the Eighth Circuit and Missouri

Supreme Court appear to favor the New Jersey approach, but the Supreme Court of

Illinois, in its 2010 decision, *Hubble v. Bi-State Development Agency of the Illinois-

Missouri Metro. Dist.*, 238 Ill.2d 262, also favors the New Jersey approach, without

referring to such approach by name.  The *Hubble* court, in no uncertain terms, <u>completely</u>

<u>rejected</u> the proposition that Illinois and Missouri must enact <u>identical</u> legislation on

matters involving Defendant's powers.  *Hubble*, 238 Ill.2d. at 282.  Similarly, the *Hubble*

court also rejected the notion that any alteration of the compact must receive

Congressional approval.  *Id.*, at 282-83 ("As explained above, the appellate court's

alleged 'nonposition' plainly misconstrues the law of interstate compacts and the

Compact in this case").

> 3. *The Bi-State Compact distinguishes between "express" approval (e.g., "New York" approach), and "implicit" approval (e.g., "New Jersey" approach).*

17

Electronically Filed - City of St. Louis - May 27, 2016 - 04:41 PM

Even though the Eighth Circuit, Missouri, and Illinois all appear to favor the "New Jersey" approach, the Bi-State Compact itself seems to use terms of art which suggest an approach entirely different from the "New York" or "New Jersey" approaches. The language of the Bi-State Compact appears to clearly distinguish between the "express" approval as required for example in the "New York" approach, and the "implicit" approval as required by the "New Jersey" approach. In §70.370, Article V, the Bi-State Compact states:

> The bi-state agency is hereby authorized to make suitable rules and regulations **not inconsistent with** the constitution or laws of the United States **or of either state**, or of any political subdivision thereof, and subject to the exercise of the power of congress for the improvement of the district, which **when concurred in _or authorized by_** the legislatures of both states, shall be binding and effective upon all persons and corporations affected thereby.

(emphasis added).

The foregoing language describes the power of Defendant to regulate itself. It marks Missouri and Illinois' grant of a piece of sovereignty to Defendant to make its own internal regulations and rules, but limits its powers to do so. For example, Defendant cannot make rules or regulations which are inconsistent with the laws of the United States, the State of Missouri, the State of Illinois, or of political subdivisions of either state. Further, Defendant's rules and regulations **only** become valid when the legislatures of both states either _concur-in_ **or** _authorize_ the rules or regulations.

The Bi-State Compact-specific terms of art "**concurred in**" or "**authorized by**" present a wrinkle in the normal "concurred in" New York/New Jersey approach dichotomy. Clearly, the two terms of art are not synonymous. "The construction of statutes is not to be hyper-technical, but instead to be reasonable and logical and to give

Electronically Filed - City of St. Louis - May 27, 2016 - 04:41 PM

meaning to the statutes." *Gash v. Lafayette County*, 245 S.W.3d 229, 232 (Mo. banc 2008). "[A] particular statutory phrase cannot be read in isolation, and the provisions of a legislative act are construed together and read in harmony with the entire act." *Id.* "The words in a statute are presumed to have meaning and any interpretation rendering statutory language superfluous is not favored." *Schoemehl v. Treasurer of Mo.*, 217 S.W.3d 900, 902 (Mo. banc 2007).

Thus, since the terms of art "**concurred in**" and "**authorized by**" cannot be interpreted to be synonymous, thereby rendering one or the other superfluous, the terms must carry different meanings. This being so, we may start by looking to the plain definitions of "authorize," and "concur" since the terms are not otherwise defined in the Compact. Black's[6] defines "**authorize**" as:

1. To give legal authority; to empower.

2. To *formally* approve; to sanction.

In contrast, Black's defines "**concur**" as:

1. To agree; to consent.

2. In a judicial opinion, to agree with the judgment in the case (usu. as expressed in the opinion of another judge), or in the opinion of another judge, but often for different reasons or through a different line of reasoning.

"**Authorize**" meaning to formally approve, it is easily distinguished from "**concur**" which simply means to agree to or to consent. Logically, a formal agreement or "authorization" would be the passage of an identical piece of legislation by each of the Legislatures of Missouri and Illinois. And as described below, there is evidence that

---

[6] Black's Law Dictionary, 9th Edition, 2013.

Electronically Filed - City of St. Louis - May 27, 2016 - 04:41 PM

Missouri and Illinois have done just this, subsequent to the initial passage of the Compact.

> 4.   *The Missouri and Illinois legislatures jointly amended the powers of Bi-State to expressly require Bi-State to follow the laws of Missouri or Illinois (when operating in their respective jurisdictions) as to the proper operation of Bi-State's passenger transportation facilities and conveyances.*

In the early 1990s, the Legislatures of Missouri and Illinois passed identical laws further circumscribing the powers of Defendant, and also solidifying each signatory State's rights to require Defendant to follow their laws, when Defendant operated in their respective states. This identical legislation is codified in part in Missouri at §70.378, RSMo, and in Illinois at 45 Ill. Comp. Stat. Ann. 110/5.

Section 70.378.8, RSMo expands upon the language of Article V of §70.370, RSMo. Similar to §70.370, the statute allows Defendant to regulate, *inter alia*, its internal functions as to "**the proper operation of its passenger transportation facilities and conveyances**." *Id.* (emphasis added). Section 70.378.8, RSMo also clearly establishes that it is amending Article V of the Compact, granting Defendant the ability to self-regulate without either State constantly looking over Defendant's shoulder:

> **Notwithstanding the provisions of Article V** of the compact creating the bi-state development agency, any rules and regulations adopted under this subsection [i.e., V.A.M.S. Section 70.378.8/ 45 Ill. Comp. Stat. Ann. 110/5(h)], **any rules and regulations adopted under this subsection need not be concurred in or <u>specifically</u>[7] authorized by the legislatures of either state.**

*Id.* (emphasis added).

---

[7] Note the added qualifier "specifically" in front of the word "authorized." The addition of this qualifier lends additional credence to the interpretation of "authorized" as meaning a formal, explicit expression of approval (i.e., joint legislative passage) by the States of Missouri and Illinois. This, as opposed to a mere <u>concurrence</u> – an *informal* signal of consent and agreement.

20

Electronically Filed - City of St. Louis - May 27, 2016 - 04:41 PM

However, even though Defendant can self-regulate as to what might be referred to as its internal operations.  Section 70.378.8, RSMo makes **mandatory** Defendant's responsibility to both the State of Missouri and State of Illinois **to follow the law of the state in which it operates**:

> In the event that any such rules and regulations of the bi-state development agency contravene the laws, rules or regulations of a signatory state or its agency, the laws, rules and regulations of the signatory state or its agency shall apply, <u>and the conflicting portions of the rules or regulations of the bi-state development agency shall be void within the jurisdiction of that signatory state.</u>

(emphasis added).

     *5.*     *The appropriate test in the present matter is unique to Missouri and the Eighth Circuit.*

To determine the applicability of a given signatory State law, neither the Eighth Circuit nor Missouri require *express* reciprocal approval by the remaining signatory States, or anything remotely resembling the "New York" approach.  In fact, the true test (*see KCATA v. MO* (8th Cir. 1981)) is whether or not the state law imposes an improper burden upon the Compact.  According to the Missouri Supreme Court, whether or not the Compact has been improperly burdened, depends upon whether or not the Compact has specifically prohibited the object of the State law at issue.  If the law's object is not specifically prohibited, then there cannot be an improper burden.  In addition, the Missouri Supreme Court has also held that two key *indicia* can assist a court in determining whether or not a Compact has prohibited the object of a particular state law:

    (1)    whether or not the law at issue *antedates* the Compact; and

    (2)    whether or not a *similar* version of the law at issue had been passed by the legislature of the other compact signatory state.

Electronically Filed - City of St. Louis - May 27, 2016 - 04:41 PM

For these reasons, as more fully explained, *infra*, Defendant's argument is invalid and it is clearly subject to the MHRA.

Defendant essentially argues that the Eighth Circuit and Missouri follow the "New York" approach, which would supposedly require the Legislatures of both Missouri and Illinois to pass identical legislation before Defendant could be said to be subject to a given signatory state's laws.  However, this is plainly not the case and such suggestion completely misstates the unique approach taken by the Eighth Circuit, as well as the Missouri Supreme Court.

To begin with, the primary test is whether or not the state law would improperly burden the interstate compact.  Following US Supreme Court decisions, as described *supra*, the Eighth Circuit has carefully defined the scenarios in which it might be said that an Interstate Compact would not be subject to the laws of a signatory state.  Specifically, the 8th Circuit Court of Appeals has held that "one party to an interstate compact may not enact legislation that would impose **burdens upon the compact absent the concurrence of the other signatories**." *KCATA*, 640 F.2d at 174 (emphasis added).

In their key opinion on the topic (*see id.*), the Eighth Circuit required Defendant to follow Missouri statutes, *which were not mirrored in Illinois*, because the object of the Missouri statute was not specifically prohibited by the text of the compact.  Hence, that is why the *KCATA v. MO* court held:

> It is within the competency of a State, which is a party to a compact with another State, to legislate in respect of matters covered by the compact **so long as such legislative action is in approbation and not in reprobation of the compact**.

*Id.,* quoting *Henderson v. Delaware River Joint Toll Bridge Com.*, 362 Pa. 475, 486 (1949)(emphasis added).

22

Electronically Filed - City of St. Louis - May 27, 2016 - 04:41 PM

As described more fully above, subsequent to the Eighth Circuit's decision in the *KCATA v. MO* decision, the Missouri Supreme Court adopted the "burden" test espoused by the *KCATA v. MO* court, and found that Missouri had not unilaterally imposed a *burden* upon the Compact and that Defendant was subject to Missouri's 'gas tax' (even though Defendant was not subject to the Illinois gas tax) specifically because there was no provision within the Compact which exempted Defendant from the payment of the gas tax and special fuel taxes. *Bi-State*, 781 S.W.2d at 82. "While the terms of Bi-State charger grant limited specific exemptions from certain other taxes, Section 70.375, no compact provision relieves Bi-State of payment of motor fuel and special fuel taxes. The State of Missouri, therefore, has not unilaterally imposed a burden upon the compact." *Bi-State* (1989), at 82.

In the present case, Defendant cannot point to a single portion of either the original Bi-State Compact or the subsequent body of law, which was passed jointly by Missouri and Illinois, which would grant Defendant immunity from Missouri law, let alone the MHRA. Here, as in *Bi-State* (1989), because "*no compact provision relieves Bi-State of*" its responsibility to follow the laws of the State of Missouri, Missouri cannot be said to have unilaterally imposed a burden upon the Compact.

In the same *Bi-State* (1989) opinion, the Missouri Supreme Court also explained that additional key *indicia* militating against a finding of an improper burden was whether or not:

(1)    the state law at issue had been enacted prior to the creation of the interstate compact, or

(2)    whether the other signatory state (i.e., Illinois) had passed a similar law.

23

Electronically Filed - City of St. Louis - May 27, 2016 - 04:41 PM

*Bi-State* (1989), at *Id.*

The court noted that Missouri's gas tax was passed in 1925 (whereas the Bi-State

Compact was created in 1949), and that Illinois had a **similar** gas tax.  *Id.*

Missouri passed its "white cane law" prohibiting public transportation from

discriminating against visually impaired individuals in **1941**.  In fact, historically,

Missouri led the nation in progressive disability legislation, as Missouri's "White Cane

Law" was *the first such law passed by any state in the Union.  (See Board of Trustees of*

*the University of Alabama v. Garrett*, 531 U.S. 356 (2001) (brief of Petitioners,

accessible at http://supreme.findlaw.com/supreme_court/briefs/99-1240/99-

1240mo1/text.html.)  By comparison, the Bi-State Compact was created in 1949.

Missouri's white cane law, codified as §209.150, RSMo originally read:

> **Any blind person** shall … be entitled to any and all accommodations,
> advantages, facilities and privileges of all **public conveyances and all**
> **places of public accommodations.**

(emphasis added).

Subsequently, §209.150, RSMo was expanded and also incorporated by reference

into the MHRA:

> **Every person with a visual,** aural or other **disability** including diabetes,
> **as defined in section 213.010** [MHRA], **is entitled to full and equal**
> **accommodations, advantages, facilities, and privileges of all** common
> carriers, airplanes, motor vehicles, **railroad trains, motor buses**, taxis,
> streetcars, boats or any other public conveyances **or modes of**
> **transportation …**"

(emphasis added).

Tellingly, Defendant has failed to address (and continues to fail to address) this

issue in its briefing.  Thus, because [per *Bi-State* (Mo. banc 1989)] no provision of the

Electronically Filed - City of St. Louis - May 27, 2016 - 04:41 PM

Bi-State Compact relieves Defendant of its duty to follow Missouri anti-discrimination laws, and because Missouri's "white cane law" antedates the formation of the Bi-State Compact, coupled with the fact that Illinois has passed a similar "white cane law," Missouri law cannot therefore, [per *KCATA v. MO* (8th Cir. 1981)] be said to impermissibly "burden" the Bi-State Compact. Accordingly, Defendant is clearly subject to the MHRA.

> 6. *Even if Missouri and the Eighth Circuit could be said to follow the "New York" approach to "concurred in" language, Bi-State is still subject to the Missouri Human Rights Act.*

As discussed, *supra*, neither the Eighth Circuit nor Missouri adhere to the "New York" approach.  However, even if they did, such an approach would invariably lead to a conclusion that Defendant is subject to the MHRA.  According the "New York" approach, when reviewing the interplay between the powers of the Compact entity and the powers retained by States, a key distinction is that between the internal operations of the entity, and the external effects the entity has on the state.  The leading "New York" approach opinions have described the internal operations as covering topics such as discrimination and wages.  External effects have been described as relating to health and safety.  (*See* discussion, this brief, at II(C)(2)(a), *supra*.)

Unlike some Compacts, while the signatory States to the Bi-State Compact have delegated what might be described as internal rulemaking and regulatory powers to Defendant, the Compact subjugates Defendant's regulatory and rulemaking authority to the State laws of Missouri and Illinois, when Defendant operates within those jurisdictions, respectively.  Thus, when in Rome, Defendant is compelled to do as the Romans do.  When Defendant creates rules or self-regulates, the Compact explicitly

Electronically Filed - City of St. Louis - May 27, 2016 - 04:41 PM

states that Defendant cannot operate inconsistent with Missouri law: "The bi-state agency is hereby authorized to make suitable rules and regulations **not inconsistent with** the constitution or laws of the United States **or of either state**…" §70.370, Article V, RSMO; 45 Ill. Comp. Stat. Ann. 100/1, Art. V.  If its own rules and regulations conflict with State law, then, "**the conflicting portions of the rules or regulations of the bi-state development agency shall be void within the jurisdiction of that signatory state.**" §70.378.8, RSMO; 45 Ill. Comp. Stat. Ann. 110/5(h); *see also* discussion, this brief, at Section II (C)(3), *supra*.

Defendant's argument has it all backwards.  It is Defendant which must follow Missouri law, and by the plain language of Article V of §70.370, RSMo (the Compact), *Bi-State cannot self-regulate or engage in rulemaking period without the concurrence or authorization of the Missouri and Illinois Legislatures.*  And in any event, when it does, it cannot operate or make rules or regulations inconsistent with Missouri law.  States may well give up some marginal piece of sovereignty when they sign-on to a Compact.  However, speaking specifically of the Bi-State Compact, Missouri has hardly ceded anything at all.  Missouri, in crafting and signing the Bi-State Compact made the conscious and deliberate effort to firmly retain control of Defendant where Defendant operates on Missouri soil.  Much as Defendant would prefer to be answerable to no one, the contract clearly states that it must answer to Missouri law when operating in Missouri.

As more fully described by §70.378.8, Defendant can only propound regulations and rules relating to "**the proper operation of its passenger transportation facilities and conveyances**" so long as such regulations and rules are not inconsistent with

26

Electronically Filed - City of St. Louis - May 27, 2016 - 04:41 PM

Missouri or Illinois State law, when Defendant operates in either state.  Compare Article

V of §70.370, RSMo and the further and additional explication found in §70.378.8:

> The bi-state agency is hereby authorized to make suitable rules and regulations **not inconsistent with** the constitution or laws of the United States **or of either state**, or of any political subdivision thereof, and subject to the exercise of the power of congress for the improvement of the district, which **when concurred in *or authorized by*** the legislatures of both states, shall be binding and effective upon all persons and corporations affected thereby.

Section 70.370, RSMo; *see also* 45 Ill. Comp. Stat. Ann. 100/1, at Article V (emphasis

added).

> **Notwithstanding the provisions of Article V** of the compact creating the bi-state development agency [i.e., V.A.M.S. Section 70.370/ 45 Ill. Comp. Stat. Ann. 100/1], any rules and regulations adopted under this subsection [i.e., §70.378.8, RSMo/ 45 Ill. Comp. Stat. Ann. 110/5(h)], **any rules and regulations adopted under this subsection need not be concurred in or specifically authorized by the legislatures of either state...**
>
> **...In the event that any such rules and regulations of the bi-state development agency contravene the laws, rules or regulations of a signatory state or its agency, the laws, rules and regulations of the signatory state or its agency shall apply, and the conflicting portions of the rules or regulations of the bi-state development agency shall be void within the jurisdiction of that signatory state.**

*See* §70.378.8 (emphasis added).

As a result, because Defendant cannot regulate and therefore operate itself

inconsistently with the laws of the State of Missouri – where it operates within that

jurisdiction – Defendant is subject to Missouri law, including the MHRA.

In conclusion, because **(1)** no provision of the Bi-State Compact relieves

Defendant of its duty to follow Missouri anti-discrimination laws, and because **(2)**

Missouri's "white cane law" antedates the formation of the Bi-State Compact, and

Electronically Filed - City of St. Louis - May 27, 2016 - 04:41 PM

because **(3)** Illinois has passed a similar "white cane law," **(4)** Missouri law cannot

therefore, be said to impermissibly "burden" the Bi-State Compact.

Moreover, even if it could be argued that the *express* reciprocal approval of

Illinois were necessary before Missouri's Human Rights Act were applicable to

Defendant, Defendant's arguments still fail, because: **(5)** Article V of §70.370

specifically says that Defendant MUST follow Missouri law; and **(6)** the Legislatures of

Missouri and Illinois have already jointly passed an act in the early 1990s (codified at

V.A.M.S. Section 70.378.8) circumscribing Defendant's self-regulatory powers, and

forcing Defendant to follow the respective State's laws when operating in that state.

Accordingly, Defendant is clearly subject to the MHRA.

### C.    The Stay Sought by Defendant Would Violate Plaintiff's Rights Under the Missouri Constitution, Article I, Section 14

Defendant seeks a stay in this case pending the outcome of its mandamus petition

in the Circuit Court of Cole County.  In Cole County, Defendant has challenged the

legitimacy of Plaintiff's "right to sue letter," which is the putative source of Plaintiff's

standing to bring the instant suit.  However, Plaintiff argues that his right to bring this suit

– immediately upon the accrual of the cause of action – is irrespective of any action taken

by the Missouri Commission on Human Rights ("MCHR").  In fact, the Missouri

Constitution prohibits any obstruction or delay of his filing suit in this Court and

prosecuting his claim.  The Missouri Supreme Court has held that the imposition of a

**procedure** as a precondition to access to the courts, violates a plaintiff's rights per Mo.

Const. Art. I, Sec. 14. *Ambers-Phillips v. SSM DePaul Health Ctr.*, 459 S.W.3d 901, 910

(Mo. banc 2015) (citing *State ex rel. Cardinal Glennon Memorial Hospital for Children*

*v. Gaertner*, 583 S.W.2d 107, 110 (Mo. banc 1979).  Defendant's request to stay this

28

Electronically Filed - City of St. Louis - May 27, 2016 - 04:41 PM

case, like its mandamus action in Cole County is entirely improper, and the latter is founded upon an unconstitutional apparatus.  The Missouri Constitution, Article I, Section 14 guarantees:

> That the courts of justice shall be open to every person, and certain remedy afforded for every injury to person, property or character, and that right and justice shall be administered without sale, denial, or delay.

The Missouri Supreme Court has held that "[a]rtificial barriers, such as the requirement that one appear before a medical review board prior to filing suit, violate[s] [Mo. Const. Art. I, Sec. 14] for they bar a plaintiff from bringing a valid and recognized claim." *Ambers-Phillips,* 459 S.W.3d at 910 (citing *Cardinal Glennon*, 583 S.W.2d at 110.

In *Cardinal Glennon*, a trial court had denied a hospital's motion to dismiss based on Chapter 538, RSMo.  *Cardinal Glennon*, 583 S.W.2d at 109-11.  That chapter had established a Professional Liability Review Board Authority ("Review Board").  *Id.*  It required any person having a malpractice claim against a health care provider to refer the claim to the secretary of the authority before filing an action in court.  *Id.*  Notice was required to be sent simultaneously to respondent-defendants.  *Id.*  The Review Board was empowered to hold hearings on the malpractice claim, subpoena records, review evidence, and make a determination as to liability and damages which the parties were free to accept or reject.  *Id.*  If the recommendation were rejected, a plaintiff could then file the action in circuit court within six months of filing the claim with the secretary of the Review Board.  *Id.*

The *Cardinal Glennon* Court held that Chapter 538 imposed a procedure as a precondition to access to the courts, violating Article I, Section 14 of the Missouri

Electronically Filed - City of St. Louis - May 27, 2016 - 04:41 PM

Constitution.  In reaching this conclusion, the Court analogized Chapter 538 to a similar statute found in the State of Illinois, which the Supreme Court had held unconstitutional. There, the Illinois Supreme Court had found that the Illinois statute obstructed litigants' right of access to the courts without delay:

> It was stated that the objection was not the length of the delay, but rather the fact that the delay was interposed before the jurisdiction was obtained, and therefore a litigant's right to seek immediate redress in the courts was violated.  It was said that the enforced waiting period imposed by the statute not only caused a useless and arbitrary delay, but that delay, by abridging the right to file suit and have summons issued promptly, necessarily destroyed the remedies which depended on obtaining personal service on defendants.

*Cardinal Glennon*, 583 S.W.2d at 110.

Because Defendant's Preliminary Order in Mandamus and Petition for Writs of Prohibition and Mandamus, impose a procedure as a precondition to access to the courts, (causing a "useless and arbitrary delay" in Gustafson's quest for court's redress in his underlying lawsuit), Defendant's mandamus action is entirely improper and founded upon an unconstitutional apparatus, in violation of Plaintiff's rights per Mo. Const. Art. I, Sec. 14.  Accordingly, any Stay in the instant case would further deprive Plaintiff of his rights under the Missouri Constitution.  As a result, the Court should deny any Stay and permit discovery to be conducted in this case.

## IV.   CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss or, in the Alternative Stay Proceedings, should be denied; and for such further orders as this Honorable Court deems just and proper.

Electronically Filed - City of St. Louis - May 27, 2016 - 04:41 PM

Respectfully Submitted,

/s/ Cyrus Dashtaki
Cyrus Dashtaki, #57606
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, MO 63109
Telephone:  (314) 932-7671
Facsimile:  (314) 932-7672
Email:  cyrus@dashtaki.com

John C. Burns, #66462
The Burns Law Firm, LLC
1717 Park Avenue
St. Louis, MO 63104
Direct: (314) 932-2356
Fax:     (314) 932-2171
Email:  John@burns-law-firm.com

*Attorneys for Plaintiff Scott Gustafson*

## CERTIFICATE OF SERVICE

I hereby certify that, on May 27, 2016, a true and correct copy of the above and foregoing document was filed electronically with Court's CM/ECF filing system, and was served on all counsel of record.

/s/Cyrus Dashtaki

31

# 16

**06/07/2016**

Electronically Filed - City of St. Louis - June 07, 2016 - 05:02 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

SCOTT GUSTAFSON,                          )
                                          )
          Plaintiff,                      )
                                          )        Case No. 1522-CC11361
vs.                                       )
                                          )        Division No. 1
THE BI-STATE DEVELOPMENT AGENCY  )
OF THE MISSOURI – ILLINOIS                )
METROPOLITAN DISTRICT d/b/a METRO,  )
METRO TRANSIT, METROBUS,                  )
METROLINK                                 )
                                          )
          Defendant.                      )

## ENTRY OF APPEARANCE AS CO-COUNSEL FOR PLAINTIFF

     Comes now, Jase Carter, and enters his appearance as co-counsel of record for the Plaintiff

Scott Gustafson. Please send a copy of all notices, correspondence and other communications to

the address below.

Respectfully submitted,

/s/ Jase Carter
Jase Carter, #63725
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, MO 63109
Telephone:       (314) 932-7671
Facsimile:       (314) 932-7672
Email:           jase@dashtaki.com

*Co-Counsel for Plaintiff Scott Gustafson*

## CERTIFICATE OF SERVICE

     The undersigned herby states that on June 7, 2016 a true and correct copy of the foregoing
was filed electronically with the Court's electronic filing system and was served upon all counsel
of record.

/s/ Jase Carter

# 17

**06/09/2016**

Electronically Filed - City of St. Louis - June 09, 2016 - 10:36 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

SCOTT GUSTAFSON,

          Plaintiff,

vs.

THE BI-STATE DEVELOPMENT AGENCY
OF THE MISSOURI – ILLINOIS
METROPOLITAN DISTRICT d/b/a METRO,
METRO TRANSIT, METROBUS,
METROLINK

          Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 1522-CC11361

Division No. 1

**AMENDED ENTRY OF APPEARANCE AS CO-COUNSEL FOR PLAINTIFF**

      Comes now, Jase Carter, and files an Amended Entry of Appearance as co-counsel of

record for the Plaintiff Scott Gustafson. This corrects an error in the Missouri Bar Number

previously submitted by counsel. Please send a copy of all notices, correspondence and other

communications to the address below.

                                    Respectfully submitted,

                                      /s/ Jase Carter
                                      Jase Carter, #63752
                                      Dashtaki Law Firm, LLC
                                      5205 Hampton Avenue
                                      St. Louis, MO 63109
                                      Telephone:      (314) 932-7671
                                      Facsimile:       (314) 932-7672
                                      Email:           jase@dashtaki.com

                                      *Co-Counsel for Plaintiff Scott Gustafson*

Electronically Filed - City of St. Louis - June 09, 2016 - 10:36 PM

## **CERTIFICATE OF SERVICE**

The undersigned herby states that on June 9, 2016 a true and correct copy of the foregoing was filed electronically with the Court's electronic filing system and was served upon all counsel of record.

/s/ Jase Carter

2

# 18

**06/15/2016**

# MISSOURI CIRCUIT COURT
# TWENTY-SECOND JUDICIAL CIRCUIT
### (CITY OF ST. LOUIS)

Scott Gustafson                                   Bi-State Dev. Agency

                                    VS

**FILED**

**JUN 1 5 2016**

CASE NO. 1522-CC11361     DIVISION     7

22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY

## ORDER/JUDGMENT/MEMORANDUM

Defendant's Motions to Dismiss or Alternatively
to Stay and for Protective Orders called
heard and submitted.

Parties appeared by counsel

#57606

for TI
# 66462

For Plaintiff

# 58925

For Defendant.

FORM 14 (Rev 11/02)

# 19

**06/20/2016**



JUN 2 0 2016

22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY_____ DEPUTY

STATE OF MISSOURI   )
                    ) SS
CITY OF ST. LOUIS   )

MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

SCOTT GUSTAFSON,              )
                             )
        Plaintiff,           )
                             )   No. 1522-CC11361
        vs.                  )
                             )   Division No. 1
THE BI-STATE DEVELOPMENT     )
AGENCY OF THE MISSOURI-      )
ILLINOIS METROPOLITAN        )
DISTRICT,                    )
                             )
        Defendant.           )

ORDER

Defendant's motion to stay the proceedings in this case has been argued and submitted.[1]  The Court has considered the arguments of the parties and now rules as follows.

Plaintiff brought this suit, pursuant to the Missouri Human Rights Act (MHRA), against defendant claiming discrimination based on a disability.  Plaintiff was issued a right to sue letter by the Missouri Human Rights Commission prior to the filing of this lawsuit.  Defendant asserts it is not subject to the MHRA because it was created pursuant to an interstate compact that did not incorporate the MHRA, and defendant claims the right to sue letter was erroneously issued.  Defendant has filed a petition in Cole County, State ex rel. Bi-State v. MHRA, No. 15AC-CC00618, in which it seeks a court order compelling the

---

[1] The Court memorandum prepared by the parties indicates that a motion to dismiss was heard and submitted.  This is an error as the motion to dismiss was not heard.

MHRA to withdraw its right to sue letter.  Defendant asks that
the Court stay the proceedings here pending resolution of the
Cole County case.

The Court has considered the parties' arguments regarding a
stay of the proceedings.  The granting or refusing of a stay of
proceedings rests in a trial court's discretion.  Simpson v.
Strong, 234 S.W.3d 567, 583 (Mo.App.W.D. 2007).  The Court, in
the exercise of its discretion, finds that a stay is not
appropriate in this case at this time.

THEREFORE, it is Ordered that defendant's motion to stay is
denied.

SO ORDERED:


Bryan L. Hettenbach, Judge

Dated: 6/23/16

2

# 20

## 07/19/2016

Electronically Filed - City of St. Louis - July 19, 2016 - 02:43 PM

## IN THE CIRCUIT COURT OF ST. LOUIS CITY
## STATE OF MISSOURI

| | | |
|---|---|---|
| SCOTT GUSTAFSON, | ) | |
| | ) | |
| **Plaintiff,** | ) | **1522-CC11361** |
| | ) | |
| v. | ) | **Division: 31** |
| | ) | |
| THE BI-STATE DEVELOPMENT AGENCY | ) | |
| OF THE MISSOURI-ILLINOIS | ) | |
| METROPOLITAN DISTRICT d/b/a METRO, | ) | |
| METRO TRANSIT, METROBUS, | ) | |
| METROLINK | ) | |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF HEARING

PLEASE TAKE NOTICE that Plaintiff will call up for hearing, Defendant's Motion to

Dismiss, or in the Alternative, to Stay Proceedings and its Motion for Protective Order, in

Division 31, Twenty-Second Judicial Circuit, on the 18th day of August, 2016, at 9:00 a.m. or as

soon after that hour on that date as counsel may be heard.

Respectfully submitted,

**McMAHON BERGER, P.C.**


_/s/ Rex P. Fennessey_

James N. Foster Jr., ARN 28231 MO
Brian C. Hey ARN 53930 MO
Rex P. Fennessey, ARN 58925 MO
2730 North Ballas Road, Suite 200
St. Louis, Missouri  63131
(314) 567-7350 – (Telephone)
(314) 567-5968 – (Facsimile)
foster@mcmahonberger.com
hey@mcmahonberger.com
fennessey@mcmahonberger.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of July, 2016, a true copy of the foregoing was served by the court's electronic notice to:

Cyrus Dashtaki
Dashtaki Law Firm
5205 Hampton Avenue
St. Louis, MO 63109
*cyrus@dashtaki.com*

John C. Burns
The Burns Law Firm, LLC
1717 Park Avenue
St. Louis, MO 63104
*John@burns-law-firm.com*

*Attorneys for Plaintiff*

/s/ Rex P. Fennessey

2

224562.1

# 21

**08/01/2016**

# 22

**08/18/2016**

# MISSOURI CIRCUIT COURT
## TWENTY-SECOND JUDICIAL CIRCUIT
### (CITY OF ST. LOUIS)

**FILED**
AUG 1 8 2016
22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE

Gustafson

vs

The Bi-State Development Agency

CASE NO. 1522-CC11361   DIVISION   31        August 18        2016

## ORDER/JUDGMENT/MEMORANDUM

Def's Motion to Dismiss ~~(strikethrough)~~

~~(strikethrough)~~  ~~(strikethrough)~~  and for Protective Order

passed for 90 days while parties discuss

settlement

#58935
2730 N. Ballas Rd.
St. Louis, MO 63131
For Def

#57606
5005 Hampton Ave
St. Louis, MO 63109
(314) 932-7671
Atty for TT

So Ordered:

_(signature)_
Judge

**ENTERED**

AUG 1 8 2016

AMK

FORM 14 (Rev 11/02)

# 23

**09/26/2016**

# 24

**10/07/2016**

Electronically Filed - City of St. Louis - October 07, 2016 - 07:59 PM

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## STATE OF MISSOURI

SCOTT GUSTAFSON,                        )
                                        )
    Plaintiff,                          )
                                        )
v.                                      )     Case No. 1522-CC11361
                                        )
THE BI-STATE DEVELOPMENT AGENCY         )     Division 31
OF THE MISSOURI – ILLINOIS              )
METROPOLITAN DISTRICT d/b/a METRO,      )
METRO TRANSIT, METROBUS,                )
METROLINK,                              )
                                        )
    Defendant.                          )

## NOTICE OF HEARING

PLEASE TAKE NOTICE that on the 24th day of October 2016, at 9:00 am, in Division

No. 31 or as soon thereafter as counsel may be heard, the undersigned will call for a hearing for

Defendant's Motion to Dismiss and Motion for a Protective Order.

<u>Dated</u>:  October 7, 2016

Respectfully Submitted,

By:    /s/ Cyrus Dashtaki
        Cyrus Dashtaki, #57606
        Dashtaki Law Firm, LLC
        5205 Hampton Avenue
        St. Louis, MO 63109
        Telephone:  (314) 932-7671
        Facsimile:  (314) 932-7672
        Email:  cyrus@dashtaki.com

        /s/ John C. Burns
        John C. Burns, #66462
        1717 Park Avenue
        St. Louis, Missouri 63104
        (314) 932-2356
        (314) 932-2171
        john@burns-firm.com
        *Attorneys for Plaintiff*

Electronically Filed - City of St. Louis - October 07, 2016 - 07:59 PM

## <u>CERTIFICATE OF SERVICE</u>

The above signed attorney hereby certifies that a true copy of the foregoing has been served upon all parties of record via the Court's electronic notification system, this 7th day of October, 2016, addressed to the attorneys of record.

Electronically Filed - City of St. Louis - October 07, 2016 - 07:59 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**

SCOTT GUSTAFSON,                                    )
                                                   )
        Plaintiff,                                 )
                                                   )
v.                                                 )        Case No. 1522-CC11361
                                                   )
THE BI-STATE DEVELOPMENT AGENCY                    )        Division 31
OF THE MISSOURI – ILLINOIS                         )
METROPOLITAN DISTRICT d/b/a METRO,                 )
METRO TRANSIT, METROBUS,                           )
METROLINK,                                         )
                                                   )
        Defendant.                                 )

## NOTICE OF HEARING

PLEASE TAKE NOTICE that on the 24th day of October 2016, at 9:00 am, in Division

No. 31 or as soon thereafter as counsel may be heard, the undersigned will call for a hearing for

Defendant's Motion to Dismiss and Motion for a Protective Order.

Dated:  October 7, 2016

                              Respectfully Submitted,

                              By:    /s/ Cyrus Dashtaki
                                     Cyrus Dashtaki, #57606
                                     Dashtaki Law Firm, LLC
                                     5205 Hampton Avenue
                                     St. Louis, MO 63109
                                     Telephone:  (314) 932-7671
                                     Facsimile:  (314) 932-7672
                                     Email:  cyrus@dashtaki.com

                                     /s/ John C. Burns
                                     John C. Burns, #66462
                                     1717 Park Avenue
                                     St. Louis, Missouri 63104
                                     (314) 932-2356
                                     (314) 932-2171
                                     john@burns-firm.com
                                     *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The above signed attorney hereby certifies that a true copy of the foregoing has been served upon all parties of record via the Court's electronic notification system, this 7th day of October, 2016, addressed to the attorneys of record.

# 25

**10/21/2016**

Electronically Filed - City of St. Louis - October 21, 2016 - 04:35 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

SCOTT GUSTAFSON,                          )
                                          )
        Plaintiff,                        )
                                          )        Case No. 1522-CC11361
vs.                                       )
                                          )        Division No. 1
THE BI-STATE DEVELOPMENT AGENCY           )
OF THE MISSOURI – ILLINOIS                )
METROPOLITAN DISTRICT d/b/a METRO,        )
METRO TRANSIT, METROBUS,                  )
METROLINK                                 )
                                          )
        Defendant.                        )

## <u>NOTICE OF CANCELLATION OF HEARING</u>

Please take notice that Plaintiff's Notice of Hearing on Defendant's Motion to Dismiss and

Motion for Protective Order scheduled for October 24, 2016 in Division 31 has been canceled.

