# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT GUSTAFSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-2074 CAS |
| | ) | |
| BI-STATE DEVELOPMENT AGENCY OF | ) | |
| THE MISSOURI-ILLINOIS | ) | |
| METROPOLITAN DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Scott Gustafson's ("plaintiff") motion to remand pursuant to 28 U.S.C. § 1447(c). Defendant Bi-State Development Agency of the Missouri-Illinois Metropolitan District ("defendant") opposes the motion to remand and it is fully briefed. For the following reasons, the motion will be denied in all respects.

### I.    *Background*

Plaintiff, a visually impaired resident of Missouri, initiated this action in the Circuit Court for the City of St. Louis on December 23, 2015. Plaintiff sought injunctive relief and monetary damages, alleging violations under the Missouri Human Rights Act ("MHRA") for failure to provide him with equal access to services and public places of accommodation, including the MetroBus and MetroLink transit systems.

Plaintiff filed a second amended petition on April 26, 2016 alleging substantially similar factual allegations and state law claims under the MHRA. Defendant filed a motion to dismiss the second amended petition, which was denied on September 14, 2018. Defendant subsequently filed a motion for reconsideration of the denial.

On October 24, 2018, plaintiff sought defendant's consent to file a third amended petition for the purpose of adding federal claims under Title II of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act of 1973 ("Rehab Act"). Defendant declined consent. On October 26, 2018, plaintiff filed a motion for leave to file a third amended petition. On November 26, 2018, defendant filed an opposition to plaintiff's motion for leave to file a third amended petition.

On November 27, 2018, the parties appeared before the state court for oral argument on plaintiff's motion for leave to file a third amended petition and defendant's motion for reconsideration of its denied motion to dismiss the second amended petition. On December 5, 2018, defendant filed a notice of additional authority in support of its motion for reconsideration.

On December 10, 2018, the state court granted plaintiff's motion for leave to file a third amended petition, which plaintiff filed on December 11, 2018. On December 12, 2018, defendant removed this action pursuant to federal question jurisdiction, 28 U.S.C. § 1331.

In the instant motion, plaintiff argues this case should be remanded for two reasons: (1) removal was untimely because defendant filed its notice of removal on December 12, 2018, more than thirty days from the date plaintiff sought consent from defendant to file his third amended petition; and (2) defendant waived its right to remove when it continued to litigate in state court by filing an opposition to plaintiff's motion for leave to file a third amended petition, participating in oral argument, and filing additional authority in support of its motion for reconsideration. Plaintiff requests an award for costs and actual expenses, including attorneys fees, incurred as a result of the removal.

## II.    *Discussion*

### *A. Timeliness*

Plaintiff argues for remand on the ground that defendant did not timely seek removal within thirty days of October 24, 2018 – the date plaintiff requested defendant's consent to amend his petition to add federal claims under the ADA and Rehab Act.  In support of remand, plaintiff relies on 28 U.S.C. § 1446(b)(3), which requires a defendant to remove an action within "thirty days after receipt by the defendant, through service or otherwise, of a *copy of an amended pleading*, motion, order or other paper *from which it may first be ascertained* that the case is one which is or has become removable." (Emphasis added).  Plaintiff contends it was first ascertainable that this case was removable on the day he requested defendant's consent to file a third amended petition, which included federal claims.  Plaintiff's previous petitions were limited to state law claims under the MHRA.  In opposition, defendant argues that it was required to remove within thirty days of December 10, 2018 – the date the state court granted plaintiff's motion for leave to file a third amended petition containing federal claims.

This Court has consistently held that "until the state court grants leave to file the pleading, the [federal] Court has no basis for asserting . . . jurisdiction, and the notice of removal is premature." Svoboda v. Smith & Nephew, Inc., 943 F. Supp. 2d 1018, 1022 (E.D. Mo. 2013).  "The time for removal should not commence until the court grants leave to amend, if such leave is required.  To hold otherwise would ground federal jurisdiction for the exercise of real authority upon the speculation that the state court will grant the motion to amend. Until the amendment is authorized, there is no dispute before the court."  Davis v. Bemiston-Carondelet Corp., 2005 WL 2452540, at *2 (E.D. Mo. Oct. 4, 2005) (declining to follow the minority position that the thirty-day

clock starts on the date plaintiff requests defendant's consent to amend) (<u>citing</u> <u>Sullivan v. Conway</u>, 157 F.3d 1092, 1094 (7th Cir. 1998) ("Not until the state court rules on such a motion, and the basis for federal jurisdiction becomes evident, does the time period for removal commence.")).

