# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT GUSTAFSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-2074 CAS |
| | ) | |
| BI-STATE DEVELOPMENT AGENCY OF | ) | |
| THE MISSOURI-ILLINOIS | ) | |
| METROPOLITAN DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Bi-State Development Agency of the Missouri-Illinois Metropolitan District's ("defendant") motion to dismiss plaintiff's third amended complaint under Rule 12(b)(1), Federal Rules of Civil Procedure, for lack of standing, and Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim upon which relief can be granted. Plaintiff Scott Gustafson ("plaintiff") opposes the motion to dismiss and it is fully briefed. For the following reasons, the motion will be granted as to plaintiff's Missouri Human Rights Act ("MHRA") claims in Counts I and II, and denied as moot as to plaintiff's Americans with Disabilities Act claims in Count III.

**I.    Background**

The complaint alleges plaintiff is a visually impaired resident of Missouri who relies on a guide dog to navigate his surroundings, audio formats to decipher text, and screen-reading software to interpret electronic content on his computer and smart phone. Defendant is an entity which provides public transportation services, including the MetroBus and Metrolink, in Missouri and Illinois. In conjunction with providing transportation services, defendant operates a website, www.metrostlouis.org ("website"), and a mobile application, "Metro On the Go" ("mobile app").

The website and mobile app provide the general public with information regarding defendant's services, such as trip planning assistance, map routes, schedules, rider alerts, ticketing, and bus stop locations.

Plaintiff alleges he was discriminated against on the basis of his vision disability because defendant denied him equal access to public transportation systems and services by failing to: (1) design, implement, and maintain a website and mobile app that can be used independently by visually impaired individuals; (2) transport plaintiff and his guide dog on December 26, 2013, June 13, 2014, and August 5, 2014; (3) properly identify the location of bus stops and ticket sales equipment at MetroLink stations; (4) discontinue use of inaudible fare boxes and ticket vending machines; (5) discontinue use of machinery requiring precise placement of paper bills and coins; (6) maintain audio equipment that clearly and consistently plays announcements on the MetroLink and MetroBus, including route identifications and stops; (7) issue fare cards that can be interpreted by visually impaired individuals; and (8) properly train employees on how to effectively transport and communicate with visually impaired individuals.

Plaintiff's third amended complaint includes four claims against defendant: public accommodation discrimination in violation of the MHRA, § 213.065, Mo. Rev. Stat. (2010) (Count I); unlawful discriminatory practices in violation of the MHRA, § 213.070(3) (Count II); denial of access to governmental services, programs, and activities in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. ("ADA") (Count III); and failure to provide accommodations and access to information in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Rehab Act") (Count IV).

In its motion to dismiss, defendant argues that plaintiff's state law claims under the MHRA should be dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P., because it is not subject to the MHRA due to its interstate compact status, and it is not a "person" that can violate § 213.065 of the MHRA. Defendant further argues that plaintiff's ADA claims should be dismissed pursuant to Rule 12(b)(1), Fed. R. Civ. P., for lack of standing. Defendant additionally argues that plaintiff is not entitled to monetary damages under the ADA and all allegations arising from the inaccessibility of its website and mobile app are not subject to the ADA because these electronic services do not qualify as places of public accommodation. Defendant does not seek dismissal of plaintiff's Rehab Act claim.

In its reply memorandum, defendant withdraws its motion to dismiss plaintiff's ADA claims, including all corresponding arguments related to lack of standing, monetary damages, and public accommodation. Defendant maintains its position that the Court should dismiss plaintiff's MHRA claims. Thus, the Court will only address the portion of defendant's motion to dismiss relating to plaintiff's MHRA claims under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and will deny the motion as moot with respect to plaintiff's ADA claims.

## II.    Legal Standard

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570 (abrogating the traditional 12(b)(6) "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). A plaintiff need not provide specific facts in support

of his allegations, Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam), but must include sufficient factual information to provide the "grounds" on which the claim rests, and "to raise a right to relief above a speculative level." Twombly, 550 U.S. at 555 & n.3. See also Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id. at 562 (quoted case omitted). On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Id. at 555–56; Fed. R. Civ. P. 8(a)(2).

## III. Discussion

Defendant "was created in 1949 by an interstate compact between Missouri and Illinois that was approved by the United States Congress pursuant to the Compact Clause of the United States Constitution." KMOV TV, Inc. v. Bi-State Dev. Agency of Missouri-Illinois Metro. Dist., 625 F. Supp. 2d 808, 809-10 (E.D. Mo. 2008) (citing U.S. Const. art. I, § 10, cl. 3.; Mo. Rev. Stat. § 70.370 (1998); 45 Ill. Comp. Stat. 100/1 (2008)). "An interstate compact, by its very nature, shifts a part of a state's authority to another state or states, or to the agency the several states jointly create to run the compact." Hess v. Port Auth. of Trans-Hudson Corp., 513 U.S. 30, 42 (1994). "Because parties to a compact have given up some sovereign powers, no party can unilaterally subject the compact entity to a particular policy or law." KMOV TV, Inc., 625 F. Supp. 2d at 811. "Under decisions by the United States Court of Appeals for the Eighth Circuit and the Missouri Supreme Court, 'one party to an interstate compact may not enact legislation that would impose burdens upon

the compact absent the concurrence of the other signatories.'" Id. at 812 (quoting Bi-State Dev. Agency of the Missouri-Illinois Metro. Dist. v. Dir. of Revenue, 781 S.W.2d 80, 82 (Mo. 1989) (en banc)).

