UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCOTT GUSTAFSON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 4:18-CV-2074 CAS |
| ) | |
| BI-STATE DEVELOPMENT AGENCY OF ) | |
| THE MISSOURI-ILLINOIS ) | |
| METROPOLITAN DISTRICT, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff Scott Gustafson's motion for leave to file a fourth amended complaint. Defendant Bi-State Development Agency of the Missouri-Illinois Metropolitan District opposes the motion and plaintiff filed a reply memorandum. For the following reasons, the Court will grant plaintiff's motion for leave to file a fourth amended complaint.

**I.     Background**

Plaintiff filed this action on December 23, 2015 in the Circuit Court of the Twenty-Second Judicial Circuit, St. Louis City, Missouri, asserting claims of public accommodation discrimination and unlawful discriminatory practices in violation of the Missouri Human Rights Act ("MHRA"). (Doc. 5). Plaintiff filed a first amended petition on April 26, 2016 and a second amended petition on August 8, 2018. (Docs. 1, 6).

On December 10, 2018, the state court granted plaintiff leave to file a third amended petition ("complaint") (Doc. 8), which included his previous MHRA claims and two additional claims: denial of access to governmental services, programs, and activities in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. ("ADA"), and failure to provide accommodations

and access to information in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Rehab Act").  Defendant removed this action on December 12, 2018 on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331.  (Doc. 1).

On February 13, 2019, this Court dismissed plaintiff's MHRA claims pursuant to Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim upon which relief can be granted.  (Docs. 33, 34).  A Case Management Order was subsequently issued, allowing the parties until May 1, 2019 to file motions to join additional parties or amend pleadings.  (Doc. 38).

On May 1, 2019, plaintiff filed the instant motion for leave to file a fourth amended complaint to include three additional violations under his ADA and Rehab Act claims:

    a.    Defendant failed to ensure that the platform edges at MetroLink stations meet ADA requirements for clear visual contrast;

    b.    Defendant failed to ensure that wayfinding markings and signage for people with visual impairments at its rail stations, bus transfer centers, and bus stops is in compliance with the ADA; and

    c.    Defendant operated a new, non-compliant, real-time information and trip-planning mobile application, called "Transit."

(Doc. 41).

Plaintiff's proposed fourth amended complaint also seeks to include his dismissed MHRA claims, stating in a footnote: "Plaintiff acknowledges that on February 13, 201[9] this Court dismissed his MHRA Claims . . . , but only includes the claims for purpose of preserving the issues for potential appeal."  (Doc. 41-1 n. 2).

**II.  Legal Standard**

Because plaintiff's motion for leave to file a fourth amended complaint was filed by the Case Management Order's deadline to file motions to join additional parties or amend pleadings, but more

than twenty-one days after service of a motion to dismiss under Rule 15(b), it is governed by the standard of Rule 15(a)(2), which states, "The court should freely give leave [to amend] when justice so requires." Rule 15(a)(2), Fed. R. Civ. P.

Although leave to amend is to be freely granted under Rule 15(a), the Court has discretion whether or not to grant leave to amend. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971). Factors to consider in determining whether leave to amend should be granted include but are not limited to (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile. See Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); Williams v. Little Rock Municipal Water Works, 21 F.3d 218, 224 (8th Cir. 1994).

Delay in seeking to amend, alone, is an insufficient justification to deny leave. Prejudice to the nonmovant must also be shown. Bell, 160 F.3d at 455. Any prejudice to the nonmoving party must be weighed against the prejudice to the moving party by not allowing the amendment. Id. Where the requested amendments are based on facts similar to the original complaint, leave is normally granted. Id. (citations omitted). On the other hand, when late-tendered amendments involve new theories of recovery and impose additional discovery requirements, courts are less likely to find an abuse of discretion where leave is denied due to the prejudice involved to the non-moving party. Id. (citations omitted).

