# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SCOTT GUSTAFSON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 4:18-CV-2074 CAS |
| ) | |
| BI-STATE DEVELOPMENT AGENCY OF ) | |
| THE MISSOURI-ILLINOIS ) | |
| METROPOLITAN DISTRICT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Bi-State Development Agency of the Missouri-Illinois Metropolitan District's motion to compel interrogatory responses. Plaintiff Scott Gustafson opposes the motion. Defendant has also filed a notice of hearing on its motion to compel. Upon careful consideration of the motion and the written record, the Court finds a hearing on this matter is not necessary. For the following reasons, the Court will grant in part and deny in part defendant's motion to compel.

Plaintiff, a visually impaired resident of Missouri, brings this action against defendant, a corporation and political subdivision of the State of Missouri which operates public transit services in the City of St. Louis. Plaintiff alleges claims under Title II of the American with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 et seq., and the Rehabilitation Act of 1973, 29 U.S.C. §§ 794, for failure to provide him with equal access to services and public places of accommodation, including the MetroBus and MetroLink transit systems.

In the motion to compel, defendant asks the Court to compel plaintiff to elaborate on his responses to defendant's interrogatories. Specifically, defendant argues that plaintiff improperly

provided nonresponsive narratives and evasive answers by failing to address the sub-parts of Interrogatory Nos. 2, 4, 5, 9, and 10. Defendant also asserts that plaintiff improperly refers to documents as his answers and that his objections to certain interrogatories should be denied.

On review of the record, the Court finds that defendant made a sufficient good faith effort to confer with plaintiff in an effort to resolve this discovery dispute as required by Local Rule 3.04(A). Attached to plaintiff's motion to compel is a letter, dated July 3, 2019, from defendant to plaintiff seeking supplemental answers to defendant's interrogatory requests. (Doc. 51-1). Although correspondence alone is insufficient to constitute a good faith effort to resolve under the local rule, on July 13, 2019, counsel for the parties had a telephone conference to discuss the discovery dispute, and plaintiff provided supplemental responses to Interrogatories 2, 4, 5, 9, and 10. Defendant remained unsatisfied with those responses for the aforementioned reasons.

**Interrogatory No. 2**

Defendant's Interrogatory No. 2 asks plaintiff to "[i]dentify any statements that have been taken from Defendant, or taken on Plaintiff's behalf, relating to the facts that are the subject of this litigation[,]" including the person who gave or made the statement, the date when the statement was taken, and the person who took the statement.

Plaintiff objected to this interrogatory as ambiguous, overbroad, unduly burdensome, and improperly seeking discovery not proportional to the needs of the case by requesting plaintiff to identify every public communication of defendant. In defendant's July 3rd letter to plaintiff, defendant clarified that it sought a response as to "whether Plaintiff or anyone on his behalf has taken a statement of a former or current Defendant employee. For example, did Plaintiff obtain any written statements from Defendant's bus drivers? Did his sister obtain any statements from a train operator?

Has his attorneys obtained any written statements from Defendant's former or current employees?" (Doc. 51-1).

In the supplemental answer to Interrogatory No. 4, plaintiff re-asserts his original objections, but provides the following definitive answer: "In order to avoid a discovery dispute, Plaintiff has collected no written statements as Defendant defined and clarified this interrogatory in its July 3, 2019 correspondence." (Doc. 52-2 at 3).

The Court finds plaintiff's supplemental answer to be a direct and satisfactory response to the question asked and will deny defendant's motion to compel as to Interrogatory No. 2.

**Interrogatory No. 4**

Defendant's Interrogatory No. 4 asks plaintiff to "describe with specificity for each alleged act of discrimination: (a) the manner and method of defendant's discrimination against plaintiff; (b) the individual(s) who discriminated against him; (c) all facts supporting the alleged act of discrimination was intentional; (d) the date when the discrimination began; and (e) the date when the discrimination ended."

Plaintiff objected to this interrogatory as overbroad and unduly burdensome because he has already been deposed on the now-dismissed state law claims, and can be re-deposed on his federal claims. Plaintiff further objected on the basis that Interrogatory No. 4 is a contention interrogatory and, thus, premature. Despite these objections, plaintiff provided a two and a half page narrative account of the alleged discrimination and supporting facts.

