UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCOTT GUSTAFSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-CV-2074 CAS |
| | ) |
| BI-STATE DEVELOPMENT AGENCY OF | ) |
| THE MISSOURI-ILLINOIS | ) |
| METROPOLITAN DISTRICT, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff Scott Gustafson's ("plaintiff") motion for sanctions pursuant to Rules 30(d)(2) and 37 of the Federal Rules of Civil Procedure. Doc. 76. Defendant Bi-State Development Agency of the Missouri-Illinois Metropolitan District ("defendant") opposes the motion and it is fully briefed. For the following reasons, the motion will be denied.

**I.  Background**

Plaintiff is a visually impaired resident of Missouri. Defendant is an entity which provides public transportation services, including the MetroBus and Metrolink, in Missouri and Illinois. Plaintiff alleges he was discriminated against on the basis of his vision disability because defendant denied him equal access to public transportation systems and services in violation of the Missouri Human Rights Act, §§ 213.065 and 213.070(3) ("MHRA"), Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. ("ADA"), and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Rehab Act").

On September 12, 2019, Patricia Hall, defendant's designated ADA Services Director from 2001 to 2018, was scheduled to be deposed by plaintiff's counsel. Ms. Hall appeared for the deposition, which lasted approximately four hours. In his motion for sanctions, plaintiff argues defendant's counsel improperly disrupted, prolonged, and frustrated the deposition by: (1) asserting an excessive number of unnecessary objections; (2) objecting without a reasonable basis; and (3) objecting with the purpose of leading deponent to provide "I don't know" answers. Plaintiff also takes issue with defense counsel's assertion of attorney-client privilege objections when prior to the deposition defense counsel stated Ms. Hall was unrepresented. Plaintiff's motion does not seek to reopen the deposition or compel answers, but instead suggests that the Court should order "the parties to confer on a reasonable amount to be awarded and stipulate as to fees and costs[.]" Doc. 15.

Defendant responds that plaintiff's motion for sanctions does not comply with the procedural requirements of Local Rule 3.04(A), which requires "a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so[.]" Defendant further argues that the conduct of its counsel during Ms. Hall's deposition did not violate Rule 30(d)(2), Fed. R. Civ. P., because all objections were made in good faith and were not presented in an argumentative, obstructive, or suggestive manner. As to the attorney-client privilege objection, defendant argues it was Ms. Hall's decision to assert the privilege to preserve a specific communication which occurred between her and defendant's counsel during her employment.

## II. Legal Standard

A district court has broad discretion in imposing sanctions. Everyday Learning Corp. v. Larson, 242 F.3d 815, 818 (8th Cir. 2001). Under Rule 37, a court may issue orders imposing sanctions for discovery abuses and pretrial order violations. Fed. R. Civ. P. 37(b)-(f). The district court has "a large measure of discretion in deciding what sanctions are appropriate for misconduct." Hutchins v. A. G. Edwards & Sons, Inc., 116 F.3d 1256, 1260 (8th Cir. 1997). However, the sanction must be proportionate to the litigant's transgression. Keefer v. Provident Life and Acc. Ins. Co., 238 F.3d 937, 941 (8th Cir. 2000). Rule 30(d)(2) provides that a "court may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent." See also Dapron v. Spire, Inc. Ret. Plans Comm., 329 F.R.D. 223, 228 (E.D. Mo. 2019) ("Rule 30(d)(2) permits the Court to impose an appropriate sanction on a person who 'impedes, delays, or frustrates the fair examination' of a Rule 30 deponent, and this rule is permissive in nature and may be applied at the Court's discretion.").

## III. Discussion

As a preliminary matter, defendant's argument that this Court should not consider plaintiff's motion for sanctions because plaintiff's counsel did not "meet and confer" with defendant's counsel before filing his motion is not well taken. Local Rule 3.04(A) requires parties to meet and confer before filing discovery and disclosure motions, such as a motion to compel, but it "does not require counsel to meet and confer before seeking sanctions." CitiMortgage, Inc. v. Chicago Bancorp, Inc., 2013 WL 3946116, at *3 (E.D. Mo. July 31, 2013) (citing Lindstedt v. City of Granby, 238 F.3d 933,

936 (8th Cir. 2000)). Thus, plaintiff had no obligation to meet and confer with defendant prior to filing the instant motion.

As to plaintiff's motion for sanctions, the Court finds it significant he does not seek to schedule a re-deposition of Ms. Hall, but only requests monetary sanctions to be imposed upon defendant. Plaintiff cites to Van Pilsum v. Iowa State University of Science and Technology, 152 F.R.D. 179 (S.D. Iowa Dec. 3, 1993), Morales v. Zondo, 204 F.R.D. 50 (S.D.N.Y. May 4, 2001), Lund v. Matthews, 2014 WL 517569 (D. Neb. Feb. 7, 2014) and Harp v. Cityy, 161 F.R.D. 398 (E.D. Ark. Apr. 10, 1995), among other cases, for support that sanctions are appropriate. However, these cases are distinguishable from the instant action because the movants therein sought to compel a second deposition or obtain additional discovery responses as the result of the allegedly inappropriate behavior by counsel during the depositions.[1] Here, plaintiff makes no such request.

After reviewing the deposition transcript, the Court does not find defendant's objections to rise to the level where the imposition of sanctions is justified, especially considering plaintiff does not seek to reopen the deposition or compel answers. See, e.g,, Dapron, 329 F.R.D. at 228 (finding sanctions to be inappropriate when a second deposition was unnecessary). The Court agrees with plaintiff that some of the objections were inappropriate, such as defense counsel's standing objections; however, it would be a stretch for this Court to conclude that the deposition was seriously disrupted, prolonged, or frustrated. Ms. Hall answered each question asked of her, despite

---

[1] Plaintiff cites to one case where sanctions were issued without a corresponding motion to compel a second deposition; however, it was an unusual case where the district Judge ordered the attorney to write and produce a training video addressing the impropriety of her conduct and circulate it to her law firm. The Eighth Circuit reversed the sanction and therefore the case is not persuasive. Sec. Nat. Bank of Sioux City, Iowa v. Abbott Labs., 299 F.R.D. 595 (N.D. Iowa 2014), rev'd sub nom. Sec. Nat. Bank of Sioux City, IA v. Day, 800 F.3d 936 (8th Cir. 2015).

defendant's objections, and plaintiff's attorney had the opportunity to clarify Ms. Hall's answers or rephrase his questions. See Quinio v. Aala, 2017 WL 8646668, at *3 (E.D.N.Y. Dec. 21, 2017) (finding no frustration in the deposition when, despite opposing counsels objections, the deponent answers the questions asked subsequent to the objections).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Scott Gustafson's ("plaintiff") motion for sanctions under Rule 30(d)(2), Federal Rule of Civil Procedure, and Rule 37, Fed. R. Civ. P., is **DENIED**. [Doc. 76]

                                */s/ Charles A. Shaw*
                                **CHARLES A. SHAW**
                                **UNITED STATES DISTRICT JUDGE**

Dated this   29th   day of October, 2019.