UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT GUSTAFSON, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | Case No. 4:18-cv-02074-SRC |
| | ) | |
| BI-STATE DEVELOPMENT AGENCY OF | ) | |
| THE MISSOURI-ILLINOIS | ) | |
| METROPOLITAN DISTRICT, | ) | |
| | ) | |
| Defendant(s). | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Bi-State Development Agency's Motion for Judgment on the Pleadings [54] under Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff Scott Gustafson opposes the Motion and Bi-State filed a reply. The parties were granted leave to file a surresponse and a surreply. The Motion is therefore ready for decision. For the following reasons, Bi-State's Motion for Judgment on the Pleadings will be denied.

**I.    Background**

Gustafson's Fourth Amended Complaint alleges he is a visually impaired resident of Missouri who relies on a guide dog to navigate his surroundings, audio formats to decipher text, and screen-reading software to interpret electronic content on his computer and smart phone. Bi-State is an entity that provides public transportation services, including the MetroBus and Metrolink, in Missouri and Illinois. In conjunction with providing transportation services, Bi-State operates a website, www.metrostlouis.org, and a mobile application, "Metro On the Go". The website and mobile app provide the general public with information regarding Bi-State's

services, such as trip planning assistance, map routes, schedules, rider alerts, ticketing, and bus stop locations.

Gustafason alleges Bi-State discriminates against him on the basis of his vision disability because Bi-State denies him equal access to public transportation systems and services by failing to: (1) design, implement, and maintain a website and mobile app that can be used independently by visually impaired individuals; (2) stop and transport Plaintiff and his guide dog on December 26, 2013, June 13, 2014, and August 5, 2014; (3) properly identify the location of bus stops and ticket sales equipment at MetroLink stations; (4) discontinue use of inaudible fare boxes and ticket vending machines; (5) discontinue use of machinery requiring precise placement of paper bills and coins; (6) maintain audio equipment that clearly and consistently plays announcements on the MetroLink and MetroBus, including route identifications and stops; (7) issue fare cards that can be interpreted by visually impaired individuals; (8) properly train employees on how to effectively transport and communicate with visually impaired individuals; and (9) maintain and operate a customer complaint process that investigates, monitors, and addresses complaints by visually impaired individuals.

Plaintiff's Fourth Amended Complaint alleges two claims against Defendant: denial of access to governmental services, programs, and activities in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA") (Count I), and failure to provide accommodations and access to information in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Rehab Act") (Count II).

## II.   Legal Standard

Rule 12(c) of the Federal Rules of Civil Procedure provides that after the pleadings are closed, a party may move for judgment on the pleadings. A motion under Rule 12(c) is

determined by the same standards applied to a motion under Rule 12(b)(6). *Ginsburg v. InBev NV/SA*, 623 F.3d 1229, 1233 n.3 (8th Cir. 2010). To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff need not provide specific facts in support of his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.,* 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly*, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 562 (quoted case omitted) (emphasis in original). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* at 556.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," *id.* at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 550 U.S. at 555–56; Fed. R. Civ. P. 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions, however. *Iqbal*, 556 U.S. at 678 (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Although legal conclusions

3

can provide the framework for a complaint, they must be supported by factual allegations. *Id.* at 679. The plausibility of the plaintiff's claim is reviewed "as a whole, not the plausibility of each individual allegation." *Zoltek Corp. v. Structural Polymer Group,* 592 F.3d 893, 896 n.4 (8th Cir. 2010).

"When considering a motion for judgment on the pleadings (or a motion to dismiss under Fed. R. Civ. P. 12(b)(6)), the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint as well as materials that are necessarily embraced by the pleadings." *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir. 1999) (internal citations omitted); *see also Cent. Telecommunications, Inc. v. City of Jefferson City, Mo.,* 589 F. Supp. 85, 91 (W.D. Mo. Feb. 29, 1984) ("The scope of a court's inquiry on a Rule 12(b)(6) motion is limited to the pleadings.").

## III. Discussion

To state a prima facie case under either the ADA or the Rehab Act, a plaintiff must show: "(1) he is a person with a disability as defined by statute; (2) he is otherwise qualified for the benefit in question; and (3) he was excluded from the benefit due to discrimination based upon disability." *Randolph v. Rodgers,* 170 F.3d 850, 858 (8th Cir. 1999) (citing 42 U.S.C. §§ 12131, *et seq.*). "The [Rehab Act] contains the additional requirement that the plaintiff show the program or activity from which he is excluded receives federal financial assistance." *Id.* The ADA and Rehab Act are similar in substance, and with the exception of the Rehab Act's federal funding requirement, cases interpreting either are applicable and interchangeable. *Id.*

Bi-State argues that it is entitled to judgment on the pleadings as to Gustafson's ADA and Rehab Act claims because Gustafson (1) fails to allege sufficient facts to support a lack of

4

meaningful access to Bi-State's transportation systems; (2) fails to allege sufficient facts to support he was denied access to government services, programs, and activities because of his visual disability; (3) fails to allege sufficient facts to support how Bi-State's failure to adhere to federal regulations resulted in discrimination and injury; and (4) does not have a private right to enforce federal regulations. Bi-State challenges seventeen of Plaintiff's specific claims under the ADA and Rehab Act with an argument as to how each allegation is conclusory and fails to allege sufficient facts to withstand a motion for judgment on the pleadings.

