**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SCOTT GUSTAFSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:18-cv-02074-SRC |
| ) | |
| THE BI-STATE DEVELOPMENT ) | |
| AGENCY OF THE MISSOURI- ) | |
| ILLINOIS METROPOLITAN ) | |
| DISTRICT d/b/a/ METRO, METRO ) | |
| TRANSIT, METROBUS, ) | |
| METROLINK, ) | |
| ) | |
| Defendant. ) | |

## Memorandum and Order

This matter is before the Court on [147] Defendant's Amended Bill of Costs. The Court awards Defendants costs in the amount of $14,613.47.

**I.  Background**

On August 27, 2020, this Court granted summary judgment in favor of Defendants on all of Plaintiff's claims. Doc. 144. On September 10, 2020, Defendants filed their Amended[1] Bill of Costs, seeking $14,613.47 in costs for litigating this matter. Doc. 147.

**II.  Legal Standard**

Federal Rule of Civil Procedure 54(d)(1) provides that "costs...shall be allowed as a matter of course to the prevailing party unless the court otherwise directs." Under that rule, costs recoverable include (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees,

---

[1] Defendants' Amended Bill of Costs (Doc. 147) is identical to their original Bill of Costs, filed the same day, except that the original version omitted a signature. *See* Doc. 145.

1

and (6) compensation of court-appointed experts and interpreters.  28 U.S.C. § 1920.  Rule 54(d) creates a presumption favoring the award of costs to the prevailing party.  *Computrol, Inc. v. Newtrend*, 203 F.3d 1064, 1072 (8th Cir. 2000).  "The losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs[.]" *168th & Dodge, LP v. Rave Reviews Cinemas, LLC*, 501 F.3d 945, 958 (8th Cir. 2007).  The court has substantial discretion in awarding costs.  *Computrol,* 203 F.3d at 1072.  While the Court has discretion in determining the amount of costs, only the categories of costs set forth in § 1920 may be taxed.  *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 US. 437, 445 (1987).

### III. Discussion

#### A. The Court will award reasonable costs

Plaintiff first asks the Court to exercise its discretion to tax no costs in this matter because he has limited financial resources.  It is "within a [district] court's discretion to deny costs because a plaintiff is poor or for other good reason."  *Poe v. John Deere Co.*, 695 F.2d 1103, 1108 (8th Cir. 1982).  As evidence of his financial condition, Plaintiff offers his own affidavit, averring that his sole source of income is approximately $2,900 per month in disability benefits.  Doc. 149-1.  Plaintiff further avers that he is left with only $200 per month in discretionary income after paying his monthly bills.  *Id.*  Apart from his affidavit, Plaintiff offers no supporting documentation or evidence of either his income or expenses.

The Court finds Plaintiff has not demonstrated a level of indigency that would merit not awarding reasonable costs in this matter.  Plaintiff bears the burden of overcoming the presumption in favor of awarding costs to Defendants, the prevailing party.  *168th & Dodge, LP*, 501 F.3d at 958.  Plaintiff's representations regarding his financial condition are not supported by documentation or other independent evidence.  But even if the Court entirely credits

2

Plaintiff's statements, he has not shown that he is indigent.  Plaintiff's stated monthly income puts him well above the federal poverty line.[2]  Further, while Plaintiff's affidavit addresses his monthly income, it is entirely silent regarding other possible means to pay, such as savings or home equity.  To show indigency, this Court typically requires litigants to show not only their income but also any savings or "valuable property."[3]  Accordingly, the Court finds Plaintiff has failed to show indigency.

Plaintiff also argues that the Court should not award costs in this civil rights case because "[t]axing these costs would send a chilling message" to other civil rights plaintiffs.  But the Eighth Circuit has previously considered this argument and rejected it.  In *Poe*, the Eighth Circuit contrasted an award of attorney's fees—which are only available against a civil-rights plaintiff if his suit was "unreasonable, frivolous, meritless, or vexatious"—with an award of costs:

> Congress has not, however, carved out an exception to Rule 54(d) relieving a losing civil-rights litigant of the burden of bearing the costs of litigation. The rationale for this distinction is clear. Whereas the magnitude and unpredictability of attorney's fees would deter parties with meritorious claims from litigation, the costs of suit in the traditional sense are predictable and, compared to the costs of attorneys' fees, small.

695 F.2d at 1108.  For these reasons, Plaintiff has not overcome the presumption that Defendants are entitled to an award of reasonable costs, and the Court declines to exercise its discretion to refuse costs in this matter.