Respectfully Submitted,

/s/ Cyrus Dashtaki
Cyrus Dashtaki, #57606
Jase Carter, #64752
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, MO 63109
Telephone: (314) 932-7671
Facsimile: (314) 932-7672
Email: cyrus@dashtaki.com

John C. Burns, #66462
1717 Park Avenue
St. Louis, Missouri 63104
(314) 932-2356
(314) 932-2171
john@burns-firm.com

*Counsel for Plaintiff Scott Gustafson*

Electronically Filed - City of St. Louis - October 21, 2016 - 04:35 PM

## CERTIFICATE OF SERVICE

The undersigned herby states that on October 21, 2016 a true and correct copy of the foregoing was filed electronically with the Court's electronic filing system and was served upon all counsel of record.

/s/ Cyrus Dashtaki

2

# 26

## 11/14/2016

# 27

**01/17/2017**

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## 22ND JUDICIAL CIRCUIT – STATE OF MISSOURI

GUSTAFSON

_____ )
Plaintiff )   Cause Number: 1522-CC11361
)
)
)   Division Number 1
v.                                    )
)
)   **FILED**
THE BI-STATE DEVELOPMENT AGENCY )
Defendant )   JAN 17 2017
22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY_____ DEPUTY

## MOTION FOR CONTINUANCE FROM TRIAL DOCKET

Plaintiff(s) appear by ___CYRUS DASHTAKI___

Defendant(s) appear by ___REX FENNESSEY___

Case now set on trial docket of ___December 11, 2017___. Case is/(is not) peremptorily set
(assigned to Division ___1___).

Plaintiff(s)/Defendant(s), as Moving Party(ies), request a continuance because:
___PARTIES HAVE case set for mediation___
___DISCOVERY is ongoing and parties have not taken___
___deposition___

✓  Moving Party's attorney has conferred with Opposing Party's attorney.
Opposing Party consents to this continuance request.

_____  Opposing Party asks the Court to deny this continuance request.

___ #57606___                              ___ # 58925___
Attorney for Plaintiff(s)                  Attorney for Defendant(s)

The Court ___Y__ grants _____ denies Moving Party's motion for continuance.

New trial docket date _____   (X) Regular rollover or _____ peremptory setting

___12-11-17___                            SO ORDERED:

___1/17/17___                             _____
Date                                      Michael K. Mullen
                                          Presiding Judge, Division 1

Forms: Motion for Continuance                                         12/13/2016

# 28

**03/08/2017**

Electronically Filed - City of St. Louis - March 08, 2017 - 10:14 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

SCOTT GUSTAFSON,           )
           )
    Plaintiff,        )
           )
v.           )    Case No. 1522-CC11361
           )
THE BI-STATE DEVELOPMENT AGENCY    )
OF THE MISSOURI - ILLINOIS    )    Division No. 1
METROPOLITAN DISTRICT d/b/a METRO,    )
METRO TRANSIT, METROBUS,    )
METROLINK    )
           )
    Defendant.    )

## MOTION TO WITHDRAWAL

Comes now, Jase Carter, and hereby moves for leave to withdraw as co-counsel of record for Plaintiff Scott Gustafson. The undersigned counsel is no longer employed by Dashtaki Law Firm, LLC. Lead counsel Cyrus Dashtaki will continue representing Plaintiff.

Please continue to send all documents, notices and correspondence for Plaintiff to Mr. Dashtaki and Dashtaki Law Firm, LLC.

Respectfully Submitted,

/s/   Jase Carter
Bar Number 63752
The Law Office of Jase Carter
3407 S Jefferson Ave, #109
St. Louis MO 63118
(314) 808-8169

*Co-counsel for Plaintiff Scott Gustafson*

## CERTIFICATE OF SERVICE

The undersigned states that on March 8, 2017, a true and correct copy of the foregoing was filed electronically with the Court's filing system, and was served upon all counsel of record.

/s/      Jase Carter

# 29

**03/20/2017**

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

SCOTT GUSTAFSON,                    )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )     Case No. 1522-CC11361
                                    )
THE BI-STATE DEVELOPMENT AGENCY     )
OF THE MISSOURI - ILLINOIS          )     Division No. 1
METROPOLITAN DISTRICT d/b/a METRO,  )
METRO TRANSIT, METROBUS,            )
METROLINK                           )
                                    )
        Defendant.                  )

## MOTION TO WITHDRAWAL

        Comes now, Jase Carter, and hereby moves for leave to withdraw as co-counsel of record

for Plaintiff Scott Gustafson. The undersigned counsel is no longer employed by Dashtaki Law

Firm, LLC. Lead counsel Cyrus Dashtaki will continue representing Plaintiff.

        Please continue to send all documents, notices and correspondence for Plaintiff to

Mr. Dashtaki and Dashtaki Law Firm, LLC.

                                    Respectfully Submitted,

                                    /s/    Jase Carter
                                    Bar Number 63752
                                    The Law Office of Jase Carter
                                    3407 S Jefferson Ave, #109
                                    St. Louis MO 63118
                                    (314) 808-8169

                                    *Co-counsel for Plaintiff Scott Gustafson*

## CERTIFICATE OF SERVICE

        The undersigned states that on March 8, 2017, a true and correct copy of the foregoing
was filed electronically with the Court's filing system, and was served upon all counsel of
record.

                                    /s/    Jase Carter

# 30

**06/22/2017**

Electronically Filed - City of St. Louis - June 22, 2017 - 03:00 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

SCOTT GUSTAFSON,                      )
                                      )
        Plaintiff,                    )
                                      )       Case No. 1522-CC11361
vs.                                   )
                                      )       Division No. 1
THE BI-STATE DEVELOPMENT AGENCY       )
OF THE MISSOURI – ILLINOIS            )
METROPOLITAN DISTRICT d/b/a METRO,    )
METRO TRANSIT, METROBUS,              )
METROLINK                             )
                                      )
        Defendant.                    )

## AMENDED NOTICE OF HEARING

PLEASE TAKE NOTICE that on the 30th day of June 2017, at 9:00 am, in Division

No. 31 or as soon thereafter as counsel may be heard, the undersigned will call for a hearing for

Defendant's Motion to Dismiss and Motion for a Protective Order.

Respectfully Submitted,

/s/ Cyrus Dashtaki
Cyrus Dashtaki, #57606
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, MO 63109
Telephone: (314) 932-7671
Facsimile: (314) 932-7672
Email: cyrus@dashtaki.com

John C. Burns, #66462
1717 Park Avenue
St. Louis, Missouri 63104
(314) 932-2356
(314) 932-2171
john@burns-firm.com

*Attorneys for Plaintiff Scott Gustafson*

Electronically Filed - City of St. Louis - June 22, 2017 - 03:00 PM

## CERTIFICATE OF SERVICE

The undersigned herby states that on June 22, 2017 a true and correct copy of the foregoing was filed electronically with the Court's electronic filing system and was served upon all counsel of record.

/s/ Cyrus Dashtaki

# 31

**06/26/2017**

Electronically Filed - City of St. Louis - June 26, 2017 - 03:07 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

SCOTT GUSTAFSON,                                )
                                                )
        Plaintiff,                              )
                                                )
                                                )       Case No. 1522-CC11361
vs.                                             )
                                                )       Division No. 1
THE BI-STATE DEVELOPMENT AGENCY                 )
OF THE MISSOURI – ILLINOIS                      )
METROPOLITAN DISTRICT d/b/a METRO,              )
METRO TRANSIT, METROBUS,                        )
METROLINK                                       )
                                                )
        Defendant.                              )

**SECOND AMENDED NOTICE OF HEARING**

The hearing for Defendant's Motion to Dismiss and Motion for a Protective Order has been rescheduled

by consent of the parties, in Division 31 of the Circuit Court of the City of St. Louis, on July 11, 2017, at 9:00 AM,

or as soon thereafter as this matter may be heard.

                                Respectfully Submitted,

                                /s/ Cyrus Dashtaki
                                Cyrus Dashtaki, #57606
                                Dashtaki Law Firm, LLC
                                5205 Hampton Avenue
                                St. Louis, MO 63109
                                Telephone: (314) 932-7671
                                Facsimile: (314) 932-7672
                                Email: cyrus@dashtaki.com

                                John C. Burns, #66462
                                1717 Park Avenue
                                St. Louis, Missouri 63104
                                (314) 932-2356
                                (314) 932-2171
                                john@burns-firm.com

                                *Attorneys for Plaintiff Scott Gustafson*

**CERTIFICATE OF SERVICE**

The undersigned herby states that on June 26, 2017 a true and correct copy of the foregoing was filed
electronically with the Court's electronic filing system and was served upon all counsel of record.

                                /s/ Cyrus Dashtaki

# 32

**07/11/2017**



FILED
JUL 1 1 2017

# MISSOURI CIRCUIT COURT
# TWENTY-SECOND JUDICIAL CIRCUIT
### (CITY OF ST. LOUIS)

GUSTAFSON

VS

The Bi-State Development Agency

CASE NO. 1522-CC11361   DIVISION 31        July 11        2017

## ORDER/JUDGMENT/MEMORANDUM

Parties Appear by counsel. Court hears arguments on Defendant's Motion to Dismiss and Motion for protective order. Court takes both motions under submission.

#57606
atty for π

#66462

#58925

So Ordered:

Judge

ENTERED

JUL 11 2017

AMK

FORM 14 (Rev 11/02)

# 33

**07/27/2017**

STATE OF MISSOURI   )
                  ) SS
CITY OF ST. LOUIS  )


FILED
JUL 2 7 2017
22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE

**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

SCOTT GUSTAFSON,                )
                              )
      Plaintiff,               )
                              )   No. 1522-CC11361
vs.                             )
                              )   Division No.   31
THE BI-STATE DEVELOPMENT        )
AGENCY,                         )
                              )
      Defendant.              )

<u>ORDER</u>

The Court has before it Defendant's Motion to Dismiss, and Defendant's Motion for Protective Order. The Court now rules as follows.

Plaintiff Scott Gustafson brought this action alleging that Defendant Bi-State denied him full and equal use of its public transportation services and facilities in violation of the Missouri Human Rights Act ("MHRA"). Plaintiff is blind. He alleges that on many occasions over the past fifteen years, Defendant Bi-State Development Agency d/b/a Metro Transit ("Bi-State") has refused to stop and transport Plaintiff and his guide dog, Jersey, while Plaintiff and Jersey waited at the bus stop. On April 3, 2014, Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights, alleging discrimination in public

ENTERED
JUL 2 8 2017
AMK

accommodation on account of his disability. On November 30, 2015, the MCHR issued Plaintiff a Notice of Right to Sue. Plaintiff filed this action on December 23, 2015.

Defendant moves to dismiss, arguing that Plaintiff fails to state a claim against Bi-State and that the Court lacks subject matter jurisdiction over Plaintiff's claim, because Bi-State is not subject to the MHRA.

The only requirements imposed by §213.111 RSMo to file a claim under the MHRA are that: (1) an employee file a charge with the Commission prior to filing a state court action; (2) the Commission issue a right to sue letter; and (3) the state court action be filed within ninety days of the issuance of the right to sue letter but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party. Farrow v. Saint Francis Med. Ctr., 407 S.W.3d 579, 591 (Mo. banc 2013). Defendant does not challenge the requirements of §213.111, but argues that as a creation of an interstate compact, it is not subject to the MHRA.

Bi-State is an entity created in 1949 by an interstate compact entered into by Missouri and Illinois, and approved by the United States Congress, pursuant to the Compact Clause of the United States Constitution. U.S. Const. art. I, § 10, cl. 3.; Mo. Rev.

2

Stat. § 70.370 (1998); 45 Ill. Comp. Stat. 100/1 (2008). KMOV TV, Inc. v. Bi-State Dev. Agency of the Missouri-Illinois Metro. Dist., 625 F. Supp. 2d 808, 809 (E.D. Mo. 2008). The Compact created Bi-State, defined a regional Bi-State Development District, and established a basic administrative structure for its governance. Id. Bi-State's purpose is "to provide a unified mass transportation system" for the bi-state region. Id. (quoting Bartlett v. Bi-State Devel. Agency, 827 S.W.2d 267, 269 (Mo. App. E.D. 1992)).

"Compact agencies and entities are said to exist in a no-man's land. They lie somewhere in the space between independent and dependent, sovereign and subject, state and federal." Matthew S. Tripolitsiotis, Bridge over Troubled Waters: The Application of State Law to Compact Clause Entities, 23 Yale L. & Pol'y Rev. 163, 167 (2005). Bi-state entities are "not subject to the unilateral control of any one of the states that compose the federal system." Hess v. Port Authority of Trans-Hudson Corp., 513 U.S. 30, 41 (1994).

As Defendant concedes, Missouri courts have not ruled on the applicability of the MHRA to an interstate compact. Nonetheless, Defendant argues that other courts have uniformly held that state discrimination laws not specifically incorporated into an interstate compact do not apply to the compact agency. As a general

3

matter, the extent to which each compacting state's laws apply to a compact entity "turns exclusively on the language of the compact and the intent of the contracting states." Spence-Parker v. Del. River, 616 F. Supp. 2d 509, 516 (D.N.J. 2009).

The MHRA is not "specifically incorporated" into the compact, nor is it specifically excluded. In Grady v. Bi-State Dev. Agency, 151 Ill. App. 3d 748, 104 Ill. Dec. 427, 502 N.E.2d 1087 (Ill. App. Ct. 5th Dist. 1986), the Illinois Appellate Court determined that Bi-State was subject to Illinois' Tort Immunity Act, which is not specifically incorporated in the compact. This holding was affirmed in Hubble v. Bi-State Dev. Agency of the Illinois-Missouri Metro. Dist., 238 Ill. 2d 262, 274 (Ill. 2010), despite the Illinois legislature's failure to expressly add or exclude Bi-State from the Tort Immunity Act's coverage in the six times it was amended since Grady.

Even more similar to the case at hand, in Redbird Eng'g Sales, Inc. v. Bi-State Dev. Agency of Missouri-Illinois Metro. Dist., 806 S.W.2d 695 (Mo.App. E.D. 1991), the Court inquired whether Bi-State was subject to §107.170 RSMo, which requires the bonding of public works contractors. The purpose of §107.170 "is to protect those providing labor and materials to public work contractors in

4

lieu of mechanics' liens, which are inapplicable to public property." Id. at 701.

The Court in Redbird recognized that "one party to an interstate compact may not enact legislation which would impose burdens upon the compact absent the concurrence of other signatories." Id. However, it also recognized the corollary of that proposition, that "the agency may be made subject to complimentary or parallel state legislation." Id. Finding that Illinois has a complementary statute, Ill.Ann.Stat. Ch. 29, ¶ 15, also requiring the bonding of public works contractors, the Court determined that Missouri's §107.170 did not impose an impermissible, unilateral burden on Bi-State.[1]

Illinois also has legislation similar or identical to the MHRA. The Illinois Human Rights Act, 775 ILCS 5, Sec. 5-102 (A) (Enjoyment of Facilities, Goods, and Services), provides in part that "It is a civil rights violation for any person on the basis of unlawful discrimination to:[] Deny or refuse to another the full and equal enjoyment of the facilities, goods, and services of any public place of accommodation." Section 5-101(A) of the

---

[1] The United States District Court for the Eastern District of Missouri criticized Redbird as a "departure from precedent" in KMOV TV, 625 F.Supp.2d at 813, and stated that the "Eighth Circuit approach," congruent with the "New York approach," requires explicit approval by both states, and not merely the enactment of "complementary and parallel" legislation in both states. However, Redbird remains the controlling precedent for this Court.

5

Act includes "transportation facility of any kind" in its definition of "place of public accommodation." Defendant has not shown that the MHRA creates upon it any impermissible unilateral burden, or that it is not subject to the MHRA.

Next, in its motion for protective order, Defendant argues that it has a pending action in Cole County, _State ex rel. The Bi-State Development Agency of the Missouri-Illinois Metropolitan District v. Missouri Commission on Human Rights_, No. 15AC-CC00618 ("writ proceeding"), in which it is requesting that the MCHR rescind the Notice of Right to Sue it issued in response to Plaintiff's charge of discrimination. Defendant requests that this Court stay discovery in this matter until the resolution of the writ proceeding.

The Court has broad discretion to determine the appropriateness and terms of protective orders relating to discovery. Rule 56.01(c); _State ex rel. Ford Motor Co. v. Manners_, 239 S.W.3d 583, 586 (Mo. banc 2007). The Court believes that a stay of discovery is not warranted at this time.

THEREFORE, it is Ordered and Decreed that Defendant's Motion to Dismiss is DENIED, and Defendant's Motion for Protective Order is DENIED.

6

SO ORDERED:

_____
JOAN J. MORIARTY, Judge

Dated: _____7/27/17_____

7

# 34

**08/07/2017**

Electronically Filed - City of St. Louis - August 07, 2017 - 11:27 AM

## IN THE CIRCUIT COURT OF ST. LOUIS CITY
## STATE OF MISSOURI

SCOTT GUSTAFSON,                              )
                                             )
    Plaintiff,                         )       **1522-CC11361**
                                             )
v.                                           )       **Division: 1**
                                             )
THE BI-STATE DEVELOPMENT AGENCY              )
OF THE MISSOURI-ILLINOIS                      )
METROPOLITAN DISTRICT d/b/a METRO,           )
METRO TRANSIT, METROBUS,                      )
METROLINK                                    )
                                             )
    Defendant.                         )

## DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION OF TIME
## TO FILE AN ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant Bi-State Development Agency, d/b/a Metro Transit ("Defendant"), and respectfully requests this Court to issue an order granting Defendant up to and including August 21, 2017 to file an answer and affirmative defenses in response to the Amended Petition in this matter. In support of this Motion, Defendant states as follows:

1.    On July 28, 2017, the Court issued an Order denying Defendant's Motion to Dismiss, thereby making Defendant's answer and affirmative defenses due on or before August 7, 2017.

2.    On July 31, 2017, Defendant's attorney, Rex Fennessey, embarked on a ten (10) day vacation. He will return to work on August 9, 2017.

3.    Defendant would like to consult, research, draft, and review its Answer and Affirmative Defenses with Rex Fennessey before filing.

4.    Defendant has not previously filed with the Court a request for extension of time.

5.    Defendant's Motion is not made for purposes of delay.

Electronically Filed - City of St. Louis - August 07, 2017 - 11:27 AM

6.      Plaintiff does not object to Defendant's requested extension.

WHEREFORE, based on the foregoing, Defendant respectfully requests this Court issue an order granting Defendant up to and including August 21, 2017 to file an answer and affirmative defenses in response to the Amended Petition, and such further relief as the Court deems just and proper.

<div style="margin-left:40%">

Respectfully submitted,

**McMAHON BERGER, P.C.**

/s/ Brian C. Hey
James N. Foster Jr., ARN 28231 MO
Brian C. Hey ARN 53930 MO
Rex P. Fennessey, ARN 58925 MO
2730 North Ballas Road, Suite 200
St. Louis, Missouri 63131
(314) 567-7350 – (Telephone)
(314) 567-5968 – (Facsimile)
foster@mcmahonberger.com
hey@mcmahonberger.com
fennessey@mcmahonberger.com

</div>

<div style="text-align:center">

**CERTIFICATE OF SERVICE**

</div>

I hereby certify that on this 7th day of August, 2017, a true copy of the foregoing was served by the Court's electronic notice to:

Cyrus Dashtaki
Dashtaki Law Firm
5205 Hampton Avenue
St. Louis, MO 63109
cyrus@dashtaki.com

Attorney for Gustafson

<div style="margin-left:40%">

/s/ Brian C. Hey

</div>

# 35

**08/21/2017**

Electronically Filed - City of St. Louis - August 21, 2017 - 04:24 PM

## IN THE CIRCUIT COURT OF ST. LOUIS CITY
## STATE OF MISSOURI

| | | |
|---|---|---|
| SCOTT GUSTAFSON, | ) | |
| | ) | |
| **Plaintiff** | ) | **1522-CC11361** |
| | ) | |
| **v.** | ) | **Division: 1** |
| | ) | |
| THE BI-STATE DEVELOPMENT AGENCY | ) | |
| OF THE MISSOURI-ILLINOIS | ) | |
| METROPOLITAN DISTRICT d/b/a METRO, | ) | |
| METRO TRANSIT, METROBUS, | ) | |
| METROLINK | ) | |
| | ) | |

### BI-STATE'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant, Bi-State Development Agency, d/b/a Metro Transit ("Bi-State"), by and through its undersigned counsel, pursuant to the applicable rules of the Missouri Rules of Civil Procedure, and for its Answer and Affirmative Defenses, states to the Court as follows.

### PARTIES

1.      Bi-State admits Plaintiff Scott Gustafson ("Gustafson") seeks to invoke the Court's jurisdiction pursuant to the statues cited in Paragraph 1, but denies each and every allegation of a statutory violation.

2.      Bi-State is without knowledge and information sufficient to either admit or deny the allegations set forth in Paragraph 2 of the Petition, and, therefore, denies same.

3.      Bi-State admits Gustafson is blind.   Bi-State is without knowledge and information sufficient to either admit or deny the allegations regarding Gustafson's guide dog, Jersey, and, therefore, denies same.   The remaining allegations contained in Paragraph 3

Electronically Filed - City of St. Louis - August 21, 2017 - 04:24 PM

constitute a legal conclusion to which no responsive pleading is required.   All remaining allegations are denied

4.      Bi-State denies it is a "state government."   Bi-State admits the remaining allegations advanced in Paragraph 4 of Gustafson's Petition.

5.      Bi-State lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of Gustafson's Petition because the Petition does not identify the "actions, policies, practices, and customs" referenced.   To the extent a further response is deemed necessary, Bi-State denies the allegations of Paragraph 5 of the Petition.

## JURISDICTION AND VENUE

6.      Bi-State admits Gustafson seeks to invoke the Court's jurisdiction and venue pursuant to the statues cited in Paragraph 6, but denies each and every allegation of a statutory violation.

7.      Bi-State denies the April 3, 2014 Charge of Discrimination and November 14, 2014 Amended Charge of Discrimination detail all the allegations that are advanced in Gustafson's Petition.  All remaining allegations are admitted.

8.      Bi-State admits it was named in Gustafson's April 3, 2014 Charge of Discrimination and November 14, 2014 Amended Charge of Discrimination.   All remaining allegations are denied.

9.      Bi-State admits on or about November 30, 2015, the MCHR issued Gustafson a Notice of Right to Sue.  Further, Bi-State admits a true and correct copy of Gustafson's Notice of Right to Sue is attached to Gustafson's Petition as Exhibit C.  All remaining allegations are denied.

## FACTUAL ALLEGATIONS

Electronically Filed - City of St. Louis - August 21, 2017 - 04:24 PM

10.    Bi-State admits Gustafson is blind.    Bi-State is without knowledge and information sufficient to either admit or deny the remaining allegations set forth in Paragraph 10 of the Petition, and, therefore, denies same.

11.    Bi-State admits it provide public transit services for residents and visitors to the City of St. Louis, including MetroBus and MetroLink.  All remaining allegations are denied.

12.    Bi-State admits Gustafson was a customer of Bi-State.  All remaining are denied.

13.    Bi-State denies the allegations advanced in Paragraph 13 of Gustafson's Petition and its subparts.

14.    Bi-State denies the allegations advanced in Paragraph 14 of Gustafson's Petition.

15.    Bi-State denies the allegations advanced in Paragraph 15 of Gustafson's Petition.

16.    Bi-State denies the allegations advanced in Paragraph 16 of Gustafson's Petition.

17.    Bi-State denies the allegations advanced in Paragraph 17 of Gustafson's Petition.

18.    Bi-State denies the allegations advanced in Paragraph 18 of Gustafson's Petition.

19.    Bi-State denies the allegations advanced in Paragraph 19 of Gustafson's Petition and its subparts.

20.    Bi-State denies the allegations advanced in Paragraph 20 of Gustafson's Petition and its subparts.

21.    Bi-State denies the allegations advanced in Paragraph 21 of Gustafson's Petition.

## COUNT I –PUBLIC ACCOMMODATION DISCRIMINATION (§213.065 RSMo)

22.    Bi-State incorporates herein its responses as set forth in Paragraphs 1 – 21 above.

23.    The allegations contained in Paragraph 23 constitute a legal conclusion to which no responsive pleading is required.  All remaining allegations are denied.

Electronically Filed - City of St. Louis - August 21, 2017 - 04:24 PM

24.     The allegations contained in Paragraph 24 constitute a legal conclusion to which no responsive pleading is required.  All remaining allegations are denied.

25.     The allegations contained in Paragraph 25 constitute a legal conclusion to which no responsive pleading is required.  All remaining allegations are denied.

26.     The allegations contained in Paragraph 26 constitute a legal conclusion to which no responsive pleading is required.  All remaining allegations are denied.

27.     Bi-State admits it provides public transportation services to the general public. All remaining allegations contained in Paragraph 27 constitute a legal conclusion to which no responsive pleading it required and therefore are denied.

28.     Bi-State denies the allegations advanced in Paragraph 28 of Gustafson's Petition.

29.     Bi-State denies the allegations advanced in Paragraph 29 of Gustafson's Petition and its subparts.

30.     Bi-State denies the allegations advanced in Paragraph 30 of Gustafson's Petition.

31.     Bi-State denies the allegations advanced in Paragraph 31 of Gustafson's Petition.

32.     Bi-State denies the allegations advanced in Paragraph 32 of Gustafson's Petition.

33.     Bi-State denies the allegations advanced in Paragraph 33 of Gustafson's Petition.

34.     The allegations contained in Paragraph 34 constitute a legal conclusion to which no responsive pleading is required.  All remaining allegations are denied.

35.     Bi-State denies the allegations advanced in Paragraph 35 of Gustafson's Petition.

36.     Bi-State admits the allegations advanced in Paragraph 36 of Gustafson's Petition. By way of further answer, Bi-State states that individuals with a visual disability are allowed full and equal access to Bi-State's public transportation facilities and services.

37.     Bi-State denies the allegations advanced in Paragraph 37 of Gustafson's Petition.

4

Electronically Filed - City of St. Louis - August 21, 2017 - 04:24 PM

38.     Bi-State denies the allegations advanced in Paragraph 38 of Gustafson's Petition.

39.     Bi-State denies the allegations advanced in Paragraph 39 of Gustafson's Petition.

40.     Bi-State denies the allegations advanced in Paragraph 40 of Gustafson's Petition.

41.     Bi-State denies the allegations advanced in Paragraph 41 of Gustafson's Petition.

## COUNT II – UNLAWFUL DISCRIMINATORY PRACTICE (§213.070(3) RSMo)

42.     Bi-State incorporates herein its responses as set forth in Paragraphs 1 – 41 above.

43.     Bi-State denies the allegations advanced in Paragraph 43 of Gustafson's Petition.

44.     Bi-State admits the allegations advanced in Paragraph 44 of Gustafson's Petition.

45.     The allegations contained in Paragraph 45 constitute a legal conclusion to which no responsive pleading is required.  All remaining allegations are denied.

46.     Bi-State denies the allegations advanced in Paragraph 46 of Gustafson's Petition.

47.     Bi-State denies the allegations advanced in Paragraph 47 of Gustafson's Petition.

48.     Bi-State denies the allegations advanced in Paragraph 48 of Gustafson's Petition.

49.     Bi-State denies the allegations advanced in Paragraph 49 of Gustafson's Petition.

50.     Bi-State denies the allegations advanced in Paragraph 50 of Gustafson's Petition.

51.     Bi-State denies the allegations advanced in Paragraph 51 of Gustafson's Petition.

## ADDITIONAL DEFENSES

1.     Gustafson's Petition fails to state actionable claims upon which relief can be granted.

2.     The Court lacks subject matter jurisdiction over all claims in the Petition which were not asserted by Gustafson in a timely charge of discrimination with the Missouri Commission on Human Rights.

5

Electronically Filed - City of St. Louis - August 21, 2017 - 04:24 PM

3.      All or part of Gustafson's claims is barred for failure to exhaust administrative remedies.

4.      All or part of Gustafson's claims is barred by the relevant statute of limitations.

5.      Any action taken by Bi-State with respect to Gustafson has been for lawful, legitimate, non-discriminatory business reasons, unrelated to Gustafson's disability.

6.      At all times relevant hereto, Bi-State acted in good faith with regard to Gustafson, had reasonable grounds for believing its actions were not in violation of the Missouri Commission on Human Rights Act, Chapter 213, et seq., and Bi-State would have made the same decisions regardless of Gustafson's disability.

7.      All or part of Gustafson's claims is barred by accord and satisfaction.

8.      All or part of Gustafson's claims is barred by the September 1, 2011 Settlement Agreement that resolved Gustafson's April 3, 2014 Charge of Discrimination and November 14, 2014 Amended Charge of Discrimination.

9.      Gustafson's Petition does not state facts sufficient to enable Gustafson to plead or recover punitive damages.

10.     Gustafson's prayer for equitable remedies, if any, is not triable to a jury.

11.     All or part of Gustafson's claims is barred by the doctrines of laches, waiver and/or estoppel.

12.     All or part of Bi-State's alleged discriminatory acts fail to fall within the scope of the Missouri Commission on Human Rights Act, Chapter 213, et seq.

13.     Gustafson's disability was not a contributing factor in any of Bi-State's decisions regarding Gustafson.

232815.1

Electronically Filed - City of St. Louis - August 21, 2017 - 04:24 PM

14.     Gustafson's disability was not a contributing factor in any of Bi-State's decisions regarding its facilities and resources.

15.     Gustafson is not entitled to recover damages or relief of any type for alleged discriminatory events which purportedly occurred 300 days or more prior to the date he filed his Charge of Discrimination.

16.     Gustafson is not entitled to relief inasmuch as any damages allegedly suffered or experienced was due, either in whole or part, to Gustafson's own conduct and actions.

17.     All or part of Gustafson's claims is barred by the doctrines of Res Judicata and/or estoppel inasmuch as on or about September 1, 2011, the Missouri Commission on Human Rights and Bi-State entered a Settlement Agreement in connection with Gustafson's April 3, 2014 Charge of Discrimination and November 14, 2014 Amended Charge of Discrimination.

18.     All or part of Plaintiff's claims is barred by sovereign immunity.

19.     Bi-State further answers that Plaintiff's Petition is an attempt to interfere with Defendant's right to a direct review by a court of the Missouri Human Rights Commission's findings, rules, and/or orders relating to Plaintiff's claims, which is in a direct violation of the Missouri Constitution, and should therefore be dismissed.

20.     Bi-State further answers that the section of the Missouri Human Rights Act Plaintiff relies upon to force Bi-State to modify its facilities and/or services fails to give a person of ordinary intelligence a reasonable opportunity to learn what is prohibited and/or required and fails to provide explicit standards against arbitrary and discriminatory application, which is in a direct violation of the Missouri Constitution, and should therefore be dismissed.

Electronically Filed - City of St. Louis - August 21, 2017 - 04:24 PM

21.    Bi-State further answers that Plaintiff's requests that Bi-State modify its facilities and/or services are made pursuant to arbitrary or non-existent regulations, which is in a direct violation of the Missouri Constitution, and should therefore be dismissed.

22.    Bi-State is not subject to suit under the Missouri Human Rights Act because the MHRA was never incorporated or made applicable to Bi-State under the compact, *see* Mo.Rev.Stat. § 70.370; 45 Ill. Comp. Stat. 100/1, approved by the United States Congress pursuant to the Compact Clause of the United States Constitution.

23.    Bi-State reserves the right to amend its answers and to add additional defenses as Gustafson's claims are more fully disclosed in the course of this litigation.

WHEREFORE, Bi-State, having fully answered Gustafson's Petition, prays Gustafson's Petition be dismissed, with prejudice, that Bi-State be awarded costs and attorneys' fees expended in the defense of this matter and for such other and further relief this Court deems just and proper under these circumstances.

Respectfully submitted,

**McMAHON BERGER, P.C.**

/s/ Brian C. Hey
James N. Foster Jr., ARN 28231 MO
Brian C. Hey ARN 53930 MO
Rex P. Fennessey, ARN 58925 MO
2730 North Ballas Road, Suite 200
St. Louis, Missouri  63131
(314) 567-7350 – (Telephone)
(314) 567-5968 – (Facsimile)
foster@mcmahonberger.com
hey@mcmahonberger.com
fennessey@mcmahonberger.com

8

232815.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of August, 2017, a true copy of the foregoing was served by the Court's electronic notice to:

Cyrus Dashtaki
Dashtaki Law Firm
5205 Hampton Avenue
St. Louis, MO 63109
cyrus@dashtaki.com

John C. Burns
The Burns Law Firm, LLC
1717 Park Avenue
St. Louis, MO 63104
John@burns-law-firm.com

Attorneys for Plaintiff


/s/ Brian C. Hey_____

232815.1

# 36

## 09/20/2017

Electronically Filed - City of St. Louis - September 20, 2017 - 05:18 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| SCOTT GUSTAFSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1522-CC11361 |
| | ) | |
| THE BI-STATE DEVELOPMENT AGENCY | ) | |
| OF THE MISSOURI-ILLINOIS | ) | |
| METROPOLITAN DISTRICT d/b/a METRO, | ) | Division 1 |
| | ) | |
| Defendant. | ) | |

**MOTION TO STRIKE DEFENDANT'S TWENTY-THREE AFFIRMATIVE DEFENSES
OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT AND
MEMORANDUM OF LAW IN SUPPORT**

Comes now Plaintiff, Scott Gustafson ("Plaintiff"), by and through undersigned counsel, and moves this Honorable Court to strike Defendant Development Agency's ("Defendant") affirmative defense nos. 1-23 pursuant to Rule 55.27(e) of the Missouri Rules of Civil Procedure or, in the alternative, motion for more definite statement pursuant to Rule 55.27(d). In support of his Motion, Plaintiff states:

**I.     INTRODUCTION**

On April 26, 2016, this Court granted Plaintiff's motion for leave to file his First Amended Petition under the Missouri Human Rights Act ("MHRA")[1], alleging discrimination on Bi-State's buses, trains, and other conveyances – that is, places of public accommodation. After multiple motions, this Court denied Defendant's motion to dismiss on July 27, 2017. On August 21, 2017 Defendant filed its Answer and asserted twenty-three (23) affirmative defenses. Defendant's twenty-three (23) affirmative defenses are improper, factually deficient, or nothing

---

[1] All references are to the 2000 Revised Statutes of Missouri, unless otherwise noted.

1

Electronically Filed - City of St. Louis - September 20, 2017 - 05:18 PM

more than mere legal conclusions. Each of Defendant's twenty-three (23) affirmative defenses should be stricken.

## II.  AFFIRMATIVE DEFENSES MUST BE SUPPORTED BY FACTS SHOWING THE PLEADER IS ENTITLED TO THE DEFENSE

Missouri law requires affirmative defenses to be supported by facts in the same manner as required for pleading claims. *Echols v. the City of Riverside*, 332 S.W.3d 207, 211(Mo.App. W.D. 2010). Rule of Civil Procedure 55 requires affirmative defenses "contain a short and plain statement of the facts showing that the pleader is entitled to the defense or avoidance." Rule 55.08. Plain statements of facts provide the Court and opposing parties notice of what disputes or issues will be expected to come up during litigation. *See Bailey v. Cameron Mutual Ins. Co.*, 122 S.W.3d 599, 604, 689 (Mo.App. E.D. 2003); *Schimmel Fur Co. v. American Indemnity Co.*, 440 S.W.2d 932, 939 (Mo. 1969) (rule requires notice of facts relied on so that opposing parties may be prepared on those issues). Missouri fact pleading, then, allows for the quick, efficient, and fair resolution of disputes. *State ex rel. Harvey v. Wells,* 955 S.W.2d 546, 547 (Mo. banc 1997). It helps identify, narrow and define the issues so that the trial court and the parties know what issues are to be tried, what discovery is necessary, and what evidence may be admitted at trial. *Id.*

However, legal conclusions without factual support "fail to inform the plaintiff of the facts relied on and, therefore, fail to further the purposes protected by Rule 55.08." *Stephens v. Brekke*, 977 S.W.2d 87, 93-94 (Mo.App. S.D., 1998); *See Ashland Oil, Inc. v. Warmann*, 869 S.W.2d 910, 912 (Mo. App. E.D. 1994) ("A bare legal conclusion fails to inform the plaintiff of the facts relied on in support of the defense and thus fails to satisfy the requirements under Rule 55."). Accordingly, if a defendant cites no facts to support her affirmative defenses, then the defendant's affirmative defense must fail. *Echols v*, 332 S.W.3d 207, 211 (citing *Clean the*

2

Electronically Filed - City of St. Louis - September 20, 2017 - 05:18 PM

*Uniform Co. St. Louis v. Magic Touch Cleaning, Inc.,* 300 S.W.3d 602, 612 (Mo.App. E.D. 2009).