Plaintiff was required to seek defendant's consent or leave of court before filing a third amended petition. <u>See</u> Mo. Sup. Ct. R. 55.33(a) (after a motion to dismiss is filed "the pleading may be amended only by leave of court or by written consent of the adverse party[.]"). On December 10, 2018, the state court granted plaintiff's motion for leave, plaintiff filed his amended pleading the next day, and defendant removed this action on December 12, 2018. Following the decisions of the Eastern District of Missouri on timely removal, the Court finds that defendant properly waited until the state court granted plaintiff's motion for leave to amend before filing its notice of removal. Thus, defendant was well within the thirty-day time limit in which a party may remove a state court action to federal court under 28 U.S.C. § 1446(b)(3). Plaintiff's motion for remand on the ground that removal was untimely will be denied.

### B. Waiver

Plaintiff argues that even if removal was timely, defendant waived its right to remove by manifesting an intent to litigate in state court. Plaintiff contends that defendant indicated its approval of the state court's jurisdiction and waived its right to remove when it continued to litigate in state court by filing an opposition to plaintiff's motion for leave to file a third amended petition, participating in the November 27, 2018 oral argument, and filing additional authority in support of its motion for reconsideration on December 5, 2018.

"A defendant waives the right to remove by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a

notice a notice of removal with the federal court." PR Group, LLC v. Windmill Int'l, Ltd., 792 F.3d 1025, 1026 (8th Cir. 2015) (internal quotation marks and citations omitted). "Such waiver must be clear and unequivocal." Id. "The right to removal is not lost by participating in state court proceedings short of seeking an adjudication on the merits." Id. (internal quotation marks and citations omitted).

Here, prior to the state court granting plaintiff's motion for leave to file a third amended petition, defendant filed an opposition to plaintiff's request for leave, participated in an oral argument addressing plaintiff's request for leave, and filed additional authority to support its motion for reconsideration of the court's denial of defendant's motion to dismiss plaintiff's second amended petition. None of these actions addressed the merits of plaintiff's third amended petition, which was not yet filed, let alone permitted to be filed by the state court. Defendant's actions in state court were performed well before the action became removable and "[t]he Court cannot conclude that defendant waived a right it did not yet have at that point in the proceedings." Parshall v. Menard, Inc., 2016 WL 3916394, at *3 (E.D. Mo. July 20, 2016) (citing Wright v. Lupton, 118 F. Supp. 25, 26 (W.D. Mo. 1954) ("The pleadings of a defendant prior to the time when it first appears from plaintiff's pleadings that the cause is removable will not effect a waiver of the statutory right to removal."); Cevallos v. Silva, 541 F. App'x 390, 393 (5th Cir. 2013) (per curiam) (finding that the defendant's motion to dismiss occurred in state court before the case was removable and could "not waive the right to remove before it arose[.]")).

Defendant's actions did not clearly and unequivocally demonstrate any willingness to litigate plaintiff's third amended petition in state court or seek to adjudicate the merits of a petition that had not yet been filed. As such, defendant did not waive its right to remove by filing motions, filing

responses to plaintiff's motions, or participating in oral argument in state court. <u>See</u> <u>e.g.</u>, <u>Shannon v. Church Mut. Ins. Co.</u>, 2015 WL 5444790, at *2 (E.D. Mo. Sept. 15, 2015) (defendant did not waive right to removal by filing a motion unrelated to the merits of the petition).

Because this Court has federal jurisdiction over this action, removal was timely, and defendant did not waive its right to remove, the motion for remand will be denied.

### C. Attorney's Fees and Costs

Because the Court has determined that removal was proper, the Court has no basis to grant plaintiff's request for attorney's fees and costs. <u>See</u> 28 U.S.C. 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."); <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. 20] is **DENIED**.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this ___29th___ day of January, 2019.