Defendant argues that it is not subject to the MHRA due to its interstate compact status and, as a result, Counts I and II of plaintiff's third amended complaint should be dismissed. Specifically, defendant argues that the MHRA imposes an impermissible burden upon the compact because the standard used in assessing claims of discrimination under the MHRA is less stringent than the standard under the Illinois Human Rights Act ("IHRA").[1] In support of this argument, defendant cites a recent Missouri Court of Appeals decision, Jordan v. Bi-State Development Agency, 561 S.W.3d 57 (Mo. Ct. App. 2018).

In Jordan, the plaintiff brought an MHRA action against Bi-State, the same defendant as here, alleging employment discrimination based on sex, disability, and race. Bi-State filed a motion to dismiss arguing it was not subject to the MHRA because it is a creation of an interstate compact between Missouri and Illinois. Bi-State argued the MHRA was an impermissible unilateral burden upon the compact because the MHRA requires an alleged discriminatory act to be a "contributing factor," while the IHRA requires an alleged discriminatory act to be the "motivating factor." Id. at 59.

---

[1] On August 28, 2017, the MHRA was amended and its standard for assessing claims of discrimination became analogous to that of the IHRA. See Bram v. AT&T Mobility Servs., LLC, 2018 WL 6611594, at *4, __ S.W.3d __ (Mo. Ct. App. Dec. 8, 2018). However, the new standard under the MHRA does not apply retroactively to discriminatory conduct alleged prior to the amendment. Id. at *4-5. Because plaintiff filed the instant case in state court on December 23, 2015 and the discriminatory conduct occurred prior to August 2017, the Court will apply the pre-amendment MHRA standard for assessing plaintiff's claims of discrimination.

5

Jordan found Bi-State's arguments to be supported by "Supreme Court of Missouri and Eighth Circuit Court of Appeals case law," which held "that liability under the contributing factor standard increased employer liability compared to the motivating factor standard." Id. at 61 (citing Daugherty v. City of Maryland Heights, 231 S.W.3d 814, 818-19 (Mo. 2007) (en banc), Wierman v. Casey's General Stores, 638 F.3d 984, 1002-03 (8th Cir. 2011)). For further guidance, Jordan cited to Redbird Engineering Sales, Inc. v. Bi-State Development Agency of Missouri-Illinois Metropolitan District, 806 S.W.2d 695 (Mo. Ct. App. 1991), which held that one state's legislation may be applied to an interstate compact only when it is "complimentary or parallel" to the legislation of the other state. Guided by Redbird, Daugherty, and Wierman, the appeals court affirmed the lower court's dismissal, holding the MHRA's less stringent burden of proof was not "complimentary" to the IHRA because it increased Bi-State's risk of incurring liability for discrimination in Missouri as compared to Illinois, which is impermissible under an interstate compact. 561 S.W.3d at 61-62.

This Court finds Jordan to be instructive and persuasive. Although Jordan specifically addressed employment discrimination, the MHRA's "contributing factor" standard applies to discrimination claims outside of the employment context. See, e.g., Doe ex rel. Subia v. Kansas City, Mo. Sch. Dist., 372 S.W.3d 43, 53-55 (Mo. Ct. App. 2012) (applying contributing factor standard to a public accommodation claim under the MHRA); Willard v. Raga, 290 S.W.3d 768, 772 (Mo. Ct. App. 2009) (applying contributing factor standard to a housing discrimination claim under the MHRA).

In his opposition to the motion to dismiss, plaintiff argues that Kansas City Area Transportation Authority v. Missouri, 640 F.2d 173 (8th Cir. 1981), is the controlling case, not

6

Jordan. This case involved an interstate compact between Kansas and Missouri and addressed the issue whether an advertising provision in a Kansas City ordinance imposed an impermissible burden on the compact. Kansas City Area Transportation Authority affirmed the lower court's denial of the dismissal because the defendant "made no showing that the advertising provision impose[d] any burden on the operation of the compact." Id.

The Court finds Kansas City Area Transportation Authority to be distinguishable from the instant case. That decision did not address how a court should analyze conflicting state legislation that imposes different burdens of proof for claims of disability discrimination on parties subject to an interstate compact. Here, defendant has established that the MHRA's "contributing factor" standard is a burden on the compact when contrasted with the IHRA's higher "motivating factor" standard.

The Court agrees with the rationale of Jordan and finds that the different burdens of proof established by the MHRA and IHRA impose an impermissible unilateral burden on the interstate compact. Therefore, defendant is not subject to suit under the MHRA and the Court will dismiss Count I and Count II of plaintiff's complaint.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss the Missouri Human Rights Act claims (Count I and Count II) in plaintiff's third amended complaint is **GRANTED**. The motion is **DENIED** as **moot** as to plaintiff's ADA claims in Count III. [Doc. 14]

An order of partial dismissal will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 13th day of February, 2019.