**III. Discussion**

    A.    <u>Delay and Prejudice</u>

The Court first addresses the issue of delay. Defendant argues plaintiff unduly delayed bringing his claims regarding non-compliant light rail platform edges, signs, and wayfinding markings, asserting he had ample time to investigate any physical barriers to access that may exist. Defendant contends it would be significantly prejudiced by having to defend against a new set of broad allegations more than three years after plaintiff filed this action and after the parties have already engaged in extensive discovery.

Plaintiff's motion does not address why he delayed in asserting the new claims, other than generally stating that "[d]ue to the existing, previous, and current barriers in Defendant's transit system to those with visual impairments, Plaintiff has only recently become aware of these additional barriers to equal access."[1] (Doc. 41).

Even in the absence of an explanation for the delay, the Court finds that plaintiff did not unduly delay in filing his motion for leave to amend. The motion was timely filed under the applicable Case Management Order in this case, which is a significant consideration. Further, though the case was on file in state court for three years prior to removal, plaintiff asserted claims under the ADA and Rehab Act only in December 2018, and the MHRA claims the parties litigated for three years have now been dismissed. The case has only been on file in this Court since December 12, 2018, and the discovery completion deadline has not passed. The Court finds that the prejudice asserted by defendant is insufficient to warrant the denial of leave to amend.

---

[1] Plaintiff did not file a memorandum in support of his motion for leave to file a fourth amended complaint, as required by Local Rule 4.01(A).

B. Futility

Defendant also asserts that the filing of a fourth amended complaint would be futile because: (1) plaintiff lacks standing to raise a claim about the lack of visual contrast on defendant's platforms because he did not suffer an injury-in-fact; (2) plaintiff fails to allege sufficient facts that defendant's wayfinding markings are non-compliant; (3) the ADA does not require defendant to monitor a third-party mobile application for its accessibility; and (4) plaintiff is improperly re-alleging the same MHRA claims, which this Court previously dismissed.

It is well established that good reason to deny leave to amend exists if the amendment would be futile. Williams, 21 F.3d at 225 (citing Foman, 371 U.S. at 182). "Denial of a motion for leave to amend on the basis of futility 'means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.'" Zutz v. Nelson, 601 F.3d 842, 850 (8th Cir. 2010). The Court will address each of plaintiff's proposed claims to determine whether they are futile.

    a. *Defendant failed to ensure that the platform edges at MetroLink stations meet ADA requirements for clear visual contrast.*

Defendant argues plaintiff lacks standing to raise a claim about the lack of visual contrast on the MetroLink's platforms because plaintiff did not suffer an injury-in-fact. Specifically, defendant argues that "even accepting as true that these platform edges do not meet ADA requirements 'for clear visual contrast,' [plaintiff] has no standing to raise such a claim because, as a blind person, the visual contrast of these platform edges could not affect his ability to access [defendant's] services."

Title III of the ADA prohibits discrimination in places of public accommodation against persons with disabilities. 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities

5

. . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). The ADA provides a private right of action for injunctive relief to "any person who is being subjected to discrimination on the basis of disability." 42 U.S.C. § 12188(a)(1).

Federal jurisdiction is limited by Article III § 2 of the U.S. Constitution to actual cases and controversies. Therefore, a plaintiff's standing to sue "is the threshold question in every federal case, determining the power of the court to entertain the suit." Warth v. Seldin, 422 U.S. 490, 498 (1975). To show Article III standing, a plaintiff has the burden of proving: (1) he or she suffered an "injury-in-fact," (2) a causal relationship between the injury and the challenged conduct, and (3) the injury will likely be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992).

"To meet the injury-in-fact requirement, 'the party seeking review [must] be himself among the injured.'" Steger v. Franco, Inc., 228 F.3d 889, 893 (8th Cir. 2000) (quoting Lujan, 504 U.S. at 560)) (brackets in original). "In the context of the ADA, the Eighth Circuit has found that this element is satisfied only when a plaintiff seeks relief for ADA violations that are related to his or her particular disability." Kral v. Temperato, 2014 WL 6083444, at *2 (E.D. Mo. Nov. 13, 2014). A blind plaintiff is not "among the injured" with regard to ADA violations if the injury alleged does not affect the blind. Steger, 228 F.3d at 893; see also Strong v. Walgreen Co., 2011 WL 5374125, at *7-8 (S.D. Cal. Nov. 8, 2011) (quadriplegic plaintiff did not have standing to seek relief for ADA violations related to visual impairments).