In defendant's July 3rd letter to plaintiff, defendant indicated it was not satisfied with plaintiff's response because he failed to address each subpart individually and sequentially with plaintiff's "specific claims of discrimination and basic details of each discriminatory act." (Doc. 51-1 at 2). In response, plaintiff reasserts his original objections and supplements his answer with a

lengthier four-page narrative of his claims of discrimination and supporting facts. (Doc. 51-2 at 4-10).

The Court sustains plaintiff's objections to Interrogatory No. 4 as it is a contention interrogatory and unduly burdensome by asking plaintiff to specifically detail his allegations of discrimination with <u>all</u> supporting facts. Contention interrogatories "'ask another party to indicate what it contends, to state all the facts on which it bases its contentions, to state all the evidence on which it bases its contentions, or to explain how the law applies to the facts. They are distinct from interrogatories that request identification of witnesses or documents that bear on the allegations.'" <u>Coleman v. Dental Org. for Conscious Sedation, LLC</u>, 2011 WL 2600407, at *1 (E.D. Mo. June 29, 2011) (quoting <u>In re Grand Casinos, Inc.</u>, 181 F.R.D. 615, 618 (D. Minn. 1998)). There is no doubt that the information defendant seeks is relevant, "[h]owever, requiring an answer may delve into trial strategies of counsel and may also be burdensome because of the level of detail sought." <u>Storie v. United States</u>, 142 F.R.D. 317, 319 (E.D. Mo. 1991).

Interrogatory No. 4 is unduly burdensome because answering all of the five subparts in the detail defendant requests would require plaintiff to unnecessarily and unnaturally dissect the theory of his lawsuit and articulate theories which may not be fully developed at this early stage of discovery. Additionally, much of the information plaintiff seeks may be more appropriately gathered through deposition testimony. The Court also notes that although plaintiff's supplemental answer was not provided in the exact format requested by defendant, plaintiff did provide a satisfactory response despite his objections. Plaintiff described his allegations of discrimination and supporting facts, including names and dates when he was able to make such recollections. The information plaintiff is asking the Court to compel has been adequately provided. Therefore, the motion to compel an answer to Interrogatory No. 4 will be denied.

**Interrogatory No. 5**

Defendant's Interrogatory No. 5 asks plaintiff to state whether he ever requested that defendant "reasonably accommodate his disability" and, if so, "(a) Specify the accommodation requested; (b) Identify the individual(s) to whom the request was made and date thereof; (c) Identify the individual(s) responding, date thereof, and response, if any; and (d) Identify each document which reflects or constitutes evidence of the request of any response thereto."

Plaintiff objected to this interrogatory because it calls for a legal conclusion as to "a request for reasonable accommodation, to the extent the requested information is not proportional to the needs of the case because defendant is required to maintain compliance reports, and as a contention interrogatory." (Doc. 51-2 at 11). Notwithstanding these objections, plaintiff answered the interrogatory by summarizing his efforts to contact defendant via telephone for the purpose of reporting complaints.

In defendant's July 3rd letter to plaintiff, defendant took issue with plaintiff's objection that Interrogatory No. 5 calls for a legal conclusion and stated it was not satisfied with plaintiff's response because he failed to address each subpart. (Doc. 51-1 at 3). In response, plaintiff reasserts his original objections and restates his original response.

In review of Interrogatory 5, the Court finds that plaintiff provided a responsive answer despite his stated objections. Plaintiff admits "[t]here are conversations [he] may not remember or dates he cannot recall," however, he provides various dates, phone numbers, and summaries of conversations he had with defendant's employees, including a Mr. Pat Hall, regarding his accessibility complaints. Although plaintiff states he cannot remember specific dates or names of employees for phone calls he made "over the years," this failure to recall is not a basis for a motion to compel. Again, much of the information defendant seeks may be more appropriately gathered

5

through deposition testimony. The Court finds plaintiff's supplemental answer to be a direct and satisfactory response, despite plaintiff's objections, and will deny defendant's motion to compel as to Interrogatory 5.