### A. Failure to Allege Sufficient Facts

On November 12, 2019, the Court held a pretrial conference. Counsel for Gustafson and Bi-State were given the opportunity to argue their positions on Gustafson's Motion for Leave to File a Fifth Amended Complaint and Bi-State's instant Motion for Judgment on the Pleadings in addition to other pending motions. In opposition to Gustafson's Motion for Leave, Mr. Rex Fennessey, counsel for Bi-State, made two representations to the Court:

(1) "Lastly, I don't believe that there's a need for amendment as to the additional factual allegations [for the ADA and Rehab claims] that Plaintiff has alleged in his request to file a fifth amended complaint. I think under notice pleading terms, those are already covered by the existing allegations."

(2) "My understanding of the request for the amendment is that, one, it has a cause of action for retaliation . . . and to add additional factual allegations to existing counts in their complaint. Defendant opposed the motion for leave to amend for two reasons: One, that new [retaliation] claim was futile so it shouldn't be granted; and, two, we did not see any need for additional factual allegations as to the existing counts. That remains our position."

Rule 16 Hr'g Tr. 61, 63-64, Nov. 12, 2019.

The Court accepted Bi-State's representation that no additional factual allegations are necessary as to Gustafson's ADA and Rehab Act claims. The Court denied Gustafason's Motion for Leave to File a Fifth Amended Complaint in open Court on the basis that the requested

5

amendment would be futile. Doc. 109. The Court cannot grant Bi-State's instant Motion for Judgment on the Pleadings on the basis that Gustafson's allegations require additional facts when Bi-State expressly represented to the Court on the record that it does "not see any need for additional factual allegations as to the existing counts." Rule 16 Hr'g Tr. 64. Accordingly, the Court denies the following arguments presented by Bi-State in support of its Motion for Judgment on the Pleadings: (1) Gustafson's failure to allege sufficient facts to support a lack of meaningful access to Bi-State's transportation systems; (2) Gustafson's failure to allege sufficient facts to support he was denied access to government services, programs, and activities because of his visual disability; and (3) Gustafson's failure to allege sufficient facts to support how Bi-State's failure to adhere to federal regulations resulted in discrimination and injury.

**B.     Private Right to Enforce Federal Regulations**

Bi-State argues Gustafson does not have the authority to privately enforce the federal regulations he is seeking to enforce in his Fourth Amended Complaint. Bi-State specifically takes issue with the following ten allegations: (1) failure to conduct a self-evaluation or develop a transition plan; (2) failure to train employees to provide services to individuals who are visually impaired in violation of 49 C.F.R. § 37.173; (3) failure to ensure vehicle operators and other personnel make use of accessibility-related equipment or features in violation of 49 C.F.R. § 37.167(e); (4) failure to prioritize the repair, maintenance, and inspection of accessibility features in violation of 49 C.F.R. § 37.161; (5) failure to put in place or publicize its process for responding to requests for reasonable modification in violation of 49 C.F.R. §§ 37.5(i)(3) and 37.169(a); (6) failure to provide adequate information on routes, schedules, fares, service rules, and temporary changes to ensure individuals with visual impairment have access to such information in violation of 49 C.F.R. § 37.167(f); (7) failure to announce stops on fixed route

6

systems sufficient to orient visually impaired individuals to their location in violation of 49 C.F.R. § 37.167(b), (c); (8) failure to comply with federal law on Triennial Reviews and State Management Reviews for grantees receiving funding under 49 U.S.C. §§ 5307 and 5310; (9) failure to adopt and incorporate appropriate due process standards providing for the prompt and equitable resolution of complaints in violation of 49 C.F.R. § 37.17; and (10) failure to maintain complete, timely, and accurate compliance reports in violation of 49 C.F.R. §§ 27.13(b) and 121(b).

Gustafson responds that Bi-State "misconstrues" his allegations regarding regulatory compliance failures, and a self-assessment and transition plan, explaining he "does not seek to vindicate any private right of action to enforce such regulations" and only cited Bi-State's federal violations to prove deliberate indifference and intentional discrimination. Doc. 62 at 12-13. Gustafson explains his reference to the statutory regulations "shows the nexus between the ADA coordinator's knowledge of Gustafson's encounters with discriminatory barriers through its failure to conduct a self-assessment, to carry out such responsibilities under a transition plan, and to properly document Plaintiff's complaints and requests for reasonable modification." Id. at 13. As a result, Plaintiff makes no attempt to present a counter argument that he, as a private citizen, has the authority to enforce federal regulations.

During the November 12, 2019 hearing the Court confirmed Gustafson is not seeking to privately enforce the federal regulations:

> Court: So with respect to the issue of discrimination, as I understand your opposition to the motion, you argue that you are not basing your claim on a private right of action based on the statutes and regulations, but you are saying that the statutes and regulations . . . constitute evidence of discrimination or discriminatory intent?

> Mr. Finkes (Plaintiff's Counsel): Yes, Your Honor. That is the source of deliberate indifference that Mr. Gustafson has encountered as he attempted to use the system.

Rule 16 Hr'g Tr. 76-77.

Because Gustafson affirmatively stated in his Opposition Memorandum and at the November 12th hearing that the allegations Bi-State takes issue with are not claims against Bi-State under the ADA or Rehab Act, but were pled for the purpose of showing intentional discrimination, the Court has no need to address whether Gustafson has a right to privately enforce federal regulations and denies Bi-State's Motion for Judgment on the Pleadings as to the private enforcement argument. Gustafson will not be permitted to raise at trial Bi-State's alleged failure to comply with federal regulations as claims pursuant to the ADA or the Rehab Act.

Accordingly,

**IT IS HEREBY ORDERED** that the Court **DENIES** Bi-State Development Agency's Motion for Judgment on the Pleadings [54].

So Ordered this 26th day of November, 2019.

*/s/ SL R. CL*
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**