---

[2] *See* https://www.federalregister.gov/documents/2020/01/17/2020-00858/annual-update-of-the-hhs-poverty-guidelines.
[3] *See* Form CJA 23: Financial Affidavit in Support of Request for Attorney, Expert, Or Other Services without Payment of Fee, available at https://www.moed.uscourts.gov/sites/moed/files/documents/forms/cja-0023.pdf.

### B. Costs of deposition transcripts

Plaintiff separately argues that, should the Court award costs at all, certain costs claimed by Defendants are not recoverable. First, Plaintiff asks the Court to exclude $1,980.50 in costs for video deposition transcripts because Defendants also claim costs for stenographic transcripts of the same depositions.

The statute permits recovery of "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920. Because the statute uses the disjunctive "or," some courts in this Circuit previously held that a prevailing party must choose between *either* printed or electronic transcripts. *See, e.g.*, *Cowden v. BNSF Ry. Co.*, 991 F. Supp. 2d 1084, 1090 (E.D. Mo. 2014). But in *Stanley v. Cottrell, Inc.*, 784 F.3d 454 (8th Cir. 2015), the Eighth Circuit explicitly held that a district court may award "costs for *both* printed and electronically recorded transcripts of the same deposition as long as each transcript was 'necessarily obtained for use in [the] case.'" *Id.* at 465 (emphasis added).

Plaintiff argues that Defendants' choice to obtain a video transcript of his own deposition was not "necessary" in this case because he would have been available to testify live at trial. Defendants respond that they obtained the video transcript for purposes of impeachment, to show the jury Plaintiff's "sarcasm and candor" that might not have been conveyed by the written transcript. Doc. 150 at 5. In *Perez v. BNSF Ry. Co.*, No. 18-00239-CV-W-BP, 2019 WL 7593373, at *2 (W.D. Mo. Sept. 16, 2019), the district court found that the defendant properly obtained both written and video deposition transcripts where the witnesses were important to the case and the defendant obtained the video for impeachment purposes. Plaintiff, likewise, was an important witness in this case, and the Court finds "his credibility, and thus [his] demeanor, [was] of significant importance." *Id.* Accordingly, the Court finds that both stenographic and

4

video transcripts of Plaintiff's deposition were "necessarily obtained for use in the case." 28 U.S.C. § 1920. Thus, the Court awards Defendants $1,365.50 in costs for the video transcript of Plaintiff's deposition.

Plaintiff also asserts that it was not necessary for Defendants to obtain video transcripts of their 30(b)(6) designees' depositions, even though Plaintiff himself obtained both written and video transcripts of the same depositions. The Court finds Plaintiff's argument unpersuasive. This Court has previously awarded costs of a video deposition where the party obtained it to ensure a jury would not "attribute disparate weight" to an opposing party's use of a video deposition. *See Cowden v. BNSF Ry. Co.*, 991 F. Supp. 2d 1084, 1093 (E.D. Mo. 2014) ("Plaintiff reasonably and accurately anticipated Defendant would play a video deposition of its own expert … ; Plaintiff justifiably matched Defendant's expert to ensure the jury would not attribute disparate weight merely because of a difference in technology.") Accordingly, the Court also awards Defendants $615.00 in costs for the video transcripts of the 30(b)(6) depositions.

  **C.**  **Costs of meeting space rental**

Finally, Plaintiff asks the Court to exclude $450.00 in costs for room rental associated with the deposition of Plaintiff's expert witness, Chris Keroack. Mr. Keroack is a resident of Seattle, Washington. Because he is out-of-state, the parties elected to conduct Mr. Keroack's deposition remotely via videoconference. When a losing party's out-of-state expert chooses the deposition location, the prevailing party may recover reasonable costs for renting a videoconference room. *See Burton v. St. Louis Bd. of Police Comm'rs*, No. 4:10CV1540 TCM, 2012 WL 5392500, at *1 (E.D. Mo. Nov. 5, 2012). Plaintiff does not dispute that he chose an out-of-state expert or that Mr. Keroack chose the deposition location. The Court finds the

$450.00 rental fee reasonable.  *See id.* (awarding $1,312.50 for videoconference room rental).  Accordingly, the Court awards Defendants $450.00 in costs for room rental associated with Mr. Keroack's deposition.

### IV.     Conclusion

Plaintiff does not dispute the validity of the remaining charges in Defendants' Bill of Costs.  Thus, for the foregoing reasons, the Court grants [147] Defendants' Amended Bill of Costs and orders that costs be taxed against Plaintiff Scott Gustafson in the amount of $14,613.47.

Dated: November 6, 2020.

*SLR.CR*

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**

6