In *Echols*, the court specifically held that the defendant's affirmative defense stating that "Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate damages" was insufficient because it was "merely a legal conclusion." *Echols*, 332 S.W.3d at 211. Similarly, in *Clean Uniform Co. v. Magic Touch Cleaning*, the court determined that an affirmative defense stating that "Supplier's claim is barred, in whole or in part, by Supplier's prior breaches of contract" was "wholly conclusory" and violated Rule 55.08. *Clean Uniform*, 300 S.W.3d at 602. "A pleading that makes a conclusory statement and does not plead the specific facts required to support the affirmative defense fails to adequately raise the alleged affirmative defense, and the alleged affirmative defense fails as a matter of law." *Id.* at 612. (quoting *Eltiste v. Ford Motor Co.,* 167 S.W.3d 742, 752 (Mo.App. E.D. 2005) (emphasis added). Furthermore, Missouri courts have long held that affirmative defenses that fail as a matter of law may be stricken. Rule 55.27(e); *ITT Comm. Fin. Corp. v. Mid-America Marine Supply Corp.,* 854 S.W.2d 371, 383-84 (Mo. banc 1993).

Instead of asserting proper affirmative defenses, it appears Defendant is (repeatedly) attacking Plaintiff's prima facie case. Therefore, these defenses fail to adequately raise the alleged affirmative defense and fail as a matter of law.

### A.   Defendant's twenty-three affirmative defenses are improper, factually unsupported, conclusory, or legally insufficient.

Defendant's purported affirmative defenses are improper, mere legal conclusions, legally insufficient, or factually deficient assertions. Under Rule 55.27(e) of the Missouri Rules of Civil Procedure:

Electronically Filed - City of St. Louis - September 20, 2017 - 05:18 PM

the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.[2]

Missouri courts have long held that if the factual basis for an affirmative defense is not set out in the Answer, the affirmative defense is insufficient as a matter of law. *ITT Comm. Fin. Corp.*, 854 S.W.2d at 383-84. "Bare legal conclusions. . . fail to inform the plaintiff of the facts relied on and, therefore, fail to further the purposes protected by Rule 55.08." *Stephens*, 977 S.W.2d at 93-94 (Mo.App. S.D., 1998) (citing *Schimmel*, 440 S.W.2d at 939 (rule requires notice of facts relied on so that opposing parties may be prepared on those issues)).

It is black-letter law in Missouri that the factual basis for pleading affirmative defenses must be set out in the same manner as required for pleading claims. *Hoover v. Brundage-Bone Concrete Plumbing, Inc.,* 193 S.W.3d 867 (Mo.App. S.D. 2006). In pleading an affirmative defense, "it is necessary to set out the factual basis for the affirmative defense in the same manner as is required for the pleadings of claims under the Missouri Rules of Civil Procedure." *Ashland Oil,* 869 S.W.2d at 912. "A pleading that makes a conclusory statement and does not plead the specific facts required to support the affirmative defense fails to adequately raise the alleged affirmative defense, and the alleged affirmative defense fails as a matter of law." *Clean the Uniform,* 300 S.W.3d at 612 (quoting *Eltiste*, 167 S.W.3d at 752).

**B.    Defendant's affirmative defenses do not give Plaintiff fair notice.**

It is a violation of fundamental fairness to permit Defendant to plead improper, factually deficient, incomplete, or conclusory affirmative defenses. If a defendant pleads an affirmative defense, the affirmative defense should give a plaintiff fair notice of the defense. However, that is not the case in this action.

---

[2] Rule 55.27(e) ("Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within thirty days after the service of the pleading upon any party or upon the court's own initiative at any time...")

Electronically Filed - City of St. Louis - September 20, 2017 - 05:18 PM

In the instant case, Defendant has failed to substantiate its recitation of purported affirmative defenses and pleaded barely more than textbook examples of labels and conclusions that fail to link an affirmative defense to this case. Defendant's failure to plead affirmative defenses or any facts in support of its purported defenses deprives Plaintiff of the required notice of the nature of the defenses being asserted and the facts relied on in support of the defenses. Defendant's bare allegations will either cause Plaintiff to expend unnecessary time and resources trying to guess Defendant's factual basis for the defenses or prevent Plaintiff from performing discovery regarding the defenses, from preparing pleadings responding to the defenses, and from preparing for trial. Defendant's purported affirmative defenses must be struck, as they are improper, merely barebones legal conclusions, fail to plead any specific facts to support the defenses, or are too conclusory to afford Plaintiff fair notice of the grounds upon which they are based. Further, these defenses fail to present, define, and isolate the issues so the trial court and all the parties have notice of those issues. Plaintiff has met his burden, now Defendant should be required to do the same.

## III.    DEFENDANT'S ALLEGED AFFIRMATIVE DEFENSES FAIL AS A MATTER OF LAW

Defendant has alleged twenty-three (23) affirmative defenses.  Each of these alleged defenses fail to comply with Rule 55.08's requirement that Defendant provide a short and plain statement of the facts showing they are entitled to the defense. Rule 55.08. These defenses, then, should be struck pursuant to Rule 55.27(e).

Plaintiff has addressed the deficiencies of each of Defendant's affirmative defenses below. As a general matter, however, Defendant has failed to plead more than bare legal conclusions. And these conclusions deprive Plaintiff and the Court the ability to identify, narrow

Electronically Filed - City of St. Louis - September 20, 2017 - 05:18 PM

and define what issues will be the subject of this litigation, including the efficient administration of discovery.

**First Defense:** "Gustafson's Petition fails to state actionable claims upon which relief can be granted." (Answer, p. 5).

Defendant fails to allege any facts to support its assertion. It is vague and nondescript. It does not provide factual support. Instead, it is merely a legal conclusion and an attack on Plaintiff's prima facie case. Such an affirmative defense does not provide Plaintiff and the Court the ability to identify, narrow and define what issues will be the subject of this litigation. Moreover, the U.S. District Court for the Eastern District of Missouri stated "failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in Plaintiff's prima facie case" and is therefore legally insufficient. *Lemery v. Duroso*, No. 4:09CV00167, 2009 U.S. Dist. LEXIS 50771, at *8 (E.D. Mo. June 16, 2009). Since, this defense would not meet the notice pleading requirement of federal court, it certainly is not sufficient to satisfy Missouri's fact pleading requirement. Therefore, this defense fails to adequately raise the alleged affirmative defense and fails as a matter of law.

**Second Defense:** "This Court lacks subject matter jurisdiction over all claims in the Petition which were not asserted by Gustafson in a timely charge of discrimination with the Missouri Commission on Human Rights." (Answer, page 5).

Defendant has not provided any facts to assert that Plaintiff has made claims "which were not asserted…in a timely charge of discrimination…" Missouri's Rules of Civil Procedure requires affirmative defenses to be more than hypothetical statements of law. Defendant fails to satisfy the Missouri Rules of Civil Procedure's requirement that Defendant's defense "shall contain a short and plain statement of the facts showing that the pleader is entitled to the defense

6

Electronically Filed - City of St. Louis - September 20, 2017 - 05:18 PM

or avoidance." See Rule 55.08. Just as Plaintiff was required to state facts supporting his legal allegations in his Petition to satisfy Rule 55.08, Defendant must "set out the factual basis for the affirmative defense in the same manner as is required for the pleading of claims under the Missouri Rules of Civil Procedure." *Damon Pursell*, 192 S.W.3d at 475. Defendant's Second Defense, therefore, fails to adequately raise the alleged affirmative defense and fails as a matter of law.

**Third Defense:** "All or part of Gustafson's claims is [sic] barred for failure to exhaust administrative remedies." (Answer, page 6).

Defendant has not provided any facts to assert that any of Plaintiff's claims are barred for failure to exhaust administrative remedies. Missouri's Rules of Civil Procedure requires affirmative defenses to be more than hypothetical statements of law. Defendant fails to satisfy the Missouri Rules of Civil Procedure's requirement that Defendant's defense "shall contain a short and plain statement of the facts showing that the pleader is entitled to the defense or avoidance." See Rule 55.08. Just as Plaintiff was required to state facts supporting his legal allegations in his Petition to satisfy Rule 55.08, Defendant must "set out the factual basis for the affirmative defense in the same manner as is required for the pleading of claims under the Missouri Rules of Civil Procedure." *Damon Pursell*, 192 S.W.3d at 475. Accordingly, Defendant has failed to provide any factual matter and, therefore, this purported defense fails to adequately raise an affirmative defense and fails as a matter of law.

**Fourth Defense:** "All or part of Gustafson's claims is [sic] barred by the relevant statute of limitations." (Answer, page 6).

Rather than providing specific facts, this is another example of a catch-all hypothetical. Again, Defendant has not asserted a factual basis that would give Plaintiff fair notice and have

Electronically Filed - City of St. Louis - September 20, 2017 - 05:18 PM

not provided any dates or timeline calculations to support a claim that the statute of limitations has run on any of Plaintiff's claims. Without more, allegations will force Plaintiff to investigate into matters that may or may not have any merit and will present an undue burden to pursue what might be a wild goose chase. Accordingly, Defendant has failed to provide any facts and, therefore, this purported defense fails to adequately raise an affirmative defense and fails as a matter of law.

**Fifth Defense:** "Any action taken by Bi-State with respect to Gustafson has been for lawful, legitimate, non-discriminatory business reasons, unrelated to Gustafson's disability." (Answer, p. 6).

Despite alluding to some facts, the alleged defense is nothing more than a conclusory statement. It is only a legal statement that attacks Plaintiff's prima facie case. This Defense, therefore, fails to adequately raise the alleged affirmative defense and fails as a matter of law.

**Sixth Defense:** "At all times relevant hereto, Bi-State acted in good faith with regard to Gustafson, had reasonable grounds for believing its actions were not in violation of the Missouri Commission on Human Rights Act [sic], Chapter 213, et seq., and Bi-State would have made the same decisions regardless of Gustafson's disability." (Answer, p. 6).

Here is yet another defense without a basis in fact. Defendant offers no specific instances in which its actions against Plaintiff were "in good faith" and "were not in violation of the Missouri Human Rights Act." They only state that is so. These are conclusions, not facts. In order to defend against this claim, Plaintiff would need to investigate into every decision and action that Defendant made at an extreme and undue cost to Plaintiff. Without a factual basis, Defendant's Sixth Defense is a conclusory statement that fails to adequately raise an affirmative defense and fails as a matter of law.

Electronically Filed - City of St. Louis - September 20, 2017 - 05:18 PM

**Seventh Defense**:  "All or part of Gustafson's claims is [sic] barred by accord and satisfaction." (Answer, p. 6).

Here again, Defendant offers no specific instances in which Plaintiff's claims are "barred by accord and satisfaction." Again, they only state that this is so. This is a legal conclusion, not facts. Without a factual basis, Defendant's Seventh Defense is a conclusory statement that fails to adequately raise the alleged affirmative defense and fails as a matter of law.

**Eighth Defense**:  All or part of Gustafson's claims is [sic] barred by the September 1, 2011 Settlement Agreement that resolved Gustafson's April 3, 2014 Charge of Discrimination and November 14, 2014 Amended Charge of Discrimination.  (Answer, p. 6).

Despite alluding to some facts, the alleged defense is nothing more than a conclusory statement because it merely attacks Plaintiff's prima facie case. This Defense, therefore, fails to adequately raise the alleged affirmative defense and fails as a matter of law.

**Ninth Defense**:  Gustafson's Petition does not state facts sufficient to enable Gustafson to plead or recover punitive damages.  (Answer, p. 6).

This Defense fails to plead any facts that would support the conclusion that Plaintiff "does not state facts sufficient to enable Gustafson to plead or recover punitive damages." Without more, this is another bald assertion of a legal conclusion without support. This assertion in no way apprises Plaintiff of the basis of the allegation and, therefore, fails to adequately raise the alleged affirmative defense and fails as a matter of law.

**Tenth Defense**:  "Gustafson's prayer for equitable remedies, if any, is not triable to a jury." (Answer, p. 6).

This is not an affirmative defense. It is purely—and only—a legal conclusion. No facts are pled to support the conclusions. Defendant's Tenth Defense, therefore, fails to adequately

Electronically Filed - City of St. Louis - September 20, 2017 - 05:18 PM

raise an affirmative defense and fails as a matter of law.

**Eleventh Defense**: "All or part of Gustafson's claims is [sic] barred by the doctrine of laches, waiver and/or estoppel." (Answer, p. 6).

This is a hypothetical catch-all used to protect Defendant's potential liability without satisfying pleading requirements. Missouri's Rules of Civil Procedure requires affirmative defenses to be more than hypothetical statements of law. Defendant failed to satisfy the Missouri Rules of Civil Procedure's requirement that Defendant's defense "shall contain a short and plain statement of the facts showing that the pleader is entitled to the defense or avoidance." See Rule 55.08. Just as Plaintiff was required to state facts supporting his legal allegations in his Petition to satisfy Rule 55.08, Defendant must "set out the factual basis for the affirmative defense in the same manner as is required for the pleading of claims under the Missouri Rules of Civil Procedure." *Damon Pursell*, 192 S.W.3d at 475. Defendant's Eleventh Defense, therefore, fails to adequately raise an affirmative defense and fails as a matter of law.

**Twelfth Defense**: "All or part of Bi-State's alleged discriminatory acts fail to fall within the scope of the Missouri Commission on Human Rights Act [sic], Chapter 213, et seq." (Answer, p. 6).

Here, Defendant fails to allege sufficient facts to support another legal conclusion. Defendant asserts that Plaintiff "has not alleged discriminatory acts fail to fall within the scope of the Missouri Human Rights Act," but Defendant provides no facts as support. This statement provides Plaintiff and the Court very little information. It is vague and conclusory. Such an affirmative defense does not provide Plaintiff and the Court the ability to identify, narrow and define what issues will be the subject of this litigation.       Instead of an affirmative defense, it appears Defendant is attacking Plaintiff's prima facie case without providing the necessary

10

Electronically Filed - City of St. Louis - September 20, 2017 - 05:18 PM

factual or legal arguments. Therefore, this defense fails to adequately raise the alleged affirmative defense and fails as a matter of law.

**Thirteenth Defense**: "Gustafson's disability was not a contributing factor in any of Bi-State's decisions regarding Gustafson." (Answer, p. 6).

First, this is an improper defense. This purported defense asserts a defect in Plaintiff's prima facie case of discrimination, rather than state a defense. Second, this constitutes another defense without a basis in fact. Without more, Plaintiff cannot readily determine who made the decisions or what motivated Defendant's discriminatory decisions. Defendant failed to plead any factual basis that would support its conclusion that its actions towards Plaintiff were not the result of any discriminatory action or conduct. Again, it is unclear how this statement may or may not relate to an affirmative defense. Therefore, this purported affirmative defense also fails as a matter of law.

**Fourteenth Defense**: "Gustafson's disability was not a contributing factor in any of Bi-State's decisions regarding its facilities and resources." (Answer, p. 7).

This defense is almost exactly the same as the Thirteenth Defense. And again, it is an improper defense. This purported defense asserts a defect in Plaintiff's prima facie case of discrimination, rather than state a defense. Further, it constitutes another defense without a basis in fact. Without more, Plaintiff cannot readily determine who made the decisions regarding Defendant's facilities and resources and what motivated these decisions. Defendant failed to plead any factual basis that would support its conclusion that its actions towards Plaintiff were not the result of any discriminatory action or conduct. Again, it is unclear how this statement may or may not relate to an affirmative defense. Therefore, this purported affirmative defense also fails as a matter of law.

11

Electronically Filed - City of St. Louis - September 20, 2017 - 05:18 PM

**Fifteenth Defense**:  "Gustafson is not entitled to recover damages or relief of any type for alleged discriminatory events which purportedly occurred 300 days or more prior to the date he filed his Charge of Discrimination." (Answer, p. 7).

Rather than providing specific facts, this is another example of a catch-all hypothetical. Again, Defendant has not asserted a factual basis that would give Plaintiff fair notice and have not provided any dates or timeline calculations to support a claim that Gustafson has alleged discriminatory events which "purportedly occurred 300 days or more prior to the date he filed his Charge of Discrimination." Without more, allegations will force Plaintiff to investigate into matters that may or may not have any merit and will present an undue burden to pursue what might be a wild goose chase. Accordingly, Defendant has failed to provide any facts and, therefore, this purported defense fails to adequately raise an affirmative defense and fails as a matter of law.

**Sixteenth Defense**:  "Gustafson is not entitled to relief inasmuch as any damages allegedly suffered or experienced was due, either in whole or in part, to Gustafson's own conduct and actions." (Answer, p. 7).

This is not a proper affirmative defense. Instead, it is an attack on Plaintiff's prima facie case. It is also unclear how this statement may or may not relate to an affirmative defense. Because this defense is legally insufficient it fails as a matter of law and should be stricken.

**Seventeenth Defense**:  "All or part of Gustafson's claims is [sic] barred by the doctrines of Res Judicata and/or estoppel inasmuch as on or about September 1, 2011, the Missouri Commission on Human Rights and Bi-State entered a Settlement Agreement in connection with Gustafson's April 3, 2014 Charge of Discrimination and November 14, 2014 Amended Charge of Discrimination." (Answer, p. 7).

12

Electronically Filed - City of St. Louis - September 20, 2017 - 05:18 PM

This bare-bones statement does not satisfy the Missouri Rules of Civil Procedure's requirement that Defendant's defense "shall contain a short and plain statement of the *facts* showing that the pleader is entitled to the defense or avoidance." See Rule 55.08 (emphasis added). Just as Plaintiff was required to state *facts* (plural) supporting his legal allegations in his Petition to satisfy Rule 55.08, Defendant must "set out the factual basis for the affirmative defense in the same manner as is required for the pleading of claims under the Missouri Rules of Civil Procedure." *Damon Pursell*, 192 S.W.3d at 475. Accordingly, Defendant has failed to provide any factual matter and, therefore, this purported defense fails to adequately raise an affirmative defense and fails as a matter of law.

**Eighteenth Defense**:   "All or part of Plaintiff's claims is [sic] barred by sovereign immunity." (Answer, p. 7).

Sovereign immunity is not an affirmative defense. *Townsend v. Eastern Chemical Waste Systems*, 234 S.W.3d 452, 470 (Mo.App. 2007) ("it is well settled in Missouri that sovereign immunity is not an affirmative defense"). Rather, it asserts a defect in Plaintiff's prima facie case. *Shifflette v. Missouri Dept. of Nat. Resources*, 308 S.W.3d 331, 334 (Mo.App. 2010). This statement is nothing more than a legal conclusion that is improperly styled as an affirmative defense. Further, in cases alleging violations of the Missouri Human Rights Act, the Missouri legislature expressly waived sovereign immunity. *H.S. v. Board of Regents, Southwest Mo. State Univ.*, 967 S.W.2d 665 (Mo. App. E.D. 1998); *see also Keeney v. Missouri Highway and Transp. Comm'n*, 70 S.W.3d 597, 600 (Mo. App. S.D. 2002) (holding sovereign immunity defense is not available by reason of § 213.111, RSMo). This improper defense constitutes nothing more than legal conclusions and therefore, fails as a matter of law.

13

Electronically Filed - City of St. Louis - September 20, 2017 - 05:18 PM

**Nineteenth Defense**: "Bi-State further answers that Plaintiff's Petition is an attempt to interfere Defendant's right to a direct review by a court of the Missouri Human Rights Commission's findings, rules, and/or orders relating to Plaintiff's claims, which is in direct violation of the Missouri Constitution, and should therefore be dismissed." (Answer, p. 7).

Defendant's alleged affirmative defense is nonsensical. This bare-bones statement does not satisfy the Missouri Rules of Civil Procedure's requirement that Defendant's defense "shall contain a short and plain statement of the *facts* showing that the pleader is entitled to the defense or avoidance." See Rule 55.08 (emphasis added). Just as Plaintiff was required to state *facts* (plural) supporting his legal allegations in his Petition to satisfy Rule 55.08, Defendant must "set out the factual basis for the affirmative defense in the same manner as is required for the pleading of claims under the Missouri Rules of Civil Procedure." *Damon Pursell*, 192 S.W.3d at 475. Accordingly, Defendant has failed to provide any factual matter and, therefore, this purported defense fails to adequately raise an affirmative defense and fails as a matter of law.

**Twentieth Defense**: "Bi-State further answers that the section of the Missouri Human Rights Act Plaintiff relies upon to force Bi-State to modify its facilities and/or services fails to give a person of ordinary intelligence a reasonable opportunity to learn what is prohibited and/or required and fails to provide explicit standards against arbitrary and discriminatory application, which is in a direct violation of the Missouri Constitution, and should therefore be dismissed." (Answer, p. 7).

This is not an affirmative defense. Defendant fails to plead any factual basis that would support its legal conclusion that the MHRA "fails to give a person of ordinary intelligence a reasonable opportunity to learn what is prohibited and/or required and fails to provide explicit standards against arbitrary and discriminatory application, which is in a direct violation of the

Electronically Filed - City of St. Louis - September 20, 2017 - 05:18 PM

Missouri Constitution."  Moreover, to the extent that Defendant is arguing (albeit wrongly) that the MHRA is unconstitutionally vague or broad, Defendant has not notified the Missouri Attorney General of a constitutional challenge to the MHRA. Further, Defendant has failed to provide any factual matter, which, if accepted as true, would state a defense relating to the alleged vagueness or broadness of any equitable relief requested by Plaintiff against Defendant that is plausible on its face. Accordingly, Plaintiff moves to strike this improper affirmative defense.

**Twenty-first Defense**:  "Bi-State further answers that Plaintiff's requests that Bi-State modify its facilities and/or services are made pursuant to arbitrary or non-existent regulations, which is in a direct violation of the Missouri Constitution, and should therefore be dismissed." (Answer, p. 8).

Again, this is not an affirmative defense. Defendant fails to plead any factual basis that would support its legal conclusion that "Plaintiff's requests that Bi-State modify its facilities and/or services are made pursuant to arbitrary or non-existent regulations, which is in a direct violation of the Missouri Constitution" Moreover, to the extent that Defendant is arguing (albeit wrongly) that the MHRA is unconstitutionally vague or broad, Defendant has not notified the Missouri Attorney General of a constitutional challenge to the MHRA. Further, Defendant has failed to provide any factual matter, which, if accepted as true, would state a defense relating to the alleged vagueness or broadness of any equitable relief requested by Plaintiff against Defendant that is plausible on its face. Accordingly, Plaintiff moves to strike this improper affirmative defense.

**Twenty-second Defense**:  "Bi-State is not subject to suit under the Missouri Human Rights act because the MHRA was never incorporated or made applicable to Bi-State under the

Electronically Filed - City of St. Louis - September 20, 2017 - 05:18 PM

compact, see Mo.Rev.Stat. Section 70.370; 45 Ill. Comp. Stat. 100/1, approved by the United States Congress pursuant to the Compact Clause of the United States Constitution." (Answer, p. 8).

Again, this is nothing more than a legal conclusion couched as an affirmative defense. Defendant previously filed a motion to dismiss on this same legal theory that it is not subject to the MHRA. This Court denied Defendant's tired legal argument on July 28, 2017. Because this defense constitutes nothing more than legal conclusions it fails to adequately raise an affirmative defense and fails as a matter of law.

**Twenty-third Defense**: "Bi-State reserves the right to amend its answers and to add additional defenses as Gustafson's claims are more fully disclosed in the course of this litigation." (Answer, p. 8).

Defendant's attempt to reserve *additional*, as *yet unstated* affirmative defenses for a future date is improper. The amendment of pleadings is governed by the Missouri Rules of Civil Procedure and/or a case-specific scheduling order that could be entered in this case. Under the Rules, Defendant cannot unilaterally reserve additional, unstated affirmative defenses because such reservations fail to give Plaintiff fair notice. Moreover, there is no "right" to add future defenses without regard to the conditions established by the Rules and/or scheduling order. Thus, Defendant's "Reservation of Right to Amend" is a legal nullity and should be stricken. *County Vanlines Inc. v. Experian Info. Solutions, Inc.*, 205 F.R.D. 148, 157-58 ((S.D.N.Y. 2002) (striking defense asserting right to assert additional affirmative defenses).

## IV.   PLAINTIFF'S ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT

Rule 55.27(d) of the Missouri Rules of Civil Procedure allows a plaintiff to move for a more definite statement where, as here, the affirmative defense "is not averred with sufficient

Electronically Filed - City of St. Louis - September 20, 2017 - 05:18 PM

definiteness or particularity to enable the party properly to prepare responsive pleadings or to prepare generally for trial when a responsive pleading is not required." *See* Rule 55.27(d) Plaintiff is unable to prepare for trial or perform discovery on the issues based on the legal conclusions contained in Defendant's Affirmative Defenses. Therefore if the Court decides not to strike Defendant's defenses outright, Plaintiff respectfully requests that the Court order the Defendant to plead each of its purported affirmative defenses with specific facts supporting them and in full compliance with Rule 55.08.

## V.     CONCLUSION

WHEREFORE, for the above stated reasons, Plaintiff respectfully requests that the Court strike Defendant's affirmative defenses 1-23 pursuant to Supreme Court Rule 55.27(e) as the pleadings fail to comply with Rule 55.08 and are, therefore, insufficient defenses, or in the alternative, require Defendant to plead more specifically pursuant to Rule 55.27(d) within ten (10) days of this Court's order, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Cyrus Dashtaki
Cyrus Dashtaki, #57606
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, Missouri 63109
Telephone:     (314) 932-7671
Facsimile:     (314) 932-7672
cyrus@dashtaki.com

/s/ John C. Burns
John C. Burns, #66462
Burger Law Firm
500 N. Broadway, Ste. 1350
St. Louis, MO 63102
314-542-2222
314-542-2229 (fax)
john@burgerlaw.com
*Attorneys for Plaintiff Scott Gustafson*

## CERTIFICATE OF SERVICE

The undersigned hereby states that on this 20th day of September 2017, a true and correct copy of the foregoing was filed electronically with Court's filing system, and was served upon all counsel of record.

/s/ Cyrus Dashtaki

# 37

**09/21/2017**

Electronically Filed - City of St. Louis - September 21, 2017 - 11:31 AM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

SCOTT GUSTAFSON,                          )
                                          )
    Plaintiff,                            )
                                          )
v.                                        )     Case No. 1522-CC11361
                                          )
THE BI-STATE REDEVELOPMENT AGENCY         )
OF THE MISSOURI-ILLINOIS                  )
METROPOLITAN DISTRICT d/b/a METRO,        )     Division 1
                                          )
    Defendant.                            )

## PLAINTIFF'S MOTION TO COMPEL

Comes now Plaintiff, by and through counsel, and moves to compel as follows:

1.    That Plaintiff served Defendant with Plaintiff's First Set of Interrogatories and Request for Production of Documents directed to Defendant on March 10, 2016.

2.    That Defendant has failed to fully answer said Interrogatories and Requests for Production of Documents.

3.    That Plaintiff has tried to resolve this discovery dispute in good faith, but that the parties have been unable to resolve their differences.

WHEREFORE Plaintiff prays his Motion to Compel is granted.

Respectfully submitted,
**DASHTAKI LAW FIRM, LLC**

/s/ Cyrus Dashtaki
Cyrus Dashtaki, #57606
5205 Hampton Avenue
St. Louis, Missouri 63109
Telephone:  (314) 932-7671
Facsimile:  (314) 932-7672
cyrus@dashtaki.com

/s/ John C. Burns
John C. Burns, #66462
Burger Law Firm

1

Electronically Filed - City of St. Louis - September 21, 2017 - 11:31 AM

500 N. Broadway, Ste. 1350
St. Louis, MO 63102
314-542-2222
314-542-2229 (fax)
john@burgerlaw.com
*Attorneys for Plaintiff Scott Gustafson*

## CERTIFICATE OF SERVICE

The undersigned hereby states that on this 21st day of September 2017, a true and correct copy of the foregoing was filed electronically with Court's filing system, and was served upon all counsel of record.

/s/ John C. Burns

Electronically Filed - City of St. Louis - September 21, 2017 - 11:31 AM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

SCOTT GUSTAFSON,                          )
                                          )
        Plaintiff,                        )
                                          )
v.                                        )        Case No. 1522-CC11361
                                          )
THE BI-STATE DEVELOPMENT AGENCY           )        Division 1
OF THE MISSOURI – ILLINOIS                )
METROPOLITAN DISTRICT d/b/a METRO,        )
METRO TRANSIT, METROBUS,                  )
METROLINK,                                )
                                          )
        Defendant.                        )

## NOTICE OF HEARING

Notice is hereby given that Plaintiff intends to call up for hearing his Motion to Compel and Motion to Strike Affirmative Defenses on October 16, 2017 at 9:00 am in Division 31 of the Circuit Court of the City of St. Louis, Missouri, or as soon thereafter as it may be heard.

Respectfully Submitted,

/s/ Cyrus Dashtaki
Cyrus Dashtaki, #57606
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, MO 63109
Telephone:  (314) 932-7671
Facsimile:  (314) 932-7672
Email:  cyrus@dashtaki.com

/s/ John C. Burns
John C. Burns, #66462
Burger Law Firm
500 N. Broadway, Ste. 1350
St. Louis, MO 63102
314-542-2222
314-542-2229 (fax)
john@burgerlaw.com
*Attorneys for Plaintiff Scott Gustafson*

Electronically Filed - City of St. Louis - September 21, 2017 - 11:31 AM

## CERTIFICATE OF SERVICE

The undersigned hereby states that on this 21st day of September 2017, a true and correct copy of the foregoing was filed electronically with Court's filing system, and was served upon all counsel of record.

/s/ John C. Burns

# 38

**10/12/2017**

Electronically Filed - City of St. Louis - October 12, 2017 - 03:57 PM

## THE CIRCUIT COURT OF ST. LOUIS CITY
## STATE OF MISSOURI

SCOTT GUSTAFSON,                            )
                                            )
     **Plaintiff**                         )    **1522-CC11361**
                                            )
**v.**                                      )    **Division: 1**
                                            )
THE BI-STATE DEVELOPMENT AGENCY             )
OF THE MISSOURI-ILLINOIS                     )
METROPOLITAN DISTRICT d/b/a METRO,           )
METRO TRANSIT, METROBUS,                     )
METROLINK                                    )

### CERTIFICATE OF SERVICE

     COMES NOW Defendant, by and through the undersigned, and hereby certifies that it

served via e-mail and first class mail on October 12, 2017:

    1.     Defendant's Responses to Plaintiff's First Set of Interrogatories;

    2.     Defendant's Responses to Plaintiff's First Request for Production of Documents;

by sending the same to the following address:

    Cyrus Dashtaki
    Dashtaki Law Firm
    5205 Hampton Avenue
    St. Louis, MO 63109
    cyrus@dashtaki.com

    John C. Burns
    The Burns Law Firm, LLC
    1717 Park Avenue
    St. Louis, MO 63104
    John@burns-law-firm.com

Electronically Filed - City of St. Louis - October 12, 2017 - 03:57 PM

Respectfully submitted,

**McMAHON BERGER, P.C.**

/s/ Brian C. Hey
James N. Foster Jr., ARN 28231 MO
Brian C. Hey ARN 53930 MO
Rex P. Fennessey, ARN 58925 MO
2730 North Ballas Road, Suite 200
St. Louis, Missouri  63131
(314) 567-7350 – (Telephone)
(314) 567-5968 – (Facsimile)
foster@mcmahonberger.com
hey@mcmahonberger.com
fennessey@mcmahonberger.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of October, 2017, a true copy of the foregoing was served by the Court's electronic notice to:

Cyrus Dashtaki
Dashtaki Law Firm
5205 Hampton Avenue
St. Louis, MO 63109
cyrus@dashtaki.com

John C. Burns
The Burns Law Firm, LLC
1717 Park Avenue
St. Louis, MO 63104
John@burns-law-firm.com

Attorneys for Plaintiff

/s/ Brian C. Hey

233336. 1                                    2

Electronically Filed - City of St. Louis - October 12, 2017 - 03:57 PM

THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

SCOTT GUSTAFSON,                        )
                                        )
        Plaintiff                       )        1522-CC11361
                                        )
v.                                      )        Division: 1
                                        )
THE BI-STATE DEVELOPMENT AGENCY         )
OF THE MISSOURI-ILLINOIS                )
METROPOLITAN DISTRICT d/b/a METRO,      )
METRO TRANSIT, METROBUS,                )
METROLINK                               )

## CERTIFICATE OF SERVICE

COMES NOW Defendant, by and through the undersigned, and hereby certifies that it served via e-mail and first class mail on October 12, 2017:

1.    Defendant's First Set of Interrogatories Directed to Plaintiff (17);

2.    Defendant's First Request for Production of Documents to Plaintiff (21);

by sending the same to the following address:

        Cyrus Dashtaki
        Dashtaki Law Firm
        5205 Hampton Avenue
        St. Louis, MO 63109
        cyrus@dashtaki.com

        John C. Burns
        The Burns Law Firm, LLC
        1717 Park Avenue
        St. Louis, MO 63104
        John@burns-law-firm.com

Respectfully submitted,

**McMAHON BERGER, P.C.**

/s/ Brian C. Hey
James N. Foster Jr., ARN 28231 MO
Brian C. Hey ARN 53930 MO
Rex P. Fennessey, ARN 58925 MO
2730 North Ballas Road, Suite 200
St. Louis, Missouri 63131
(314) 567-7350 – (Telephone)
(314) 567-5968 – (Facsimile)
foster@mcmahonberger.com
hey@mcmahonberger.com
fennessey@mcmahonberger.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of October, 2017, a true copy of the foregoing was served by the Court's electronic notice to:

Cyrus Dashtaki
Dashtaki Law Firm
5205 Hampton Avenue
St. Louis, MO 63109
cyrus@dashtaki.com

John C. Burns
The Burns Law Firm, LLC
1717 Park Avenue
St. Louis, MO 63104
John@burns-law-firm.com

Attorneys for Plaintiff

/s/ Brian C. Hey

233898. 1                                    2

Electronically Filed - City of St. Louis - October 12, 2017 - 03:57 PM

## IN THE CIRCUIT COURT OF ST. LOUIS CITY
## STATE OF MISSOURI

| | |
|---|---|
| SCOTT GUSTAFSON, | ) |
| | ) |
|     Plaintiff, | )    1522-CC11361 |
| | ) |
| v. | )    Division: 1 |
| | ) |
| THE BI-STATE DEVELOPMENT AGENCY | ) |
| OF THE MISSOURI-ILLINOIS | ) |
| METROPOLITAN DISTRICT d/b/a METRO, | ) |
| METRO TRANSIT, METROBUS, | ) |
| METROLINK | ) |
| | ) |
|     Defendant. | ) |

## NOTICE OF HEARING

PLEASE TAKE NOTICE that Defendant will call up for hearing, its Motion for Leave to Amend its Answer and Defenses, in Division 31, Twenty-Second Judicial Circuit, on the 16th day of October, 2017, at 9:00 a.m. or as soon after that hour on that date as counsel may be heard.