Plaintiff's complaint does not state whether he is totally blind, near-totally blind, legally blind, or if he can see contrasts.[2] Plaintiff alleges he is "visually impaired ('blind') and relies upon

---

[2] The Social Security regulations define legal blindness as "central visual acuity of 20/200 or less in the better eye with the use of correcting lens. An eye which has a limitation in the field of

6

his guide dog, Jersey, to navigate and requires screen-reading software to read website and mobile application content[.]" (Doc. 41-1, ¶ 3). If plaintiff's visual impairment renders him unable to see contrasts, defendant's argument would prevail because plaintiff cannot suffer an injury-in-fact based on defendant's alleged failure to comply with ADA requirements for visual contrast on platform edges. However, if plaintiff can see contrasts, then the relief plaintiff seeks may be plausibly related to his particular disability in that platform edges lacking clear visual contrast limit his ability to effectively utilize defendant's MetroLink stations. Because the violation plaintiff seeks to pursue may plausibly pose a real and immediate threat to him due to his particular disability, the Court finds the amendment of his complaint to add this violation not futile and defendant's argument is more appropriate for a motion for summary judgment.[3]

> b. *Defendant failed to ensure that wayfinding markings and signage for people with visual impairments at its rail stations, bus transfer centers, and bus stops is in compliance with the ADA.*

Defendant argues plaintiff should not be permitted to amend his complaint to include allegations of defendant's failure to maintain ADA-compliant wayfinding markings and signage because plaintiff has not included facts to support such a claim. The Court disagrees.

All that plaintiff is required to do at this time is recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard

---

vision so that the widest diameter of the visual field subtends an angle no greater than 20 degrees is considered to have a central visual acuity of 20/200 or less." 20 C.F.R. § 404.1581. In other words, "20/200 means that [a legally blind] person sees at 20 feet what a normal person can see at 200 feet." Med. Proof of Soc. Sec. Disab. 2d § 3:4 (2018 ed.).

[3] Because the Court will order plaintiff to modify his proposed Fourth Amended Complaint to omit the previously dismissed MHRA claims, infra at 9-10, plaintiff is directed to either (1) make more detailed factual allegations as to the nature of his visual impairment with respect to his ability to see contrasts, or (2) omit his claim concerning visual contrasts on platform edges if he is unable to see contrasts.

of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Plaintiff, who is visually impaired, is seeking to amend his complaint to include a claim which expands on the factual allegations of his Third Amended Complaint that access barriers exist to make it impossible for visually impaired individuals to use defendant's public transportation services. Because the new allegations relate to the same issues and facts already involved in the case, the Court finds it would not be futile to allow plaintiff the opportunity to amend his complaint to include allegations of defendant's failure to maintain ADA-compliant wayfinding markings and signage. At this stage of litigation, the Court cannot definitely state that these new allegations could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Thus, the Court finds the amendment of plaintiff's complaint to add this violation not futile.

> c. *Defendant operated non-compliant "new official" real-time information and trip-planning mobile application ("Transit") for the St. Louis region's public transportation system.*

Defendant argues plaintiff should not be permitted to amend his complaint to include allegations of defendant's failure to maintain an ADA-compliant mobile application because (1) the "Transit" mobile application is operated by a third party and public entities are not liable under the ADA or Rehab Act for inaccessibility, and (2) the proposed claim is brought in bad faith as plaintiff testified in deposition that the Transit mobile application has been mostly accurate for the past three years.