**Interrogatory No. 9**

Defendant's Interrogatory No. 9 asks plaintiff to "[i]dentify each bus stop, facility, piece of equipment (e.g. fare boxes, ticket vending machine, etc.) or similar object which Plaintiff attempted to access but was unable to based on the allegations of the Complaint. For each item identified, state the following: (a) A description of the item (e.g. bus stop, fare box, etc.); (b) The physical location of such item; (c) The date(s) Plaintiff attempted to access the item of location; and (d) The factual basis for Plaintiff's claim that the item identified was inaccessible to Plaintiff."

Plaintiff objected to this interrogatory as overbroad and unduly burdensome in both his original and supplemental responses. The Court disagrees. Plaintiff's fourth amended complaint alleges that defendant maintains inaudible or faulty fare boxes, ticket sales equipment, and MetroBus speaker systems. (Compl. ¶¶ 31, 33, 35). Plaintiff further alleges MetroLink stations fail to identify the location of ticket sales equipment, making it impossible for plaintiff to independently find such equipment for general information, wayfinding, and safety. (Id. at ¶ 32). Defendant's interrogatory seeks to know which devices at which stops plaintiff could not access. Because this request seeks information that forms the basis of plaintiff's claims, he must, to the best of his ability, answer Interrogatory No. 9, including its subparts, without objections. If plaintiff cannot recall the exact location of the item(s) or the date(s) he attempted to access the item(s), plaintiff must so state. Defendant's motion to compel an answer to Interrogatory No. 9 will be granted.

**Interrogatory No. 10**

Defendant's Interrogatory No. 10 asks plaintiff to "[i]dentify each part of Defendant's website which Plaintiff attempted to access but was unable to based on the allegations of the Complaint" including, "(a) A description of the part of the website Plaintiff attempted to access; (b) The HTML address tag; (c) The dates Plaintiff attempted access; and (d) The factual basis for Plaintiff's claim that the part identified was inaccessible to Plaintiff."

Plaintiff objected to this interrogatory because the phrase "part of defendant's website" is vague and confusing. Plaintiff further objected on the grounds that the interrogatory "seeks discovery on matters beyond the scope as not proportional to the needs of the case because Plaintiff is a visually impaired individual on a fixed income and Defendant operates a multi-million dollar public transit system and is required under 28 C.F.R. § 36.163(a) to ensure" its services are accessible.

In defendant's July 3rd letter to plaintiff, defendant clarified that it wanted to know the specific webpages and PDFs plaintiff was unable to access and the basic details surrounding plaintiff's inability to access the pages identified. (Doc. 51-1 at 3). Plaintiff submitted a supplemental response asserting the same objections while also listing the various barriers located within defendant's website, www.metrostlouis.org, and mobile application. Defendant specifically states that both platforms are not compatible with Apple Voiceover, an assistive technology screen reader, which makes it impossible for him to access schedules and routes, service alerts, bus stop locations, and trip planning features. Plaintiff further cites to the expert reports he has submitted on the inaccessibility of the website and mobile application.

The Count finds that plaintiff has provided a satisfactory response despite his objections. Plaintiff described the ways in which he is unable to utilize defendant's website and mobile

application. Plaintiff states he has also submitted an expert report regarding this interrogatory and has been subject to a deposition covering the answers sought. Moreover, plaintiff is a visually impaired individual and it is unreasonable for him to be required to personally identify HTML address tags or PDF titles, as the crux of his allegations is that he is unable to read such information. The information plaintiff is asking the Court to compel has been adequately provided. Therefore, the motion to compel an answer to Interrogatory No. 10 will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Bi-State Development Agency of the Missouri-Illinois Metropolitan District's motion to compel interrogatory responses is **GRANTED in part** and **DENIED in part**, as set forth above. [Doc. 50]

**IT IS FURTHER ORDERED** that plaintiff Scott Gustafson shall provide full and complete answers to Defendant's Interrogatory No. 9 by **September 23, 2019**.

**IT IS FURTHER ORDERED** that the hearing noticed for September 19, 2019 is **vacated**.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 9th day of September, 2019.