Respectfully submitted,

**McMAHON BERGER, P.C.**

/s/ Brian C. Hey
James N. Foster Jr., ARN 28231 MO
Brian C. Hey ARN 53930 MO
Rex P. Fennessey, ARN 58925 MO
2730 North Ballas Road, Suite 200
St. Louis, Missouri 63131
(314) 567-7350 – (Telephone)
(314) 567-5968 – (Facsimile)
foster@mcmahonberger.com
hey@mcmahonberger.com
fennessey@mcmahonberger.com

222918.1

1

Electronically Filed - City of St. Louis - October 12, 2017 - 03:57 PM

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of October, 2017, a true copy of the foregoing was served by the court's electronic notice to:

Cyrus Dashtaki
Dashtaki Law Firm
5205 Hampton Avenue
St. Louis, MO 63109
cyrus@dashtaki.com

John C. Burns
The Burns Law Firm, LLC
1717 Park Avenue
St. Louis, MO 63104
John@burns-law-firm.com

Attorneys for Plaintiff

/s/ Brian C. Hey

2

222918.1

Electronically Filed - City of St. Louis - October 12, 2017 - 03:57 PM

**IN THE CIRCUIT COURT OF ST. LOUIS CITY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| SCOTT GUSTAFSON, | ) | |
| | ) | |
| **Plaintiff** | ) | **1522-CC11361** |
| | ) | |
| **v.** | ) | **Division: 1** |
| | ) | |
| THE BI-STATE DEVELOPMENT AGENCY | ) | |
| OF THE MISSOURI-ILLINOIS | ) | |
| METROPOLITAN DISTRICT d/b/a METRO, | ) | |
| METRO TRANSIT, METROBUS, | ) | |
| METROLINK | ) | |

**DEFENDANT'S MOTION FOR LEAVE**
**TO AMEND DEFENDANT'S ANSWER AND DEFENSES**

COME NOW Defendant Bi-State Development Agency of Missouri-Illinois Metropolitan District (hereinafter "Bi-State"), by and through its undersigned counsel, hereby submits pursuant to Mo. Sup. Ct. R. 55.33(a), its Motion for Leave to Amend its Answer and Defenses. In support of its Motion, Defendant states as follows:

1.      Mo. Sup. Ct. R. 55.33(a) provides that a party may amend its pleadings by leave of court or by written consent of the adverse party; and leave "shall be freely granted when justice so requires." *See* Mo. Sup. Ct. R. 55.33(a) (emphasis added). Trial courts have broad discretion to grant a party leave to amend an answer. Dwyer v. Meramec Venture Assocs., L.L.C., 75 S.W.3d 291, 292 (Mo. Ct. App. 2002).

2.      In granting leave to amend a pleading, the court is to consider the hardships to the moving party if the request is denied, the reasons for failure to include the matter in a designated pleading, and the injustice caused to the opposing party when the request is granted. Rose v. City of Riverside, 827 S.W.2d 737, 739 (Mo. Ct. App. 1992). "Trial courts are not to be stingy in granting leave to amend." Ferrellgas, Inc. v. Edward A. Smith, P.C., 190

Electronically Filed - City of St. Louis - October 12, 2017 - 03:57 PM

S.W.3d 615, 619 (Mo. Ct. App. 2006); citing Bohrmann v. Schremp, 666 S.W.2d 30, 32 (Mo. Ct. App. 1984). "The trial court has broad discretion to grant a party leave to amend his answer; it is an abuse of discretion not to grant such leave when justice requires." Id; see also Rose, 827 S.W.2d at 739. Prejudice is not measured by whether a party would stand to suffer financial loss as a result of the court ruling. Alternatively, prejudice is measured by whether a party is deprived because the court granting the motion for leave to amend caught that party by surprise after it had developed its strategy. Id.

3.      Here, if Defendant's Motion is denied, Defendant may be denied affirmative defenses that are absolutely imperative to its defense of Plaintiff's claims of discrimination.

4.      In addition, there will be no injustice, prejudice, or surprise to Plaintiff if Defendant's Motion is granted. Counsel for Defendant forwarded a copy of its Motion for Leave to Amend its Answer and Defenses to Plaintiff's counsel on September 27, 2017 and the discovery phase of this lawsuit has just begun.

5.      Because there is no undue delay, bad faith, dilatory motives, repeated failure to cure deficiencies, undue injustice or prejudice, or futility in this case, this Court should grant Defendant's Motion for Leave to Amend its Answer and Defenses.

6.      A copy of the Amended Answer and Affirmative Defenses is attached as Exhibit A.

WHEREFORE, Defendant respectfully requests this Court grant it leave to amend its Answer and Defenses.

Respectfully submitted,

**McMAHON BERGER, P.C.**

/s/ Brian C. Hey
James N. Foster Jr., ARN 28231 MO
Brian C. Hey ARN 53930 MO
Rex P. Fennessey, ARN 58925 MO
2730 North Ballas Road, Suite 200
St. Louis, Missouri  63131
(314) 567-7350 – (Telephone)
(314) 567-5968 – (Facsimile)
foster@mcmahonberger.com
hey@mcmahonberger.com
fennessey@mcmahonberger.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of October, 2017, a true copy of the foregoing was served by the Court's electronic notice to:

Cyrus Dashtaki
Dashtaki Law Firm
5205 Hampton Avenue
St. Louis, MO 63109
cyrus@dashtaki.com

John C. Burns
The Burns Law Firm, LLC
1717 Park Avenue
St. Louis, MO 63104
John@burns-law-firm.com

Attorneys for Plaintiff

/s/ Brian C. Hey

233842.1

# 39

**10/16/2017**

## IN THE CIRCUIT COURT OF ST. LOUIS CITY
## STATE OF MISSOURI

SCOTT GUSTAFSON,          )
                                 )

     **Plaintiff**             )      **1522-CC11361**
                                 )

**v.**                                 )      **Division: 1**
                                 )

**THE BI-STATE DEVELOPMENT AGENCY**   )
**OF THE MISSOURI-ILLINOIS**         )
**METROPOLITAN DISTRICT d/b/a METRO,** )
**METRO TRANSIT, METROBUS,**        )
**METROLINK**                            )

## DEFENDANT'S MOTION FOR LEAVE
## TO AMEND DEFENDANT'S ANSWER AND DEFENSES

COME NOW Defendant Bi-State Development Agency of Missouri-Illinois Metropolitan District (hereinafter "Bi-State"), by and through its undersigned counsel, hereby submits pursuant to Mo. Sup. Ct. R. 55.33(a), its Motion for Leave to Amend its Answer and Defenses. In support of its Motion, Defendant states as follows:

     1.      Mo. Sup. Ct. R. 55.33(a) provides that a party may amend its pleadings by leave of court or by written consent of the adverse party; and leave "shall be freely granted when justice so requires." *See* Mo. Sup. Ct. R. 55.33(a) (emphasis added). Trial courts have broad discretion to grant a party leave to amend an answer. Dwyer v. Meramec Venture Assocs., L.L.C., 75 S.W.3d 291, 292 (Mo. Ct. App. 2002).

     2.      In granting leave to amend a pleading, the court is to consider the hardships to the moving party if the request is denied, the reasons for failure to include the matter in a designated pleading, and the injustice caused to the opposing party when the request is granted. Rose v. City of Riverside, 827 S.W.2d 737, 739 (Mo. Ct. App. 1992). "Trial courts are not to be stingy in granting leave to amend." Ferrellgas, Inc. v. Edward A. Smith, P.C., 190

S.W.3d 615, 619 (Mo. Ct. App. 2006); citing Bohrmann v. Schremp, 666 S.W.2d 30, 32 (Mo. Ct. App. 1984). "The trial court has broad discretion to grant a party leave to amend his answer; it is an abuse of discretion not to grant such leave when justice requires." Id; see also Rose, 827 S.W.2d at 739. Prejudice is not measured by whether a party would stand to suffer financial loss as a result of the court ruling. Alternatively, prejudice is measured by whether a party is deprived because the court granting the motion for leave to amend caught that party by surprise after it had developed its strategy. Id.

3.      Here, if Defendant's Motion is denied, Defendant may be denied affirmative defenses that are absolutely imperative to its defense of Plaintiff's claims of discrimination.

4.      In addition, there will be no injustice, prejudice, or surprise to Plaintiff if Defendant's Motion is granted. Counsel for Defendant forwarded a copy of its Motion for Leave to Amend its Answer and Defenses to Plaintiff's counsel on September 27, 2017 and the discovery phase of this lawsuit has just begun.

5.      Because there is no undue delay, bad faith, dilatory motives, repeated failure to cure deficiencies, undue injustice or prejudice, or futility in this case, this Court should grant Defendant's Motion for Leave to Amend its Answer and Defenses.

6.      A copy of the Amended Answer and Affirmative Defenses is attached as Exhibit A.

WHEREFORE, Defendant respectfully requests this Court grant it leave to amend its Answer and Defenses.

233842.1

Respectfully submitted,

**McMAHON BERGER, P.C.**

/s/ Brian C. Hey
James N. Foster Jr., ARN 28231 MO
Brian C. Hey ARN 53930 MO
Rex P. Fennessey, ARN 58925 MO
2730 North Ballas Road, Suite 200
St. Louis, Missouri  63131
(314) 567-7350 – (Telephone)
(314) 567-5968 – (Facsimile)
foster@mcmahonberger.com
hey@mcmahonberger.com
fennessey@mcmahonberger.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of October, 2017, a true copy of the foregoing was served by the Court's electronic notice to:

Cyrus Dashtaki
Dashtaki Law Firm
5205 Hampton Avenue
St. Louis, MO 63109
cyrus@dashtaki.com

John C. Burns
The Burns Law Firm, LLC
1717 Park Avenue
St. Louis, MO 63104
John@burns-law-firm.com

Attorneys for Plaintiff

/s/ Brian C. Hey

233842.1

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

SCOTT GUSTAFSON,                          )
                                          )
    **Plaintiff**                          )          **1522-CC11361**
                                          )
v.                                        )          **Division: 1**
                                          )
THE BI-STATE DEVELOPMENT AGENCY           )
OF THE MISSOURI-ILLINOIS                  )
METROPOLITAN DISTRICT d/b/a METRO,        )
METRO TRANSIT, METROBUS,                  )
METROLINK                                 )
                                          )

## BI-STATE'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES

    COMES NOW Defendant, Bi-State Development Agency, d/b/a Metro Transit ("Bi-State"), by and through its undersigned counsel, pursuant to the applicable rules of the Missouri Rules of Civil Procedure, and for its First Amended Answer and Affirmative Defenses, states to the Court as follows.

### PARTIES

    1.    Bi-State admits Plaintiff Scott Gustafson ("Gustafson") seeks to invoke the Court's jurisdiction pursuant to the statues cited in Paragraph 1, but denies each and every allegation of a statutory violation.

    2.    Bi-State is without knowledge and information sufficient to either admit or deny the allegations set forth in Paragraph 2 of the Petition, and, therefore, denies same.

    3.    Bi-State admits Gustafson is blind.  Bi-State is without knowledge and information sufficient to either admit or deny the allegations regarding Gustafson's guide dog, Jersey, and, therefore, denies same.  The remaining allegations contained in Paragraph 3



EXHIBIT
A
ALL-STATE LEGAL®

constitute a legal conclusion to which no responsive pleading is required.   All remaining allegations are denied

4.     Bi-State denies it is a "state government."   Bi-State admits the remaining allegations advanced in Paragraph 4 of Gustafson's Petition.

5.     Bi-State lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of Gustafson's Petition because the Petition does not identify the "actions, policies, practices, and customs" referenced.   To the extent a further response is deemed necessary, Bi-State denies the allegations of Paragraph 5 of the Petition.

## JURISDICTION AND VENUE

6.     Bi-State admits Gustafson seeks to invoke the Court's jurisdiction and venue pursuant to the statues cited in Paragraph 6, but denies each and every allegation of a statutory violation.

7.     Bi-State denies the April 3, 2014 Charge of Discrimination and November 14, 2014 Amended Charge of Discrimination detail all the allegations that are advanced in Gustafson's Petition.  All remaining allegations are admitted.

8.     Bi-State admits it was named in Gustafson's April 3, 2014 Charge of Discrimination and November 14, 2014 Amended Charge of Discrimination.   All remaining allegations are denied.

9.     Bi-State admits on or about November 30, 2015, the MCHR issued Gustafson a Notice of Right to Sue.  Further, Bi-State admits a true and correct copy of Gustafson's Notice of Right to Sue is attached to Gustafson's Petition as Exhibit C.  All remaining allegations are denied.

233823.1

## FACTUAL ALLEGATIONS

10.     Bi-State admits Gustafson is blind.   Bi-State is without knowledge and information sufficient to either admit or deny the remaining allegations set forth in Paragraph 10 of the Petition, and, therefore, denies same.

11.     Bi-State admits it provide public transit services for residents and visitors to the City of St. Louis, including MetroBus and MetroLink.   All remaining allegations are denied.

12.     Bi-State admits Gustafson was a customer of Bi-State.   All remaining are denied.

13.     Bi-State denies the allegations advanced in Paragraph 13 of Gustafson's Petition and its subparts.

14.     Bi-State denies the allegations advanced in Paragraph 14 of Gustafson's Petition.

15.     Bi-State denies the allegations advanced in Paragraph 15 of Gustafson's Petition.

16.     Bi-State denies the allegations advanced in Paragraph 16 of Gustafson's Petition.

17.     Bi-State denies the allegations advanced in Paragraph 17 of Gustafson's Petition.

18.     Bi-State denies the allegations advanced in Paragraph 18 of Gustafson's Petition.

19.     Bi-State denies the allegations advanced in Paragraph 19 of Gustafson's Petition and its subparts.

20.     Bi-State denies the allegations advanced in Paragraph 20 of Gustafson's Petition and its subparts.

21.     Bi-State denies the allegations advanced in Paragraph 21 of Gustafson's Petition.

## COUNT I –PUBLIC ACCOMMODATION DISCRIMINATION (§213.065 RSMo)

22.     Bi-State incorporates herein its responses as set forth in Paragraphs 1 – 21 above.

23.     The allegations contained in Paragraph 23 constitute a legal conclusion to which no responsive pleading is required.   All remaining allegations are denied.

233823.1

24.     The allegations contained in Paragraph 24 constitute a legal conclusion to which no responsive pleading is required.  All remaining allegations are denied.

25.     The allegations contained in Paragraph 25 constitute a legal conclusion to which no responsive pleading is required.  All remaining allegations are denied.

26.     The allegations contained in Paragraph 26 constitute a legal conclusion to which no responsive pleading is required.  All remaining allegations are denied.

27.     Bi-State admits it provides public transportation services to the general public. All remaining allegations contained in Paragraph 27 constitute a legal conclusion to which no responsive pleading it required and therefore are denied.

28.     Bi-State denies the allegations advanced in Paragraph 28 of Gustafson's Petition.

29.     Bi-State denies the allegations advanced in Paragraph 29 of Gustafson's Petition and its subparts.

30.     Bi-State denies the allegations advanced in Paragraph 30 of Gustafson's Petition.

31.     Bi-State denies the allegations advanced in Paragraph 31 of Gustafson's Petition.

32.     Bi-State denies the allegations advanced in Paragraph 32 of Gustafson's Petition.

33.     Bi-State denies the allegations advanced in Paragraph 33 of Gustafson's Petition.

34.     The allegations contained in Paragraph 34 constitute a legal conclusion to which no responsive pleading is required.  All remaining allegations are denied.

35.     Bi-State denies the allegations advanced in Paragraph 35 of Gustafson's Petition.

36.     Bi-State admits the allegations advanced in Paragraph 36 of Gustafson's Petition. By way of further answer, Bi-State states that individuals with a visual disability are allowed full and equal access to Bi-State's public transportation facilities and services.

37.     Bi-State denies the allegations advanced in Paragraph 37 of Gustafson's Petition.

4

38.    Bi-State denies the allegations advanced in Paragraph 38 of Gustafson's Petition.

39.    Bi-State denies the allegations advanced in Paragraph 39 of Gustafson's Petition.

40.    Bi-State denies the allegations advanced in Paragraph 40 of Gustafson's Petition.

41.    Bi-State denies the allegations advanced in Paragraph 41 of Gustafson's Petition.

## COUNT II – UNLAWFUL DISCRIMINATORY PRACTICE (§213.070(3) RSMo)

42.    Bi-State incorporates herein its responses as set forth in Paragraphs 1 – 41 above.

43.    Bi-State denies the allegations advanced in Paragraph 43 of Gustafson's Petition.

44.    Bi-State admits the allegations advanced in Paragraph 44 of Gustafson's Petition.

45.    The allegations contained in Paragraph 45 constitute a legal conclusion to which no responsive pleading is required.  All remaining allegations are denied.

46.    Bi-State denies the allegations advanced in Paragraph 46 of Gustafson's Petition.

47.    Bi-State denies the allegations advanced in Paragraph 47 of Gustafson's Petition.

48.    Bi-State denies the allegations advanced in Paragraph 48 of Gustafson's Petition.

49.    Bi-State denies the allegations advanced in Paragraph 49 of Gustafson's Petition.

50.    Bi-State denies the allegations advanced in Paragraph 50 of Gustafson's Petition.

51.    Bi-State denies the allegations advanced in Paragraph 51 of Gustafson's Petition.

## AFFIRMATIVE DEFENSES

1.    The Court lacks subject matter jurisdiction over all claims in the Petition which were not asserted by Gustafson in a timely charge of discrimination with the Missouri Commission on Human Rights.   Gustafson's Original Charge of Discrimination is dated April 3, 2014.  Gustafson is only permitted to allege acts of discrimination predating his Charge by 180 days, which is October 5, 2013.  Therefore, any allegation of discrimination occurring prior to October 5, 2013 is untimely.

233823.1

2.     All or part of Gustafson's claims is barred for failure to exhaust administrative remedies.   In September 2011, Bi-State and MCHR executed a Settlement Agreement ("Agreement") resolving the allegations of Charge No. P-11/06-01593 and the administrative proceedings commenced thereon.  Gustafson participated in the settlement discussions, but chose not to sign the Agreement.  Gustafson did not challenge the resolution of the 2006 Charges through the Agreement and did not seek judicial review of the dismissal of the 2006 Charges by the MCHR.

3.     All or part of Gustafson's claims is barred by the relevant statute of limitations. Gustafson filed his Original Petition on December 23, 2015.   Gustafson is only permitted to allege acts of discrimination predating his Petition by 2 years, which is December 23, 2013. Therefore, any allegation of discrimination occurring prior to December 23, 2013 is untimely.

4.     All or part of Gustafson's claims is barred by settlement, release, accord and satisfaction.  In September 2011, Bi-State and MCHR executed an Agreement resolving the allegations of Charge No. P-11/06-01593 and the administrative proceedings commenced thereon.   Gustafson participated in the settlement discussions, but chose not to sign the Agreement.  Gustafson did not seek judicial review of the dismissal of the 2006 Charges by the MCHR.

5.     All or part of Gustafson's claims is barred by the September 2011 Agreement that resolved Gustafson's April 3, 2014 Charge of Discrimination and November 14, 2014 Amended Charge of Discrimination.

6.     All or part of Bi-State's alleged discriminatory acts fail to fall within the scope of the Missouri Human Rights Act, Chapter 213, et seq.  The majority of Gustafson's claims can be described as alleged violations of Title II of the American with Disabilities Act ("ADA").   Title

II was designed to prevent discrimination and denial of access to services, activities and of State and local entities, regardless if they receive federal funding. Title II is clarification and strengthens Section 504 of the Rehabilitation Act.   A technical assistance manual addresses the requirements of Title II of the Americans with Disabilities Act, which applies to the operations of State and local governments. It is one of a series of publications issued by Federal agencies under section 506 of the ADA to assist individuals and entities in understanding their rights and duties under the Act.  This manual is part of a broader program of technical assistance conducted by the Department of Justice to promote voluntary compliance with the requirements not only of Title II, but also of Title III of the ADA, which applies to public accommodations, commercial facilities, and private entities offering certain examinations and courses.   The purpose of this technical assistance manual is to present the ADA's requirements for State and local governments in a format that will be useful to the widest possible audience. The guidance provided in the Department's regulations and accompanying preambles has been carefully reorganized to provide a focused, systematic description of the ADA's requirements. The manual attempts to avoid an overly legalistic style without sacrificing completeness. In order to promote readability and understanding, the text makes liberal use of questions and answers and illustrations.   The manual is divided into nine major subject matter headings with numerous numbered subheadings. Each numbered heading and subheading is listed in a quick reference table of contents at the beginning of the manual.   The Missouri Human Rights Act and the Missouri Commission on Human Rights have not adopted any similar manual, guidelines, or standards.

7.     All or part of Gustafson's claims is barred by the doctrines of Res Judicata and/or estoppel inasmuch in September 2011, the Missouri Commission on Human Rights and Bi-State

7

entered a Settlement Agreement in connection with Gustafson's April 3, 2014 Charge of Discrimination and November 14, 2014 Amended Charge of Discrimination.

8.      All or part of Gustafson's claims is barred by Sovereign Immunity.  Defendant maintains self-insurance and is afforded Sovereign Immunity per Missouri Revised Statutes. Defendant has not waived Sovereign Immunity.  Unlike typical discrimination cases, Defendant is afforded Sovereign Immunity in this matter because the Missouri Human Rights Act's definition of "person," unlike its definition of "employer," does not include the state or any political or civil subdivisions.

9.      Bi-State further answers that Plaintiff's Petition is an attempt to interfere with Defendant's right to a direct review by a court of the Missouri Human Rights Commission's findings, rules, and/or orders relating to Plaintiff's claims, which is in a direct violation of the Missouri Constitution, and should therefore be dismissed.  Although not required because this is not a declaratory action, the Missouri Attorney General has been given notice of Bi-State's defense in Case No. 15AC-CC00618.  Case No. 15AC-CC00618 is an appeal of the Missouri Human Rights Commission's issuance of a Right to Sue Notice in this matter.  Plaintiff is a party to Case NO. 15AC-CC0618 and is represented by the same counsel in this matter.  Case No. 15AC-CC00618 is still pending.

10.     Bi-State further answers that the section of the Missouri Human Rights Act Plaintiff relies upon to force Bi-State to modify its facilities and/or services fails to give a person of ordinary intelligence a reasonable opportunity to learn what is prohibited and/or required and fails to provide explicit standards against arbitrary and discriminatory application, which is in a direct violation of the Missouri Constitution, and should therefore be dismissed.  The majority of Gustafson's claims can be described as alleged violations of Title II of the ADA.   Title II was

8

designed to prevent discrimination and denial of access to services, activities and of State and local entities, regardless if they receive federal funding. Title II is clarification and strengthens Section 504 of the Rehabilitation Act.   A technical assistance manual addresses the requirements of title II of the Americans with Disabilities Act, which applies to the operations of State and local governments. It is one of a series of publications issued by Federal agencies under section 506 of the ADA to assist individuals and entities in understanding their rights and duties under the Act.   This manual is part of a broader program of technical assistance conducted by the Department of Justice to promote voluntary compliance with the requirements not only of Title II, but also of Title III of the ADA, which applies to public accommodations, commercial facilities, and private entities offering certain examinations and courses.   The purpose of this technical assistance manual is to present the ADA's requirements for State and local governments in a format that will be useful to the widest possible audience. The guidance provided in the Department's regulations and accompanying preambles has been carefully reorganized to provide a focused, systematic description of the ADA's requirements. The manual attempts to avoid an overly legalistic style without sacrificing completeness. In order to promote readability and understanding, the text makes liberal use of questions and answers and illustrations.   The manual is divided into nine major subject matter headings with numerous numbered subheadings. Each numbered heading and subheading is listed in a quick reference table of contents at the beginning of the manual.   The Missouri Human Rights Act and the Missouri Commission on Human Rights have not adopted any similar manual, guidelines, or standards.   Although not required because this is not a declaratory action, the Missouri Attorney General has been given notice of Bi-State's defense in Case No. 15AC-CC00618, which is still pending.

9

11.     Bi-State further answers that Plaintiff's requests that Bi-State modify its facilities and/or services are made pursuant to arbitrary or non-existent regulations, which is in a direct violation of the Missouri Constitution, and should therefore be dismissed.   The majority of Gustafson's claims can be described as alleged violations of Title II of the ADA.   Title II was designed to prevent discrimination and denial of access to services, activities and of State and local entities, regardless if they receive federal funding. Title II is clarification and strengthens Section 504 of the Rehabilitation Act.   A technical assistance manual addresses the requirements of Title II of the ADA, which applies to the operations of State and local governments. It is one of a series of publications issued by Federal agencies under section 506 of the ADA to assist individuals and entities in understanding their rights and duties under the Act.   This manual is part of a broader program of technical assistance conducted by the Department of Justice to promote voluntary compliance with the requirements not only of Title II, but also of Title III of the ADA, which applies to public accommodations, commercial facilities, and private entities offering certain examinations and courses.   The purpose of this technical assistance manual is to present the ADA's requirements for State and local governments in a format that will be useful to the widest possible audience. The guidance provided in the Department's regulations and accompanying preambles has been carefully reorganized to provide a focused, systematic description of the ADA's requirements. The manual attempts to avoid an overly legalistic style without sacrificing completeness. In order to promote readability and understanding, the text makes liberal use of questions and answers and illustrations.   The manual is divided into nine major subject matter headings with numerous numbered subheadings. Each numbered heading and subheading is listed in a quick reference table of contents at the beginning of the manual. The Missouri Human Rights Act and the Missouri Commission on Human Rights have not

10

233823.1

adopted any similar manual, guidelines, or standards. Although not required because this is not a declaratory action, the Missouri Attorney General has been given notice of Bi-State's defense in Case No. 15AC-CC00618.

12.    Bi-State is not subject to suit under the Missouri Human Rights Act because the MHRA was never incorporated or made applicable to Bi-State under the compact, *see* Mo.Rev.Stat. § 70.370; 45 Ill. Comp. Stat. 100/1, approved by the United States Congress pursuant to the Compact Clause of the United States Constitution. Bi-State incorporates its previously filed Motion to Dismiss and the filings in Case No. 15AC-CC00618, which Plaintiff is a party to, in support of its argument.

WHEREFORE, Bi-State, having fully answered Gustafson's Petition, prays Gustafson's Petition be dismissed, with prejudice, that Bi-State be awarded costs and attorneys' fees expended in the defense of this matter and for such other and further relief this Court deems just and proper under these circumstances.

Respectfully submitted,

**McMAHON BERGER, P.C.**

/s/ Brian C. Hey
James N. Foster Jr., ARN 28231 MO
Brian C. Hey ARN 53930 MO
Rex P. Fennessey, ARN 58925 MO
2730 North Ballas Road, Suite 200
St. Louis, Missouri  63131
(314) 567-7350 – (Telephone)
(314) 567-5968 – (Facsimile)
foster@mcmahonberger.com
hey@mcmahonberger.com
fennessey@mcmahonberger.com

11

233823.1

**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
(CITY OF ST. LOUIS)

FILED
OCT 1 0 2017
22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE

Gustafson

VS

Bi-State Dev. Agency

CASE NO. 1222-CC11361   DIVISION 31          10/16/17

1522-CC11361

---

### ORDER/JUDGMENT/MEMORANDUM

Parties Appear By consel to hear
Plaintiff's Motion to compell & Motion to Strike
(Δ's) 23 Aff. Defenses. Court does not rule at this time
Defendant's Motion for leave to File Amended
Aff. Defenses is granted. (Δ's) 1st Amended
Answers & Aff Defenses Are deemed filed today.

Plaintiff & Δ shall work together re discovery issues raised
in today's hearing and report back to Court on
10/31/17 @ 9:00am For hearing on Π's motions if
necessary.

Brian Hey, 53930

#57606
Atty for Π

ENTERED & Ordered:
OCT 16
AMK

FORM 14 (Rev 11/02)

# 40

**10/18/2017**

# IN THE CIRCUIT COURT OF ST. LOUIS CITY
## STATE OF MISSOURI

SCOTT GUSTAFSON,                       )
                                       )
    Plaintiff,                 )       **1522-CC11361**
                                       )
v.                                     )       **Division: 1**
                                       )
THE BI-STATE DEVELOPMENT AGENCY        )
OF THE MISSOURI-ILLINOIS               )
METROPOLITAN DISTRICT d/b/a METRO,     )
METRO TRANSIT, METROBUS,               )
METROLINK                              )
                                       )
    Defendant.                 )

## NOTICE OF HEARING

PLEASE TAKE NOTICE that Defendant will call up for hearing, its Motion for Leave to

File Out of Time, in Division 31, Twenty-Second Judicial Circuit, on the 31st day of October,

2017, at 9:00 a.m. or as soon after that hour on that date as counsel may be heard.

Respectfully submitted,

**McMAHON BERGER, P.C.**

/s/ Brian C. Hey
James N. Foster Jr., ARN 28231 MO
Brian C. Hey ARN 53930 MO
Rex P. Fennessey, ARN 58925 MO
2730 North Ballas Road, Suite 200
St. Louis, Missouri 63131
(314) 567-7350 – (Telephone)
(314) 567-5968 – (Facsimile)
foster@mcmahonberger.com
hey@mcmahonberger.com
fennessey@mcmahonberger.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of October, 2017, a true copy of the foregoing was served by the court's electronic notice to:

Cyrus Dashtaki
Dashtaki Law Firm
5205 Hampton Avenue
St. Louis, MO 63109
cyrus@dashtaki.com

John C. Burns
The Burns Law Firm, LLC
1717 Park Avenue
St. Louis, MO 63104
John@burns-law-firm.com

Attorneys for Plaintiff

/s/ Brian C. Hey

2

222918.1

## IN THE CIRCUIT COURT OF ST. LOUIS CITY
## STATE OF MISSOURI

SCOTT GUSTAFSON,              )

                   )

      **Plaintiff**          )      **1522-CC11361**

                   )

**v.**                   )      **Division: 1**

                   )

**THE BI-STATE DEVELOPMENT AGENCY**  )

**OF THE MISSOURI-ILLINOIS**       )

**METROPOLITAN DISTRICT d/b/a METRO,**  )

**METRO TRANSIT, METROBUS,**      )

**METROLINK**               )

                   )

## <u>DEFENDANT'S MOTION FOR LEAVE TO FILE OUT OF TIME</u>

Defendant, through its undersigned counsel, respectfully requests leave to file out of time its responses and objections to Plaintiff's First Set of Interrogatories and First Request for Production of Documents.  In support of this requested leave, the undersigned counsel for Defendant states as follows:

Defendant's responses and objections to Plaintiff's First Set of Interrogatories and First Request for Production of Documents were due August 28, 2017.  Prior to the due date for such discovery, the parties discussed possible arbitration of Plaintiff's claims and Defendant's counsel drafted and sent Plaintiff a proposed arbitration agreement on August 17, 2017.  Plaintiff did not inform Defendant until September 11, 2017 that Plaintiff was not interested in arbitration.  Immediately after this notification, counsel immediately met with Defendant on September 14, 2017 to begin the process of responding to 44 interrogatories (which contained numerous sub-parts), and identifying, finding, reviewing, and producing over 8600+ pages of documents.  Counsel was not able to complete its preparation of discovery responses and objections until approximately 4:00 p.m. on October 12, 2017.

Defendant regrets any inconvenience this delaying filing has caused the Court or the Plaintiff and would not oppose a forty-five (45) day extension of Plaintiff's responses and objections to Defendant's discovery requests served upon Plaintiff on October 12, 2017.   The delay in responding was in the interests of pursuing alternative resolution of this case and to conserve the resources of Defendant.  Defendant has since fully responded to Plaintiff's written discovery.  Defendant does not anticipate that Plaintiff will suffer any prejudice from the short delay in receiving discovery responses.  This Court has authority to sustain a motion for leave to file objections to discovery requests out of time.  See J & J Window Sales, Inc. v. Mueller, 567 S.W.2d 153 (Mo. App. 1978) (noting the lack of any motion on the part of defendant to be allowed to file objections out of time).

WHEREFORE, Defendant respectfully requests permission to file its responses and objections to Plaintiff's First Set of Interrogatories and First Request for Production of Documents out of time, and for other such relief as the Court may deem just and proper.

Respectfully submitted,

**McMAHON BERGER, P.C.**

/s/ Brian C. Hey
James N. Foster Jr., ARN 28231 MO
Brian C. Hey ARN 53930 MO
Rex P. Fennessey, ARN 58925 MO
2730 North Ballas Road, Suite 200
St. Louis, Missouri  63131
(314) 567-7350 – (Telephone)
(314) 567-5968 – (Facsimile)
foster@mcmahonberger.com
hey@mcmahonberger.com
fennessey@mcmahonberger.com

2

234293.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of October, 2017, a true copy of the foregoing was served by the court's electronic notice to:

Cyrus Dashtaki
Dashtaki Law Firm
5205 Hampton Avenue
St. Louis, MO 63109
cyrus@dashtaki.com

John C. Burns
The Burns Law Firm, LLC
1717 Park Avenue
St. Louis, MO 63104
John@burns-law-firm.com

Attorneys for Plaintiff

/s/ Brian C. Hey

234293.1

# 41

## 10/24/2017

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| SCOTT GUSTAFSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1522-CC11361 |
| | ) | |
| THE BI-STATE DEVELOPMENT AGENCY | ) | |
| OF THE MISSOURI-ILLINOIS | ) | |
| METROPOLITAN DISTRICT d/b/a METRO, | ) | Division 1 |
| | ) | |
| Defendant. | ) | |

## MOTION TO STRIKE DEFENDANT'S ELEVEN AFFIRMATIVE DEFENSES OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT AND MEMORANDUM OF LAW IN SUPPORT

Comes now Plaintiff, Scott Gustafson ("Plaintiff"), by and through undersigned counsel, and moves this Honorable Court to strike Defendant Development Agency's ("Defendant") affirmative defense nos. 1-12 pursuant to Rule 55.27(e) of the Missouri Rules of Civil Procedure or, in the alternative, motion for more definite statement pursuant to Rule 55.27(d). In support of his Motion, Plaintiff states:

## I.    INTRODUCTION

On April 26, 2016, this Court granted Plaintiff's motion for leave to file his First Amended Petition under the Missouri Human Rights Act ("MHRA")[1], alleging discrimination on Bi-State's buses, trains, and other conveyances – that is, places of public accommodation. After multiple motions, this Court denied Defendant's motion to dismiss on July 27, 2017. On October 12, 2017, Defendant filed a motion for leave to amend its answer and defenses. This motion to strike addresses this last motion for leave to amend and, specifically, the affirmative defenses contained therein.

---

[1] All references are to the 2000 Revised Statutes of Missouri, unless otherwise noted.

## II.   AFFIRMATIVE DEFENSES MUST BE SUPPORTED BY FACTS SHOWING THE PLEADER IS ENTITLED TO THE DEFENSE

Missouri law requires affirmative defenses to be supported by facts in the same manner as required for pleading claims. *Echols v. the City of Riverside*, 332 S.W.3d 207, 211(Mo.App. W.D. 2010). Rule of Civil Procedure 55 requires affirmative defenses "contain a short and plain statement of the facts showing that the pleader is entitled to the defense or avoidance." Rule 55.08. Plain statements of facts provide the Court and opposing parties notice of what disputes or issues will be expected to come up during litigation. *See Bailey v. Cameron Mutual Ins. Co.*, 122 S.W.3d 599, 604, 689 (Mo.App. E.D. 2003); *Schimmel Fur Co. v. American Indemnity Co.*, 440 S.W.2d 932, 939 (Mo. 1969) (rule requires notice of facts relied on so that opposing parties may be prepared on those issues). Missouri fact pleading, then, allows for the quick, efficient, and fair resolution of disputes. *State ex rel. Harvey v. Wells,* 955 S.W.2d 546, 547 (Mo. banc 1997). It helps identify, narrow and define the issues so that the trial court and the parties know what issues are to be tried, what discovery is necessary, and what evidence may be admitted at trial. *Id.*

However, legal conclusions without factual support "fail to inform the plaintiff of the facts relied on and, therefore, fail to further the purposes protected by Rule 55.08." *Stephens v. Brekke*, 977 S.W.2d 87, 93-94 (Mo.App. S.D., 1998); *See Ashland Oil, Inc. v. Warmann,* 869 S.W.2d 910, 912 (Mo. App. E.D. 1994) ("A bare legal conclusion fails to inform the plaintiff of the facts relied on in support of the defense and thus fails to satisfy the requirements under Rule 55."). Accordingly, if a defendant cites no facts to support her affirmative defenses, then the defendant's affirmative defense must fail. *Echols v*, 332 S.W.3d 207, 211 (citing *Clean the Uniform Co. St. Louis v. Magic Touch Cleaning, Inc.,* 300 S.W.3d 602, 612 (Mo.App. E.D. 2009).