The Eighth Circuit has not addressed whether a public entity violates the ADA if it operates an inaccessible website or mobile application controlled by a third-party service provider. However,

persuasive authority exists to support the potential for such liability. See, e.g., Gil v. Winn-Dixie Stores, Inc., 257 F. Supp. 3d 1340, 1347 (S.D. Fla. 2017) ("[T]he fact that third party vendors operate certain parts of the Winn–Dixie website is not a legal impediment to [its] obligation to make its website accessible to the disabled. First, many, if not most, of the third party vendors may already be accessible to the disabled and, if not, Winn–Dixie has a legal obligation to require them to be accessible if they choose to operate within the Winn–Dixie website."); see also 28 C.F.R. § 35.130(b)(1) ("A public entity, in providing any aid, benefit, or service, may not, directly or through contractual, licensing, or other arrangements, on the basis of disability deny a qualified individual with a disability the opportunity to participate in or benefit from the aid, benefit, or service[.]"). Thus, the Court finds plaintiff's pursuit of this additional claim not futile.

Defendant attaches a brief portion of plaintiff's deposition testimony to its opposition memorandum to support the contention plaintiff acts in bad faith in asserting a claim that the Transit mobile application is not compliant with ADA accessibility guidelines. (Doc. 42-1). Plaintiff testified he had been using the Transit mobile application for the past two to three years and it was "for the most part" accurate. Id. at 78, ¶¶ 5-24.

This limited excerpt from plaintiff's deposition testimony does not convince the Court of plaintiff's bad faith or dilatory motive. For a mobile application to be "accurate" does not mean it is accessible to the visually impaired, which is the basis of plaintiff's claim. Further, the testimony does not address whether plaintiff required the help of a sighted individual to navigate the Transit mobile application. The issues raised by defendant's argument are more appropriate for a motion for summary judgment, not a motion for leave to file an amended complaint.

d. *Re-alleging MHRA claims for preservation on appeal*

The Court will not permit plaintiff to re-allege his MHRA claims, which were dismissed for failure to state a claim based on legal deficiencies, for the sole purpose of preserving those claims for appeal. The Eighth Circuit held long ago that where claims are dismissed for legal deficiencies, they need not be repleaded to preserve the right to appeal the dismissal. Williamson v. Liverpool & London & Globe Ins. Co., 141 F. 54, 57 (8th Cir. 1905).[4] The Court issued an Order of Partial Dismissal (Doc. 34) as to plaintiff's MHRA claims, and plaintiff may appeal that dismissal after the Court enters a final judgment in this matter. It would be futile for plaintiff to replead these claims, as they cannot survive a motion to dismiss under Rule 12(b)(6). See Silva v. Metropolitan Life Ins. Co., 762 F.3d 711, 719 (8th Cir. 2014). Plaintiff will be ordered to omit the previously dismissed MHRA claims from his Fourth Amended Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Scott Gustafson's motion for leave to file a fourth amended complaint is **GRANTED**, except as to repleading of previously dismissed Missouri Human Right Act claims. [Doc. 41]

---

[4] In Tolen v. Ashcroft, the Eighth Circuit stated in a footnote, "[I]f a plaintiff fails to include dismissed claims in an amended complaint, the plaintiff is deemed to have waived any error in the ruling dismissing the prior complaint." 377 F.3d 879, 882 n.2 (8th Cir. 2004). Tolen did not cite Williamson, which was controlling circuit precedent, and instead relied on a Ninth Circuit outlier decision, Forsyth v. Humana, Inc., 114 F.3d 1467 (9th Cir. 1997), which was subsequently overruled by the en banc Ninth Circuit in Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012) (en banc). In Mader v. United States, the Eighth Circuit en banc definitively ruled that "when faced with conflicting panel opinions, the earliest opinion must be followed." 654 F.3d 794, 800 (8th Cir. 2011) (en banc). This Court follows Williamson.

**IT IS FURTHER ORDERED** that plaintiff shall promptly file his Fourth Amended Complaint in compliance with this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 31st day of May, 2019.