In *Echols*, the court specifically held that the defendant's affirmative defense stating that "Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate damages" was insufficient because it was "merely a legal conclusion." *Echols*, 332 S.W.3d at 211. Similarly, in *Clean Uniform Co. v. Magic Touch Cleaning*, the court determined that an affirmative defense stating that "Supplier's claim is barred, in whole or in part, by Supplier's prior breaches of contract" was "wholly conclusory" and violated Rule 55.08. *Clean Uniform*, 300 S.W.3d at 602. "A pleading that makes a conclusory statement and does not plead the specific facts required to support the affirmative defense fails to adequately raise the alleged affirmative defense, and the alleged affirmative defense fails as a matter of law." *Id.* at 612. (quoting *Eltiste v. Ford Motor Co.*, 167 S.W.3d 742, 752 (Mo.App. E.D. 2005) (emphasis added). Furthermore, Missouri courts have long held that affirmative defenses that fail as a matter of law may be stricken. Rule 55.27(e); *ITT Comm. Fin. Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 383-84 (Mo. banc 1993).

Instead of asserting proper affirmative defenses, it appears Defendant is (repeatedly) attacking Plaintiff's prima facie case. Therefore, these defenses fail to adequately raise the alleged affirmative defense and fail as a matter of law.

A.    **Defendant's twenty-three affirmative defenses are improper, factually unsupported, conclusory, and legally insufficient.**

Defendant's purported affirmative defenses are improper, mere legal conclusions, legally insufficient, or factually deficient assertions. Under Rule 55.27(e) of the Missouri Rules of Civil Procedure:

the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.[2]

Missouri courts have long held that if the factual basis for an affirmative defense is not set out in the Answer, the affirmative defense is insufficient as a matter of law. *ITT Comm. Fin. Corp.*, 854 S.W.2d at 383-84. "Bare legal conclusions. . . fail to inform the plaintiff of the facts relied on and, therefore, fail to further the purposes protected by Rule 55.08." *Stephens*, 977 S.W.2d at 93-94 (Mo.App. S.D., 1998) (citing *Schimmel*, 440 S.W.2d at 939 (rule requires notice of facts relied on so that opposing parties may be prepared on those issues)).

It is black-letter law in Missouri that the factual basis for pleading affirmative defenses must be set out in the same manner as required for pleading claims. *Hoover v. Brundage-Bone Concrete Plumbing, Inc.,*193 S.W.3d 867 (Mo.App. S.D. 2006). In pleading an affirmative defense, "it is necessary to set out the factual basis for the affirmative defense in the same manner as is required for the pleadings of claims under the Missouri Rules of Civil Procedure." *Ashland Oil,* 869 S.W.2d at 912. "A pleading that makes a conclusory statement and does not plead the specific facts required to support the affirmative defense fails to adequately raise the alleged affirmative defense, and the alleged affirmative defense fails as a matter of law." *Clean the Uniform*, 300 S.W.3d at 612 (quoting *Eltiste*, 167 S.W.3d at 752).

**B.      Defendant's affirmative defenses do not give Plaintiff fair notice.**

It is a violation of fundamental fairness to permit Defendant to plead improper, factually deficient, incomplete, and conclusory affirmative defenses. If a defendant pleads an affirmative defense, the affirmative defense should give a plaintiff fair notice of the defense. However, that is not the case in this action.

---

[2] Rule 55.27(e) ("Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within thirty days after the service of the pleading upon any party or upon the court's own initiative at any time...")

In the instant case, Defendant has failed to substantiate its recitation of purported affirmative defenses and pleaded barely more than textbook examples of labels and conclusions that fail to link an affirmative defense to this case. Defendant's failure to plead affirmative defenses or any facts in support of its purported defenses deprives Plaintiff of the required notice of the nature of the defenses being asserted and the facts relied on in support of the defenses. Defendant's bare allegations will either cause Plaintiff to expend unnecessary time and resources trying to guess Defendant's factual basis for the defenses or prevent Plaintiff from performing discovery regarding the defenses, from preparing pleadings responding to the defenses, and from preparing for trial. Defendant's purported affirmative defenses must be struck, as they are improper, merely barebones legal conclusions, fail to plead any specific facts to support the defenses, or are too conclusory to afford Plaintiff fair notice of the grounds upon which they are based. Further, these defenses fail to present, define, and isolate the issues so the trial court and all the parties have notice of those issues. Plaintiff has met his burden, now Defendant should be required to do the same.

## III.   DEFENDANT'S ALLEGED AFFIRMATIVE DEFENSES FAIL AS A MATTER OF LAW

Defendant has alleged twenty-three (23) affirmative defenses. Each of these alleged defenses fail to comply with Rule 55.08's requirement that Defendant provide a short and plain statement of the facts showing they are entitled to the defense. Rule 55.08. These defenses, then, should be struck pursuant to Rule 55.27(e).

Plaintiff has addressed the deficiencies of each of Defendant's affirmative defenses below. As a general matter, however, Defendant has failed to plead more than bare legal conclusions. And these conclusions deprive Plaintiff and the Court the ability to identify, narrow

and define what issues will be the subject of this litigation, including the efficient administration of discovery.

**First Defense:** "This Court lacks subject matter jurisdiction over all claims in the Petition which were not asserted by Gustafson in a timely charge of discrimination with the Missouri Commission on Human Rights." (Answer, page 5).

Defendants have not provided any facts to assert that Plaintiff has made claims "which were not asserted...in a timely charge of discrimination..." Missouri's Rules of Civil Procedure requires affirmative defenses to be more than hypothetical statements of law. Defendants fail to satisfy the Missouri Rules of Civil Procedure's requirement that Defendants defense "shall contain a short and plain statement of the facts showing that the pleader is entitled to the defense or avoidance." See Rule 55.08. Just as Plaintiff was required to state facts supporting his legal allegations in his Petition to satisfy Rule 55.08, Defendants must "set out the factual basis for the affirmative defense in the same manner as is required for the pleading of claims under the Missouri Rules of Civil Procedure." *Damon Pursell*, 192 S.W.3d at 475. Defendants' Second Defense, therefore, fails to adequately raise the alleged affirmative defense and fails as a matter of law.

**Second Defense:** "All or part of Gustafson's claims is [sic] barred for failure to exhaust administrative remedies." (Answer, page 6).

Defendants have not provided any facts to assert that any of Plaintiff's claims are barred for failure to exhaust administrative remedies. Missouri's Rules of Civil Procedure requires affirmative defenses to be more than hypothetical statements of law. Defendant fails to satisfy the Missouri Rules of Civil Procedure's requirement that Defendants defense "shall contain a short and plain statement of the facts showing that the pleader is entitled to the defense or

avoidance." See Rule 55.08. Just as Plaintiff was required to state facts supporting his legal allegations in his Petition to satisfy Rule 55.08, Defendants must "set out the factual basis for the affirmative defense in the same manner as is required for the pleading of claims under the Missouri Rules of Civil Procedure." *Damon Pursell*, 192 S.W.3d at 475. Accordingly, Defendant has failed to provide any factual matter and, therefore, this purported defense fails to adequately raise an affirmative defense and fails as a matter of law.

**Third Defense:** "All or part of Gustafson's claims is [sic] barred by the relevant statute of limitations." (Answer, page 6).

Rather than providing specific facts, this is another example of a catch-all hypothetical. Again, Defendant has not asserted a factual basis that would give Plaintiff fair notice and have not provided any dates or timeline calculations to support a claim that the statute of limitations has run on any of Plaintiff's claims. Without more, allegations will force Plaintiff to investigate into matters that may or may not have any merit and will present an undue burden to pursue what might be a wild goose chase. Accordingly, Defendant has failed to provide any facts and, therefore, this purported defense fails to adequately raise an affirmative defense and fails as a matter of law.

**Fourth Defense:** "All or part of Gustafson's claims is [sic] barred by accord and satisfaction." (Answer, p. 6).

Here again, Defendant offers no specific instances in which Plaintiff's claims are "barred by accord and satisfaction." Again, they only state that this is so. This is a legal conclusion, not facts. Without a factual basis, Defendant's Seventh Defense is a conclusory statement that fails to adequately raise the alleged affirmative defense and fails as a matter of law.

**Fifth Defense:** All or part of Gustafson's claims is [sic] barred by the September 1, 2011

Settlement Agreement that resolved Gustafson's April 3, 2014 Charge of Discrimination and November 14, 2014 Amended Charge of Discrimination. (Answer, p. 6).

Despite alluding to some facts, the alleged defense is nothing more than a conclusory statement. It is only a conclusory legal statement that attacks Plaintiff's prima facie case. This Defense, therefore, fails to adequately raise the alleged affirmative defense and fails as a matter of law.

**Sixth Defense**:  "All or part of Bi-State's alleged discriminatory acts fail to fall within the scope of the Missouri Commission on Human Rights Act [sic], Chapter 213, et seq."

Here, Defendant fails to allege sufficient facts to support another legal conclusion. Defendant states that Plaintiff has "has not alleged discriminatory acts fail to fall within the scope of the Missouri Human Rights Act," but Defendant provides no facts as support. This statement provides Plaintiff and the Court very little information. It is vague and conclusory. Such an affirmative defense does not provide Plaintiff and the Court the ability to identify, narrow and define what issues will be the subject of this litigation.

Instead of an affirmative defense, it appears Defendant is attacking Plaintiff's prima facie case without providing the necessary factual or legal arguments. Therefore, this defense fails to adequately raise the alleged affirmative defense and fails as a matter of law.

**Seventh Defense**:  All or part of Gustafson's claims is [sic] barred by the doctrines of Res Judicata and/or estoppel inasmuch as on or about September 1, 2011, the Missouri Commission on Human Rights and Bi-State entered a Settlement Agreement in connection with Gustafson's April 3, 2014 Charge of Discrimination and November 14, 2014 Amended Charge of Discrimination.

This bare-bones statement does not satisfy the Missouri Rules of Civil Procedure's requirement that Defendants defense "shall contain a short and plain statement of the *facts*

8

showing that the pleader is entitled to the defense or avoidance." See Rule 55.08 (emphasis added). Just as Plaintiff was required to state *facts* (plural) supporting his legal allegations in his Petition to satisfy Rule 55.08, Defendant must "set out the factual basis for the affirmative defense in the same manner as is required for the pleading of claims under the Missouri Rules of Civil Procedure." *Damon Pursell*, 192 S.W.3d at 475. Accordingly, Defendant has failed to provide any factual matter and, therefore, this purported defense fails to adequately raise an affirmative defense and fails as a matter of law.

**Eighth Defense**:   "All or part of Plaintiff's claims is [sic] barred by sovereign immunity."

This defense amounts to a statement without any factual support.  Defendants fail to satisfy the Missouri Rules of Civil Procedure's requirement that Defendant's defense "shall contain a short and plain statement of the facts showing that the pleader is entitled to the defense or avoidance." See Rule 55.08. Just as Plaintiff was required to state facts supporting his legal allegations in his Petition to satisfy Rule 55.08, Defendant must "set out the factual basis for the affirmative defense in the same manner as is required for the pleading of claims under the Missouri Rules of Civil Procedure." *Damon Pursell Constr. Co. v. Mo. Highway & Transp. Comm'n*, 192 S.W.3d 461, 475 (Mo. App. W.D. 2006).

**Ninth Defense**:  "Bi-State further answers that Plaintiff's Petition is an attempt to interfere Defendant's right to a direct review by a court of the Missouri Human Rights Commission's findings, rules, and/or orders relating to Plaintiff's claims, which is in direct violation of the Missouri Constitution, and should therefore be dismissed." (Answer, p. 7).

Defendant's alleged affirmative defense is non-sensical. This bare-bones statement does not satisfy the Missouri Rules of Civil Procedure's requirement that Defendants defense "shall

contain a short and plain statement of the *facts* showing that the pleader is entitled to the defense or avoidance." See Rule 55.08 (emphasis added). Just as Plaintiff was required to state *facts* (plural) supporting his legal allegations in his Petition to satisfy Rule 55.08, Defendant must "set out the factual basis for the affirmative defense in the same manner as is required for the pleading of claims under the Missouri Rules of Civil Procedure." *Damon Pursell*, 192 S.W.3d at 475. Accordingly, Defendant has failed to provide any factual matter and, therefore, this purported defense fails to adequately raise an affirmative defense and fails as a matter of law.

**Tenth Defense**: Bi-State further answers that the section of the Missouri Human Rights Act Plaintiff relies upon to force Bi-State to modify its facilities and/or services fails to give a person of ordinary intelligence a reasonable opportunity to learn what is prohibited and/or required and fails to provide explicit standards against arbitrary and discriminatory application, which is in a direct violation of the Missouri Constitution, and should therefore be dismissed. (Answer, p. 7).

This is not an affirmative defense. Defendant fails to plead any factual basis that would support its legal conclusion that the MHRA "fails to give a person of ordinary intelligence a reasonable opportunity to learn what is prohibited and/or required and fails to provide explicit standards against arbitrary and discriminatory application, which is in a direct violation of the Missouri Constitution." Moreover, this defense asserts a defect in Plaintiff's prima facie case of discrimination, rather than state a defense. By itself, this defense constitutes nothing more than legal conclusions and therefore, fails to adequately raise an affirmative defense and fails as a matter of law.

**Eleventh Defense**: Bi-State further answers that Plaintiff's requests that Bi-State modify its facilities and/or services are made pursuant to arbitrary or non-existent regulations, which is

in a direct violation of the Missouri Constitution, and should therefore be dismissed.  (Answer, p. 8).

Again, this is not an affirmative defense. Defendant fails to plead any factual basis that would support its legal conclusion that "Plaintiff's requests that Bi-State modify its facilities and/or services are made pursuant to arbitrary or non-existent regulations, which is in a direct violation of the Missouri Constitution" Moreover, this defense asserts a defect in Plaintiff's prima facie case of discrimination, rather than state a defense.  By itself, this defense constitutes nothing more than legal conclusions and therefore, fails to adequately raise an affirmative defense and fails as a matter of law.

**Twelfth Defense**: Bi-State is not subject to suit under the Missouri Human Rights act because the MHRA was never incorporated or made applicable to Bi-State under the compact, see Mo.Rev.Stat. Section 70.370; 45 Ill. Comp. Stat. 100/1, approved by the United States Congress pursuant to the Compact Clause of the United States Constitution." (Answer, p. 8).

Again, this is nothing more than a legal conclusion couched as an affirmative defense. Defendant previously filed a motion to dismiss on this same legal theory that it is not subject to the MHRA and this Court denied Defendant's tired legal argument on July 28, 2017.  Because this defense constitutes nothing more than legal conclusions it fails to adequately raise an affirmative defense and fails as a matter of law.

## IV.    PLAINTIFF'S    ALTERNATIVE    MOTION    FOR    A    MORE    DEFINITE STATEMENT

Rule 55.27(d) of the Missouri Rules of Civil Procedure allows a plaintiff to move for a more definite statement where, as here, the affirmative defense "is not averred with sufficient definiteness or particularity to enable the party properly to prepare responsive pleadings or to prepare generally for trial when a responsive pleading is not required." *See* Rule 55.27(d)

11

Plaintiff is unable to prepare for trial or perform discovery on the issues based on the legal conclusions contained in Defendant's Affirmative Defenses. Therefore if the Court decides not to strike Defendant's defenses outright, Plaintiff respectfully requests that the Court order the Defendant to plead each of its purported affirmative defenses with specific facts supporting them and in full compliance with Rule 55.08.

## V.     CONCLUSION

WHEREFORE, for the above stated reasons, Plaintiff respectfully requests that the Court strike Defendant's affirmative defenses 1-23 pursuant to Supreme Court Rule 55.27(e) as the pleadings fail to comply with Rule 55.08 and are, therefore, insufficient defenses, or in the alternative, require Defendant to plead more specifically pursuant to Rule 55.27(d) within ten (10) days of this Court's order, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Cyrus Dashtaki
Cyrus Dashtaki, #57606
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, Missouri 63109
Telephone:     (314) 932-7671
Facsimile:     (314) 932-7672
cyrus@dashtaki.com

/s/ John C. Burns
John C. Burns, #66462
Burger Law Firm
500 N. Broadway, Ste. 1350
St. Louis, MO 63102
314-542-2222
314-542-2229 (fax)
john@burgerlaw.com
*Attorneys for Plaintiff Scott Gustafson*

## CERTIFICATE OF SERVICE

The undersigned hereby states that on this 24th day of October 2017, a true and correct copy of the foregoing was filed electronically with Court's filing system, and was served upon all counsel of record.

/s/ John C. Burns

Electronically Filed - City of St. Louis - October 24, 2017 - 09:52 PM

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## STATE OF MISSOURI

SCOTT GUSTAFSON,                    )
                                    )
    Plaintiff,                  )
                                    )
v.                                  )     Case No. 1522-CC11361
                                    )
THE BI-STATE DEVELOPMENT AGENCY     )     Division 31
OF THE MISSOURI – ILLINOIS          )
METROPOLITAN DISTRICT d/b/a METRO,  )
METRO TRANSIT, METROBUS,            )
METROLINK,                          )
                                    )
    Defendant.                  )

### NOTICE OF HEARING

    PLEASE TAKE NOTICE that on the 31st day of October 2017, at 9:00 am, in Division

No. 31 or as soon thereafter as counsel may be heard, the undersigned will call for a hearing for

Plaintiff's Motion to Compel and Motion to Strike.

Dated: October 24, 2017

                    Respectfully Submitted,

                By:    /s/ Cyrus Dashtaki
                    Cyrus Dashtaki, #57606
                    Dashtaki Law Firm, LLC
                    5205 Hampton Avenue
                    St. Louis, MO 63109
                    Telephone: (314) 932-7671
                    Facsimile: (314) 932-7672
                    Email: cyrus@dashtaki.com

                    /s/ John C. Burns
                    John C. Burns, #66462
                    1717 Park Avenue
                    St. Louis, Missouri 63104
                    (314) 932-2356
                    (314) 932-2171
                    john@burns-firm.com
                    *Attorneys for Plaintiff*

Electronically Filed - City of St. Louis - October 24, 2017 - 09:52 PM

## <u>CERTIFICATE OF SERVICE</u>

The above signed attorney hereby certifies that a true copy of the foregoing has been served upon all parties of record via the Court's electronic notification system, this 24th day of October, 2017, addressed to the attorneys of record.

# 42

**10/27/2017**

**IN THE CIRCUIT COURT OF ST. LOUIS CITY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| SCOTT GUSTAFSON, | ) | |
| | ) | |
| Plaintiff | ) | 1522-CC11361 |
| | ) | |
| v. | ) | Division: 1 |
| | ) | |
| THE BI-STATE DEVELOPMENT AGENCY | ) | |
| OF THE MISSOURI-ILLINOIS | ) | |
| METROPOLITAN DISTRICT d/b/a METRO, | ) | |
| METRO TRANSIT, METROBUS, | ) | |
| METROLINK | ) | |
| | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**
**DEFENDANT'S ELEVEN AFFIRMATIVE DEFENSES,**
**OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**

COMES NOW, Defendant Bi-State, by its attorneys, and for its Opposition to Plaintiff's

Motion to Strike Defendant's Eleven Affirmative Defenses, or in the Alternative, for a More

Definite Statement, states the following.

On September 20, 2017, Plaintiff filed a Motion to Strike Defendant's Twenty-Three

Affirmative (23) Defenses, or in the Alternative, for a More Definite Statement. On October 16,

2017, the Court granted Defendant's Motion for Leave to File an Amended Answer and

Defendant filed its Amended Answer and Twelve (12) Affirmative Defenses. On October 24,

2017, Plaintiff filed a Motion to Strike Defendant's Eleven Affirmative Defenses, or, in the

Alternative, for a More Definite Statement. Based upon Plaintiff's representations during the

October 16, 2017 hearing, Defendant understands Plaintiff now moves to strike all of

Defendant's amended affirmative defenses with the exception of the Amended Answer's

Affirmative Defense No. 3.

Electronically Filed - City of St. Louis - October 27, 2017 - 11:09 AM

## I.    **ARGUMENT**

The purpose of requiring the pleading of affirmative defenses is to give notice to the plaintiff in order to allow disclosure of the issues. Schimmel Fur Co. v. Am. Indem. Co., 440 S.W.2d 932, 939 (Mo. 1969). Plaintiff has not asserted, much less established, he will suffer prejudice or confusion of the issues due to Defendant's amended affirmative defenses. Furthermore, as reflected in more detail below, Plaintiff has not met his burden in attempting to establish that Defendant's amended affirmative defenses should be stricken as Defendant's amended affirmative defenses are properly pled.

### FIRST AFFIRMATIVE DEFENSE

Defendant's amended affirmative defenses now provide a short and plain statement of facts showing Defendant is entitled to this affirmative defense. Defendant's first affirmative defense is necessary because Plaintiff's First Amended Petition is pleaded in such a manner that it may allege acts of discrimination occurring prior to October 5, 2013. For example, in Paragraph 13 of his First Amended Petition, Plaintiff alleges:

> On many occasions over the last past fifteen (15) years, Defendant, through its agents, has refused to stop and transport Plaintiff and his guide dog, Jersey. Each of these times, Defendant, through its agents, has driven past Plaintiff and his guide dog as they waited at the bus stop. The incidents alleged in this Petition are a few examples of the discrimination regularly experienced by Plaintiff from Defendant on the following dates and locations:
>
> (a) December 26, 2013 – Wabash & Lansdowne;
> (b) June 13, 2014 – St. Louis Zoo; and
> (c) August 5, 2014 – Watson Road & Lindenwood

If Plaintiff is willing to stipulate that he is not alleging any acts of discrimination occurring before October 5, 2013, then Defendant will withdraw its amended First Affirmative Defense.

## SECOND, FOURTH, FIFTH, AND SEVENTH AFFIRMATIVE DEFENSES

Defendant's amended affirmative defenses now provide a short and plain statement of facts showing Defendant is entitled to these affirmative defenses. The affirmative defenses are necessary because Defendant intends to argue the claims contained in Plaintiff's First Amended Complaint were resolved by the September 2011 Settlement Agreement executed by Bi-State and the Missouri Commission on Human Rights in Charge No. P-11/06-01593. Plaintiff has a copy of the September 2011 Settlement Agreement.

## SIXTH AFFIRMATIVE DEFENSE

Defendant's amended affirmative defense now provides a short and plain statement of facts showing Defendant is entitled to this affirmative defense. The affirmative defense is necessary because Defendant intends to argue some of Plaintiff's claims do not fall within the scope of the Missouri Human Rights Act ("MHRA"). For example, in Paragraph D (5) on page 11 of Plaintiff's First Amended Petition, Plaintiff seeks the following relief:

> Designing and/or constructing any new public accommodation that are readily achievable to and usable by individuals with visual disabilities as required by §213.065 RSMo.

Unlike Title II of the Americans with Disabilities Act ("ADA"), the MHRA, and specifically §213.065 RSMo., do not set forth any new construction or alteration guidelines.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant's amended affirmative defense now provides a short and plain statement of facts showing Defendant is entitled to this affirmative defense. The affirmative defense is necessary because Defendant wants to be absolutely clear that it is not waiving the defense to any claim which sovereign immunity may apply.

233803.1

## NINTH, TENTH, AND ELEVENTH AFFIRMATIVE DEFENSES

Defendant's amended affirmative defenses now provide a short and plain statement of facts showing Defendant is entitled to these affirmative defenses.

- Affirmative Defense No. 9 is necessary because Defendant intends to argue that pursuant to the Missouri Constitution, and specifically Article 5, Section 18, Plaintiff is not to a jury trial until Defendant obtains a de novo judicial review of the Missouri Commission on Human Right's decision to issue a right to sue notice in this matter.  That matter is still pending in Cole County, Missouri, Case No. 15AC-CC00618.

- Affirmative Defenses Nos. 10 and 11 are necessary because the section of the Missouri Human Rights Act Plaintiff relies upon to force Bi-State to modify its facilities and/or services fails to give a person of ordinary intelligence a reasonable opportunity to learn what is prohibited and/or required and fails to provide explicit standards against arbitrary and discriminatory application, which is in a direct violation of the Missouri Constitution, and specifically, Article 1, Sections 2 and 10.   Defendant is not alleging that the MHRA per se unconstitutional.   Instead, Defendant intends to argue that Plaintiff's *proposed* application of the MHRA would violate Defendant's constitutional right to notice of the conduct for which it has been sued by Plaintiff.

Undoubtedly, constitutional challenges may be raised as an affirmative defense.  See Pemiscot County Port Authority v. Rail Switching Services, Inc., 523 S.W.3d 530, 536 (Mo. App. 2017) (defendant's constitutional challenge should have been raised as an affirmative defense).

4

Electronically Filed - City of St. Louis - October 27, 2017 - 11:09 AM

### TWELFTH AFFIRMATIVE DEFENSE

Defendant's amended affirmative defenses now provide a short and plain statement of facts showing Defendant is entitled to this affirmative defense. Defendant intends to argue it is not subject to suit under the MHRA because the Interstate Compact that created Defendant does not explicitly or implicitly incorporate the MHRA. Additionally, the MHRA and Illinois Human Rights Act ("IHRA") are not complimentary and parallel, and to subject Defendant to the MHRA would impose an impermissible, unilateral burden on Defendant.

## II.    CONCLUSION

WHEREFORE, for the reasons stated herein, Defendant respectfully requests that this Court deny the Motion to Strike in its entirety and award any additional relief it deems to be just and proper.

Respectfully submitted,

**McMAHON BERGER, P.C.**

/s/ Brian C. Hey
James N. Foster Jr., ARN 28231 MO
Brian C. Hey ARN 53930 MO
Rex P. Fennessey, ARN 58925 MO
2730 North Ballas Road, Suite 200
St. Louis, Missouri 63131
(314) 567-7350 – (Telephone)
(314) 567-5968 – (Facsimile)
foster@mcmahonberger.com
hey@mcmahonberger.com
fennessey@mcmahonberger.com

233803.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of October, 2017, a true copy of the foregoing was served by the Court's electronic notice to:

Cyrus Dashtaki
Dashtaki Law Firm
5205 Hampton Avenue
St. Louis, MO 63109
cyrus@dashtaki.com

John C. Burns
The Burns Law Firm, LLC
1717 Park Avenue
St. Louis, MO 63104
John@burns-law-firm.com

Attorneys for Plaintiff

/s/ Brian C. Hey

233803.1

# 43

**10/31/2017**

**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
(CITY OF ST. LOUIS)

FILED
OCT 31 2017
22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE

Gustafson

VS

Bi-State

CASE NO. 1522 - CC 11361 DIVISION  31          10-31-17

---

### ORDER/JUDGMENT/MEMORANDUM

Defendant's Motion ~~to strike~~ for Leave to File Out of Time
is granted over Plaintiff's objections.

Plaintiff will have 7 days to supplement Plaintiff's Motion
to Strike Defendant's Eleven Affirmative Defenses. Defendant
will have 14 days to file a response. The Court
will then take the matter under submission.

66462
314-542-2222

So Ordered:
Jim Moriarty
Judge

ENTERED
Brian Hey

5950
314-567-7350

A M K

FORM 14 (Rev 11/02)

# 44

**11/16/2017**

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

SCOTT GUSTAFSON,                          )
                                          )
    Plaintiff,                          )
                                          )
v.                                        )          Case No. 1522-CC11361
                                          )
THE BI-STATE DEVELOPMENT AGENCY           )
OF THE MISSOURI-ILLINOIS                   )
METROPOLITAN DISTRICT d/b/a METRO,        )          Division 1
                                          )
    Defendant.                          )

## PLAINTIFF'S MOTION FOR LEAVE TO FILE OUT OF TIME

    Comes now Plaintiff, Scott Gustafson ("Plaintiff"), by and through undersigned counsel, and requests the Court's leave to file its supplemental memorandum following oral arguments on October 31, 2017 at the hearing for Plaintiff's Motion to Strike Defendant's Affirmative Defenses. In support of his Motion, Plaintiff states:

    On October 31, 2017, this Court heard the parties' oral arguments on Plaintiff's Motion to Strike Defendant Bi-State's Affirmative Defenses. At that time, the Court permitted the parties to submit supplemental briefs given the content of the oral arguments, and this is memorialized in the Order of 10/31. Plaintiff has filed, simultaneous with this motion, his supplemental brief following oral argument on his Motion to Strike. Plaintiff's supplemental brief was originally due on November 7, 2017, with Defendant's supplemental response due seven days thereafter. Defendant has not filed a supplemental response because Plaintiff has not yet until today filed a supplemental brief. *No party will be prejudiced by the Court permitting Plaintiff leave to file his supplemental brief out of time, and in fact this will permit Defendant to file its supplemental response.*

1

Bi-State had originally filed an Answer with twenty-three (23) affirmative defenses, and Plaintiff filed a motion to strike.  Defendant Bi-State then amended its Answer, reducing its stated affirmative defenses to twelve (12).  On October 16, 2017, the Court heard initial arguments on Plaintiff's motion to strike and motion to compel, and it was agreed that the Parties would make an effort to resolve the issues in dispute regarding the motion to compel, and that the hearing would reconvene on October 31.

WHEREFORE, Plaintiff requests the Court's leave to permit Plaintiff to file his supplemental brief following oral argument on Plaintiff's Motion to Strike Defendant's Affirmative Defenses.

Respectfully submitted,

/s/ Cyrus Dashtaki
Cyrus Dashtaki, #57606
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, Missouri 63109
Telephone:     (314) 932-7671
Facsimile:     (314) 932-7672
cyrus@dashtaki.com

/s/ John C. Burns
John C. Burns, #66462
Burger Law Firm
500 N. Broadway, Ste. 1350
St. Louis, MO 63102
314-542-2222
314-542-2229 (fax)
john@burgerlaw.com
*Attorneys for Plaintiff Scott Gustafson*

## CERTIFICATE OF SERVICE

The undersigned hereby states that on this 16th day of November 2017, a true and correct copy of the foregoing was filed electronically with Court's filing system, and was served upon all counsel of record.

/s/ John C. Burns

2

Electronically Filed - City of St. Louis - November 16, 2017 - 01:28 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| SCOTT GUSTAFSON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1522-CC11361 |
| | ) | |
| THE BI-STATE DEVELOPMENT AGENCY | ) | |
| OF THE MISSOURI-ILLINOIS | ) | |
| METROPOLITAN DISTRICT d/b/a METRO, | ) | Division 1 |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT HIS
MOTION TO STRIKE DEFENDANT'S TWELVE AFFIRMATIVE DEFENSES OR, IN
THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

Comes now Plaintiff, Scott Gustafson ("Plaintiff"), by and through undersigned counsel,

and moves this Honorable Court to strike Defendant Development Agency's ("Defendant")

affirmative defense nos. 1-12 pursuant to Rule 55.27(e) of the Missouri Rules of Civil Procedure

or, in the alternative, motion for more definite statement pursuant to Rule 55.27(d). In support of

his Motion, Plaintiff states:

**I.     INTRODUCTION**

On October 31, 2017, this Court heard the parties' oral arguments on Plaintiff's Motion to

Strike Defendant Bi-State's Affirmative Defenses.  At that time, the Court permitted the parties to

submit supplemental briefs given the content of the oral arguments, and this is memorialized in

the Order of 10/31.  This brief is Plaintiff's supplement, though untimely.  Plaintiff has filed,

simultaneous with this brief, a motion for leave to file this brief out of time.

Bi-State had originally filed an Answer with twenty-three (23) affirmative defenses, and

Plaintiff filed a motion to strike.  Defendant Bi-State then amended its Answer, reducing its stated

affirmative defenses to twelve (12).  On October 16, 2017, the Court heard initial arguments on

1

Plaintiff's motion to strike and motion to compel, and it was agreed that the Parties would make an effort to resolve the issues in dispute regarding the motion to compel, and that the hearing would reconvene on October 31.

## II.    LEGAL STANDARD

Affirmative Defenses are legally distinct from Denials, Counterclaims, and Cross-Claims. 15 Mo. Prac., Civil Rules Practice § 55.08:1 (2017 ed.). "An easy rule of thumb is to look at the burden of proof on the issue in question: if it is not an element of plaintiff's case, it generally is an affirmative defense." *Id.*, citing to *State ex rel. Behrendt v. Neill*, 337 S.W.3d 727 (Mo. Ct. App. E.D. 2011) (commenting that 'without malice' was improperly labeled by Relators as an assertion of affirmative defense because it was not one 'specified under Rule 55.08, or in the sense that 'even if the allegations of the petition are taken as true, the plaintiff cannot prevail because there are additional facts that permit the defendant to avoid legal responsibility – thus plaintiffs had to persuade juror of such malice *as a necessary element of Plaintiff's case-in-chief*). Furthermore, Missouri courts have long held that affirmative defenses that fail as a matter of law may be stricken. Rule 55.27(e); *ITT Comm. Fin. Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 383-84 (Mo. banc 1993).

## III.   THE AFFIRMATIVE DEFENSES STATED BY DEFENDANT ARE EITHER NOT AFFIRMATIVE DEFENSES, AS SUCH, OR ARE OTHERWISE IMPROPER ON THEIR FACE.

### *First Affirmative Defense.*

Bi-State argues that Plaintiff cannot claim damages from discriminatory acts outside of the statute of limitations applicable in this case. This argument is not an affirmative defense. As part of its case in chief, Plaintiff must plead and prove a valid claim which is not time barred.

2

Therefore, if Defendant disagrees with the allegations of the Petition, the proper response is a denial. For these reasons, Defendant's affirmative defense must be struck.

### Second Affirmative Defense.

Bi-State argues Plaintiff has failed to exhaust administrative remedies because in 2011 Bi-State entered into a Settlement Agreement with the Missouri Commission on Human Rights relating to discriminatory acts perpetrated against Plaintiff some years earlier. Defendant acknowledges that Plaintiff was offered the opportunity to sign such agreement, but disagreed with the terms of the agreement and chose not to sign the agreement.

To being with, as the Court is aware, there is a parallel legal action – a Mandamus – to the case at bar occurring in Cole County. In that parallel suit, Defendant has made the same argument and has asked the Cole County court to rule on the same. Defendant is accordingly collaterally estopped from making the same argument in this Court.

Beyond this, as a matter of law, public accommodations discrimination claims under V.A.M.S. Chapter 213 are legal claims which belong to a plaintiff – *and no one else*. C.f. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982) (legal claims are property interests under the 14th Amendment). Defendant's argument is wrong on its face, because it suggests that Plaintiff could be bound to a "settlement agreement" Plaintiff did not sign and the terms of which Plaintiff did not agree.

This affirmative defense is therefore improper because Defendant is collaterally estopped from mounting said defense, and because Defendant's argument would have the Court bind Plaintiff to a contract Defendant acknowledges Plaintiff never signed, with the overall effect of violating Plaintiff's property rights under the US and Missouri Constitutions. For these reasons, Defendant's affirmative defense must be struck.

***Third Affirmative Defense.***

Defendant proceeds with another statute of limitations argument. As stated above, pleading and proving a valid claim is part of Plaintiff's case in chief. Defendant's proper response to such pleadings is a denial. As such, an affirmative defense is improper and must be struck.

***Fourth Affirmative Defense.***

Defendant's argument is styled as an accord and satisfaction – which itself would normally be a valid affirmative defense. However, the argument relies upon the same "settlement agreement" discussed in Affirmative Defense No. 2. Thus, it's the same argument by another name. Plaintiff cannot be bound by a "settlement agreement" to which he was not a party. For the reasons stated more completely above, Defendant's affirmative defense must be struck.

***Fifth Affirmative Defense.***

Defendant again argues the "settlement agreement" as some sort of prophylactic in this case, and it is essentially the same argument found in Affirmative Defense Nos. 2 and 4. It is not a valid affirmative defense for the reasons stated above and must be struck.

***Sixth Affirmative Defense.***

Defendant argues that the discriminatory acts alleged in Plaintiff's Petition do not fall within the scope of the Missouri Human Rights Act ("MHRA"). This argument is extremely similar to both Defendant's motion to dismiss (in which it argued it was not subject to the Missouri Human Rights Act) which this Court denied, and the ongoing Mandamus suit which Defendant maintains in Cole County. Defendant asks the Court not only for a second bite at the apple, but also a third, as well. Defendant must be collaterally estopped from mounting this defense, and the affirmative defense should be struck.

***Seventh Affirmative Defense.***

Here, Defendant argues res judicata on the basis of the same "settlement agreement" it relies upon for Affirmative Defense Nos. 2, 4, 5, and now 7. This affirmative defense is not an affirmative defense as such, is improper, and must be struck for the same reasons Affirmative Defense Nos. 2, 4, and 5, must be struck, as more fully discussed, above.

### Eighth Affirmative Defense.

Here, Defendant argues Sovereign Immunity on the grounds that the MHRA does not apply to Bi-State. This is a recapitulation of Defendant's argument in its motion to dismiss, <u>which this Court denied</u>. *This Court <u>specifically</u> found that the MHRA applied to Bi-State in the public accommodations discrimination context.* As a side note, Defendant has also made this argument in its ongoing parallel Mandamus action in Cole County, so it must be collaterally estopped from making it here, as well. For these reasons, this affirmative defense must be struck.

### Ninth Affirmative Defense.

Defendant argues without factual support or explanation that Plaintiff's Petition is an attempt to interfere with Defendant's Constitutional rights. Missouri law requires affirmative defenses to be supported by facts in the same manner as required for pleading claims. *Echols v. the City of Riverside*, 332 S.W.3d 207, 211(Mo.App. W.D. 2010). Rule of Civil Procedure 55 requires affirmative defenses "contain a short and plain statement of the facts showing that the pleader is entitled to the defense or avoidance." Rule 55.08. Plain statements of facts provide the Court and opposing parties notice of what disputes or issues will be expected to come up during litigation. *See Bailey v. Cameron Mutual Ins. Co.*, 122 S.W.3d 599, 604, 689 (Mo.App. E.D. 2003). Because Defendant fails to provide any factual support or explanation for its bald legal conclusion, its affirmative defense fails as a matter of law and must be stricken.

### <u>Tenth and Eleventh Affirmative Defenses.</u>

Defendant masquerades as Affirmative Defense Nos. 10 and 11 what should really be Counterclaims. However, because Defendant has already made these arguments in the Cole County Mandamus action, Defendant is collaterally estopped from making such counterclaims in the case at bar, and Defendant, quite rightfully, has not stated pled these as counterclaims. Defendant is attempting to gain an unfair advantage by mounting the same arguments against Plaintiff in multiple forums. Because ten and eleven are not affirmative defenses, and because Defendant is collaterally estopped from bringing them as counterclaims in the case at bar, Defendant's Affirmative Defense Nos. 10 and 11 must be stricken.

### Twelfth Affirmative Defense.

Defendant here argues that the MHRA is not applicable to Bi-State. Again, this is nothing more than a legal conclusion couched as an affirmative defense. Because this defense constitutes nothing more than legal conclusions it fails to adequately raise an affirmative defense and fails as a matter of law.

Moreover, this is also the same argument Defendant made in its motion to dismiss – which this Court denied, finding that the MHRA did, in fact, apply to Bi-State. This is also essentially the same argument Defendant raised in Affirmative Defense Nos. 6, 8, and 10, all discussed above. Defendant has also raised this argument in the Mandamus action pending in Cole County and is collaterally estopped from making the argument before this Court. Here, as throughout, Defendant seeks opportunities to re-litigate aspects of the case, *ad infinitum*. For these reasons and for the reasons stated in response to Affirmative Defenses 6, 8, and 10, Defendant's Affirmative Defense No. 12 must be stricken.

## IV.   PLAINTIFF'S   ALTERNATIVE   MOTION   FOR   A   MORE   DEFINITE STATEMENT

Rule 55.27(d) of the Missouri Rules of Civil Procedure allows a plaintiff to move for a

more definite statement where, as here, the affirmative defense "is not averred with sufficient definiteness or particularity to enable the party properly to prepare responsive pleadings or to prepare generally for trial when a responsive pleading is not required." *See* Rule 55.27(d) Plaintiff is unable to prepare for trial or perform discovery on the issues based on the legal conclusions contained in Defendant's Affirmative Defenses.   Therefore if the Court decides not to strike Defendant's defenses outright, Plaintiff respectfully requests that the Court order the Defendant to plead each of its purported affirmative defenses with specific facts supporting them and in full compliance with Rule 55.08.

## V.      CONCLUSION

WHEREFORE, for the above stated reasons, Plaintiff respectfully requests that the Court strike Defendant's affirmative defenses 1-12 pursuant to Supreme Court Rule 55.27(e) as the pleadings fail to comply with Rule 55.08 and are, therefore, insufficient defenses, or in the alternative, require Defendant to plead more specifically pursuant to Rule 55.27(d) within ten (10) days of this Court's order, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ *Cyrus Dashtaki*
Cyrus Dashtaki, #57606
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, Missouri 63109
Telephone:     (314) 932-7671
Facsimile:      (314) 932-7672
cyrus@dashtaki.com

/s/ *John C. Burns*
John C. Burns, #66462
Burger Law Firm
500 N. Broadway, Ste. 1350
St. Louis, MO 63102

7

314-542-2222
314-542-2229 (fax)
john@burgerlaw.com
*Attorneys for Plaintiff Scott Gustafson*

## CERTIFICATE OF SERVICE

The undersigned hereby states that on this 16th day of November 2017, a true and correct copy of the foregoing was filed electronically with Court's filing system, and was served upon all counsel of record.

/s/ John C. Burns

# 45

**11/20/2017**

Electronically Filed - City of St. Louis - November 20, 2017 - 10:46 AM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

SCOTT GUSTAFSON,                              )
                                             )
    Plaintiff,                           )
                                             )
v.                                           )      Case No. 1522-CC11361
                                             )
THE BI-STATE DEVELOPMENT AGENCY              )      Division 1
OF THE MISSOURI – ILLINOIS                   )
METROPOLITAN DISTRICT d/b/a METRO,           )
METRO TRANSIT, METROBUS,                     )
METROLINK,                                   )
                                             )
    Defendant.                           )

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO FILE OUT OF TIME

    Comes now Defendant, BI-STATE DEVELOPMENT AGENCY, by its attorneys, and for its opposition to Plaintiff's Motion for Leave to File Out of Time, states as follows:

    During oral argument on October 31, 2017, Plaintiff repeatedly argued Defendant was "collaterally estopped" from pleading its affirmative defenses.  When Defendant informed the Court that Plaintiff's "collateral estoppel" argument was not contained in his Motion to Strike, Plaintiff, requested, and was granted, seven (7) days to supplement his Motion to Strike.

    On November 16, 2017, Plaintiff filed his Supplemental Suggestions in Support of his Motion to Strike Affirmative Defenses.  Plaintiff's supplemental suggestions are flawed for three reasons.  First and foremost, Plaintiff's supplemental suggestions only mentions Plaintiff's collateral estoppel once and fails to cite any legal authority as to why "collateral estoppel" is grounds for striking Defendant's affirmative defenses.  Second, Plaintiff's Supplemental Suggestions in Support of his Motion to Strike Affirmative Defenses does cite any legal authority supporting his argument that Defendant's affirmative defenses must be stricken.  Finally, Plaintiff again improperly argues Defendant's third affirmative defense should be

stricken even though Plaintiff has already conceded twice Defendant's third affirmative defense was properly asserted.[1]

Defendant will incur additional cost and time if required to research, draft, and file an opposition to Plaintiff's Supplemental Suggestions in Support of his Motion to Strike Affirmative Defenses if Plaintiff's Motion for Leave is granted. The unnecessary costs and time can be avoided if the Court denies Plaintiff's Motion for Leave and/or Motion to Strike.

WHEREFORE, for the reasons stated herein, Defendant respectfully requests that this Court deny the Motion for Leave and/or Motion to Strike in its entirety and award any additional relief it deems to be just and proper. In the event the Court grants Plaintiff's Motion for Leave and does not rule on Plaintiff's Motion to Strike, Defendant requests fourteen (14) days to respond in accordance with the Court's Order dated October 31, 2017.

Respectfully submitted,

**McMAHON BERGER, P.C.**

/s/ Brian C. Hey
James N. Foster Jr., ARN 28231 MO
Brian C. Hey ARN 53930 MO
Rex P. Fennessey, ARN 58925 MO
2730 North Ballas Road, Suite 200
St. Louis, Missouri 63131
(314) 567-7350 – (Telephone)
(314) 567-5968 – (Facsimile)
foster@mcmahonberger.com
hey@mcmahonberger.com
fennessey@mcmahonberger.com

---

[1] The first instance was during oral argument on October 16, 2017. That is why Plaintiff's October 18, 2017 Motion to Strike is entitled "Motion to Strike Defendant's Eleven Affirmative Defenses" even though Defendant's First Amended Petition asserts twelve affirmative defenses. Defendant reminded Plaintiff of his concession again on during oral argument on October 31, 2017.

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of November, 2017, a true copy of the foregoing was served by the Court's electronic notice to:

Cyrus Dashtaki
Dashtaki Law Firm
5205 Hampton Avenue
St. Louis, MO 63109
cyrus@dashtaki.com

John C. Burns
The Burns Law Firm, LLC
1717 Park Avenue
St. Louis, MO 63104
John@burns-law-firm.com

Attorneys for Plaintiff

/s/ Brian C. Hey

235153.1

# 46

## 11/22/2017

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
22ND JUDICIAL CIRCUIT – STATE OF MISSOURI

Scott Gustafson
_____
                    Plaintiff )

v.

Bi-State
_____,
                    Defendant )

Cause Number: 1522-11361

Division Number 1

**FILED**

NOV 22 2017

22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY_____ DEPUTY

## MOTION FOR CONTINUANCE FROM TRIAL DOCKET

Plaintiff(s) appear by ____Cyrus Dashtaki____

Defendant(s) appear by ____Rex Fennessey____

Case now set on trial docket of ____12/11/17____. Case is/is not peremptorily set (assigned to Division _____).

Plaintiff(s)/Defendant(s), as Moving Party(ies), request a continuance because:

_____
_____
_____

_____ Moving Party's attorney has conferred with Opposing Party's attorney. Opposing Party consents to this continuance request.

_____ Opposing Party asks the Court to deny this continuance request.

_____          _____
Attorney for Plaintiff(s)                    Attorney for Defendant(s)

The Court __ grants ____ denies Moving Party's motion for continuance.

New trial docket date ___7-2-18___   __X__ Regular rollover or ____ peremptory setting

SO ORDERED:

___11-22-17___                    M. Mullen, pt
        Date                      _____
                                  Michael K. Mullen
                                  Presiding Judge, Division 1

Forms: Motion for Continuance                              10/10/2017

# 47

**11/27/2017**

# 48

**01/03/2018**

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

SCOTT GUSTAFSON,                          )
                                          )
    Plaintiff,                            )
                                          )
vs.                                       )    Case No.  1522-CC11361
                                          )
THE BI-STATE DEVELOPMENT AGENCY           )    Division 1
OF MISSOURI – ILLINOIS METROPOLITAN       )
DISTRICT d/b/a METRO, METRO TRANSIT,      )
METROBUS, METROLINK,                      )
                                          )
    Defendant.                            )

## CERTIFICATE OF SERVICE

    The undersigned counsel hereby certifies that on this 3rd day of January 2018, original

copies of the following documents were sent via U.S. Mail on CD-Rom to counsel for Defendant

The Bi-State Development Agency of Missouri – Illinois Metropolitan District, James N. Foster,

Esq., Brian C. Hey, Esq., and Rex P. Fennessey, Esq. 2730 North Ballas Road, Suite 200, St.

Louis, Missouri 63131:

1.    Plaintiff's Answers and Objections to Defendant's First Set of Interrogatories
     Directed to Plaintiff;
2.    Plaintiff's Responses and Objections to Defendant's First Request for
     Production of Documents Directed to Plaintiff;
3.    Plaintiff's Bates (0001-0080, 12/26/13 video and 08/05/14 video); and
4.    Certificate of Service.

Respectfully submitted,

/s/ Cyrus Dashtaki _____
Cyrus Dashtaki, #57606
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, MO 63109
Telephone:     (314) 932-7671
Facsimile:     (314) 932-7672
Email:         cyrus@dashtaki.com

John Burns, #66462
Burger Law Firm
500 N. Broadway, Ste. 1350
St. Louis, MO 63102
314-542-2222
314-542-2229 (fax)
john@burgerlaw.com

*Attorneys for Plaintiff Scott Gustafson*

## CERTIFICATE OF SERVICE

The undersigned states that on January 03, 2018, a true and correct copy of the foregoing was filed electronically with the Court's filing system, and was served upon all counsel of record.

/s/ Cyrus Dashtaki _____

2

# 49

**03/29/2018**

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

SCOTT GUSTAFSON,                          )
                                          )
    Plaintiff,                            )
                                          )
                                          )   Case No. 1522-CC11361
v.                                        )
                                          )
BI-STATE DEVELOPMENT AGENCY               )
OF THE MISSOURI – ILLINOIS                )
METROPOLITAN DISTRICT d/b/a               )   Div.:  20
METROBUS, METROLINK,                      )
                                          )
    Defendant.                            )
                                          )

## CERTIFICATE OF SERVICE

COMES NOW, Plaintiff, by and through undersigned counsel, and certifies that

Plaintiff's Second Interrogatories and Requests for Production directed to Defendant, were

served upon counsel of record for Defendants via electronic mail on March 29, 2018.

Respectfully submitted,

Cyrus Dashtaki, # 57606
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, Missouri 63109
Telephone:     (314) 932-7671
Facsimile:     (314) 932-7672
Email:    cyrus@dashtaki.com

John C. Burns, #66462
1717 Park Avenue
St. Louis, MO 63104
Direct: 314-252-8854
Fax:   314-282-8136
john@burns-law-firm.com

*Attorneys to Plaintiff Scott Gustafson*

# 50

## 03/30/2018

THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| SCOTT GUSTAFSON, | ) | |
| | ) | |
| **Plaintiff** | ) | **1522-CC11361** |
| | ) | |
| **v.** | ) | **Division: 1** |
| | ) | |
| **THE BI-STATE DEVELOPMENT AGENCY** | ) | |
| **OF THE MISSOURI-ILLINOIS** | ) | |
| **METROPOLITAN DISTRICT d/b/a METRO,** | ) | |
| **METRO TRANSIT, METROBUS,** | ) | |
| **METROLINK** | ) | |

## CERTIFICATE OF SERVICE

COMES NOW Defendant, by and through the undersigned, and hereby certifies that it

served via e-mail and first class mail on March 30, 2018:

      1.     Defendant's Second Request for Production of Documents to Plaintiff (1);

by sending the same to the following address:

      Cyrus Dashtaki
      Dashtaki Law Firm
      5205 Hampton Avenue
      St. Louis, MO 63109
      cyrus@dashtaki.com

      John C. Burns
      Burger Law Firm
      500 N. Broadway, Ste. 1350
      St. Louis, Missouri  63102
      John@burns-law-firm.com

Electronically Filed - City of St. Louis - March 30, 2018 - 03:17 PM

Respectfully submitted,

**McMAHON BERGER, P.C.**

/s/ Brian C. Hey
James N. Foster Jr., ARN 28231 MO
Brian C. Hey ARN 53930 MO
Rex P. Fennessey, ARN 58925 MO
2730 North Ballas Road, Suite 200
St. Louis, Missouri  63131
(314) 567-7350 – (Telephone)
(314) 567-5968 – (Facsimile)
foster@mcmahonberger.com
hey@mcmahonberger.com
fennessey@mcmahonberger.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of March, 2018, a true copy of the foregoing was served by the Court's electronic notice to:

Cyrus Dashtaki
Dashtaki Law Firm
5205 Hampton Avenue
St. Louis, MO 63109
cyrus@dashtaki.com

John C. Burns
Burger Law Firm
500 N. Broadway, Ste. 1350
St. Louis, Missouri  63102
John@burns-law-firm.com

Attorneys for Plaintiff

/s/ Brian C. Hey

# 51

## 05/01/2018

Electronically Filed - City of St. Louis - May 01, 2018 - 04:32 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

SCOTT GUSTAFSON,                              )
                                             )
    Plaintiff,                          )
                                             )
vs.                                          )        Case No.  1522-CC11361
                                             )
THE BI-STATE DEVELOPMENT AGENCY              )        Division 1
OF MISSOURI – ILLINOIS METROPOLITAN          )
DISTRICT d/b/a METRO, METRO TRANSIT,         )
METROBUS, METROLINK,                         )
                                             )
    Defendant.                          )

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this 1st day of May 2018, copies of the

following documents were sent via email to counsel for Defendant The Bi-State Development

Agency of Missouri – Illinois Metropolitan District, Brian C. Hey, Esq.,

(hey@mcmahonberger.com), 2730 North Ballas Road, Suite 200, St. Louis, Missouri 63131:

    1.    Plaintiff's First Supplemental Answers and Objections to Defendant's First Set of

        Interrogatories Directed to Plaintiff.

1

Respectfully submitted,

/s/ Cyrus Dashtaki
Cyrus Dashtaki, #57606
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, MO 63109
Telephone:    (314) 932-7671
Facsimile:    (314) 932-7672
Email:        cyrus@dashtaki.com

John C. Burns, #66462
1717 Park Avenue
St. Louis, MO 63104
Direct: 314-252-8854
Fax:    314-282-8136
john@burns-law-firm.com

*Attorneys for Plaintiff Scott Gustafson*

## CERTIFICATE OF SERVICE

The undersigned states that on May 1, 2018, a true and correct copy of the foregoing was filed electronically with the Court's filing system, and was served upon all counsel of record.

/s/ Cyrus Dashtaki

THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

SCOTT GUSTAFSON,                              )
                                             )
        Plaintiff                            )        1522-CC11361
                                             )
v.                                           )        Division: 1
                                             )
THE BI-STATE DEVELOPMENT AGENCY              )
OF THE MISSOURI-ILLINOIS                     )
METROPOLITAN DISTRICT d/b/a METRO,           )
METRO TRANSIT, METROBUS,                     )
METROLINK                                    )

## CERTIFICATE OF SERVICE

COMES NOW Defendant, by and through the undersigned, and hereby certifies that it served Defendant's Answers and Objections to Plaintiff's Second Set of Interrogatories and Defendant's Responses and Objections to Plaintiff's Second Request for Production of Documents via first class mail, postage prepaid on May 1, 2018.

Respectfully submitted,

**McMAHON BERGER, P.C.**

/s/ Rex P. Fennessey
James N. Foster Jr., ARN 28231 MO
Brian C. Hey ARN 53930 MO
Rex P. Fennessey, ARN 58925 MO
2730 North Ballas Road, Suite 200
St. Louis, Missouri 63131
(314) 567-7350 – (Telephone)
(314) 567-5968 – (Facsimile)
foster@mcmahonberger.com
hey@mcmahonberger.com
fennessey@mcmahonberger.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of May, 2018, a true copy of the foregoing was served by the Court's electronic notice to:

Cyrus Dashtaki
Dashtaki Law Firm
5205 Hampton Avenue
St. Louis, MO 63109
cyrus@dashtaki.com

John C. Burns
The Burns Law Firm, LLC
1717 Park Avenue
St. Louis, MO 63104
John@burns-law-firm.com

Attorneys for Plaintiff

*/s/ Rex P. Fennessey*

# 52

**05/04/2018**

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

SCOTT GUSTAFSON,                                      )
                                                     )
        Plaintiff,                                   )
                                                     )
vs.                                                  )        Case No.  1522-CC11361
                                                     )
THE BI-STATE DEVELOPMENT AGENCY                      )        Division 1
OF MISSOURI – ILLINOIS METROPOLITAN                  )
DISTRICT d/b/a METRO, METRO TRANSIT,                 )
METROBUS, METROLINK,                                 )
                                                     )
        Defendant.                                   )

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this 4th day of May 2018, original copies

of the following documents were sent via electronic mail to counsel for Defendant The Bi-State

Development Agency of Missouri – Illinois Metropolitan District, James N. Foster, Esq., Brian

C. Hey, Esq., and Rex P. Fennessey, Esq. 2730 North Ballas Road, Suite 200, St. Louis,

Missouri 63131:

    1.    Plaintiff's Responses and Objections to Defendant's Second Request for
          Production of Documents Directed to Plaintiff.

Respectfully submitted,

/s/ John C. Burns
Cyrus Dashtaki, #57606
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, MO 63109
Telephone:    (314) 932-7671
Facsimile:    (314) 932-7672
Email:        cyrus@dashtaki.com

1

John Burns, #66462
Burger Law Firm
1717 Park Avenue
St. Louis, MO 63104
314-252-8854
314-282-8136 (fax)
john@burns-law-firm.com

*Attorneys for Plaintiff Scott Gustafson*

# 53

**05/15/2018**

## THE CIRCUIT COURT OF ST. LOUIS CITY
## STATE OF MISSOURI

SCOTT GUSTAFSON,                          )
                                          )
    **Plaintiff**                         )      **1522-CC11361**
                                          )
v.                                        )      **Division: 20**
                                          )
THE BI-STATE DEVELOPMENT AGENCY           )
OF THE MISSOURI-ILLINOIS                  )
METROPOLITAN DISTRICT d/b/a METRO,        )
METRO TRANSIT, METROBUS,                  )
METROLINK                                 )

### DEFENDANT'S MOTION TO COMPEL DISCOVERY

COMES NOW Defendant, by its undersigned counsel, and herewith moves for an Order granting its Motion to Compel Discovery. Defendant states as follows:

### STATEMENT OF CASE

On December 23, 2015, Plaintiff, a blind individual, filed his action against Defendant for public accommodation discrimination under the Missouri Human Rights Act for alleged misconduct occurring over the last fifteen (15) years (See First Amended Petition, ¶¶13, 30). Defendant asserts all or part of Plaintiff's claims is barred by a September 1, 2011 Settlement Agreement resolving identical or similar claims asserted in Plaintiff's November 15 and December 1, 2006 Missouri Commission on Human Rights charges of discrimination (See First Amended Answer and Affirmative Defenses, Defenses Nos. 5 and 7).

### DISCOVERY SOUGHT AND GOOD FAITH CERTIFICATE

On April 20, 2018, Defendant spoke with Plaintiff in a good faith attempt to resolve issues regarding discovery. During the telephone conference, Defendant and Plaintiff reviewed Defendant's April 5, 2018 Golden Rule letter (Exhibit A) and the disputed discovery responses

(Exhibit B), but were unable to resolve their differences.   In essence, Defendant now seeks information, correspondence, and documents related to any disability complaint or claim made by Plaintiff.

## STANDARD

The general scope of discovery is set by Rule 56.01(b)(1) and it generally provides that, except for privileged matters, discovery may be had concerning any matter relevant to the subject matter involving in the pending action if it appears reasonably calculated to lead to the discovery of admissible evidence.   Relevancy under Rule 56.01(b) is measured by the existing pleadings rather than by what may either become relevant in the future or under subsequent pleadings.   State ex rel. Kawasaki Motors Corp., U.S.A. v. Ryan, 777 S.W.2d 247, 253–54 (Mo. Ct. App. 1989). The burden of establishing relevancy and materiality is on the party seeking discovery.   Rule 56.01(b)(1); see also State ex rel. Syntex Agri-Bus., Inc. v. Adolf, 700 S.W.2d 886, 887 (Mo. Ct. App. 1985).   Determination of relevancy is in the discretion of the trial court and will not be disturbed absent an abuse of discretion.   State ex rel. Delmar Gardens N. Operating, LLC v. Gaertner, 239 S.W.3d 608, 610 (Mo. 2007).

## DEFENDANT'S DISCOVERY REQUESTS AT ISSUE

**Defendant's Interrogatory No. 11**.  State whether Plaintiff has ever commenced or been a party to any suit, claim, charge, complaint or action in any Court or before any Administrative Agency.  If the answer is in the affirmative, identify the Court or Agency, the date such action was filed, the docket or case number, the outcome of such action and identify any correspondence, findings of fact, determination letters, documents or decisions relating to any such suit, claim or action.

**Plaintiff's Answer:**  Objection.  Plaintiff objects to this interrogatory to the extent it seeks discovery of information that is harassing, oppressive, wholly irrelevant, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Further, this interrogatory is overbroad in time, scope, and not limited to similar actions.

**Deficiency**:  Plaintiff did not provide any information related to any disability complaint or claim made by Plaintiff.

**Relevance**:  Prior lawsuits and complaints are relevant inasmuch as they may contain allegations of misconduct identical or similar to those alleged in Plaintiff's First Amended Petition and/or Defendant's Affirmative Defenses.  Additionally, if Plaintiff was involved in multiple lawsuits/proceedings involving similar facts and law, he may have made relevant statements in the prior lawsuits/proceedings that may be useful in the present lawsuit.

**Defendant's Request No. 9**.  Any other charges, claims or petitions, including amendments thereto, filed by or against Plaintiff with any city, state or federal agency or court, not previously identified, together with all documents reflecting the processing or final disposition thereof.

**Plaintiff's Answer:**  Objection.  Plaintiff objects to this request to the extent that it seeks documents which are outside the scope of the pleadings, not limited in time or scope, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  In addition, it is neither temporally reasonable nor proportional to the needs to this case.

**Deficiency**:  Plaintiff did not provide any documents related to any disability complaint or claim made by Plaintiff.

**Relevance**:  Prior lawsuits are relevant inasmuch as they may contain allegations of misconduct identical or similar to those alleged in Plaintiff's First Amended Petition and/or

Defendant's Affirmative Defenses.   Additionally, if Plaintiff was involved in multiple lawsuits/proceedings involving similar facts and law, he may have made relevant statements in the prior lawsuits/proceedings that may be useful in the present lawsuit.

**Defendant's Request No. 20**.   The correspondence and communications between Plaintiff and any disability advocacy group.

**Plaintiff's Answer:**  Objection.  This request is overly broad, vague and ambiguous, and not temporally limited.   The request is also not reasonably limited in time or scope and is irrelevant to any issues in this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

**Deficiency**:  Plaintiff did not provide any documents responsive to Defendant's request.

**Relevance**:  Plaintiff's communications with disability advocacy groups is likely to lead to the discovery of relevant evidence concerning Plaintiff's remarks and opinions regarding Defendant's transportation system, remarks/opinions regarding his alleged drive-bys, and/or expressions of his garden variety mental condition after the alleged drive-bys.   Such communications could also contain an advocacy group's affirmation that Defendant's transportation system complies with state and/or federal disability laws.

## CONCLUSION

Defendant requests that this Court grant Defendant's Motion to Compel Discovery Responses and for other such relief as the Court may deem just and proper under the circumstances.

Respectfully submitted,

**McMAHON BERGER, P.C.**

/s/ Brian C. Hey
James N. Foster Jr., ARN 28231 MO
Brian C. Hey ARN 53930 MO
Rex P. Fennessey, ARN 58925 MO
2730 North Ballas Road, Suite 200
St. Louis, Missouri  63131
(314) 567-7350 – (Telephone)
(314) 567-5968 – (Facsimile)
foster@mcmahonberger.com
hey@mcmahonberger.com
fennessey@mcmahonberger.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of May, 2018, a true copy of the foregoing was served by the Court's electronic notice to:

Cyrus Dashtaki
Dashtaki Law Firm
5205 Hampton Avenue
St. Louis, MO 63109
cyrus@dashtaki.com

John C. Burns
The Burns Law Firm, LLC
1717 Park Avenue
St. Louis, MO 63104
John@burns-law-firm.com

Attorneys for Plaintiff

/s/ Brian C. Hey

## IN THE CIRCUIT COURT OF ST. LOUIS CITY
## STATE OF MISSOURI

SCOTT GUSTAFSON,                          )
                                          )
    Plaintiff,                      )          1522-CC11361
                                          )
v.                                        )          **Division: 20**
                                          )
THE BI-STATE DEVELOPMENT AGENCY           )          **DISPOSITIVE MOTION**
OF THE MISSOURI-ILLINOIS                  )
METROPOLITAN DISTRICT d/b/a METRO,        )
METRO TRANSIT, METROBUS,                  )
METROLINK                                 )
                                          )
    Defendant.                      )

### DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

    COMES NOW Defendant Bi-State Development Agency, d/b/a Metro Transit ("Bi-State") by and through its undersigned counsel, and, pursuant to Rule 55.27(b), moves the Court for judgment on the pleadings in its favor.  In support of its motion, Defendant states as follows:

    1.    "The question presented by a motion for judgment on the pleadings is whether the moving party is entitled to judgment as a matter of law on the face of the pleadings." Eaton v. Mallinckrodt, Inc., 224 S.W.3d 596, 599 (Mo. 2007) (citation omitted); see also Rule 55.27(b).

    2.    Count I of Plaintiff's Petition alleges that Bi-State violated Mo. Ann. Stat. § 213.065 (West).

    3.    Count I must be dismissed because Mo. Ann. Stat. § 213.065 limits those who can be liable for public accommodation discrimination to "any person."

    4.    On May 1, 2018, the Missouri Court Appeals for the Western District, in State ex rel. Blue Springs Sch. Dist. v. Grate, No. WD 81197, 2018 WL 2012127, at *4 (Mo. Ct. App. May 1, 2018), clarified who is a "person" under the Missouri Human Rights Act, and consistent

with their decision and Plaintiff's First Amended Petition, Bi-State does not fall within the statutory definition, which states:

> [I]ncludes one or more individuals, corporations, partnerships, associations, organizations, labor organizations, legal representatives, mutual companies, joint stock companies, trusts, trustees, trustees in bankruptcy, receivers, fiduciaries, or other organized groups of persons.

5.    Count II of Plaintiff's Petition alleges Bi-State violated Mo. Ann. Stat. § 213.070 (West).

6.    Mo. Ann. Stat. § 213.070(3) states:

> It shall be an unlawful discriminatory practice: ... (3) For the state or any political subdivision of this state to discriminate on the basis of race, color, religion, national origin, sex, ancestry, age, as it relates to employment, disability, or familial status as it relates to housing.

7.    Count II of Plaintiff's Petition must be dismissed because Plaintiff does not allege Bi-State is the State of Missouri or a Missouri political subdivision.

WHEREFORE, based on the foregoing and those reasons set forth in its contemporaneously filed memorandum in support hereof, Defendant respectfully requests this Court to dismiss with prejudice all or part Plaintiff's First Amended Petition, and for such further relief as the Court deems just and proper.

238655.1

Respectfully submitted,

**McMAHON BERGER, P.C.**

/s/ Brian C. Hey
James N. Foster Jr., ARN 28231 MO
Brian C. Hey ARN 53930 MO
Rex P. Fennessey, ARN 58925 MO
2730 North Ballas Road, Suite 200
St. Louis, Missouri  63131
(314) 567-7350 -- (Telephone)
(314) 567-5968 -- (Facsimile)
foster@mcmahonberger.com
hey@mcmahonberger.com
fennessey@mcmahonberger.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of May, 2018, a true copy of the foregoing was served by the court's electronic notice to:

Cyrus Dashtaki
Dashtaki Law Firm
5205 Hampton Avenue
St. Louis, MO 63109
cyrus@dashtaki.com

John C. Burns
The Burns Law Firm, LLC
1717 Park Avenue
St. Louis, MO 63104
John@burns-law-firm.com

Attorneys for Plaintiff

/s/ Brian C. Hey

3

**IN THE CIRCUIT COURT OF ST. LOUIS CITY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| SCOTT GUSTAFSON, | ) | |
| | ) | |
| **Plaintiff,** | ) | **1522-CC11361** |
| | ) | |
| v. | ) | **Division: 20** |
| | ) | |
| THE BI-STATE DEVELOPMENT AGENCY | ) | **DISPOSITIVE MOTION** |
| OF THE MISSOURI-ILLINOIS | ) | |
| METROPOLITAN DISTRICT d/b/a METRO, | ) | |
| METRO TRANSIT, METROBUS, | ) | |
| METROLINK | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS**
**MOTION FOR JUDGMENT ON THE PLEADINGS**

COMES NOW Defendant Bi-State Development Agency, d/b/a Metro Transit ("Bi-State") by and through its undersigned counsel, and submits the following memorandum in support of its motion for judgment on the pleadings under Rule 55.27(b):

**I.    INTRODUCTION**

Count I of Plaintiff's Petition alleges that Bi-State violated Mo. Ann. Stat. § 213.065 (West).  Count I must be dismissed because Mo. Ann. Stat. § 213.065 limits those who can be liable for public accommodation discrimination to "any person."  On May 1, 2018, the Missouri Court Appeals for the Western District, in State ex rel. Blue Springs Sch. Dist. v. Grate, No. WD 81197, 2018 WL 2012127, at *4 (Mo. Ct. App. May 1, 2018), clarified who is a "person" under the Missouri Human Rights Act ("MHRA"), and consistent with their decision and the allegations contained in Plaintiff's First Amended Petition, Bi-State is not a "person" as defined by Mo. Ann. Stat. § 213.010(14) (West), which states:

[I]ncludes one or more individuals, corporations, partnerships, associations, organizations, labor organizations, legal representatives, mutual companies, joint stock companies, trusts, trustees, trustees in bankruptcy, receivers, fiduciaries, or other organized groups of persons.  Mo. Ann. Stat. § 213.010(14).

Count II of Plaintiff's Petition alleges Bi-State violated Mo. Ann. Stat. § 213.070 (West), which states: "It shall be an unlawful discriminatory practice: ... (3) For the state or any political subdivision of this state to discriminate on the basis of race, color, religion, national origin, sex, ancestry, age, as it relates to employment, disability, or familial status as it relates to housing." Count II of Plaintiff's Petition must be dismissed because Plaintiff's allegations do not establish Bi-State is the State of Missouri or a Missouri political subdivision.

For these reasons, Bi-State is entitled to judgment as a matter of law on the allegations of the First Amended Petition.

## II.   <u>STANDARD OF REVIEW</u>

A motion for judgment on the pleadings is authorized by Rule 55.27(b), which provides:

> **Motion for Judgment on the Pleadings.** After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 74.04, and all parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 74.04.

Judgment on the pleadings is only appropriate when the question before the court is strictly one of law. Eaton v. Mallinckrodt, Inc., 224 S.W.3d 596, 599 (Mo. 2007). "'The question presented by a motion for judgment on the pleadings is whether the moving party is entitled to judgment as a matter of law on the face of the pleadings.'" Id. (quoting RGB2, Inc. v. Chestnut Plaza, Inc., 103 S.W.3d 420, 424 (Mo. Ct. App. 2003)).  The party that moves for judgment on the pleadings admits, for purposes of the motion, the truth of all well-pleaded facts in the opposing party's pleadings. Eaton, 224 S.W.3d at 599; State ex rel Nixon v. Am. Tobacco Co., 34 S.W.3d 122,

2

134 (Mo. 2000); <u>Madison Block Pharmacy, Inc. v. U. S. Fid. & Guar. Co.</u>, 620 S.W.2d 343, 345 (Mo. 1981). The motion admits only the well-pleaded facts, not the pleader's conclusions or construction of the subject matter. <u>Hunter v. Delta Realty Co.</u>, 350 Mo. 1123, 169 S.W.2d 936, 938 (1943); <u>Grove v. Sutliffe</u>, 916 S.W.2d 825, 828 (Mo. Ct. App. 1995); <u>Helmkamp v. Am. Family Mut. Ins. Co.</u>, 407 S.W.2d 559, 565–66 (Mo. App. 1966).  As the Eastern District Court of Appeals explained in <u>In re Marriage of Busch</u>, 310 S.W.3d 253, 260 (Mo. Ct. App. 2010):

> A motion for judgment on the pleadings shares similarities with a motion to dismiss for failure to state a claim, but it is also distinct. A defending party who makes a motion for judgment on the pleadings is in the same position as a defending party who makes a motion to dismiss for failure to state a claim. In both situations, the defending party's position is that even if all of plaintiff's well-pleaded facts are true, they are insufficient as a matter of law. However, a motion to dismiss is made before the filing of an answer; whereas a motion for judgment on the pleadings is not made until the pleadings are closed. Further, if a court sustains a motion to dismiss, it "shall freely grant leave to amend." However, a motion for judgment on the pleadings contemplates a final judgment on the merits. <u>Id.</u> (internal citations omitted).

## III.   BACKGROUND AND PROCEDURAL POSTURE

Plaintiff Scott Gustafson, a blind individual who relies on Bi-State's public transportation, alleges that Bi-State violated Mo. Ann. Stat. § 213.065 (Count I) and Mo. Ann. Stat. § 213.070 (Count II).  With respect to both Counts, Plaintiff alleges Defendant is a "state government and political subdivision of the States of Missouri and Illinois ..." (First Amended Petition, ¶¶4, 44).  For purposes of this Motion, Defendant admits all the allegations contained in Plaintiff's First Amended Petition.

## IV.   ANALYSIS

### A.   Count I Must Be Dismissed Because Plaintiff's First Amended Petition Fails To Establish Bi-State Is A "Person" As That Term Is Defined By  Mo. Ann. Stat. § 213.065.

On May 1, 2018, the Missouri Court of Appeals for the Western District issued its decision in <u>State ex rel. Blue Springs School District</u>, 2018 WL 2012127, at *4.  A copy of that

decision is attached hereto as Exhibit A. In that case, a student alleged that the Blue Springs School District discriminated against her in the provision of public accommodations when it failed to prevent other students from allegedly sexually harassing her at school. Id. at *1. The suit was brought, in part, under Mo. Ann. Stat. § 213.065. Id. at *3. After a thorough analysis, the Western District held that the term "person" in Mo. Ann. Stat. § 213.065, does not include political subdivisions of the State of Missouri. The Western District reasoned that, as a political subdivision, the District did not fall within any of the other terms set forth in the definition of "person" under the statute. Id. at *10. Thus, it concluded that "section 213.065.2 limits liability to 'any person' and that 'person' does not include the state and its political subdivisions." Id. at *10.

The decision in State ex rel. Blue Springs School District, 2018 WL 2012127 verifies that a plaintiff must establish a defendant is a "person" in order to obtain relief under Mo. Ann. Stat. § 213.065. Under the MHRA, the term "person" is statutorily defined as follows:

> [I]ncludes one or more individuals, corporations, partnerships, associations, organizations, labor organizations, legal representatives, mutual companies, joint stock companies, trusts, trustees, trustees in bankruptcy, receivers, fiduciaries, or other organized groups of persons. Id., at *4 (quoting Mo. Ann. Stat. § 213.010(14).

In this matter, the allegations contained in Plaintiff's First Amended Petition do not establish Bi-State is an individual, corporation, partnership, association, organization, labor organization, legal representative, mutual company, joint stock company, trust, trustee, trustee in bankruptcy, receiver, fiduciary, or other organized groups of persons, and thus, as a matter of law, Bi-State is entitled to a dismissal with prejudice of Count I.

4

238645.1

**B.** **Count II Must Be Dismissed Because Plaintiff's First Amended Petition Fails To Establish Bi-State Is A Political Subdivision Of The State Of Missouri.**

Mo. Ann. Stat. § 213.070, prohibits, in pertinent part, "the state or any political subdivision of this state to discriminate on the basis of … disability[.]" Mo. Ann. Stat. § 213.070(3). Plaintiff's First Amended Petition does not allege that Defendant is the State of Missouri or a Missouri political subdivision; rather, it alleges that "Defendant is a political subdivision of the States of Missouri and Illinois" (First Amended Petition, ¶44). Again, assuming all the facts pleaded by Plaintiff to be true, Plaintiff's First Amended Petition does not establish Bi-State is the State of Missouri or a Missouri political subdivision. Thus, as a matter of law, Defendant is entitled to a dismissal with prejudice of Count II.

**V.** **CONCLUSION AND PRAYER FOR RELIEF**

WHEREFORE, based on the foregoing, Defendant respectfully requests this Court to dismiss with prejudice all or part Plaintiff's First Amended Petition, and for such further relief as the Court deems just and proper.

Respectfully submitted,

**McMAHON BERGER, P.C.**

/s/ Brian C. Hey
James N. Foster Jr., ARN 28231 MO
Brian C. Hey ARN 53930 MO
Rex P. Fennessey, ARN 58925 MO
2730 North Ballas Road, Suite 200
St. Louis, Missouri 63131
(314) 567-7350 – (Telephone)
(314) 567-5968 – (Facsimile)
foster@mcmahonberger.com
hey@mcmahonberger.com
fennessey@mcmahonberger.com

238645.1

Electronically Filed - City of St. Louis - May 15, 2018 - 04:18 PM

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of May, 2018, a true copy of the foregoing was served by the court's electronic notice to:

Cyrus Dashtaki
Dashtaki Law Firm
5205 Hampton Avenue
St. Louis, MO 63109
cyrus@dashtaki.com

John C. Burns
The Burns Law Firm, LLC
1717 Park Avenue
St. Louis, MO 63104
John@burns-law-firm.com

Attorneys for Plaintiff

/s/ Brian C. Hey

238645.1

6

# 54

**05/21/2018**

THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

SCOTT GUSTAFSON,                    )
                                    )
        Plaintiff                   )        1522-CC11361
                                    )
v.                                  )        Division: 20
                                    )
THE BI-STATE DEVELOPMENT AGENCY     )
OF THE MISSOURI-ILLINOIS            )
METROPOLITAN DISTRICT d/b/a METRO,  )
METRO TRANSIT, METROBUS,            )
METROLINK                           )

NOTICE OF HEARING

TO:     Cyrus Dashtaki
        Dashtaki Law Firm
        5205 Hampton Avenue
        St. Louis, MO 63109
        cyrus@dashtaki.com

        John C. Burns
        The Burns Law Firm, LLC
        1717 Park Avenue
        St. Louis, MO 63104
        John@burns-law-firm.com

PLEASE TAKE NOTICE that Defendant's Motion to Compel Discovery and

Defendant's Motion for Judgment on the Pleadings shall be taken up and heard by the Circuit

Court of St. Louis City, Division 20, on July 13, 2018, at 9:00 a.m. or as soon thereafter as

counsel can be heard.

Respectfully submitted,

**McMAHON BERGER, P.C.**

/s/ Brian C. Hey
James N. Foster Jr., ARN 28231 MO
Brian C. Hey ARN 53930 MO
Rex P. Fennessey, ARN 58925 MO
2730 North Ballas Road, Suite 200
St. Louis, Missouri 63131
(314) 567-7350 – (Telephone)
(314) 567-5968 – (Facsimile)
foster@mcmahonberger.com
hey@mcmahonberger.com
fennessey@mcmahonberger.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of May, 2018, a true copy of the foregoing was served by the Court's electronic notice to:

Cyrus Dashtaki
Dashtaki Law Firm
5205 Hampton Avenue
St. Louis, MO 63109
cyrus@dashtaki.com

John C. Burns
The Burns Law Firm, LLC
1717 Park Avenue
St. Louis, MO 63104
John@burns-law-firm.com

Attorneys for Plaintiff

/s/ Brian C. Hey

238921.1

# 55

**06/06/2018**

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## 22ND JUDICIAL CIRCUIT – STATE OF MISSOURI

Gustafson

_____ Plaintiff

v.

Bi-State

_____ Defendant

Cause Number: 1522-CC11361

Division Number 1

**FILED**
JUN 06 2018

22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY

## MOTION FOR CONTINUANCE FROM TRIAL DOCKET

Plaintiff(s) appear by _____ Cy Dashtaki _____

Defendant(s) appear by _____ Ben Fennessey _____

Case now set on trial docket of _____ Aug. 20 2018. Case is/is not peremptorily set (assigned to Division _____).

Plaintiff(s)/Defendant(s), as Moving Party(ies), request a continuance because:
complete discovery to prepare for trial

_____

☑ Moving Party's attorney has conferred with Opposing Party's attorney.
Opposing Party consents to this continuance request.

Opposing Party asks the Court to deny this continuance request.

_____ #57606
Attorney for Plaintiff(s)

_____ 58925
Attorney for Defendant(s)

The Court ⊗ grants _____ denies Moving Party's motion for continuance.

New trial docket date _____ 12-9-19 _____ Regular rollover or ⊗ peremptory setting

6-6-18
_____
Date

_____
Michael K. Mullen
Presiding Judge, Division 1

Forms: Motion for Continuance

10/10/2017

## THE CIRCUIT COURT OF ST. LOUIS CITY, STATE OF MISSOURI

SCOTT GUSTAFSON,                    )
                                    )
    **Plaintiff**                  )    1522-CC11361
                                    )
v.                                  )    Division: 1
                                    )
THE BI-STATE DEVELOPMENT AGENCY,    )
                                    )
    **Defendant**                 )

**FILED**

**JUN 06 2018**

22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY_____ DEPUTY

### SCHEDULING ORDER

COME NOW the parties, by and through their attorneys, and propose the following Scheduling Order:

1.    Plaintiff to name experts and amend his discovery responses relating to his expert disclosure by February 1, 2019.

2.    Plaintiff to produce any retained experts for deposition no later than March 1, 2019.

3.    Defendant to name any experts and amend its discovery responses relating to its expert disclosure by April 1, 2019.

4.    Defendant to produce any retained experts for deposition by May 1, 2019.

5.    All discovery, including depositions and written discovery, to be completed by June 1, 2019.

6.    Any dispositive motions to be filed by July 1, 2019.

7.    Trial scheduled for __12 | 9__, 2019.

/s/ Cyrus Dashtaki
Cyrus Dashtaki, #57606
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, MO  63109
T: 314-932-7671
F: 314-932-7672
John C. Burns, #66462
1717 Park Avenue
St. Louis, MO  63102
john@burns-law-firm.com

/s/ Brian C. Hey
James N. Foster, Jr., MBE 28231MO
Brian C. Hey        MBE 53930MO
Rex Fennessey      MBE 58925MO
McMahon Berger, P.C.
2730 N. Ballas Road, Suite 200
St. Louis, MO   63131
(314) 567-7350
(314) 567-5938 (facsimile)

SO ORDERED: _____        6/4/18
                    Circuit Court Judge                              Date

# 56

## 07/12/2018

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

SCOTT GUSTAFSON,                                     )
                                                    )
          Plaintiff,                                )
                                                    )
                                                    )     Case No. 1522-CC11361
vs.                                                 )
                                                    )     Division No. 20
THE BI-STATE DEVELOPMENT AGENCY                     )
OF THE MISSOURI – ILLINOIS                          )
METROPOLITAN DISTRICT d/b/a METRO,                  )
METRO TRANSIT, METROBUS,                            )
METROLINK                                           )
                                                    )
          Defendant.                                )

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO COMPEL**

COMES NOW Plaintiff, Scott Gustafson, by and through undersigned counsel, and in

response in opposition to Defendant's Motion to Compel Discovery ("Motion"), Plaintiff states:

**I.      INTRODUCTION**

Plaintiff Scott Gustafson ("Plaintiff") is 59 years old. He has been blind since he was 13

years old. Plaintiff requires reasonable accommodations to have full and equal access, use, and

enjoyment of Defendant The Bi-State Development Agency of the Missouri-Illinois

Metropolitan District D/B/A Metro, Metro Transit, Metrobus, Metrolink's ("Defendant") public

transportation services.  Plaintiff filed a lawsuit against Defendant containing two (2) counts

relating to, among other things, discrimination in a place of public accommodation and unlawful

discriminatory practices in violation of the Missouri Human Rights Act ("MHRA").

Defendant has filed its motion to compel to seek information from Plaintiff unrestricted

by scope and without limitation as to time. Defendant's overbroad discovery requests seek

Plaintiff's litigation history (even those unrelated to the issues put forth in the pleadings) and

1

communications with disability advocacy groups (even those not restricted to the subject matters at issue in the pleadings) over the course of his entire life. Any relevant information sought by Defendants may be obtained through less burdensome, less costly and less intrusive means (including limiting the time period and scope of Defendant's requests, which counsel for Plaintiff offered and counsel for Defendant rejected during the parties' meet and confer on April 20, 2018). For the following reasons, Defendant's Motion should be denied.

## II.    LEGAL STANDARD

Our Missouri Supreme Court has reminded Missouri's litigators again that, "[t]he discovery process was not designed to be a scorched earth battlefield upon which the rights of the litigants and the efficiency of the justice system should be sacrificed to mindless overzealous representation of plaintiffs and defendants." *See State ex rel. BNSF Ry. Co. v. Neill,* 356 S.W.3d 169, 178 (Mo. 2011) (emphasis added).

> ""Parties involved in litigation have the right to perform discovery. Parties may freely conduct their discovery, as long as both parties follow the rules of discovery, as explicitly enacted by the Missouri Supreme Court." *State ex rel. Norman v. Dalton,* 872 S.W.2d 888, 890 (Mo.App.1994) (citing *State ex rel. Woytus v. Ryan,* 776 S.W.2d 389, 392 (Mo. banc 1989)). When the parties dispute the legal parameters of the discovery rules, it is within the circuit court's discretion to rule on such a dispute. *Id.* The circuit court's discretion, however, is limited by the parameters of the rules. *Id.*"

*State ex rel. Collins v. Roldan,* 289 S.W.3d 780, 785 (Mo. App., 2009). And **"discovery lacking appropriate** geographic, **temporal, or subject matter limitation is overbroad."** *Concerned Citizens for Crystal City v. City of Crystal City,* 334 S.W.3d 519, 523-524 (Mo. App. E.D. 2010) (citing *State ex rel. General Motors Acceptance Corp. v. Standridge,* 181 S.W.3d 76, 78 (Mo. banc 2006). Accordingly, in this matter where Defendant's arguments seem devoted to the methods by which Defendant would like to conduct discovery, as opposed to strict adherence to the rules of discovery, Plaintiff's arguments are centered on the actual rules of Civil Procedure.

## III.   ARGUMENT

Contrary to Defendants' sweeping discovery tactics, the purpose of the discovery process is to give parties access to relevant, non-privileged information while reducing expense and burden as much as is feasible. *Ford Motor Company v. Messina,* 71 S.W.3d 602, 606 (Mo. banc 2002). "Discovery should be conducted on a "level playing field," without affording either side a tactical advantage." *Messina,* 71 S.W.3d at 606 (citation omitted). "The provisions of discovery were neither designed nor intended for "untrammeled use of a factual dragnet or fishing expedition." *Misischia v. St. John's Mercy Medical Center,* 30 S.W.3d 848, 864 (Mo.App.2000). It is the affirmative duty and obligation of the trial court to prevent the subversion of pre-trial discovery into a "war of paper" for any reason or purpose. *Misischia,* 30 S.W.3d at 864. "The trial court abuses discretion if its order is clearly against the logic of the circumstances, is arbitrary and unreasonable, and indicates a lack of careful consideration." *State ex rel. Kawasaki Motors Corp. v. Ryan,* 777 S.W.2d 247, 253 (Mo.App.1989).

   **A.    Interrogatory no. 11 and request no. 9 are overly broad on their face and should be narrowed to similar claims alleging disability discrimination in a place of public accommodation within a reasonable temporal period, not over the course of his entire life and without restriction as to the subject matter at issue in the pleadings.**

In interrogatory no. 11 and request no. 9, Defendant proposes that it be allowed to discover and that Plaintiff produce his litigation history over the course of 59 years regardless of whether it is related to the claims that form the basis of this litigation:

> 11. State whether Plaintiff has ever commenced or been a party to any suit, claim, charge, complaint or action in any Court or before any Administrative Agency. If the answer is in the affirmative, identify the Court or Agency, the date such action was filed, the docket or case number, the outcome of such action and identify any correspondence, findings of fact, determination letters, documents or decisions relating to any such suit, claim or action.

3

**ANSWER: Objection. Plaintiff objects to this interrogatory to the extent it seeks discovery of information that is harassing, oppressive, wholly irrelevant, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Further, this interrogatory is overbroad in time, scope, and not limited to similar actions.**

9. Any other charges, claims or petitions, including amendments thereto, filed by or against Plaintiff with any city, state or federal agency or court, not previously identified, together with all documents reflecting the processing or final disposition thereof.

**RESPONSE: Objection. Plaintiff objects to this request to the extent that it seeks documents which are outside the scope of the pleadings, not limited in time or scope, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, it is neither temporally reasonable nor proportional to the needs of this case.**

Defendant's interrogatory no. 11 and request no. 9 are facially overbroad and unduly burdensome. Defendant is not permitted a fishing expedition in discovery. *See Ariel Preferred Retail Group, LLC v. CW Capital Asset Mgmt.*, 2012 WL 1620506, at *3 (E.D. Mo. May 9, 2012) (denying motion to compel as a "fishing expedition" and stating that "[m]ere speculation that information might be useful will not suffice"); *Christian v. Frank Bommarito Oldsmobile, Inc.*, 2009 WL 1657423, at *2 (E.D. Mo. June 10, 2009) (denying motion to compel, finding that plaintiff had not shown need and relevance). Even if relevant, however, "discovery is not permitted where there is no need shown or compliance would be unduly burdensome, or where harm to the person from whom the discovery is sought outweighs the need of the person seeking the information."

Defendant has presented no grounds or cited any case upon which it, in good faith, can argue that Plaintiff's divorce or small claims action twenty years ago, ten years ago, five years ago, or yesterday can somehow morph into relevant information that is reasonably calculated to lead to the discoverability of admissible evidence. Rather, on little more than speculation Defendant claims "prior lawsuits…**may contain** allegations of misconduct identical or similar to

4

those alleged in Plaintiff's First Amended Petition…" "Additionally, **if Plaintiff was involved**…he **may have made** relevant statements in the prior lawsuits/proceedings that **may be useful** in the present lawsuit." *See Defendant's Motion*, pp. 3-4 (emphasis added).

In this case, Plaintiff succinctly objected to the overbroad nature and lack of limitation as to time and scope of Defendant's requests. During the April 20, 2018 meet and confer, counsel for Plaintiff suggested a compromise of limiting Defendant's requests to a ten (10) year period and similar claims (disability discrimination in a place of public accommodation) as alleged in the pleadings. Despite the good faith efforts of counsel for Plaintiff to persuade counsel for Defendant to narrowly tailor their request to the issues set forth in the pleadings and limit the time period, Defendant has refused. There is no basis for Defendant's refusal to limit their queries to similar complaints, charges and litigation as set forth in the pleadings and within a reasonable period of time. If Defendant were to agree to Plaintiff's proposal, not only would Defendants have responsive information germane to this litigation, they could also obtain additional information regarding the same when they depose Plaintiff.

There is no need for Defendants to force Plaintiff to incur substantial cost and time to respond to Defendant's overbroad and unduly burdensome discovery requests not germane to this case based on mere speculation. As such, the Court should order deny Defendants' motion to compel as to interrogatory no. 11 and request no. 9.

    **B.**    **Request no. 20 is both irrelevant overly broad on its face and should be narrowed to correspondence and communications between Plaintiff and disability advocacy groups related to the subject matter at issue in the pleadings and within a reasonable temporal period, not over the course of his entire life and without restriction as to the subject matter at issue in the pleadings.**

In request no. 20, Defendant wants to force Plaintiff to review a lifetime of correspondence to disability advocacy groups, regardless of whether it is related to the claims that form the basis of this litigation and without limitation as to time:

> 20. The correspondence and communications between Plaintiff and any disability advocacy group.
>
> **RESPONSE: Objection. This request is overly broad, vague and ambiguous, and not temporally limited. The request is also not reasonably limited in time or scope and is irrelevant to any issues in this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.**

Defendant is engaged in a deep sea fishing expedition. Plaintiff's objections that the request is overly broad, vague and ambiguous, and not temporally limited, are well taken. Indeed, it is difficult to imagine a more "scorched earth" request than one asking for a lifetime of "correspondence and communications" between Plaintiff and *any* disability advocacy group. Defendant argues that Plaintiff's communications and correspondence "could" contain affirmations that Defendant's transportation system complies with state law. Is there any end to a response to a request like this? Without limitation to the legal issues that form the basis of this case or as to time, Defendant's position is untenable. To comply with this request, Plaintiff would have to produce communications and correspondence with Plaintiff's service animal provider or even donations to organizations that support the efforts of individuals with disabilities for the past 59 years. Accordingly, Defendant's motion to compel as to request no. 20 should be denied. Defendant does not need these communications or correspondence because the basis for asking is irrelevant.

## IV.   CONCLUSION

Accordingly, as set forth in the arguments above, Defendants' Motion to Compel seeks discovery of information outside the pleadings and without limitation as to time. Defendants are

not entitled to a lifetime of information and documents that relates in some way to Plaintiff.

Therefore, Plaintiff respectfully asks the Court to deny Defendants' Motion to Compel.

Respectfully Submitted,

/s/ Cyrus Dashtaki
Cyrus Dashtaki, #57606
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, MO 63109
Telephone: (314) 932-7671
Facsimile: (314) 932-7672
Email: cyrus@dashtaki.com

John C. Burns, #66462
5042 Lenox Avenue
St. Louis, MO 63119
Telephone:  (314) 974-2072
Email: john@burns-firm.com

*Attorneys for Plaintiff Scott Gustafson*

## CERTIFICATE OF SERVICE

The undersigned herby states that on July 12, 2018 a true and correct copy of the foregoing was filed electronically with the Court's electronic filing system and was served upon all counsel of record.

/s/ Cyrus Dashtaki

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

SCOTT GUSTAFSON,                              )
                                             )
    Plaintiff,                           )
                                             )
v.                                           )       Case No. 1522-CC11361
                                             )
THE BI-STATE DEVELOPMENT AGENCY              )       Division 20
OF THE MISSOURI – ILLINOIS                   )
METROPOLITAN DISTRICT d/b/a METRO,           )
METRO TRANSIT, METROBUS,                     )
METROLINK,                                   )
                                             )
    Defendant.                           )

## PLAINTIFF'S RESPONSE IN OPPOSITION TO
## DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant argues that because it is not a "person" as defined in § 213.010, RSMo[1] that it cannot be a defendant under § 213.065, RSMo citing to the recent Western District Appellate case *State ex rel. Blue Springs Sch. Dist. v. Grate*, 2018 WL 2012127 (Mo. App. W.D. May 1, 2018) (*appeal docketed*, Cause No. SC97219, June 13, 2018) ("*Blue Springs*"), which is of limited persuasive value in the Eastern District.  Defendant also argues (again) that the Missouri Human Rights Act ("MHRA") does not apply to Bi-State – this, despite this Court's consistent and repeated finding that it does.

To begin with, Defendant is a "person" for the purposes of § 213.010(14) because it is a corporation, association, organization, public trustee and fiduciary, and organized group of persons. However, whether or not Plaintiff is a "person" for the purposes of § 213.010 is irrelevant because the Western District's "*Blue Springs*" **does not address** the explicit provisions of §§ 213.070 and 209.150.  The "*Blue Springs*" Court also did not explain why a "person" may

---

[1] All references are to the 2000 Revised Statutes of Missouri, unless otherwise noted.

be a defendant, while a "place of public accommodation" may not, despite the latter being clearly contemplated as a class of defendant in §§ 213.010(15)(e) and § 213.065.

Moreover, this Court is not bound by the *Blue Springs* case due to regional limitations on jurisdiction of the Court of Appeals for the Western District. *See* § 477.070, RSMo. Accordingly, the *Blue Springs* decision on a writ proceeding is of limited persuasive value in the Eastern District. *Doe v. Roman Catholic Diocese of St. Louis ("Doe I")*, 311 S.W.3d 818, 823 (Mo. App. E.D. 2010) ("Though meriting our respect, decisions of the federal district court and intermediate appellate courts and decisions of other state courts are not binding on us."). Upon this distinction, Circuit Courts in the Eastern District are permitted to disagree with the holdings of the Western District, which are treated as persuasive authority. *See D.T. v. Catholic Diocese of Kan. City-St. Joseph*, 419 S.W.3d 143 (Mo. App., 2014) ("we are not inclined to disagree with our sister court from the Eastern District"); *White v. White*, 154 S.W. 872, 169 Mo. App. 40 (Mo. App., 1913) ("We cannot give our assent to the doctrine thus broadly stated by our sister court.")

Because Defendant may be sued (and because Plaintiff did, in fact, do so) under the MHRA, § 213.010, et seq., pursuant to §§ 209.150 *and* 213.070, and because Defendant may be sued as a place of public accommodation pursuant to §§ 213.010 *and* 213.065 (and because Plaintiff did, in fact, do so), this Court should deny Defendant's Motion for Judgment on the Pleadings.

## THE MISSOURI HUMAN RIGHTS ACT

Section 213.065 of the MHRA was enacted to provide "[a]ll persons within the jurisdiction of the state of Missouri  the full and equal use and enjoyment within this state of any place of public accommodation." *Missouri Commission on Human Rights v. Red Dragon Restaurant*, 991 S.W.2d 161 (Mo. App. W.D. 1999). This mandate that all persons be treated

equally in public accommodations was enacted "in the interest of public welfare." *Hagan v. Director of Revenue*, 968 S.W.2d 704, 706 (Mo. banc 1998); *see also State ex rel. Ford v. Wenskay*, 824 S.W.2d 99, 100 (Mo.App.1992) (quoting *City of St. Louis v. Carpenter*, 341 S.W.2d 786, 788 (Mo.1961)). "A remedial statute is one 'enacted for the protection of life and property, or which introduce[s] some new regulation conducive to the public good.'" *Doe ex rel. Subia v. Kansas City, Missouri School Dist.*, 372 S.W.3d 43, 47-48 (2012); *See State ex rel. Washington Univ. v. Richardson*, 396 S.W.3d 387, 396 (Mo. App. E.D. 2013) (citing *Ford*, 824 S.W.2d at 100. "Therefore, because § 213.065 is a remedial statute, we should interpret it "liberally to include those cases which are within the spirit of the law and all reasonable doubts should be construed in favor of applicability to the case." *Subia* at 47 (citations omitted).

**I.     Defendant May Be Sued Either as a "Person" and/or a "Place[] of Public Accommodation" pursuant to §§ 213.010 and 213.065.**

Section 213.065 guarantees all persons within the State of Missouri free and equal use of public accommodations, which includes any public privilege or benefit paid for in whole or in part with the public funds of Missourian. As a visually impaired man, Plaintiff is unquestionably a disabled person pursuant to 213.010, and Defendant is unquestionably a place of public accommodation per § 213.010(15)(e), but Defendant is also a person per § 213.010(14). And Plaintiff has properly pled Bi-State as a defendant under the MHRA. Because of this, Defendant's motion must fail.

**A.     *Defendant May be Sued as a "Person" Pursuant to § 213.065.***

Defendant is a "person" under the MHRA. The MHRA defines "person" in § 213.010(14):

> **"Person"** includes one or more individuals, corporations, partnerships, associations, organizations, labor organizations, legal representatives, mutual

companies, joint stock companies, trusts, trustees, trustees in bankruptcy, receivers, fiduciaries, or other organized groups of persons;

Defendant Bi-State is a public transportation system, which consists of one or more individuals, is a corporate entity, acts as a fiduciary and steward of public funds, acts as a trustee of a public good, and otherwise exists as an organized group of persons.[2] Moreover Defendant Bi-State is a "body corporate and politic." *See* § 70.370, RSMo. For this reason, it is a "person" under the MHRA and may be sued pursuant to § 213.065, RSMo.

> **B.** *Defendant May be Sued Pursuant to § 213.065 as a "Place of Public Accommodation."*

Section 213.065, RSMo prohibits discrimination in places of public accommodation. Defendant's bus stops, transfer stations, buses, trains and website are clearly places of public accommodation pursuant under the § 213.010, RSMo, which states in pertinent part:

> (15) "Places of public accommodation," all places or businesses offering or holding out to the general public, goods, services, privileges, facilities, advantages or accommodations for the peace, comfort, health, welfare and safety of the general public or such public places providing food, shelter, recreation and amusement, including but not limited to:
>
> (e) **Any public facility owned, operated, or managed by** or on behalf of this **state or any agency <u>or subdivision thereof</u>, or *any public corporation*; and *any such facility supported in whole or in part by public funds***;"(emphasis added).

Public accommodations defined as they are, it is incomprehensible that a public supported facility, having been prohibited from unlawfully discriminating against a disabled person under § 213.065 could nonetheless be immunized from suits brought pursuant to § 213.065. It is a canon of construction that law must not be read to reach an absurd interpretation.

---

[2] As of March 13, 2017, Defendant employed more than **3,700 persons**. Bi-State 2018 budget at page 6.  https://www.bistatedev.org/wp-content/uploads/2015/07/FY-2018-FY-2020-Budget-Book.pdf

Defendants have failed to demonstrate how such a bizarre interpretation of § 213.065 could possibly be reasonably made, let alone made in good faith.

Moreover, if Defendant is not a person for the purposes of § 213.010, then neither is this Court. By operation of logic, Defendant is suggesting that neither it, nor this Court, is subject to the Missouri Human Rights Act and can discriminate against minorities, women, the disabled, and other protected classes, in places of public accommodation (such as the Court), with impunity. This assertion is incredible, and absurd on its face. Accordingly, Defendant's motion fails as a matter of law.

**C.**     ***Defendant May Be Sued Pursuant to § 209.150, RSMo.***

Because the Pleadings must be accepted as they are, it is unquestioned that as a man deprived of sight, Plaintiff is a *disabled* person under the MHRA (*see* § 213.010). By operation of its incorporation into the MHRA, Plaintiff is protected under § 209.150, which categorically forbids discrimination against *blind* persons on places of public transportation – of any kind and expressly references the MHRA:

> **209.150. Rights of persons with visual, hearing or physical disabilities — guide, hearing or service dogs, no extra charge for — liability for actual damages. —** 1. Every person with a visual, aural or other disability including diabetes, as defined in section 213.010, shall have the same rights afforded to a person with no such disability to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places.

The "*Blue Springs*" court did not interpret § 209.150 as applied to the MHRA. Section 209.150, RSMo plainly states that individuals with visual disabilities are entitled to full and equal accommodations, advantages, facilities, and privileges of all common carriers motor buses, trains, and public conveyances or modes of transportation. *See* § 209.150.2, RSMo, and Defendant is engaged in public transportation. Accordingly, Defendant's motion must fail.

**II.     Defendant May Be Sued Pursuant to § 213.070, RSMo.**

The MHRA, at § 213.070(3) provides an additional basis for suit against Defendant, as it

forbids discrimination by the State of Missouri and political subdivisions of the State of Missouri

from discriminating against persons on the basis of their disability:

> **213.070.   Additional unlawful discriminatory practices.** — It shall be an
> unlawful discriminatory practice:
>
> (3)  For the state or any political subdivision of this state to discriminate on the
> basis of race, color, religion, national origin, sex, ancestry, age, as it relates to
> employment, disability, or familial status as it relates to housing; or
>
> …

Tellingly, Defendant cites no case law in support of its Motion that Plaintiff's claim fails under §

213.070, RSMo. "The absence of citation of authority indicates that there is none." *State ex rel.*

*State Highway Comm'n v. Zahn*, 633 S.W.2d 185, 188 (Mo. App. W.D. 1982). As a result, given

that Plaintiff clearly sued Defendant as a political subdivision, Defendant is left with no

argument to defeat Plaintiff's right to proceed towards trial, and its motion must fail. *See*

Plaintiff's First Amended Petition, ¶¶ 4, 44.

WHEREFORE, Plaintiff prays the Court deny Defendant's Motion for Judgment on the

Pleadings, and for all such further relief the Court deems just and proper.

Respectfully Submitted,

/s/ Cyrus Dashtaki
Cyrus Dashtaki, #57606
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, MO 63109
Telephone:  (314) 932-7671
Facsimile:  (314) 932-7672
Email:  cyrus@dashtaki.com

John C. Burns, #66462
5042 Lenox Avenue
St. Louis, MO 63119
Telephone:  (314) 974-2072
Email: john@burns-firm.com

*Attorneys for Plaintiff Scott Gustafson*

## CERTIFICATE OF SERVICE

The undersigned herby states that on July 12, 2018 a true and correct copy of the foregoing was filed electronically with the Court's electronic filing system and was served upon all counsel of record.

/s/ Cyrus Dashtaki

# 57

**07/13/2018**

# MISSOURI CIRCUIT COURT
# TWENTY-SECOND JUDICIAL CIRCUIT
### (CITY OF ST. LOUIS)

Gustafson

VS

22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY

The Bi-State Development Agency

CASE NO. 1522-CC11361   DIVISION 20          July 13 2018

## ORDER/JUDGMENT/MEMORANDUM

PARTIES APPEAR By counsel. Defendants Motion to compel Discovery and MOTION FOR Judgment on the Pleadings is called, argued and heard by the Court Court hereby Rules as Follows As to Motion to Compel:

Court overrules in part and sustains in part Defendant's Interrogatory No. 11 & Request No. 9 — limited to claims of DISABILITY DISCRIMINATION IN PLACES OF PUBLIC ACCOMMODATION OR BY STATE and over the past 15 years.

As to Request No. 20 limited to 10 years and public accommodation discrimination based on disability OR Bi-STATE.

Court hereby rules as Follows As to MOTION FOR Judgment on pleadings: Court DENIES defendants motion and grants Plaintiff leave to amend his petition. Defendant may refile its MOTION AFTER PLAINTIFF FILES HIS AMENDED PETITION.

PLAINTIFF GRANTED 30 days to FILE his AMENDED petition

So Ordered: Judge Dowd          #57606
                                         Atty for π
                                                  #53930

FORM 14 (Rev 11/02)

# 58

**07/25/2018**

THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

SCOTT GUSTAFSON,                        )
                                        )
        Plaintiff                       )        1522-CC11361
                                        )
v.                                      )        Division: 20
                                        )
THE BI-STATE DEVELOPMENT AGENCY         )
OF THE MISSOURI-ILLINOIS                )
METROPOLITAN DISTRICT d/b/a METRO,      )
METRO TRANSIT, METROBUS,                )
METROLINK                               )

## NOTICE TO TAKE DEPOSITION

TO:                     Cyrus Dashtaki
                        Dashtaki Law Firm
                        5205 Hampton Avenue
                        St. Louis, MO 63109
                        cyrus@dashtaki.com

                        John C. Burns
                        The Burns Law Firm, LLC
                        1717 Park Avenue
                        St. Louis, MO 63104
                        John@burns-law-firm.com

DATE AND HOUR:          August 16, 2018 at 9:00 a.m.

PLACE OF DEPOSITION:    Dashtaki Law Firm, LLC
                        5205 Hampton Avenue
                        St. Louis, Missouri 63109

DEPONENT:               Plaintiff Scott Gustafson

        PLEASE TAKE NOTICE that beginning at 9:00 a.m. on August 16, 2018, at the

Dashtaki Law Firm, LLC, 5205 Hampton Avenue, St. Louis, Missouri 63109, Defendant will

take the deposition of Plaintiff, Scott Gustafson, upon oral examination pursuant to Rule 57.03 of

the Missouri Rules of Civil Procedure.  The deposition shall be recorded by certified shorthand

reporter and shall be recorded by video recording.  The deposition shall continue from day to day until completed.

## DOCUMENTS REQUESTED

1.      Per the Court's Order dated July 13, 2018, documents responsive to Defendant's Request for Production of Documents Nos. 9 and 20.

**McMAHON BERGER, P.C.**

/s/ Brian C. Hey
James N. Foster Jr., ARN 28231 MO
Brian C. Hey ARN 53930 MO
Rex P. Fennessey, ARN 58925 MO
2730 North Ballas Road, Suite 200
St. Louis, Missouri  63131
(314) 567-7350 – (Telephone)
(314) 567-5968 – (Facsimile)
foster@mcmahonberger.com
hey@mcmahonberger.com
fennessey@mcmahonberger.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of July, 2018, a true copy of the foregoing was served via the Court's electronic filing system and first class mail, postage prepaid, addressed as follows:

Cyrus Dashtaki
Dashtaki Law Firm
5205 Hampton Avenue
St. Louis, MO 63109
cyrus@dashtaki.com

John C. Burns
The Burns Law Firm, LLC
1717 Park Avenue
St. Louis, MO 63104
John@burns-law-firm.com

Attorneys for Plaintiff

/s/ Brian C. Hey

240186

# 59

**08/08/2018**

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

SCOTT GUSTAFSON,.                              )
                                              )
    Plaintiff,                            )
                                              )
vs.                                           )       Case No.  1522-CC11361
                                              )
THE BI-STATE DEVELOPMENT AGENCY               )       Division 20
OF MISSOURI – ILLINOIS METROPOLITAN           )
DISTRICT d/b/a METRO, METRO TRANSIT,          )
METROBUS, METROLINK,                          )
                                              )
    Defendant.                            )

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this 8th day of August 2018, original

copies of the following documents were sent via U.S. Mail to counsel for Defendant The Bi-

State Development Agency of Missouri – Illinois Metropolitan District, James N. Foster, Esq.,

Brian C. Hey, Esq., and Rex P. Fennessey, Esq. 2730 North Ballas Road, Suite 200, St. Louis,

Missouri 63131:

    1.    Plaintiff's Second Supplemental Answers and Objections to Defendant's First Set
    of    Interrogatories Directed to Plaintiff;
    2.    Plaintiff's First Supplemental Responses and Objections to Defendant's First
          Request for Production of Documents Directed to Plaintiff;
    3.    Plaintiff's Bates (0081-0096 and audio files); and
    4.    Certificate of Service.

1

Electronically Filed - City of St. Louis - August 08, 2018 - 12:55 PM

Respectfully submitted,

/s/ Cyrus Dashtaki
Cyrus Dashtaki, #57606
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, MO 63109
Telephone:     (314) 932-7671
Facsimile:      (314) 932-7672
Email:            cyrus@dashtaki.com

John C. Burns, #66462
5042 Lenox Avenue
St. Louis, MO 63119
Telephone: (314) 974-2072
Email: john@burns-firm.com

*Attorneys for Plaintiff Scott Gustafson*

## CERTIFICATE OF SERVICE

The undersigned states that on August 8, 2018, a true and correct copy of the foregoing was filed electronically with the Court's filing system, and was served upon all counsel of record.

/s/ Cyrus Dashtaki

2

IN THE CIRCUIT COURT FOR THE CITY OF SAINT LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| SCOTT GUSTAFSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1522-CC11361 |
| | ) | |
| THE BI-STATE DEVELOPMENT AGENCY | ) | Division 1 |
| OF THE MISSOURI – ILLINOIS | ) | |
| METROPOLITAN DISTRICT d/b/a METRO, | ) | |
| METRO TRANSIT, METROBUS, | ) | |
| METROLINK, | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

### SECOND AMENDED PETITION

COMES NOW Plaintiff Scott Gustafson, by and through his undersigned counsel, and for his Second Amended Petition for Damages ("Petition") against Defendant The Bi-State Development Agency of the Missouri-Illinois Metropolitan District d/b/a Metro, Metro Transit, MetroBus, and MetroLink, and states:

### Parties

1.     Plaintiff Scott Gustafson (hereinafter referred to as "Gustafson" or "Plaintiff"), brings this action under the Missouri Human Rights Act, § 213.010 et seq., RSMo (2000)[1], as amended ("MHRA").

2.     Plaintiff is, and at all relevant times has been, a resident of the City of St. Louis, Missouri.

---

[1]  All references are to the 2000 Revised Statutes of Missouri, unless otherwise noted.

3.     Plaintiff is blind and relies on his guide dog, Jersey.  Plaintiff's visual disability is a disability that substantially limits a major life activity—sight, and he is a member of a protected class under the MHRA.

4.     Defendant The Bi-State Development Agency of the Missouri-Illinois Metropolitan District d/b/a Metro, Metro Transit, MetroBus, MetroLink (hereinafter referred to as "Metro" or "Defendant") is a corporation and political subdivision of the State of Missouri that is duly organized, established, and existing under and by virtue of the State of Missouri , with its principal place of business located at 707 North First Street, St. Louis, MO, 63102, and operates public transit services (bus and light rail) in the City of St. Louis.

5.     Defendant is responsible for the actions, policies, practices, and customs of Metro Transit, MetroBus and MetroLink, as well as its website, www.metrostlouis.org.

## Jurisdiction and Venue

6.     Defendant's unlawful discriminatory practices complained of herein occurred in the City of St. Louis, Missouri; therefore jurisdiction and venue are proper in this Court.  This Court has jurisdiction over the subject matter of this action pursuant to §213.111.1, RSMo, as the acts, occurrences, and events alleged in this action took place, in whole or in part, in the City of St. Louis, Missouri.

## Jurisdictional Prerequisites

7.     On or about April 3, 2014, Plaintiff filed a Charge of Discrimination ("COD") with the Missouri Commission on Human Rights, ("MCHR"), detailing the allegations included herein.  A true and correct copy of Plaintiff's COD is attached hereto and incorporated by reference as *Exhibit A*.  On or about November 14, 2014, Plaintiff filed an amendment to his

2

COD ("Amended COD").   A true and correct copy of Plaintiff's Amended COD is attached hereto and incorporated by reference as *Exhibit B*.

8.      Defendant was named in Plaintiff's COD and Amended COD, and its respective unlawful acts were described therein. *See Exhibits A and B*.

9.      On or about November 30, 2015, the MCHR issued Plaintiff a Notice of Right to Sue.   Accordingly, Plaintiff has fully complied with all jurisdictional prerequisites under the MHRA to bring this action.   A true and correct copy of Plaintiff's Notice of Right to Sue is attached hereto and incorporated by reference as *Exhibit C*.

### Factual Allegations

10.      Plaintiff is blind of visual sight.   Plaintiff relies on public transportation to navigate when he travels, accompanied by his guide dog, Jersey.   Plaintiff also requires the aid of audio formats that allow Plaintiff to decipher text formatted information.

11.      Defendant provides and is responsible for providing public transit services for residents and visitors to the City of St. Louis, including MetroBus and MetroLink.   Defendant was at all times relevant herein acting by and through its divisions, agents, servants, and employees, all of whom were acting within the scope and course of their employment and with full knowledge, direction, and control of Defendant.

12.      As a resident of Defendant City of St. Louis, Missouri, Plaintiff was a customer of Defendant.

13.      On many occasions over the last past fifteen (15) years, Defendant, through its agents, has refused to stop and transport Plaintiff and his guide dog, Jersey.   Each of these times, Defendant, through its agents, has driven past Plaintiff and his guide dog as they waited at the

bus stop.   The incidents alleged in this Petition are a few examples of the discrimination regularly experienced by Plaintiff from Defendant on the following dates and locations:

     (a)    December 26, 2013 – Wabash & Lansdowne;

     (b)    June 13, 2014 – St. Louis Zoo; and

     (c)    August 5, 2014 – Watson Road & Lindenwood.

14.    Defendant does not identify the location of its bus stops for individuals with visual disabilities. As a result, Plaintiff is not independently able to locate the bus stop for general information, wayfinding and safety.

15.    Defendant utilizes fare boxes that are inaudible and require precise placement of paper bills and coins.  Upon information and belief, Defendant's bus drivers are not allowed to assist passengers with disabilities like Plaintiff with fare deposits.  As a result, Plaintiff has been subjected to ridicule by bus drivers and passengers because of the delays caused by his visual disability.

16.    At Defendant's MetroLink stations, Defendant does not identify the location of its ticket sales equipment.  As a result, there is no way for Plaintiff to independently locate the ticket sales equipment for general information, wayfinding and safety.

17.    MetroLink stations do not offer assistance to individuals with disabilities. Defendant has substituted its code-enforced ticket vending machines with machines that require precise placement of paper bills and coins, and the output speech on the ticket vending machines is often inaudible.  Thus, Plaintiff and other individuals with visual disabilities cannot independently purchase tickets and validate tickets and passes, and are often left without assistance or have to rely on other customers to assist them in procuring a ticket and determine whether the ticket has been validated.

4

18.     Defendant's website is not accessible.  It does not use assistive technology, which would allow Plaintiff and other individuals with visual disabilities to fully access Defendant's website.  For example, Plaintiff is unable to independently access key information, such as route information, schedules, locations of bus stops, and related information.

19.     On MetroBus, the following identifying announcements are inconsistently made, are not amplified, and/or are difficult to understand:

    (a)     Route identifications;

    (b)     Transfer points with other fixed routes;

    (c)     Other major intersections and destination points;

    (d)     Intervals along a route sufficient to permit individuals who have visual disabilities to be oriented to their location; and

    (e)     Any requested stop are inconsistently made, are not amplified, and/or are difficult to understand.

20.     On MetroLink, the following identifying announcements are inconsistently made, are not amplified, and/or are difficult to understand:

    (a)     Route identifications; and

    (b)     Transfer points with other fixed routes.

21.     There is pertinent information printed on tickets that riders with visual disabilities cannot independently confirm, including the expiration date of the ticket as well as validation.

<div align="center">

**COUNT I**
**MHRA (§ 213.065, RSMo)**
**Public Accommodation Discrimination**

</div>

22.     Plaintiff restates and incorporates by reference, as if fully set forth herein, all preceding paragraphs of this Petition.

<div align="center">5</div>

23.     Disability is a protected class under the MHRA.

24.     Plaintiff, as an individual with a visual disability, is protected by Chapter 213, RSMo.

25.     Defendant, as a "body corporate" a/k/a corporation, is a "person" as defined under § 213.010(14), RSMo.

26.     Section 213.010, RSMo of the MHRA, provides in pertinent part:

> (15) "Places of public accommodation", all places or businesses **offering or holding out to the general public**, goods, **services, privileges, facilities, advantages or accommodations** for the peace, comfort, health, welfare and safety of **the general public**...

> (emphasis added).

27.      Section 209.150, RSMo provides in pertinent part:

> 1. **Every person with a visual**, aural or other **disability** including diabetes, <u>**as defined in section 213.010**</u>, **shall have the same rights afforded to a person with no such disability to the full and free use** of the streets, highways, sidewalks, walkways, public buildings, **public facilities, and other public places**.

> 2. **Every person with a visual**, aural or other **disability** including diabetes, <u>**as defined in section 213.010**</u>, **is entitled to full and equal accommodations, advantages, facilities, and privileges of all common carriers**, airplanes, motor vehicles, **railroad trains, motor buses**, taxis, streetcars, boats **or any other public conveyances or modes of transportation**, hotels, lodging places, **places of public accommodation**, amusement or resort, **and other places to which the general public is invited**...

> (emphasis added).

28.     As a provider of public transportation services (motor buses and railroad trains and website) to the general public, Defendant is a place of public accommodation within the meaning of the MHRA.

6

29.     Defendant has denied Plaintiff the full and equal use and enjoyment of its specified public transportation services and facilities.

30.     Defendant has failed to make reasonable modifications in its policies, practices, or procedures that are necessary to afford its public transportation services and facilities to individuals with a visual disability like Plaintiff, including but not limited to the following:

    (a)     Failing or refusing to take appropriate steps to ensure that communication with individuals who have a visual disability is as effective as communication with others;

    (b)     Failing or refusing provide appropriate auxiliary aids and services to individuals with a visual disability;

    (c)     Failing or refusing to give primary consideration to the type of auxiliary aids requested by individuals who have visual disability; and

    (d)     Failing or refusing ensure that individuals who have a visual disability can obtain information as to the existence and location of its accessible services, activities, and facilities.

31.     As a result of Defendant's discriminatory actions, Plaintiff has been refused, denied, or withheld public transportation services on numerous occasions over the past fifteen (15) years.

32.     Defendant's conduct and actions have violated and are continuing to violate the MHRA, §213.065, which states in pertinent part:

    1. **All persons** within the jurisdiction of the state of Missouri **are free and equal and shall be entitled to the full and equal use and enjoyment** within this state **of any place of public accommodation**, as hereinafter defined, without discrimination or

7

segregation on the grounds of race, color, religion, national origin, sex, ancestry, or disability.

2. It is an **unlawful discriminatory practice** for any person, **directly or indirectly, to refuse, withhold from or deny** any other person, or to attempt to refuse, withhold from or deny any other person, **any of the accommodations, advantages, facilities, services, or privileges made available in any place of public accommodation**, as **defined in section 213.010** and this section, or to segregate or discriminate against any such person in the use thereof on the grounds of race, color, religion, national origin, sex, ancestry, or disability.

(emphasis added).

33.    Defendant acts through its employees, contractors and agents. Accordingly, Defendant's employees, contractors and agent's discriminatory actions were expressly authorized or ratified by Defendant.

34.    Defendant has denied Plaintiff the full and equal enjoyment of the accommodations, advantages, facilities, services, or privileges made available in any place of Defendant's public transportation services in the City of St. Louis and Plaintiff's disability was a contributing factor in Defendant's actions.

35.    Plaintiff was entitled to equal access to use Defendant's public transportation services and facilities as a place of public accommodation, free from discrimination based on his disability, pursuant to §213.065, RSMo.

36.    Defendant discriminated against Plaintiff in the provision of services and its facilities based on Plaintiff's disability, in violation of §213.065, RSMo.

37.    Individuals who do not have a visual disability are allowed full and equal access to Defendant's public transportation services and facilities.

38.     Defendant's acts and omissions, referred to in the preceding paragraphs constitutes ongoing discrimination within the meaning of §213.065, RSMo.

39.     Plaintiff has been injured and aggrieved by, and will continue to be injured and aggrieved by, Defendant's discrimination.

40.     As a direct and proximate cause of Defendant's discriminatory practices, actions, and failures to act as described herein, Plaintiff has sustained and continues to sustain damages, including but not limited to damages from the inconvenience, humiliation, embarrassment, diminished enjoyment of life, economic loss, deprivation of his civil rights, and other injuries cause by Defendant's refusal or attempt to refuse to offer Plaintiff the full and equal use and enjoyment of their place of public accommodation.

41.     Defendant's discriminatory actions have been undertaken with malice or with reckless indifference to Plaintiff's rights, thus warranting an award of punitive damages that will punish and deter Defendant and others from like conduct.

42.     Plaintiff is entitled to recover reasonable attorneys' fees and costs from Defendants, as provided in §213.111.2, RSMo.

WHEREFORE, Plaintiff respectfully seeks a judgment after trial by jury, against Defendants and in his favor on Count I of this Petition and declare:

A.      That the policies and practices, as alleged herein, of Defendant, violates §213.065, RSMo;

B.      Find that Plaintiff has been subjected to unlawful discrimination in a place of public accommodation prohibited by §213.065, RSMo;

9

C.    Pursuant to §213.111.2, RSMo, grant Plaintiff a permanent injunction enjoining

Defendant, its officers, employees, agents, successors, and all other persons in

active concert or participation with it by permanent injunction from:

   (1)    Failing or refusing to take appropriate steps to ensure that communication

with individuals who have a visual disability is as effective as

communication with others who do not have a visual disability;

   (2)    Failing or refusing provide appropriate auxiliary aids and services to

individuals with a visual disability;

   (3)    Failing or refusing to give primary consideration to the type of auxiliary

aids requested by individuals who have visual disability;

   (4)    Failing or refusing ensure that individuals who have a visual disability can

obtain  information as to the existence and location of accessible services,

activities, and facilities; and

   (5)    Failing or refusing to design and/or construct its public accommodations

such that they are readily achievable to and usable by individuals with

visual disabilities as required by §213.065, RSMo.

D.    Pursuant to §213.111.2, RSMo, enter an order compelling Defendants to

implement a remediation action plan to ensure that its services and facilities will

fully comply with the accessibility mandates contained in the MHRA and in

compliance with this judgment, including the following:

   (1)    Taking appropriate steps to ensure that communication with individuals

who have a visual disability is as effective as communication with others;

(2)    Providing appropriate auxiliary aids and services to individuals with a visual disability;

(3)    Giving primary consideration to the type of auxiliary aids requested by individuals who have visual disability;

(4)    Ensuring that individuals who have a visual disability can obtain information as to the existence and location of accessible services, activities, and facilities; and

(5)    Designing and/or constructing any new public accommodations that are readily achievable to and usable by individuals with visual disabilities as required by §213.065, RSMo.

(6)    Installing signage and/or graphic wayfinding that would describe a particular public transportation stop.

(7)    Ordering Defendant to administer testing and driver training on an annual basis for five (5) years and implement a remediation action plan to ensure compliance with this judgment.

E.    Award Plaintiff such appropriate actual damages, in an amount to be determined at trial, including but not limited to an award of actual damages in an amount to be proved at trial, including but not limited to inconvenience, humiliation, embarrassment, diminished enjoyment of life, economic loss, and deprivation of his civil rights;

F.    Award Plaintiff such appropriate punitive damages, in an amount to be determined at trial, to punish and deter Defendant and others from like conduct because of Defendant's willful and intentional conduct and blatant disregard for

11

the MHRA as it relates to full and equal use and enjoyment of any place of public accommodation so that they and others may be deterred from violating the accessibility mandates of the MHRA;

G.    Award Plaintiff his reasonable costs and attorneys' fees as may be recoverable pursuant to §213.111.2, RSMo; and

H.    Granting Plaintiff such other and future affirmative relief as the interests of justice may require.

<div align="center">

**COUNT II**
**MHRA (§213.070(3), RSMo)**
**Unlawful Discriminatory Practice**

</div>

43.    Plaintiff restates and incorporates by reference, as if fully set forth herein, all prior allegations of this Petition.

44.    Defendant has engaged in unlawful discriminatory acts that are prohibited under the MHRA.

45.    Defendant is a political subdivision of the State of Missouri that is duly organized, established, and existing under and by virtue of the laws of the State of Missouri.

46.    Disability is a protected class under the MHRA.

47.    Defendant discriminated against Plaintiff based on his disability by directly or indirectly refusing, withholding, denying, or attempting to refuse, withhold or deny any of the accommodations, advantages, facilities, services, or privileges made available in any place of public accommodation, including but not limited to the following:

(a)    Failing or refusing to take appropriate steps to ensure that communication with individuals who have a visual disability is as effective as communication with others;

<div align="center">12</div>

(b) Failing or refusing provide appropriate auxiliary aids and services to individuals with a visual disability;

(c) Failing or refusing to give primary consideration to the type of auxiliary aids requested by individuals who have visual disability;

(d) Failing or refusing ensure that individuals who have a visual disability can obtain  information as to the existence and location of its accessible services, activities, and facilities; and

(e) Upon information and belief, failing to train and supervise employees and agents of Defendant to communicate effectively with individuals who have visual disabilities and train and supervise employees regarding the culture and behavior of individuals who have visual disabilities.

48.     Plaintiff's disability was a contributing factor in Defendant's decision to treat Plaintiff differently and less favorably than other members of the public who do not have a visual disability.

49.     Despite the provisions of the MHRA, Defendant persisted in imposing conditions and practices which discriminate against Plaintiff and other persons who are blind or have other visual disabilities by excluding or attempting to exclude Plaintiff from participation in, by denying or attempting to deny him the benefits of, and subjecting or attempting to subject him to discrimination in the benefits and services Defendant provides to the general public.

50.     Plaintiff has been injured and aggrieved by, and will continue to be injured and aggrieved by, Defendant's discrimination.

50.     As a direct and proximate cause of Defendant's discriminatory practices, actions, and failures to act as described herein, Plaintiff has sustained and continues to sustain damages,

including but not limited to damages from the inconvenience, humiliation, embarrassment, emotional pain, mental anguish, diminished enjoyment of life, economic loss, deprivation of his civil rights, and other injuries cause by Defendant's refusal to offer Plaintiff the full and equal use and enjoyment of public accommodations.

51.     Defendant's discriminatory actions have been undertaken with malice or with reckless indifference to Plaintiff's rights, thus warranting an award of punitive damages that will punish Defendant and deter Defendant and others from like conduct.

WHEREFORE, Plaintiff respectfully seeks a judgment after trial by jury, against Defendants and in his favor on Count II of this Petition and declare:

A.     That the policies and practices, as alleged herein, of Defendant, violates §213.065, RSMo;

B.     Find that Plaintiff has been subjected to unlawful discrimination in a place of public accommodation prohibited by §213.065, RSMo;

C.     Pursuant to §213.111.2, RSMo, grant Plaintiff a permanent injunction enjoining Defendant, its officers, employees, agents, successors, and all other persons in active concert or participation with it by permanent injunction from:

(1)     Failing or refusing to take appropriate steps to ensure that communication with individuals who have a visual disability is as effective as communication with others who do not have a visual disability;

(2)     Failing or refusing provide appropriate auxiliary aids and services to individuals with a visual disability;

(3)     Failing or refusing to give primary consideration to the type of auxiliary aids requested by individuals who have visual disability;

14

(4)    Failing or refusing ensure that individuals who have a visual disability can obtain  information as to the existence and location of accessible services, activities, and facilities; and

(5)    Failing or refusing to design and/or construct its public accommodations such that they are readily achievable to and usable by individuals with visual disabilities as required by §213.065, RSMo.

D.    Pursuant to §213.111.2, RSMo, enter an order compelling Defendants to implement a remediation action plan to ensure that its services and facilities will fully comply with the accessibility mandates contained in the MHRA and in compliance with this judgment, including the following:

(1)    Taking appropriate steps to ensure that communication with individuals who have a visual disability is as effective as communication with others;

(2)    Providing appropriate auxiliary aids and services to individuals with a visual disability;

(3)    Giving primary consideration to the type of auxiliary aids requested by individuals who have visual disability;

(4)    Ensuring that individuals who have a visual disability can obtain information as to the existence and location of accessible services, activities, and facilities; and

(5)    Designing and/or constructing any new public accommodations that are readily achievable to and usable by individuals with visual disabilities as required by §213.065, RSMo.

(6)   Installing signage and/or graphic wayfinding that would describe a particular public transportation stop.

(7)   Ordering Defendant to administer testing and driver training on an annual basis for five (5) years and implement a remediation action plan to ensure compliance with this judgment.

E.   Award Plaintiff such appropriate actual damages, in an amount to be determined at trial, including but not limited to deprivation of an award of actual damages in an amount to be proved at trial, including but not limited to inconvenience, humiliation, embarrassment, diminished enjoyment of life, economic loss, deprivation of his civil rights;

F.   Award Plaintiff such appropriate punitive damages, in an amount to be determined at trial, to punish and deter Defendant and others from like conduct because of Defendant's willful and intentional conduct and blatant disregard for the MHRA as it relates to full and equal use and enjoyment of any place of public accommodation so that they and others may be deterred from violating the accessibility mandates of the MHRA;

G.   Award Plaintiff his reasonable costs and attorneys' fees as may be recoverable pursuant to §213.111.2, RSMo; and

H.   Granting Plaintiff such other and future affirmative relief as the interests of justice may require.

## Demand for Jury Trial

Plaintiff requests a trial by jury, in the Circuit Court of the City of Saint Louis, Missouri, on all issues in this case which are so triable.

Respectfully Submitted

/s/ Cyrus Dashtaki
Cyrus Dashtaki, #57606
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, MO 63109
Telephone:    (314) 932-7671
Facsimile:    (314) 932-7672
Email:    cyrus@dashtaki.com


John C. Burns, #66462
The Burns Law Firm, LLC
1717 Park Avenue
St. Louis, MO 63104
Direct:    (314) 932-2356
Fax:    (314) 932-2171
Email:  John@burns-law-firm.com

*Attorneys for Plaintiff Scott Gustafson*




## CERTIFICATE OF SERVICE

The undersigned hereby states that on this 8th day of August 2018, a true and correct copy of the foregoing was filed electronically with Court's CM/ECF filing system, and was served upon all counsel of record.

/s/ Cyrus Dashtaki

17



Missouri Commission on Human Rights & CREA
P.O. Box 1129
Jefferson City, MO 65102-1129



EXHIBIT
A

| COMPLAINT OF DISCRIMINATION | ORIGINAL ☒ | AMENDED ☐ | CHARGE NUMBER PA-04/14- 03917 |
|---|---|---|---|

| NAME | TELEPHONE |
|---|---|
| Scott Gustafson | 314-563-1983 |

| STREET ADDRESS | CITY | STATE | ZIP CODE | COUNTY |
|---|---|---|---|---|
| 4424 Wabash Ave. | St. Louis | MO | 63109 | SL City |

### INDICATE BELOW WHO YOU WISH TO FILE YOUR COMPLAINT AGAINST

| NAME | TELEPHONE (INCLUDE AREA CODE) |
|---|---|
| Metro Bi-State Transit | |

| STREET ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 707 North First St.  Attn: **Philip Mosley Jr.** | St. Louis | MO | 63102 |

| NAME | TELEPHONE (INCLUDE AREA CODE) |
|---|---|
| | |

| STREET ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|
| | | | |

NUMBER OF EMPLOYEES   (IF YOUR COMPLAINT

➔                         INVOLVES EMPLOYMENT)

CHECK APPROPRIATE BOX(ES)
- ☐ -Race
- ☐ - Color
- ☐ - Sex
- ☐ - Religion
- ☐ - National Origin
- ☒ -Disability  *Vision*
- ☐ - Age
- ☐ - Retaliation
- ☐ - Ancestry
- ☐ - Other (Specify)

| DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (MONTH, DAY, YEAR) |
|---|
| 12/26/2013 |

THE PARTICULARS ARE (IF ADDITIONAL SPACE IS NEEDED, ATTACHED EXTRA SHEET(S)

Complainant alleges that on December 26, 2013 at approximately 2:47 pm, he was waiting for the Respondent Eastbound 11 Chippewa bus with his guide dog at Lansdowne and Wabash when it drove right by him.  Complainant alleges he called and complained to Respondent, but Respondent failed to respond. Complainant alleges that the Respondent bus drivers failure to stop has been an ongoing problem and constitutes discriminatory practices

As remedy, Complainant is seeking an end to the discrimination and anything else the Commission deems just and proper.

Filed
APR 0 3 2014
MCHR - SL

Filed
APR 0 3 2014
MCHR - SL

| I declare or affirm under penalty of perjury that I have read the foregoing and it is true and correct. | I swear that I have read the foregoing and that it is true and to the best of my knowledge, information and belief. |
|---|---|
| DATE  April 3, 2014 | |
| *[signature]* | SIGNATURE OF COMPLAINANT |
| COMPLAINANT (signature) | |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE |
| | SEAL AND SIGNATURE OF NOTARY PUBLIC |

## AMENDED CHARGE OF DISCRIMINATION
This form is affected by the Privacy Act of 1974; see Privacy Act Statement before completing this form.

| CHARGE NUMBER |
| --- |
| □ FEPA   PA-04/14-03917 |
| □ EEOC |

### MISSOURI COMMISSION ON HUMAN RIGHTS AND EEOC

| NAME<br>Scott Gustafson | Date of Birth<br>December 18, 1959 | HOME TELEPHONE NO. (Include Area Code)<br>314-563-1983 |
| --- | --- | --- |
| Street Address<br>4424 Wabash Avenue | City, State and Zip Code<br>St. Louis, MO 63109 | County<br>St. Louis City |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (*If more than one list below*).

| NAME<br>Bi-State Development Agency of the Missouri-Illinois Metropolitan District d/b/a Metro, MetroBus, MetroLink | NUMBER OF EMPLOYEES, MEMBERS<br>N/A | TELEPHONE NUMBER (Include Area Code)<br>(314) 982-1589 | |
| --- | --- | --- | --- |
| STREET ADDRESS  Attn: Registered Agent<br>707 North First Street | | CITY, STATE AND ZIP CODE<br>St. Louis, MO 63102 | County<br>St. Louis City |
| NAME | | TELEPHONE NUMBER (Include Area Code) | |
| STREET ADDRESS | | CITY, STATE AND ZIP CODE | County |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)<br>□ RACE  □ COLOR  □ SEX  □ RELIGION<br>□ NATIONAL ORIGIN  □ RETALIATION  □ AGE<br>□ DISABILITY    □ OTHER (Specify) | DATE DISCRIMINATION TOOK PLACE (Month, day, year)<br>May 2013<br>☒ CONTINUING ACTION  November 4, 2014 |
| --- | --- |

THE PARTICULARS ARE (*If additional space is needed, attach extra sheet(s)*):

**FILED**

**NOV 1 4 2014**

MISSOURI COMMISSION
ON HUMAN RIGHTS

See attached narrative.

> EXHIBIT
> **B**

> KENNETH HANFF
> Notary Public - Notary Seal
> State of Missouri
> Commissioned for St. Charles County
> My Commission Expires: June 27, 2017
> Commission Number: 13498223

| □ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary to meet State and Local Requirements)<br><br>_____ I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| --- | --- |
| I declare under penalty of perjury that the foregoing is true and correct.<br><br>*Scott Gustafson*<br>(Charging Party (Signature))    (Date) 11-13-14 | Signature of Complainant<br>*Kenneth Hanff* SUBSCRIBED AND SWORN TO<br>BEFORE ME THIS DATE<br>(Day, month and year)  11-13-14 |

Electronically Filed - City of St. Louis - August 06, 2018 - 12:33 PM

My name is Scott Gustafson. I am blind and rely on public transportation provided by the Bi-State Development Agency of the Missouri-Illinois Metropolitan District d/b/a MetroBus, MetroLink ("Metro") to navigate safely, autonomously and functionally in my regular activities.

Metro does not use assistive technology on their website that allows individuals with visual impairments to fully access their website, including MetroBus and MetroLink route information, schedules, location of bus stops, etc. Even with a screen reader I am unable to use Metro's website to access this important information that individuals without visual impairments are able to access and use.

I have also experienced the following discriminatory actions by Metro due to my disability:

**MetroBus**

MetroBuses have driven past me and my guide dog while I am at a bus stop. The lists of past occurrences of when and where buses have passed by me while waiting at the bus stop are as follows.

1. December 26, 2013 -- Wabash & Lansdowne
2. June 13, 2014 -- St. Louis Zoo
3. August 5, 2014 -- Watson Road & Lindenwood

My most recent trip on MetroBus was on or about November 4, 2014. I also cannot readily locate Metro's bus stops. Metro does not have audible signage or place its bus stop signs on uniquely shaped poles so blind persons can readily distinguish them from other signposts. Metro also does not consistently place its bus stop signs on the same side of the sidewalk.

MetroBus has replaced its fare vending machines that require precise placement of paper bills and coins and they are not audible; however, the bus drivers are not allowed to assist visually-impaired passengers with their fare deposits into the machine. As a result of the lack of accommodation, I have been ridiculed by bus drivers and other passengers because of the additional time needed to locate the bill acceptor or coin changer.

The MetroBuses identifying announcements are inconsistently made, are not amplified, and/or are difficult to understand, including: (a) route identifications; (b) transfer points with other fixed routes; (c) other major intersections and destination points; and (d) at intervals along a route sufficient to permit individuals who are blind or have vision impairments to be oriented to their location.

**MetroLink**

My most recent trip on MetroLink was on or about October 16, 2014.

MetroLink has moved ticket vending machines and ticket validation machines making it very difficult for an individual with visual impairments to locate and use them. The audio for the vending machines is often inaudible and I cannot determine if my ticket has been validated at the validation machines. Like the new fare boxes on MetroBus, paper money has to be precisely inserted into the vending machines. Since the MetroLink stations do not offer assistance to assist individuals with

disabilities, an individual with a visual impairment is often left without assistance or has to rely on other customers to assist them in procuring a ticket.

MetroLink trains identifying announcements are inconsistently made, are not amplified, and/or are difficult to understand, including: (a) route identifications and (b) transfer points with other fixed routes. There is also pertinent information on tickets that visually-impaired riders cannot confirm, including the expiration date of the ticket.

The above discriminatory acts are examples of the major functional barriers to independent access that I have suffered, and constitute an ongoing pattern and practice of discrimination against individuals with visual impairments. I have been deprived and continue to be deprived of an equal opportunity to use and enjoy the accommodations, advantages, facilities, services, or privileges made available by Metro because Metro is not accessible to individuals with disabilities like myself. To date, I have suffered damages, and continue to suffer damages including deprivation of my civil rights, emotional distress, embarrassment and humiliation.

As a remedy, I am seeking the following: (1) an end to the discrimination against individuals with disabilities by Metro from the type of conduct described above; (2) that Metro cease and desist such unlawful discriminatory acts and submit to a manner of compliance for MetroBus and MetroLink that ensure they are in full compliance with the MHRA; (3) that Metro is enjoined from engaging in all other forms of current and future discrimination; and (4) compensation for my deprivation of civil rights, humiliation, embarrassment and anything else the Commission deems just and proper.

FILED

NOV 1 4 2014

MISSOURI COMMISSION
ON HUMAN RIGHTS



MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
# MISSOURI COMMISSION ON HUMAN RIGHTS



| JEREMIAH W. (JAY) NIXON GOVERNOR | RYAN MCKENNA DEPARTMENT DIRECTOR | SARA NELL LAMPE COMMISSION CHAIRPERSON | ALISA WARREN, PH.D. EXECUTIVE DIRECTOR |

Scott Gustafson
4424 Wabash Ave
Saint Louis, MO 63109

<div style="border:1px solid">

**EXHIBIT**
**C**

</div>

RE:   Scott Gustafson vs. THE BI-STATE DEVELOPMENT AGENCY OF THE MISSOURI-ILLINOIS
      P-04/14-03917

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

You are hereby notified that you have the right to bring a civil action within 90 days of the date of this letter against the respondent(s) named in the complaint. Such an action may be brought in any state circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, either before a circuit or associate circuit judge. Not only must any action brought in court pursuant to this right to sue authorization be filed within 90 days from the date of this letter, any such case must also be filed **no later than two years after the alleged cause occurred** or your reasonable discovery of the alleged cause.

**IF YOU DO NOT FILE A CIVIL ACTION IN STATE CIRCUIT COURT RELATING TO THE MATTERS ASSERTED IN YOUR COMPLAINT WITHIN 90 DAYS OF THE DATE OF THIS NOTICE (AND WITHIN TWO YEARS OF THE ALLEGED CAUSE, OR THE DISCOVERY OF THE ALLEGED CAUSE, OF YOUR COMPLAINT), YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is administratively closing this case and terminating all MCHR proceedings relating to your complaint. You may not reinstate this complaint with the MCHR or file a new complaint with the MCHR relating to the same act or practice, but rather, if you choose to continue to pursue your complaint, you must do so in court as described in this letter. This notice of right to sue has no effect on the suit-filing period of any federal claims.

This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been requested in writing 180 days after filing of the complaint. **Please note that administrative processing of this complaint, including determinations of jurisdiction, has not been completed.**

In addition to the process described above, if any party is aggrieved by this decision of the MCHR, that party may appeal the decision by filing a petition under § 536.150 of the Revised Statutes of Missouri in state circuit court. Any such petition must be filed in the circuit court of Cole County.

Respectfully,

Alisa Warren, Ph.D.
Executive Director

November 30, 2015
Date

C:   additional contacts listed on next page

☒                 ☐                 ☐                 ☐                 ☐

| 3315 W. TRUMAN BLVD. P.O. BOX 1129 JEFFERSON CITY, MO 65102-1129 PHONE: 573-751-3325 FAX: 573-751-2905 | 111 N. 7TH STREET, SUITE 903 ST. LOUIS, MO 63101-2100 PHONE: 314-340-7590 FAX: 314-340-7238 | P.O. BOX 1300 OZARK, MO 65721-1300 FAX: 417-485-6024 | 1410 GENESSEE, SUITE 260 KANSAS CITY, MO 64102 FAX: 816-889-3582 | 106 ARTHUR STREET SUITE D SIKESTON, MO 63801-5454 FAX: 573-472-5321 |

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:   1-800-735-2966 (TDD)   Relay Missouri: 711
www.labor.mo.gov/mohumanrights      E-Mail: mchr@labor.mo.gov

)                              )

RE:    Scott Gustafson vs. THE BI-STATE DEVELOPMENT AGENCY OF THE MISSOURI-
ILLINOIS
P-04/14-03917


THE BI-STATE DEVELOPMENT AGENCY OF THE MISSOURI-ILLINOIS
Metropolitan District D/B/A Metro
707 North First Street
Saint Louis, MO 63102

James Hetlage
LASHLY & BAER PC
714 Locust St
Saint Louis, MO 63101

Cyrus Dashtaki
Attorney at Law
5205 Hampton Avenue
Saint Louis, MO 63109

# 60

**08/15/2018**

IN THE CIRCUIT COURT FOR THE CITY OF SAINT LOUIS
STATE OF MISSOURI

SCOTT GUSTAFSON,                          )
                                          )
    Plaintiff,                           )
                                          )
v.                                        )       Case No. 1522-CC11361
                                          )
THE BI-STATE DEVELOPMENT AGENCY           )       Division 1
OF THE MISSOURI -- ILLINOIS               )
METROPOLITAN DISTRICT d/b/a METRO,        )
METRO TRANSIT, METROBUS,                  )
METROLINK,                                )
                                          )
    Defendant.                           )

## ENTRY OF APPEARANCE

    COMES NOW Jason M. Finkes of the Law Offices of Jason M. Finkes, LLC and hereby

enters his appearance as counsel for Scott Gustafson in the above-captioned case.

1

Respectfully submitted,

/s/ Jason M. Finkes
Jason M. Finkes, 65903 MO
Law Offices of Jason M. Finkes, LLC
7542 York Dr, Unit 1E
Clayton, MO 63105
Telephone:    (636) 734-2919
Email:          jason.m.finkes@gmail.com


Cyrus Dashtaki, #57606
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, MO 63109
Telephone:    (314) 932-7671
Facsimile:    (314) 932-7672
Email:          cyrus@dashtaki.com


John C. Burns, #66462
1717 Park Avenue
St. Louis, MO 63104
Direct: 314-252-8854
Fax:   314-282-8136
john@burns-law-firm.com

*Attorneys for Plaintiff Scott Gustafson*



## CERTIFICATE OF SERVICE

The undersigned states that on August 15, 2018, a true and correct copy of the foregoing was filed electronically with the Court's filing system, and was served upon all counsel of record.

/s/ Jason M. Finkes